**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAR 0 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **JAMES DAVID GILBERT** | § | |
| | § | |
| **v.** | § | |
| | § | C. A. No.   B-04-047 |
| **RIG VENTURES, INC.; EMILIO SANCHEZ;** | § | |
| **PHIL WELLS; RICHARD JAROSS; and** | § | |
| **MODU "OCEAN 66"** | § | |

---

## NOTICE AND APPLICATION FOR REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendants that are presently before the State Court in the hereinafter described state court action consent to and join in the filing of this Notice of Removal removing said action to the United States District Court for the Southern District of Texas, Brownsville Division, pursuant to the provisions of 28 U.S.C., § § 1331, 1333. 1367 and 1441(a), (b), (c) and (e) and Southern District of Texas Local Rule 3(K).

1.    **The State Court Action.** By this notice, Defendants request the removal of Cause Number 2002-11-4448-D, styled *James David Gilbert v. Rig Ventures, Inc.; Emilio Sanchez; Phil Wells; Richard Jaross; and MODU "Ocean 66"*, a state court action ("State Court Action") presently pending in the District Court of Cameron County, Texas, 103rd Judicial District.  The State Court Action was originally filed on or about November 6, 2002 and named **Rig Ventures, Inc.; Emilio Sanchez; and Phil Wells** as the Defendants.  Defendants **Rig Ventures, Inc. and Emilio Sanchez** were

served on December 3, 2002. Defendant **Phil Wells** was served at a later date. Plaintiff has amended his original petition two times; thus, Plaintiff's live pleading at the time of this Notice and Application of Removal is Plaintiff's Third Amended Petition. (<u>See</u> attached as "Exhibits 11 and 22" Plaintiff's second and third amended petitions). In Plaintiff's Third Amended Petition, Plaintiff has sued two new Defendants **Richard Jaross and MODU "Ocean 66"**. **Richard Jaross** was served on February 10, 2004; however, Defendants do not have personal knowledge of whether Plaintiff has served **MODU "Ocean 66"**. In order to bring **MODU "Ocean 66"** properly before this Court, Defendant owners have filed a claim of ownership and an original answer in the state court proceeding. Removal is sought to the Brownsville Division of the United States Court for the Southern District of Texas.

2.    **The Parties.** The Plaintiff is **James David Gilbert**, an individual purportedly residing in Williamson County, Texas. The Defendants **Rig Ventures, Inc.; Emilio Sanchez; Richard Jaross and MODU "Ocean 66"**, are corporations either admitted to do business in the State of Texas or created pursuant to Texas law and/or persons residing in Cameron County, Texas. Defendant **Phil Wells** is a resident of Tom Green County, Texas.

3.    **Jurisdiction.** Based on the subject matter of the State Court Action as described below in the Statement of Facts, the original State Court Action is a civil action which alleges tort claims for various causes of action for negligence under state law and general maritime law. Additionally, in Plaintiff's live pleading he has alleged causes of action under 33 U.S.C. 901 *et seq.*, Longshore and Harbor Worker's

Compensation Act (hereinafter "LHWCA") and an action *in rem* against **MODU "Ocean 66"**, the oil rig Plaintiff was working on. The United States District Court has jurisdiction to hear this proceeding pursuant to the exclusive remedies provided by the LHWCA and due to the federal courts having exclusive federal jurisdiction over *in rem* suits against a vessel. This Notice of Removal is filed pursuant to the provisions of 28 U.S.C. § § 1331, 1333, 1367 and 1441(a), (b), (c) and (e) and Southern District of Texas Local Rule 3(K).

4.    **Venue**. This Notice of Removal is filed with the clerk of the district and division within which the related Federal Court Case is pending which now involves all of the parties.

5.    **Statement Of Facts**. Longshoreman **James David Gilbert** caused to be filed in the 103rd Judicial District Court of County, Texas his Third Amended Original Petition which is an unverified pleading against Defendants **Rig Ventures, Inc.; Emilio Sanchez; Phil Wells; Richard Jaross; and MODU "Ocean 66"** and Plaintiff's claim is now pending in said court as Case Number 2002-11-4448-D. A true and accurate copy of Plaintiff's papers served on Defendants is attached hereto as "Exhibit 22".

6.    Plaintiff's Original Petition was filed on November 6, 2002. Defendants **Rig Ventures, Inc. and Emilio Sanchez** were served on December 3, 2002. Defendants had no basis upon which to initiate removal because diversity of citizenship was lacking at the time Defendants were served and no federal question existed. (See "Exhibit 2"). Further, when Plaintiff filed his Second Amended Petition on

February 6, 2003, Defendants still had no basis for removal. (See "Exhibit 11"). Therefore, the thirty-day period within which to file a notice of removal as mandated by 33 U.S.C. § 1446(b) was not triggered by original service upon Defendants but was triggered by service of Plaintiff's Third Amended Original Petition which provided Defendants several bases for removal. (See "Exhibit 22"). This Notice is filed timely and within thirty (30) days of receipt by Defendants of Plaintiff's Third Amended Petition, Defendants' first time possessing a ground upon which the Notice of Removal could be filed.

7.    Plaintiff's Third Amended Petition is a civil complaint for injuries alleged to have been sustained while Plaintiff was ship breaking Defendants' oil rig. (Paragraphs 11-14 of Plaintiff's Third Amended Petition).   The complaint further alleges at Paragraph 17, Subsections b-f that:

> b.    Plaintiff avers he is an employee of Rig Ventures, Inc. pursuant to 33 USCS § 902(3), Longshore and Harbor Worker's Compensation Act, herein "The Act," and that Rig Ventures, Inc. is his employer, or borrowed employer, pursuant to The Act.
>
> c.    Plaintiff otherwise invokes the application of The Act as may be applicable herein.
>
> d.    Plaintiff avers Rig Ventures, Inc. has failed to secure payment as required by The Act, and seeks to maintain the instant action for the full measure of his damage and any and all consequential damages, as alleged herein below, pursuant to the general maritime law and at law, pursuant to § § 905(a) and 905(b);
>
> e.    Plaintiff avers each and every of defendants' acts and omissions constituting negligence alleged in support of the instant cause of action were proximate causes of the

injuries and damages sustained by plaintiff and alleged below;

    f.    Plaintiff invokes the application of § 938 of The Act. Plaintiff alleges Rig Ventures, Inc.'s president, secretary, and treasurer are severally personally liable, jointly with Rig Ventures, Inc. for any and all damages accruing under The Act.

Also, in Paragraph 37-39 of the above referenced petition, Plaintiff alleges numerous causes of action against **MODU "Ocean 66"** which, as described below, can only constitute an "in rem" proceeding against Defendants' property.

<u>**Arguments And Authorities**</u>

    **8.**    Upon the foregoing allegations of his complaint, Plaintiff has asserted against Defendants a "civil action of which the district court have *original jurisdiction* founded on a claim or right arising under the Constitution, treaties or laws of the United States" (emphasis added). [28 U.S.C. § 1441(a)(b)(c) and (e)]. This is so because the LHWCA, 33 U.S.C. § § 901, *et seq.*, by its relevant terms states at § 905, "Exclusiveness of liability," that:

    **(b) Negligence of vessel**
    In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void.  If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services.  * * *  The liability of the vessel under this subsection shall not be based upon the warranty

of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.

9.     Plaintiff's allegations against Defendants implicate LHWCA § § 905(a) & (b), which are judicially recognized as giving rise to a claim or right arising under one of the laws of the United States and thereby constituting a federal question. *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 164-65, 101 S.Ct. 1614, 1620-21, 68 L.Ed.2d 1, 11-12 (1981), (accepts that § 905(b) "radically changed the scheme of things" relative to a longshoreman's rights against the shipowner and created a statutory negligence action against ship interests). The Ninth Circuit in *Chavez v. Director, Office of Workers Compensation Programs*, 961 F.2d 1409 (9th Cir. 1992), recognizes that LHWCA "was enacted for the benefit of claimants, [and is] a *federal law* passed for their benefit."   961 F.2d at 1416-17, n. 1.   (Emphasis added).   Congressional history demonstrates that § 905(b) was intended to create a uniform federal law which would preempt conflicting state statutes.   *Croshaw v. Koninklijke Nedlloyd, B. V. Rijswijk*, 398 F. Supp. 1224, 1227 (D.Or. 1975).

10.     Furthermore, the Fifth Circuit in *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d. 360, 366 (5th Cir. 1995) has held that federal preemption can occur when a state law either directly conflicts with federal law or the state law frustrates the purpose behind the federal law.  50 F.3d. at 366.  In *Hetzel*, the Court further illustrated that in the context of federal preemption regarding LHWCA "[F]irst, § 905(a) provides in part,

'[T]he liability of an employer prescribed in section 904 of this title shall be exclusive and *in place of all other liability* of such employer to the employee.'" *Id.* (Emphasis supplied). "Where liability arises as a result of the employment relationship, Congress explicitly intended for the LHWCA to be the exclusive remedy." *Id.* citing *Levene v. Pintail Enter. Inc.*, 943 F.2d 528, 531 (5th Cir. 1991). ("The LHWCA absolutely bars suit for all other acts taken in the capacity as the employer of the injured worker.").

11.    Additionally, the Supreme Court has previously delineated the policy and congressional purpose behind the LHWCA.  See *Morrison-Knudsen Const. Co. v. Director, Office of Workers' Compensation Programs, U.S. Dep't of Labor*, 461 U.S. 624, 636, 103 S.Ct. 2045, 2052, 76 L.Ed.2d 194 (1983),

> [T]he [LHWCA is] not a simple remedial statute intended for the benefit of the workers.  Rather, it was designed to strike a balance between the concerns of the longshoremen and harbor workers on the one hand, and their employers on the other.  Employers relinquished their defenses to tort actions in exchange for limited and predictable liability. Employees accept the limited recovery because they receive prompt relief without the expense, uncertainty, and delay that tort actions entail.

See also *Fontenot v. AWI, Inc.* 923 F.2d 1127, 1132-33 (5th Cir. 1991),

> Worker's compensation laws, like the LHWCA, typically replace a negligence action with an administrative system as the method for determining an employee's right to, and amount of, compensation for injuries sustained on the job . . ..In enacting the LHWCA, Congress intended that it be the sole and exclusive remedy for workers within its scope, not a stepping stone on the way to a jury award.

Consequently, following Fifth Circuit, a United States Supreme Court precedent along with case law interpreting Congress's intent it is clear that the LHWCA displaces State Law and allows the removal of such actions pursuant to 28 U.S.C. 1441(a)(b)(c) & (e).

12.    A federal question such as is presented by Plaintiff's complaint constitutes a proper basis for removal of a LHWCA § 905(b) action to the federal court. See *Smith v. Anadrill, Inc., et al*, 761 F.Supp. 456, 457 (S.D. Tex., Galveston Div., 1991), mot. for recon. den. 762 F.Supp. 1267 (1991). ("The federal district court has original jurisdiction to resolve federal statutory causes of action, such as plaintiffs' claims under the Longshore Harbor Workers [sic] Act... "). As such, removal of this action is proper and this Court has subject matter jurisdiction over Plainitff's causes of action.

13.    Furthermore, although Plaintiff has not expressly alleged his general claim in maritime law is bound by a "savings to suitor" clause, Defendants can establish that Plaintiff's claims are not maritime and, thus, not subject to any "savings to suitors" clause. In *Hufnagel v. Omega Services Indust.*, 182 F.3d 340, 351 (5th Cir. 1999), a case that is directly on point, the Fifth Circuit held "[T]o give rise to a tort claim in admiralty, an accident must have *both* a maritime situs and a connection to traditional maritime activity." 182 F.3d at 366. (Emphasis in original). (Numerous internal citations omitted). Plaintiff's claims fail both requirements.

14.    "The situs requirement or 'location test' requires the Plaintiff to show that the tort either occurred on navigable waters, or if the injury is suffered on land, that it was caused by a vessel on navigable waters." *Id.* citing *Jerome B. Grubart, Inc. v.*

*Great Lakes Dredge & Dock Co.*, 512 U.S. 527, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995). "Hufnagel's accident, which occurred on an off-shore fixed drilling platform, did not occur on navigable waters. *Id.* citing *Rodriguez v. Aetna Casualty and Surety Co.*, 395 U.S. 352, 89 S.Ct. 1835 at 1837, 23 L.Ed.2d 360 (1969) (drilling platforms are not within admiralty jurisdiction)." For this reason, the Court has compared fixed platforms to piers, jetties, bridges, and ramps running into the sea, which have not supported the application of maritime law. *Id.* citing *Rodriguez*, 89 S.Ct. at 1839-40. Plaintiff's injury is almost exactly what *Hufnagel* incurred, except that *Hufnagel* was constructing a drilling platform instead of Plaintiff's case where he was ship breaking a drilling platform. Consequently, Plaintiff's accident fails the "location test."

15.    Plaintiff's accident also fails to meet the "connection test" as set forth in *Hufnagel*. *Id.* at 352. "The connection test requires that the activity which caused the Plaintiff's injury bear a significant relationship to traditional maritime commerce. *Id.*" "The key inquiry is whether the alleged tortious activity is 'so closely related to activity traditionally subject to admiralty law that the reasons for apply special admiralty rules would apply in the suit at hand.'" *Id.* quoting *Grubbart*, 115 S.Ct. at 1051. "The activity giving rise to Hufnagel's accident may be characterized as the repair and construction of a fixed offshore platform." *Id.* "Construction work on a fixed offshore drilling platform bears no significant relationship to traditional maritime activity." *Id.* As such, Plaintiff's ship breaking of a fixed offshore drilling platform cannot bear any significant relationship to traditional maritime activity and is, therefore, not subject to the special admiralty rules. Plaintiff's claims are non-maritime

ones that must be characterized as arising under and governed by the "LHWCA". Accordingly, Plaintiff's case is a proper case for removal.

16.    Alternatively and/or additionally, Plaintiff in Paragraphs 37-39 of his Third Amended Original Petition has alleged a cause of action against **MODU "Ocean 66"** and has involved the exclusive jurisdiction of federal courts in admiralty "*in rem*" actions. (See "Exhibit 22"). "In rem" has been defined as "[A] technical term used *to designate* proceedings or actions instituted against the *thing* in contradistinction to personal actions which are said to be *in personam*." BLACK LAW DICTIONARY (6th Ed. 1990). Further, "[I]n rem jurisdiction" has been defined as "[R]efers to an action that is taken directly against the Defendant's property. *Id.*

17.    The Supreme Court has unequivocally and clearly held, "[A]n in rem suit against a vessel is, we have said, ***distinctly*** an admiralty proceeding and is hence within the exclusive province of the federal courts." *American Dredging Co. v. Miller*, 510 U.S. 443, 446, 47, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994) citing *The Moses Taylor*, 4 Wall 411, 431, 18 L.Ed. 397 (1867). Further, *American Dredging* held "it to be a consequence of exclusive federal court jurisdiction that state courts 'may not provide a remedy *in rem* for any cause of action within admiralty jurisdiction.'" 114 S.Ct. at 985 quoting *Red Cross Line v. Atlantic Fruit Co.*, 264 U.S. 109, 124, 44 S.Ct. 274, 277, 68 L.Ed. 582 (1924). See also *Cano v. Gonzalez Trawlers, Inc.*, 809 S.W.2d 238, 241 (Tex. App.–Corpus Christi 1990, nwh). ("Consequently, a cause of action against a vessel *in rem* does not exist in a state court"). Thus, in light

of 28 U.S.C. 1441(e)(f) and the above cited applicable case law, Plaintiff's *in rem*

action is removable and, in fact, removal of the *in rem* action is mandatory.

18.    The fact that Co-Defendants **Phil Wells and Richard Jaross** potentially do

not possess an independent basis itself upon which to seek removal does not frustrate

Defendants' notice of removal.    The entire action is removal pursuant to

28 U.S.C. § 1367, "Supplemental Jurisdiction," which provides in relevant part:

> (a)  Except as [otherwise provided], in any civil action of
> which the district courts have original jurisdiction, the
> district courts shall have supplemental jurisdiction over all
> other claims that are so related to claims in the action
> within such original jurisdiction that they form part of the
> same case or controversy under Article III of the
> United States Constitution.  Such supplemental jurisdiction
> shall include claims that involve the joinder or intervention
> of additional parties.

19.    The last sentence of § 1367(a) explicitly provides that the Court's

supplemental jurisdiction "shall" extend to include "additional parties," and none of the

exceptions set forth in part (c) apply in the circumstances of this case.  Defendants

are already party to the State Court Action, the allegations of Plaintiff's

Third Amended Petition establish that the claims against Defendants are so related to

those alleged against Co-Defendants that they form part of the same case, and these

same allegations of Plaintiff's complaint state a cause within the district court's

"original jurisdiction."

20.    No prohibition exists that would prevent or preclude the removal sought

herein.  See *Smith v. Anadrill, Inc., supra*, at page 457 (" . . there is no prohibition

against removal in [LHWCA] . . . ").

21.    The other Defendants **Phil Wells and Richard Jaross**, who have been served with summons and complaint, have consented and joined in this Notice of Removal, as evidenced by the Joinder of each said Defendant filed concurrently herewith.

22.    Notice of the removal is being provided to the State District Court and to Plaintiff's Counsel.

WHEREFORE, PREMISES CONSIDERED, Defendants **Rig Ventures, Inc.; Emilio Sanchez; and MODU "Ocean 66"** consented to and joined by Defendants **Phil Wells and Richard Jaross** respectfully request that the aforesaid cause of action be removed from the 103rd Judicial District Court of Cameron County, Texas to this Court and that the case proceed in this Court as a properly removed case.

DATED: March 9, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943

by: _____

**Tom Fleming**
State Bar of Texas No. 07133000
Federal I. D. No. 1188

**Luis R. Hernandez**
State Bar of Texas No. 09518900
Federal I. D. No. 12978

**Jeffrey G. Mathews**
State Bar of Texas No. 24013115
Federal I. D. No. 24499

**ATTORNEYS FOR DEFENDANTS.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing **NOTICE AND APPLICATION FOR**

**REMOVAL** were served March _9_ , 2004 in the manner(s) indicated below upon the

following Counsel-of-record:

> **CO-COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Scott D. Webre
> 556 Jefferson Street
> Jefferson Towers, Suite 200
> Lafayette, Louisiana  70501
> *(CERTIFIED UNITED STATES MAIL, R.R.R.)*
>
> **CO-COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Ryan Krebs, M.D., J.D.
> 6601 Vaught Ranch Road, Suite 100
> Austin, Texas  78730
> *(CERTIFIED UNITED STATES MAIL, R.R.R.)*
>
> **CO-COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Alejandro J. Garcia
> THE LAW OFFICES OF FRANK COSTILLA, L.P.
> 5 East Elizabeth Street
> Brownsville, Texas  78520
> *(CERTIFIED UNITED STATES MAIL, R.R.R.)*

Tom Fleming

**Process Of Pleadings.** In accordance with Southern District of Texas Local Rule 3(K), attached hereto are true and correct copies of the following:

1.  **Exhibit 1:**
    Index Of Matters Being Filed;

2.  **Exhibit No. 2:**
    Plaintiff's Original Petition;

3.  **Exhibit No. 3:**
    Original Answer of Defendants Rig Ventures, Inc. and Emilio Sanchez;

4.  **Exhibit No. 4:**
    Defendants Rig Ventures, Inc. and Emilio Sanchez' Special Exceptions;

5.  **Exhibit No. 5:**
    Defendants Rig Ventures and Emilio Sanchez' Objections to Plaintiff James David Gilbert's Request for Entry Upon Property;

6.  **Exhibit No. 6:**
    Plaintiff's Motion to Compel Entry Upon Property;

7.  **Exhibit No. 7:**
    Notice of Appearance as Counsel;

8.  **Exhibit No. 8:**
    Rule 11 Agreement;

9.  **Exhibit No. 9:**
    Plaintiff's First Amended Petition;

10. **Exhibit No. 10:**
    Rule 11 Agreement;

11. **Exhibit No. 11:**
    Plaintiff's Second Amended Petition;

12. **Exhibit No. 12:**
    Plaintiff's Amended Motion to Compel Entry Upon Property and Original Motion to Prevent Spoliation of Evidence;

1

13. **Exhibit No. 13**:
Plaintiff's Motion for Trial Setting;

14. **Exhibit No. 14**:
Rule 11 Agreement;

15. **Exhibit No. 15**:
Plaintiffs' Motion to Compel Defendants' (Emilio Sanchez and Rig Ventures, Inc.) Responses to Plaintiff's Requests for Production;

16. **Exhibit No. 16**:
Rule 11 Agreement;

17. **Exhibit No. 17**:
First Amended Original Answer of Defendants Rig Ventures, Inc. Emilio Sanchez;

18. **Exhibit No. 18**:
Defendants' Request for Jury Trial;

19. **Exhibit No. 19**:
Rule 11 Agreement;

20. **Exhibit No. 20**:
Agreed Motion for Continuance of Trial;

21. **Exhibit No. 21**:
Motion for Partial Summary Judgment;

22. **Exhibit No. 22**:
Plaintiff's Third Amended Petition;

23. **Exhibit No. 23**:
Motion to Compel;

24. **Exhibit No. 24**:
Plaintiff's Motion for Issuance of Letters Rogatory for Oral Deposition and Deposition on Written Questions to Louisiana Witness;

25. **Exhibit No. 25**:
Motion to Compel Entry Upon Property;

26. **Exhibit No. 26:**
Response to Plaintiff's Motion to Compel Entry Upon Property;

27. **Exhibit No. 27:**
Plaintiff's Motion for Leave to Late File Plaintiff's Response to Defendant and Emilio Sanchez's Motion for Partial Summary Judgment;

28. **Exhibit No. 28:**
Plaintiff's Response to Defendant Emilio Sanchez's Motion for Partial Summary Judgment;

29. **Exhibit No. 29:**
Reply of Defendant Emilio Sanchez to Plaintiff's Response;

30. **Exhibit No. 30:**
Original Answer of Defendant Mobile Offshore Drilling Unit "Ocean 66";

31. **Exhibit No. 31:**
Claim of Ownership of the *In Res* MODU Ocean 66;

32. **Exhibit No. 32:**
Fiat on Plaintiff's Motion to Compel Entry Upon Property;

33. **Exhibit No. 33:**
Fiat on Defendants' Special Exceptions;

34. **Exhibit No. 34:**
Order Defendants Rig Ventures, Inc. and Emilio Sanchez' Special Exceptions;

35. **Exhibit No. 35:**
Fiat on Plaintiff's Amended Motion to Compel Entry Upon Property;

36. **Exhibit No. 36:**
Order Setting Hearing Plaintiff's Motion for Trial Setting;

37. **Exhibit No. 37:**
Order Plaintiff's Amended Motion to Compel Entry Upon Property;

3

38. **Exhibit No. 38**:
Order on Motion for Entry Upon Property;

39. **Exhibit No. 39**:
Agreed Level III Discovery Control Plan and Scheduling Order;

40. **Exhibit No. 40**:
Order Setting Hearing Plaintiff's Motion to Compel Defendants' (Emilio Sanchez and Rig Ventures, Inc.) Responses to Plaintiff's Request for Production;

41. **Exhibit No. 41**:
Order
Plaintiff James David Gilbert's Motion to Compel Defendants' (Emilio Sanchez and Rig Ventures, Inc.) Responses to Plaintiff's Requests for Production;

42. **Exhibit No. 42**:
Order Resetting Hearing
Plaintiff's Motion to Compel Defendants' (Emilio Sanchez and Rig Ventures, Inc.) Responses to Plaintiff's Request for Production;

43. **Exhibit No. 43**:
Order
(Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's Request for Production;

44. **Exhibit No. 44**:
Order
(Agreed Motion for Continuance of Trial);

45. **Exhibit No. 45**:
Fiat on Agreed Motion for Continuance of Trial;

46. **Exhibit No. 46**:
Fiat on Motion for Partial Summary Judgment;

47. **Exhibit No. 47**:
Fiat on Motion to Compel;

48. **Exhibit No. 48**:
Order
(Plaintiff's Motion for Issuance of Letters Rogatory);

4

49. **Exhibit No. 49**:
Order Setting Hearing
(Plaintiff's Motion to Compel Entry Upon Property);

50. **Exhibit No. 50**:
Order
(Plaintiff's Motion for Leave to Late File Plaintiff's Response to
Defendant Emilio Sanchez's Motion for Summary Judgment);

51. **Exhibit No. 51**:
Order Compelling Response;

52. **Exhibit No. 52**:
The Docket Sheet; and

53. **Exhibit No. 53**:
List Of All Known Counsel For Every Party, Including Their
Addresses, Telephone Numbers And Who They Represented.

# Consent
# PHIL WELLS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| PHIL WELLS; RICHARD JAROSS; and | § | |
| MODU "OCEAN 66" | § | |
| Defendants. | § | |

## CONSENT FOR REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

I, **PHIL WELLS**, Defendant in the above styled and numbered case consent to

this removal of Cause No. 2002-11-4448-D; *James David Gilbert v. Rig Ventures, Inc.;*

*Emilio Sanchez; Phil Wells; Richard Jaross; and MODU "Ocean 66"* in the 103rd

Judicial District Court of Cameron County, Texas, from State Court to Federal Court.

Dated: March _3/8_, 2004.

Respectfully submitted,

By: _Phil Wells_
Phil Wells

# Consent
# RICHARD   JAROSS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| PHIL WELLS; RICHARD JAROSS; and | § | |
| MODU "OCEAN 66" | § | |
| Defendants. | § | |

## CONSENT FOR REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

I, **RICHARD JAROSS**, Defendant in the above styled and numbered case consent to this removal of Cause No. 2002-11-4448-D; *James David Gilbert v. Rig Ventures, Inc.; Emilio Sanchez; Phil Wells; Richard Jaross; and MODU "Ocean 66"* in the 103rd Judicial District Court of Cameron County, Texas, from State Court to Federal Court.

Dated: March _8_, 2004.

Respectfully submitted,

By: _____
Richard Jaross

Acknowledged & signed
this 8th day of March, 2004.
Janette K. Dunn
Notary Nueces County, Texas

JANETTE K. DUNN
Notary Public
STATE OF TEXAS
My Comm. Exp. 08-03-2004

# All Executed
# Process in this Case

# AFFIDAVIT OF SERVICE

NOV 0 7 2002

*Yolanda Zamora*

Came to hand on the 6th day of November 2002, at 1:58 PM. Cause No. 2002-11-004448-D

_X_ Citation   _X_ Plaintiff's Original Petition

Executed at: 6665 E. 14th Street, Brownsville, Texas within the County of **Cameron** at *2:47* PM on the 7th day of November 2002, by delivering to the within name: **Emilio Sanchez,** each in person a true copy of the above civil process having first endorsed on such a copy the date of delivery,

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve Citations and other notices.
I am not less than eighteen (18) years of age.

James David Gilbert
v.
Rig Ventures, Inc., Emilio Sanchez

By_____
SAM WALLACE
(Authorized Person)

Lawyer Support Services
943 N. Expressway # 15-6
Brownsville, Texas 78520-8605
956-350-9826

## VERIFICATION

STATE OF TEXAS        )(
COUNTY OF CAMERON   )(

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared SAM WALLACE, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

Given under my hand and seal of office this _07_ day of November 2002.

*Maria J. Palafox*
NOTARY PUBLIC

OFFICIAL SEAL
Maria J. Palafox
State of Texas
My Commission Expires
November 12, 2005

# AFFIDAVIT OF SERVICE

NOV 0 7 2002

*Yolanda Zamora*

Came to hand on the 6th day of November 2002, at 1:58 PM. Cause No. 2002-11-004448-D

_X_ Citation   _X_ Plaintiff's Original Petition

Executed at: 6665 E. 14th Street, Brownsville, Texas within the County of **Cameron** at 2:47 PM on the 7th day of November 2002, by delivering to the within name: **Rig Ventures, Inc,** each in person a true copy of the above civil process having first endorsed on such a copy the date of delivery,

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve Citations and other notices.
I am not less than eighteen (18) years of age.

James David Gilbert
v.
Rig Ventures, Inc., Emilio Sanchez

By
SAM WALLACE
(Authorized Person)

Lawyer Support Services
943 N. Expressway # 15-6
Brownsville, Texas 78520-8605
956-350-9826

VERIFICATION

STATE OF TEXAS        )(
COUNTY OF CAMERON     )(

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared SAM WALLACE, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

Given under my hand and seal of office this __7__ day of November 2002.

*Maria J. Palafox*
NOTARY PUBLIC



OFFICIAL SEAL
Maria J. Palafox
State of Texas
My Commission Expires
November 12, 2005

Citation for Personal Service  - GENERAL _____    Lit. Seq. # 5.003.01

No. 2002-11-004448-D

T H E   S T A T E   O F   T E X A S   ORIGINAL

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: EMILIO SANCHEZ _____
    6665 E. 14TH STREET _____
    BROWNSVILLE, TEXAS 78521 _____

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION _____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on NOVEMBER 06, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004448-D.

The style of the case is:

JAMES DAVID GILBERT _____
VS.
RIG VENTURES, INC.,EMILIO SANCHEZ, PHIL WELLS

Said petition was filed in said court by _____RYAN KREBS, M.D.,J.D._____ (Attorney for _____PLAINTIFF_____), whose address is 6601 VAUGHT RANCH RD,STE. 100  AUSTIN, TEXAS  78730 _____

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 6th day of NOVEMBER , A.D. 2002.

AURORA DE LA GARZA    DISTRICT CLERK

Citation for Personal Service  - GENERAL_____    Lit. Seq. # 5.002.01

### No. 2002-11-004448-D

## THE  STATE  OF  TEXAS

**ORIGINAL**

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: RIG VENTURES, INC.
SERVING REGISTERED AGENT
EMILIO SANCHEZ
6665 E. 14TH STREET
BROWNSVILLE, TEXAS 78521

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR ENTRY UPON PROPERTY, PLAINTIFF'S REQUEST
FOR DISCLOSURE

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on NOVEMBER 06, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004448-D.

The style of the case is:

JAMES DAVID GILBERT
VS.
RIG VENTURES, INC.,EMILIO SANCHEZ, PHIL WELLS

Said petition was filed in said court by _____RYAN KREBS, M.D.,J.D._____
(Attorney for _____PLAINTIFF_____), whose address is
6601 VAUGHT RANCH RD,STE. 100  AUSTIN, TEXAS  78730  .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of NOVEMBER , A.D. 2002.

_____AURORA DE LA GARZA_____ , DISTRICT CLERK

Citation for Personal Service  - GENERAL                 Lit. Seq. # 5.003.01

No. 2002-11-004448-D

THE   STATE   OF   TEXAS                 **ORIGINAL**

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: EMILIO SANCHEZ
6665 E. 14TH STREET
BROWNSVILLE, TEXAS 78521

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINITFF'S ORIGINAL PETITION , REQUEST FOR ENTRY UPON PROPERTY, PLAINTIFF'S REQUEST
FOR DISCLOSURE

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on NOVEMBER 06, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004448-D.

The style of the case is:

JAMES DAVID GILBERT
VS.
RIG VENTURES, INC.,EMILIO SANCHEZ, PHIL WELLS

Said petition was filed in said court by        RYAN KREBS, M.D.,J.D.
(Attorney for        PLAINTIFF        ), whose address is
6601 VAUGHT RANCH RD,STE. 100  AUSTIN, TEXAS   78730        .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of NOVEMBER , A.D. 2002.

Citation for Personal Service  - GENERAL          Lit. Seq. # 5.002.01

No. 2002-11-004448-D

T H E    S T A T E    O F    T E X A S    ORIGINAL

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: RIG VENTURES, INC.
    SERVING ITS PRESIDENT
    EMILIO SANCHEZ
    6665 E. 14TH ST.
    BROWNSVILLE, TEXAS 78521

the          DEFENDANT          , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said          PETITION          was filed on NOVEMBER 06, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004448-D.

The style of the case is:

JAMES DAVID GILBERT
VS.
RIG VENTURES, INC.,EMILIO SANCHEZ, PHIL WELLS

Said petition was filed in said court by          RYAN KREBS, M.D.,J.D.
(Attorney for          PLAINTIFF          ), whose address is
6601 VAUGHT RANCH RD,STE. 100   AUSTIN, TEXAS   78730          .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the  6th day of NOVEMBER , A.D. 2002.

Citation for Personal Service - NON-RESIDENT NOTICE     Lit. Seq. # 5.004.01

No. 2002-11-004448-D

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: PHIL WELLS
    8875 N. HIGHWAY 87
    SAN ANGELO, TEXAS 76901


the         DEFENDANT         , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S FIRST AMENDED PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said         PETITION         was filed on JANUARY 27, 2003 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004448-D.

The style of the case is:

JAMES DAVID GILBERT
VS.
RIG VENTURES, INC.,EMILIO SANCHEZ, PHIL WELLS

Said petition was filed in said court by         RYAN KREBS, M.D.,J.D.
(Attorney for         PLAINTIFF         ), whose address is
6601 VAUGHT RANCH RD,STE. 100  AUSTIN, TEXAS  78730 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 27th day of JANUARY , A.D. 2003.

R  T U R N   O F   O F F I C E R

Came to hand the _6th_ day of _Feb_____ , _2003_ , at _11:00__ o'clock _A_.M., and

executed (~~not executed~~) on the _7th_ day of _March_ , _2003_ , by delivering to

___Phil Wells_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff 1st Ammended Petition_____ .

Cause of failure to execute this citation is:  _____

_____ .


FEES serving 1 copy              _____

Total....... $_____        Sheriff/constable _Tom Green___ County,

Fees paid by:_____   By ___AlGonzales_____ Deputy



FILED
AURORA
MAY 1 3 2003
DISTRICT COU...
Gilbert Jaramillo

tion for Personal Service  **- GENERAL** _____     Lit. Seq. # <u>5.005.01</u>

No. <u>2002-11-004448-D</u>                    **ORIGINAL**

T H E     S T A T E     O F     T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
or your attorney do not file a written answer with the clerk who issued this
ation by 10:00 a.m. on the Monday next following the expiration of twenty
s after you were served this citation and petition, a default judgment may be
en against you.

<u>RICHARD JAROSS</u>
<u>74 LAKESHORE DR.</u>
<u>BROWNSVILLE, TEXAS</u>
<u>78521</u>

_____

_____<u>DEFENDANT</u>_____, GREETING:

You are commanded to appear by filing a written answer to the

<u>INTIFF'S THIRD AMENDED PETITION</u>_____

_____

or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
s after the date of service of this citation before the Honorable District
rt <u>103rd</u> Judicial District of Cameron County, Texas at the Courthouse of said
nty in Brownsville, Texas.  Said _____<u>PETITION</u>_____ was filed on
BRUARY 09, 2004 .  A copy of same accompanies this citation.

e file number of said suit being No. <u>2002-11-004448-D</u>.

e style of the case is:

<u>JAMES DAVID GILBERT</u>
VS.
<u>RIG VENTURES, INC.,EMILIO SANCHEZ, PHIL WELLS</u>

id petition was filed in said court by _____<u>HON. FRANK COSTILLA</u>_____
ttorney for _____<u>PLAINTIFF</u>_____), whose address is
<u>. ELIZABETH STREET BROWNSVILLE, TX.  78520</u>_____.

The nature of the demand is fully shown by a true and correct copy of the
tition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
quirements of law, and the mandates thereof, and make due return as the law
rects.

Issued and given under my hand and seal of said Court at Brownsville,
'' the  9th day of FEBRUARY , A.D. <u>2004</u>.

R E T U R N   O F   O F F I C E R

ame to hand the _____ day of _____, _____, at _____ o'clock ___.M., and

xecuted (not executed) on the _____ day of _____, _____, by delivering to

_____ in person a true copy of this Citation,

pon which I endorsed the date of delivery, together with the accompanying copy

if the _____.

ause of failure to execute this citation is: _____

_____.

_____

EES serving 1 copy

otal....... $_____          Sheriff/constable _____ County, TEXAS

ees paid by:_____          By _____ Deputy

PROCESS SERVED
AFFIDAVIT ATTACHED

PROFESSIONAL CIVIL PROCESS
700 PAREDES AVE., #208
BROWNSVILLE, TEXAS 78520
TEL. (956) 546-1313

**EXHIBIT 1**
**INDEX OF MATTERS BEING FILED**
**PAGE 5 OF 5**

50.   **Exhibit No. 50:**
Order
(Plaintiff's Motion for Leave to Late File Plaintiff's Response to Defendant
Emilio Sanchez's Motion for Summary Judgment);

51.   **Exhibit No. 51:**
Order Compelling Response;

52.   **Exhibit No. 52:**
The Docket Sheet; and

53.   **Exhibit No. 53:**
List Of All Known Counsel For Every Party, Including Their Addresses,
Telephone Numbers And Who They Represented.

CAUSE NUMBER _2002-11-4448-D_

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103 JUDICIAL DISTRICT 3'90 |

PLAINTIFF'S ORIGINAL PETITION

NOV 0 6 2002

_Jessica Alicia_

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES DAVID GILBERT, hereinafter sometimes referred to as "Plaintiff," and file this, his Plaintiff's Original Petition complaining of RIG VENTURES, INC.; EMILIO SANCHEZ; and PHIL WELLS and for cause of action would respectfully show the Court as follows:

## I.

### PROPOSED LEVEL TWO CASE

1. Plaintiffs propose that discovery in this case be conducted as a Level Two case per TRCP 190.3.

## II.

### PLAINTIFFS

2. Plaintiff, James David Gilbert, is a natural person whose current primary residence is located in Williamson County, Texas. At all times pertinent to this cause of action, Plaintiff Gilbert's primary residence was located in Cameron County, Texas.

EXHIBIT NO. _2_

## III.

### DEFENDANTS

3.      Defendant, RIG VENTURES, INC. is a Delaware corporation not in good standing and is no longer active in Texas, but which was active in, and registered to do business in Texas at the time of the incident giving rise to this lawsuit. This Defendant may be served with process by personally serving its President, shareholder, director, and registered agent for service of process, Emilio Sanchez, 6665 E. 14th Street, Brownsville, TX 78521. **Plaintiffs request citation be issued at this time for pick-up by a private process server.**

4.      Defendant, EMILIO SANCHEZ, is an individual residing in Cameron County, Texas, and may be served with process at 6665 E. 14th Street, Brownsville, TX 78521. **Plaintiffs request citation be issued at this time for pick-up by a private process server.**

5.      Defendant, PHIL WELLS, is an individual currently residing in Tom Green County, Texas. Defendant Wells was a resident of Cameron County at the time of the incident giving rise to this suit. Plaintiffs do not request issuance of citation as this time.

## IV.

### JURISDICTION AND VENUE

6.      This Court has jurisdiction over the parties to this action because they each reside and/or do business in Texas. The Court has jurisdiction over the subject matter of this litigation because the matter in controversy exceeds the minimum jurisdictional limits of this Court, exclusive of costs and interest.

7.      Venue is proper in Cameron County pursuant to TEX.CIV.PRAC.&REM.CODE § 15.002 because Defendant, Rig Ventures, Inc., maintains a principal office in Cameron County and because Defendant, Emilio Sanchez resides in Cameron County.

## V.

### CONDITIONS PRECEDENT OCCURRED

8.      All conditions precedent to the filing of suit herein have occurred.

## VI.

### OVERVIEW

9.      The underlying facts are as follows.  At all times relevant hereto, Plaintiff and Defendant Phil Wells were authorized agents, servants, or employees of Defendant, Rig Ventures, Inc., and were then acting for and on behalf of Defendant, Rig Ventures, Inc.  Plaintiff and Defendant Phil Wells were employed by Defendant Rig Ventures, Inc., or in the alternative were hired by Rig Ventures, Inc. as contract labor to assist in the salvage of an oilfield platform (hereinafter referred to as "the platform.")   At all times relevant hereto, Defendant Emilio Sanchez was a shareholder, officer, director, agent, and/or employee of Defendant Rig Ventures, Inc.

10.      After several months of work performed offshore in the Gulf of Mexico readying the platform for transport, Rig Ventures, Inc. arranged for the transport of the platform to a shipyard in Lake Charles, Louisiana, where Rig Ventures, Inc.'s agents, servants, and/or employees, including Plaintiff and Defendant, Phil Wells, performed salvage operations.  On December 30, 2001, Defendant, Phil Wells, while operating a crane attached to the platform, negligently caused a pipe on which Plaintiff was relying for support of his body to be pulled away from Plaintiff, causing Plaintiff to fall a significant distance and incur severe personal physical injury.

# VII.

## CAUSE OF ACTION AGAINST RIG VENTURES, INC.

11.    Plaintiff realleges in support of the instant cause of action all facts pleaded above.

12.    <u>Negligence and Gross Negligence</u>:  Rig Ventures, Inc. proximately caused severe personal injury to Plaintiff through breach of the nondelegable duties, including but not limited to the following negligent and grossly negligent acts and/or omissions:

        a.  In failing to properly train and supervise its agents, servants, and/or employees, including but not limited to Defendant Phil Wells;

        b.  In failing to implement appropriate policies and procedures to adequately ensure the safety and welfare of its agents, servants, and/or employees working on the platform;

        c.  In failing to provide adequate safety equipment to its agents, servants, and/or employees working on the platform; and

        d.  In failing to take any reasonable precautions whatsoever to ensure that its agents, servants, and/or employees were provided a safe working environment in which to accomplish the tasks assigned by Rig Ventures, Inc.

13.    <u>Respondeat Superior – Rig Ventures/Phil Wells</u>:  Regardless of the nomenclature by which Rig Ventures may classify Defendant Phil Wells, Mr. Wells as an employee of Rig Ventures, Inc. at the time of the incident giving rise to this lawsuit because the nature of the relationship between Rig Ventures, Inc. and Phil Wells was that of employer/employee rather than some other relationship.  In particular, Rig Ventures, Inc. maintained the right to control the progress, details, and methods of operations of Phil Wells' work, including maintaining and/or exercising control over:

a.    when and where to begin and stop work and the regularity of hours;

b.    the amount of time spent on particular aspects of the work;

c.    the tools and appliances used to perform the work; and/or

d.    the physical method or manner of accomplishing the end result.

Therefore, Rig Ventures, Inc. is vicariously liable for the acts and omissions of Defendant

Phil Wells pursuant to the doctrine of respondeat superior.

14.    <u>Respondeat Superior/ Agency – Rig Ventures/Emilio Sanchez</u>: Rig Ventures, Inc. is liable by the doctrines of Respondeat Superior and Agency for the acts and omissions of its president, Emilio Sanchez, who was negligent and grossly negligent for failing to adequately train and supervise the employees and laborers of Rig Ventures, Inc., and for otherwise failing to adequately ensure Plaintiff was provided a safe workplace in which to accomplish the tasks assigned to him by Rig Ventures, Inc. and its agents, servants, and/or employees.

15.    <u>Joint enterprise – Rig Ventures, Inc./Phil Wells</u>: In the alternative, Phil Wells and Rig Ventures, Inc. were engaged in a joint enterprise or joint venture. Particularly, Phil Wells and Rig Ventures, Inc. had an agreement and common purpose to be carried out by them, there existed a community of pecuniary interest in that purpose, and Rig Ventures, Inc. and Phil Wells had an equal right to a voice in the direction of the enterprise, which gives an equal right of control. Accordingly, each is liable for the acts of the other as pleaded herein.

16.    <u>Agency – Rig Ventures, Inc./Phil Wells</u>: In the alternative, Phil Wells was an agent of Rig Ventures, Inc. acting within the course and scope of his agency at all times relevant hereto, and Rig Ventures, Inc. maintained the right of control over the details of the conduct of Phil Wells giving rise to this suit. Rig Ventures, Inc. is thus liable for the negligent and grossly negligent acts of Phil Wells pursuant to the doctrine of Agency.

## VIII.

## CAUSE OF ACTION AGAINST PHIL WELLS

17. Plaintiff realleges in support of the instant cause of action all facts pleaded above.

18.     Phil Wells breached his duties to Plaintiff and thereby proximately caused severe personal injury to Plaintiff through the following negligent and grossly negligent acts and/or omissions:

      a.   In negligently operating the crane in a way to cause the pipe to be pulled from Plaintiff's hands before Plaintiff was able to regain his upright position and support his own weight, thereby causing Plaintiff to fall and incur injury;

      b.   In failing to inform Plaintiff of his intention to remove the pipe from Plaintiff's hands at the time in question; and

      c.   In failing to adequately train and/or supervise those under his supervision.

19.     <u>Gross Negligence</u>:   Defendant Wells' acts and omissions constitute malice as that term is defined by Texas law, and Plaintiff seeks exemplary damages.

## IX.

## CAUSE OF ACTION AGAINST EMILIO SANCHEZ

20.     Plaintiff realleges in support of the instant cause of action all facts pleaded above.

21.     <u>Alter Ego – Emilio Sanchez/Rig Ventures, Inc.</u>:   Rig Ventures, Inc. is operated as a mere tool or business conduit of Emilio Sanchez and other shareholders.  Pursuant to the Alter Ego doctrine, Plaintiff requests the corporate shield be disregarded and that Emilio Sanchez and other shareholders of Rig Ventures be held completely liable for any judgment as may be rendered herein against Rig Ventures, Inc., in order that injustice may be avoided.   For the same reasons, among others, Plaintiff also seeks to Pierce the Corporate Veil to recover any judgment

against Rig Ventures, Inc. from the personal assets of any and all shareholders of Defendant Rig Ventures, Inc.

## X.

### CAUSATION AND DAMAGES

22.    Defendants' acts and omissions, taken singularly and in combination, were a proximate cause of Plaintiff's injuries, including:

   a.    past and future lost earning capacity;

   b.    past and future medical expenses;

   c.    past and future physical pain and mental anguish;

   d.    past and future physical impairment; and

   e.    past and future disfigurement.

## XI.

### EXEMPLARY DAMAGES

23.    Defendants' acts, when viewed objectively from the standpoint of Defendants at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which Defendants had actual subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiff seeks an award of exemplary damages against Defendants for each act and omission plead herein, of sufficient size to punish them for their grossly negligent acts and omissions and for placing profit before safety, and to serve as a deterrent to similar conduct which may result in other injuries, suffering, and deaths in the future.

24.    Defendants, Emilio Sanchez and Phil Wells, were each "vice principals" of Rig Ventures, Inc. as that term is defined by Texas law, thus Defendant Rig Ventures, Inc. and its

alter egos and shareholders are liable for any and all exemplary damages assessed against Rig Ventures, Inc.

## XII.

## JURY TRIAL

25.    In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs have requested a jury trial of twelve (12) persons and have tendered the required fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein and answer, and that, upon final hearing, he have judgment against Defendants for his actual damages as specifically set out in this pleading, exemplary and punitive damages, prejudgment and postjudgment interest in the highest amount allowed by law, and for such other and further relief, at law or equity, for which Plaintiff may show himself to be justly entitled and to which the Court and jury may believe him deserving.

Respectfully submitted,

Ryan Krebs, M.D., J.D.
State Bar Number 00792088
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(512) 478-2072
(512) 494-0420 (FAX)

Scott Webre
State Bar Number 21050070
315 South College Road, Suite 242
Lafayette, LA  70503
(337) 232-8900
(337) 232-8840 (FAX)

RYAN KREBS, MD, JD
ATTORNEYS FOR PLAINTIFFS

# AFFIDAVIT OF SERVICE

Came to hand on the 21st day of November 2002, at 2:49 PM. Cause No. 2002-11-004448-D

_X_ Plaintiff's Original Petition _X_ Request for Entry Upon Property _X_ Plaintiff's Request for Disclosure

Executed at: 6665 E. 14th Street, Brownsville, Texas within the County of Cameron at 5:01 PM on the 3rd day of December 2002, by delivering to the within name: **Emilio Sanchez,** each in person a true copy of the above civil process having first endorsed on such a copy the date of delivery,

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve Citations and other notices.
I am not less than eighteen (18) years of age.

James David Gilbert
v.
Rig Ventures, Inc., Emilio Sanchez, Phil Wells

By
SAM WALLACE
(Authorized Person)

Lawyer Support Services
943 N. Expressway # 15-6
Brownsville, Texas 78520-8605
956-350-9826

FILED 4 O'CLOCK
AURORA DE LA GARZA DIST. CLERK
DEC 0 4 2002
DEPT OF CAMERON COUNTY TEXAS
Jessica Alvear

VERIFICATION

STATE OF TEXAS          )(
COUNTY OF CAMERON    )(

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared SAM WALLACE, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

Given under my hand and seal of office this 4th day of December 2002.

NOTARY PUBLIC



IDA LYNN RODRIGUEZ
Notary Public, State of Texas
My Commission Expires 07-02-05

# AFFIDAVIT OF SERVICE

Came to hand on the 21st day of November 2002, at 2:49 PM. Cause No. 2002-11-004448-D

_X_ Plaintiff's Original Petition _X_ Request for Entry Upon Property _X_ Plaintiff's Request for Disclosure

Executed at: 6665 E. 14th Street, Brownsville, Texas within the County of Cameron at 5:01 PM on the 3rd day of December 2002, by delivering to the within name: **Rig Ventures, Inc. by delivering to its agent Emilio Sanchez,** each in person a true copy of the above civil process having first endorsed on such a copy the date of delivery,

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve Citations and other notices.
I am not less than eighteen (18) years of age.

James David Gilbert
v.
Rig Ventures, Inc., Emilio Sanchez, Phil Wells

By _____
SAM WALLACE
(Authorized Person)

Lawyer Support Services
943 N. Expressway # 15-6
Brownsville, Texas 78520-8605
956-350-9826

VERIFICATION

STATE OF TEXAS          )(
COUNTY OF CAMERON   )(

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared SAM WALLACE, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

Given under my hand and seal of office this 4th day of December 2002.

_____
NOTARY PUBLIC



IDA LYNN RODRIGUEZ
Notary Public, State of Texas
My Commission Expires 07-02-05

## AFFIDAVIT OF SERVICE

COUNTY: CAMERON      CASE # 2002114448D      COURT 103

Clt. Ref.#            Clt.#  3023

JAMES DAVID GILBERT

VS
RIG VENTURES, INC., EMILIO SANCHEZ, PHIL NEWS, RICHARD JAROSS

The documents came to hand for service on 02/10/04  Time: 07:30:00

Documents received for service:

**CITATION PLAINTIFF'S THIRD AMENDED PETITION**

The documents were delivered on **02/10/04  Time: 07:50:00**

Executed at: 74 Lakeshore Drive
           Brownsville, TX 78521

to the following: **Jaross, Richard**

FILED _____O'CLOCK_____M
AURORA DE LA GARZA DIST. CLERK
FEB 1 0 2004
DISTRICT COURT OF CAMERON TEXAS
_____ DEPUTY

___✓___ PERSONALLY delivering the document(s) to the person above.
_____ SUBSTITUTE SERVICE per Order by delivering to _____ a person over sixteen (16) years of age, at the above listed address which is the usual place of abode/business of the above named person.
_____ POSTING per Order by securely affixing to the main entry way at the above address.

### AFFIDAVIT

I, Eddie M Gonzalez _____ ,am over the age of eighteen, and am neither a party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE FACTS SET FORTH ABOVE. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state OR federal jurisdiction, and I have studied and am familiar with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES CODE and all other applicable rules and statutes relating to service of citation and/or notices I am authorized by written order of the court to serve citations and other notices.

Service Fee: _____

Witness Fee Tendered:_____

Eddie M Gonzalez
Professional Civil Process Brownsville
700 Paredes Ave. Suite 208
Brownsville, Texas 78520

STATE OF TEXAS}

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized person known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn stated that he has personal knowledge of the facts set forth in the foregoing affidavit and declared that the facts therein contained are true and correct. Given my hand and seal of office this _____ day of _____ 200__.

PCP Inv. #R02040164

**SCANNED**
FEB 2 0 2004

NOTARY PUBLIC FOR THE STATE OF TEXAS

JUANITA O. SALDIVAR
MY COMMISSION EXPIRES
February 02, 2005

# EXHIBIT 1
## INDEX OF MATTERS BEING FILED
### PAGE 1 OF 5

2.  **Exhibit No. 2:**
    Plaintiff's Original Petition;

3.  **Exhibit No. 3:**
    Original Answer of Defendants Rig Ventures, Inc. and Emilio Sanchez;

4.  **Exhibit No. 4:**
    Defendants Rig Ventures, Inc. and Emilio Sanchez' Special Exceptions;

5.  **Exhibit No. 5:**
    Defendants Rig Ventures and Emilio Sanchez' Objections to Plaintiff
    James David Gilbert's Request for Entry Upon Property;

6.  **Exhibit No. 6:**
    Plaintiff's Motion to Compel Entry Upon Property;

7.  **Exhibit No. 7:**
    Notice of Appearance as Counsel;

8.  **Exhibit No. 8:**
    Rule 11 Agreement;

9.  **Exhibit No. 9:**
    Plaintiff's First Amended Petition;

10. **Exhibit No. 10:**
    Rule 11 Agreement;

11. **Exhibit No. 11:**
    Plaintiff's Second Amended Petition;

12. **Exhibit No. 12:**
    Plaintiff's Amended Motion to Compel Entry Upon Property and Original
    Motion to Prevent Spoliation of Evidence;

13. **Exhibit No. 13:**
    Plaintiff's Motion for Trial Setting;

14. **Exhibit No. 14:**
    Rule 11 Agreement;



EXHIBIT NO. 1

**EXHIBIT 1**
**INDEX OF MATTERS BEING FILED**
**PAGE 2 OF 5**

15.  **Exhibit No. 15**:
     Plaintiffs' Motion to Compel Defendants' (Emilio Sanchez and Rig Ventures,
     Inc.) Responses to Plaintiff's Requests for Production;

16.  **Exhibit No. 16**:
     Rule 11 Agreement;

17.  **Exhibit No. 17**:
     First Amended Original Answer of Defendants Rig Ventures, Inc.
     Emilio Sanchez;

18.  **Exhibit No. 18**:
     Defendants' Request for Jury Trial;

19.  **Exhibit No. 19**:
     Rule 11 Agreement;

20.  **Exhibit No. 20**:
     Agreed Motion for Continuance of Trial;

21.  **Exhibit No. 21**:
     Motion for Partial Summary Judgment;

22.  **Exhibit No. 22**:
     Plaintiff's Third Amended Petition;

23.  **Exhibit No. 23**:
     Motion to Compel;

24.  **Exhibit No. 24**:
     Plaintiff's Motion for Issuance of Letters Rogatory for Oral Deposition
     and Deposition on Written Questions to Louisiana Witness;

25.  **Exhibit No. 25**:
     Motion to Compel Entry Upon Property;

26.  **Exhibit No. 26**:
     Response to Plaintiff's Motion to Compel Entry Upon Property;

## EXHIBIT 1
### INDEX OF MATTERS BEING FILED
### PAGE 3 OF 5

27. **Exhibit No. 27:**
Plaintiff's Motion for Leave to Late File Plaintiff's Response to Defendant and Emilio Sanchez's Motion for Partial Summary Judgment;

28. **Exhibit No. 28:**
Plaintiff's Response to Defendant Emilio Sanchez's Motion for Partial Summary Judgment;

29. **Exhibit No. 29:**
Reply of Defendant Emilio Sanchez to Plaintiff's Response;

30. **Exhibit No. 30:**
Original Answer of Defendant Mobile Offshore Drilling Unit "Ocean 66";

31. **Exhibit No. 31:**
Claim of Ownership of the *In Res* MODU Ocean 66;

32. **Exhibit No. 32:**
Fiat on Plaintiff's Motion to Compel Entry Upon Property;

33. **Exhibit No. 33:**
Fiat on Defendants' Special Exceptions;

34. **Exhibit No. 34:**
Order Defendants Rig Ventures, Inc. and Emilio Sanchez' Special Exceptions;

35. **Exhibit No. 35:**
Fiat on Plaintiff's Amended Motion to Compel Entry Upon Property;

36. **Exhibit No. 36:**
Order Setting Hearing Plaintiff's Motion for Trial Setting;

37. **Exhibit No. 37:**
Order Plaintiff's Amended Motion to Compel Entry Upon Property;

38. **Exhibit No. 38:**
Order on Motion for Entry Upon Property;

39. **Exhibit No. 39:**
Agreed Level III Discovery Control Plan and Scheduling Order;

**EXHIBIT 1**
**INDEX OF MATTERS BEING FILED**
**PAGE 4 OF 5**

40.   **Exhibit No. 40:**
      Order Setting Hearing
      Plaintiff's Motion to Compel Defendants' (Emilio Sanchez and Rig Ventures, Inc.) Responses to Plaintiff's Request for Production;

41.   **Exhibit No. 41:**
      Order
      Plaintiff James David Gilbert's Motion to Compel Defendants' (Emilio Sanchez and Rig Ventures, Inc.) Responses to Plaintiff's Requests for Production;

42.   **Exhibit No. 42:**
      Order Resetting Hearing
      Plaintiff's Motion to Compel Defendants' (Emilio Sanchez and Rig Ventures, Inc.) Responses to Plaintiff's Request for Production;

43.   **Exhibit No. 43:**
      Order
      (Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's Request for Production;

44.   **Exhibit No. 44:**
      Order
      (Agreed Motion for Continuance of Trial);

45.   **Exhibit No. 45:**
      Fiat on Agreed Motion for Continuance of Trial;

46.   **Exhibit No. 46:**
      Fiat on Motion for Partial Summary Judgment;

47.   **Exhibit No. 47:**
      Fiat on Motion to Compel;

48.   **Exhibit No. 48:**
      Order
      (Plaintiff's Motion for Issuance of Letters Rogatory);

49.   **Exhibit No. 49:**
      Order Setting Hearing
      (Plaintiff's Motion to Compel Entry Upon Property);

NOV 1 8 2002

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

### ORIGINAL ANSWER OF DEFENDANTS
### RIG VENTURES, INC. AND EMILIO SANCHEZ

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, **RIG VENTURES, INC. and EMILIO SANCHEZ** and file this their original answer to the allegations within Plaintiff's Original Petition.

### General Denial

### I.

Subject to and without waiving their special exceptions stated above or their right to file other and further pleadings, motions and discovery, both named Defendants deny each and every, all and singular, the allegations within Plaintiff's Original Petition and demand strict proof.

### Affirmative Defenses

### II.

These Defendants would show that Plaintiff, through his acts and omissions, contributed to the events which caused his injury, as such is liable under the Comparative Negligence Doctrine.



EXHIBIT NO. 3

## III.

Pleading further, and subject to the foregoing and without waiving same, Defendants alleges that the accident made the basis of this suit was an unavoidable accident.

## IV.

Pleading further, and subject to the foregoing and without waiving same, Defendants alleges that the accident made the basis of this suit was caused by the negligence of the Plaintiff, James David Gilbert, and such negligence was the sole proximate, sole producing, or a proximate cause of the incident in question and any alleged resulting injuries or damages resulting there from, if any.

## V.

Pleading further, and subject to the foregoing and without waiving same, Defendants would respectfully show the Court that if Plaintiff was injured as alleged in Plaintiff's Petition, although not acknowledged, said injuries were solely and proximately caused by the failure of Plaintiff to exercise that degree of care for his own safety that a reasonably prudent person, in the exercise of ordinary care, would have done under the same or similar circumstances. Further, and/or in the alternative, such failures on the part of Plaintiff were the proximate cause of Plaintiff's alleged injuries, if any.

## VI.

Pleading further, and subject to the foregoing and without waiving same, Defendants are not liable to the damages from Plaintiff, as Plaintiff has failed to mitigate his damages.

## VII.

Pleading further, and subject to the foregoing and without waiving same, Defendants, are not liable to the damages from Plaintiff, as the Plaintiff whose own breach of his duty to maintain a safe ship was the sole cause of his own injuries and is barred from recovery under the "primary duty doctrine".

WHEREFORE, Defendants pray this Court, enter its judgment that Plaintiff take nothing by his suit and that Defendants be released with their costs and such other and further relief to which they may be entitled in law and in equity.

DATED: November _2*6*_, 2002.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521
Telephone: (956) 982-4404
Telecopier: (956) 982-0943

By: _____
Luis R. Hernandez
State Bar of Texas No. 09518900

**ATTORNEYS FOR DEFENDANTS,
RIG VENTURES, INC. and EMILIO SANCHEZ.**

## CERTIFICATE OF SERVICE

I, Luis R. Hernandez, hereby certify that a true and correct copy of the foregoing

**ORIGINAL ANSWER OF DEFENDANTS RIG VENTURES, INC. AND EMILIO SANCHEZ** was mailed

November __26__, 2002 via Certified United States Mail, Return Receipt Requested,

to the following Counsel-of-record:

> **COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Ryan Krebs
> RYAN KREBS, M.D., J.D.
> 6601 Vaught Ranch Road, Suite 100
> Austin, Texas  78730
> (Certified United States Mail, R.R.R., #7002 0460 0000 6434 6590)

_____
Luis R. Hernandez

CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## DEFENDANTS RIG VENTURES, INC. AND EMILIO SANCHEZ' SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **RIG VENTURES, INC. and EMILIO SANCHEZ** (herein referred to as "Defendants") in the above cause of action and files this their Special Exceptions to **JAMES DAVID GILBERT** (herein referred to as "Plaintiff") and would respectfully show the Court as follows to wit:

## SPECIAL EXCEPTIONS

### I.

Defendants specially except to paragraph 12 of Plaintiff's Original Petition wherein Plaintiff alleges that Rig Ventures, Inc. is liable for "gross negligence". This allegation does not set forth any acts or omissions for which the corporation can be liable for gross negligence. Such allegation is vague, global and indefinite in nature. Such allegation does not give fair notice to this Defendant of each and every, all and singular, the allegations of "gross negligence" to be alleged against this Defendant at trial and unless the Plaintiff sets forth the specific acts or omissions claimed against this Defendant, it cannot properly prepare its answer and defense, and for all which


EXHIBIT NO. 4

problem which at this time cannot be adequately ascertained nor worked out. Transportation to and from such rig cannot be determined.

Notwithstanding the entry upon the property, such platform presents an inherent risk upon entry onto the platform. The Plaintiff in his Original Petition is alleging that Defendants, among others, were negligent and grossly negligent for the injuries sustained by the Plaintiff while working on the platform. As a consequence, the Plaintiff, the Plaintiff's attorney, and all Defendants are on actual notice of its inherent danger. Absolutely no attendance shall be permitted, outside a court order, without proper release of liability to all Defendants, their agents, attorneys and otherwise.

Notwithstanding the entry on the property, it is not known by these Defendants exactly what actions will be taken upon entry to this rig. The Plaintiff has alleged that he was injured when a pipe which supported him was removed causing him to fall and incur injuries. Such cause of action, in and out itself does not present a premises liability issue which would otherwise require the inspection or diagram of the platform in question. As such, there is no clear understanding of the use or benefit of the entry of the platform.

Finally, the Plaintiff has requested that no action to be taken to alter or dispose of the oilfield platform in question, though the mere presence of the Plaintiff on this platform was pursuant to a salvage operation undertaken in December 2001. Plaintiff's request at this time makes it impossible to maintain the platform in the condition that it may have been at the time of this accident.

## CERTIFICATE OF SERVICE

On this the ___6___ day of January, 2003, a true and correct copy of the above and foregoing

**Notice of Appearance as Counsel** was sent to all counsel of record, as indicated below:

Mr. Luis R. Hernandez                    Via **CM/RRR # 7002 0460 0000 6630 2198**
**Fleming & Hernandez, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

Mr. Ryan Krebs                           Via **Regular Mail**
**Krebs & Webre, LLC**
6601 Vaught Ranch Road, Suite 100
Austin, TX 78730

Mr. Scott Webre                          Via **Regular Mail**
**Krebs & Webre, LLC**
315 South College Road, Suite 242
Lafayette, LA 70503

Frank Costilla

reasons, said allegations should be stricken, and of this exception, Defendant prays judgment of the Court.

## II.

Defendants specially excepts to paragraph 14 of Plaintiff's Original Petition wherein Plaintiff alleges that Defendant Emilio Sanchez is liable under the "doctrine of the Respondeat Superior and Agency". This allegation does not sets forth any acts which will hold Emilio Sanchez liable under the doctrine of Respondeat Superior and Agency. Such allegation is vague, global and indefinite in nature. Such allegation does not give fair notice to this Defendant of each and every, all and singular, the allegations of "Respondeat Superior and Agency" to be alleged against Defendant at trial and unless the Plaintiff sets forth the specific acts or omissions claimed against this Defendant, he cannot properly prepare his answer and defense, and for all which reasons, said allegations should be stricken, and of this exception, Defendant prays judgment of the Court.

## III.

Defendants specially except to paragraph 15 of Plaintiff's Original Petition wherein Plaintiff alleges that Defendants "were engaged in a joint enterprise or joint venture". This allegation does not set forth any acts which would make the relationship of the parties a "joint enterprise or joint venture". Such allegation is vague, global and indefinite in nature. Such allegation does not give fair notice to these Defendants of each and every, all and singular, the allegations of "joint enterprise or joint venture" to be alleged against Defendants at trial and unless the

Defendants object to the entry on the platform for the reasons stated above, and request this court enter an order either prohibiting such entry or allowing such entry upon the conditions presented herein.

WHEREFORE PREMISES CONSIDERED, Defendants **RIG VENTURES, INC. AND EMILIO SANCHEZ** move this Court that upon notice and hearing, set this matter for a hearing, sustain this objection or otherwise grant limited entry onto the property pursuant to the conditions set forth above, and for such other relief both general and special for which it may show itself justly entitled.

DATED: December _23_, 2002.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

By: _____
    Luis R. Hernandez
    State Bar of Texas No. 09518900

ATTORNEYS FOR DEFENDANTS,
RIG VENTURES, INC. and EMILIO SANCHEZ.

## CERTIFICATE OF SERVICE

I, Luis R. Hernandez, hereby certify that a true and correct copy of the foregoing

**DEFENDANTS RIG VENTURES, INC. AND EMILIO SANCHEZ' OBJECTIONS TO PLAINTIFF JAMES**

**DAVID GILBERT'S REQUEST FOR ENTRY UPON PROPERTY** was forwarded on December

__23__ , 2002 by Certified United States Mail, Return Receipt Requested to the

following Counsel-of-record:

> **COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Mr. Ryan Krebs, M.D., J.D.
> KREBS & WEBRE, LLC
> 6601 Vaught Ranch Road, Suite 100
> Austin, Texas 78730
> (Certified United States Mail, R.R.R. #7002 0460 0000 6434 6750)

> **CO-COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Mr. Scott Webre
> KREBS & WEBRE, LLC
> 315 South College Road, Suite 242
> Lafayette, Louisiana 70503
> (Certified United States Mail, R.R.R., #7002 0460 0000 6434 6767)

_____
Luis R. Hernandez

**CAUSE NO. 2002-11-4448-D**

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

### DEFENDANTS RIG VENTURES, INC. AND EMILIO SANCHEZ' OBJECTIONS TO PLAINTIFF JAMES DAVID GILBERT'S REQUEST FOR ENTRY UPON PROPERTY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **RIG VENTURES, INC. AND EMILIO SANCHEZ** and files this their Objections to Plaintiff's Request for Entry Upon Property and as grounds thereof would show unto the Court as follows:

**I.**

Plaintiff has requested pursuant to Rule 196.7(c) Request for Entry Upon Property, such property being the platform on which the incident giving rise to this lawsuit occurred. The request further compels the Defendants to take no further action to alter or dispose of the oilfield platform in question or otherwise interfere with Plaintiff's ability to examine, inspect, or photograph the platform. The Request fails to describe any desired means, manner or procedure for testing or sampling, and the person or persons by whom the inspection, testing or sampling is to be made.

Notwithstanding such Request, the ability to perform such test may be impractical, if not impossible. Such platform is located outside of Lake Charles Louisiana. Consequently, the ability to otherwise enter the platform presents a


EXHIBIT NO. 5

CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103rd JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION TO COMPEL ENTRY UPON PROPERTY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES DAVID GILBERT, hereinafter sometimes referred to as "Plaintiff," and file this, his Plaintiff's Motion to Compel Entry Upon Property, and in support hereof would show the Court as follows:

### I.

This is a personal injury action arising out work performed by plaintiff on an oilfield platform owned by defendant, Rig Ventures, Inc. Plaintiff has requested the opportunity to board the platform in order to examine the location of the injury-producing incident, and to photograph and videotape as deemed necessary by any expert plaintiff may chose to bring. Plaintiff has not selected an expert to assist in this matter, though two or more have been contacted. Plaintiffs do not anticipate testing or sampling, rather, only seek to take photographs, videotape, and take measurements, etc.

### II.

Defendants Rig Ventures, Inc. and Emilio Sanchez have objected to plaintiffs request to enter the property because:

EXHIBIT NO. 6

a.  the request fails to describe any desired means, manner or procedure for testing or sampling, and the person or persons by whom the inspection, testing or sampling is to be made.   Exhibit A, Defendants' Objections, p. 1

b.  "... the ability to perform such test may be impractical, if not impossible.  Such platform is located outside of Lake Charles, Louisiana.  Consequently, the ability to otherwise enter the platform presents a problem which at this time cannot be adequately ascertained nor worked out.  Transportation to and from such rig cannot be determined" Id.

c.  "Notwithstanding the entry upon the property, such platform presents an inherent risk upon entry onto the platform.  Id. at 2.

d.  "... it is not known by these Defendants exactly what actions will be taken upon entry to this rig...... [plaintiff's cause of action] in and out [sic] does not present a premises liability issue which would otherwise require the inspection or diagram of the platform in question.  As such, there is no clear understanding of the use or benefit of the entry upon the platform." Id at 2.

### III.

Plaintiffs simply desire to take photographs, videotape, and take measurements.  Nothing will be destroyed or altered.  This examination of the scene at which plaintiff was injured is irrefutably reasonably calculated to lead to the discovery of admissible evidence.  Such an examination is absolutely essential to the development of any reliable depiction of the injury scene through drawings or models, or the recreation of the injury-producing fall by way of computer animation or otherwise.

Plaintiff's Motion to Compel Entry Upon Property
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 2

The risk of danger as alleged by plaintiff pertained to working conditions, such as the negligent training and supervision of crane operators. Such danger does not exist if all that occurs is examination of the platform when working operations are not conducted.

Though defendants have objected that inspection of the platform is impractical, or maybe impossible, or that transportation "cannot be determined," defendants have not indicated why it is impractical or impossible to visit the platform, or what measures they have taken to provide for transportation. Clearly, transportation to the platform was not a prohibitive problem when work needed to be done, nor should it be now. These difficulties, whatever they may be, are no reason to not even try to secure the evidence that will be necessary for a finder of fact in this case to reach informed conclusions about who is responsible for plaintiff's injury and why.

<div align="center">

**PRAYER**

</div>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants' objections to entry upon the property be overruled, and that Defendants be compelled to make the platform available for inspection at a mutually convenient time and place not more than 30 days from entry of this order, and that Defendants nor any of their agents, employees, or designees hereafter alter the premises in any way prior to the inspection ordered herein, and for such other and further relief, at law or equity, for which Plaintiff may show himself to be justly entitled and to which the Court and jury may believe him deserving.

Respectfully submitted,

Ryan Krebs, M.D., J.D.
State Bar Number 00792088
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(512) 478-2072
(512) 494-0420 (FAX)

Plaintiff's Motion to Compel Entry Upon Property
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 3

Scott Webre
State Bar Number 21050070
315 South College Road, Suite 242
Lafayette, LA 70503
(337) 232-8900
(337) 232-8840 (FAX)

_____
SCOTT WEBRE
Attorneys for Plaintiffs

## CERTIFICATE OF CONFERENCE

I hereby certify by my signature above that attempts to resolve this matter amicably have failed, though ongoing.

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that the above and foregoing document has been delivered to the person and by the manner indicated below this _2nd_ day of January, 2003.

***Via fax and regular mail***
Luis R. Hernandez
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

*Via fax and regular mail*
Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, TX 78730

*Via fax* and regular mail
Mr. Frank Costilla, Jr.
Law Offices of Frank Costilla
5 E. Elizabeth St.
Brownsville, TX 78520

Plaintiff's Motion to Compel Entry Upon Property
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 4

# **EXHIBIT A**

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

### DEFENDANTS RIG VENTURES, INC. AND EMILIO SANCHEZ' OBJECTIONS TO PLAINTIFF JAMES DAVID GILBERT'S REQUEST FOR ENTRY UPON PROPERTY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **RIG VENTURES, INC. AND EMILIO SANCHEZ** and files this their Objections to Plaintiff's Request for Entry Upon Property and as grounds thereof would show unto the Court as follows:

**I.**

Plaintiff has requested pursuant to Rule 196.7(c) Request for Entry Upon Property, such property being the platform on which the incident giving rise to this lawsuit occurred. The request further compels the Defendants to take no further action to alter or dispose of the oilfield platform in question or otherwise interfere with Plaintiff's ability to examine, inspect, or photograph the platform. The Request fails to describe any desired means, manner or procedure for testing or sampling, and the person or persons by whom the inspection, testing or sampling is to be made.

Notwithstanding such Request, the ability to perform such test may be impractical, if not impossible. Such platform is located outside of Lake Charles Louisiana. Consequently, the ability to otherwise enter the platform presents a

problem which at this time cannot be adequately ascertained nor worked out. Transportation to and from such rig cannot be determined.

Notwithstanding the entry upon the property, such platform presents an inherent risk upon entry onto the platform. The Plaintiff in his Original Petition is alleging that Defendants, among others, were negligent and grossly negligent for the injuries sustained by the Plaintiff while working on the platform. As a consequence, the Plaintiff, the Plaintiff's attorney, and all Defendants are on actual notice of its inherent danger. Absolutely no attendance shall be permitted, outside a court order, without proper release of liability to all Defendants, their agents, attorneys and otherwise.

Notwithstanding the entry on the property, it is not known by these Defendants exactly what actions will be taken upon entry to this rig. The Plaintiff has alleged that he was injured when a pipe which supported him was removed causing him to fall and incur injuries. Such cause of action, in and out itself does not present a premises liability issue which would otherwise require the inspection or diagram of the platform in question. As such, there is no clear understanding of the use or benefit of the entry of the platform.

Finally, the Plaintiff has requested that no action to be taken to alter or dispose of the oilfield platform in question, though the mere presence of the Plaintiff on this platform was pursuant to a salvage operation undertaken in December 2001. Plaintiff's request at this time makes it impossible to maintain the platform in the condition that it may have been at the time of this accident.

---

Defendants object to the entry on the platform for the reasons stated above, and request this court enter an order either prohibiting such entry or allowing such entry upon the conditions presented herein.

WHEREFORE PREMISES CONSIDERED, Defendants **RIG VENTURES, INC. AND EMILIO SANCHEZ** move this Court that upon notice and hearing, set this matter for a hearing, sustain this objection or otherwise grant limited entry onto the property pursuant to the conditions set forth above, and for such other relief both general and special for which it may show itself justly entitled.

DATED: December __2 3__, 2002.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

By: _____
Luis R. Hernandez
State Bar of Texas No. 09518900

**ATTORNEYS FOR DEFENDANTS,
RIG VENTURES, INC. and EMILIO SANCHEZ.**

## CERTIFICATE OF SERVICE

I, Luis R. Hernandez, hereby certify that a true and correct copy of the foregoing

DEFENDANTS RIG VENTURES, INC. AND EMILIO SANCHEZ' OBJECTIONS TO PLAINTIFF JAMES

DAVID GILBERT'S REQUEST FOR ENTRY UPON PROPERTY was forwarded on December

_25_, 2002 by Certified United States Mail, Return Receipt Requested to the

following Counsel-of-record:

COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:
Mr. Ryan Krebs, M.D., J.D.
KREBS & WEBRE, LLC
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(Certified United States Mail, R R R, #7002 0460 0000 6434 6760)

CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:
Mr. Scott Webre
KREBS & WEBRE, LLC
315 South College Road, Suite 242
Lafayette, Louisiana 70503
(Certified United States Mail, R.R R., #7002 0460 0000 6434 6767)

Luis R. Hernandez

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; | § | |
| EMILIO SANCEZ; AND | § | |
| PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## NOTICE OF APPEARANCE AS COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Frank Costilla and states to the Court that he is a practicing attorney in the

State of Texas and has become associated as counsel with the law offices of Krebs & Webre, LLC

in the representation of Plaintiff, James David Gilbert, in the above-styled and numbered cause.

Frank Costilla, therefore, requests the clerk to take notice of this entry of appearance as co-

counsel in accordance with the Rules of the District Courts.

Respectfully submitted,

LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, Texas  78520
Telephone:     (956) 541-4982
Facsimile:     (956) 544-3152

Frank Costilla
State Bar No. 04856500

EXHIBIT NO. 7

Plaintiff sets forth the specific acts or omissions claimed against these Defendants, they cannot properly prepare their answer and defense, and for all which reasons, said allegations should be stricken, and of this exception, Defendants pray judgment of the Court.

## IV.

Defendants specially except to paragraph 16 of Plaintiff's Original Petition wherein Plaintiff alleges that Defendant Rig Ventures, Inc. is liable for the "grossly negligent acts of Phil Wells pursuant to the doctrine of agency". This allegation does not set forth what acts by Phil Wells would hold the corporation liable for gross negligence. Such allegation is vague, global and indefinite in nature. Such allegation does not give fair notice to this Defendant of each and every, all and singular, the allegations of "grossly negligent acts of Phil Wells pursuant to the doctrine of agency" to be alleged against this Defendant at trial and unless the Plaintiff sets forth the specific acts or omissions claimed against this Defendant, it cannot properly prepare its answer and defense, and for all which reasons, said allegations should be stricken, and of this exception, Defendant prays judgment of the Court.

## V.

Defendants specially except to paragraph 18 of Plaintiff's Original Petition wherein Plaintiff alleges that Defendant Phil Wells is liable for "grossly negligent acts and/or omissions". This allegation does not set forth any acts which would hold Phil Wells liable for gross negligence. Such allegation is vague, global and indefinite in nature. Such allegation does not give fair notice to this Defendant of each and every,

all and singular, the allegations of "grossly negligent conduct" to be alleged against this Defendant at trial and unless the Plaintiff sets forth the specific acts or omissions claimed against this Defendant, he cannot properly prepare his answer and defense, and for all which reasons, said allegations should be stricken, and of this exception, Defendant prays judgment of the Court.

## VI.

Defendants specially except to paragraph 21 of Plaintiff's Original Petition wherein Plaintiff alleges that Defendant Emilio Sanchez is liable in that Rig Ventures, Inc. "is operated as a mere tool or business conduit of Emilio Sanchez and other shareholders". This allegation does not set forth any acts which would pierce the corporate veil to recover any judgment against Emilio Sanchez. Such allegation is vague, global and indefinite in nature. Such allegation does not give fair notice to this Defendant of each and every, all and singular, the allegations of "the alter ego doctrine" to be alleged against this Defendant at trial and unless the Plaintiff sets forth the specific acts or omissions claimed against this Defendant, he cannot properly prepare his answer and defense, and for all which reasons, said allegations should be stricken, and of this exception, Defendant prays judgment of the Court.

## VII.

Defendants specially except to paragraph 23 of Plaintiff's Original Petition wherein Plaintiff alleges "exemplary damages against Defendants". This allegation does not set forth which Defendants Plaintiff seeks to allege exemplary damages. Such allegation is vague, global and indefinite in nature. Such allegation does not give

fair notice to these Defendants of each and every, all and singular, the allegations of the individual(s) to whom exemplary damages is alleged at trial and unless the Plaintiff sets forth the specific acts or omissions claimed against these Defendants, they cannot properly prepare their answer and defense, and for all which reasons, said allegations should be stricken, and of this exception, Defendants pray judgment of the Court.

## VIII.

Defendants specially except to paragraph 24 of Plaintiff's Original Petition wherein Plaintiff alleges that Defendant Emilio Sanchez and Phil Wells were each "vice principals of Rig Ventures, Inc.". This allegation does not set forth any basis for seeking exemplary damages, nor does it set forth any basis for which each individual is a vice principal. Such allegation is vague, global and indefinite in nature. Such allegation does not give fair notice to these Defendants of each and every, all and singular, the allegations of "vice principal" to be alleged against these Defendants at trial and unless the Plaintiff sets forth the specific acts or omissions claimed against these Defendants, they cannot properly prepare their answer and defense, and for all which reasons, said allegations should be stricken, and of this exception, Defendants pray judgment of the Court.

## IX.

Defendants specially except to the prayer of Plaintiff's Original Petition wherein it is alleged that the damages sought by the Plaintiff include "actual damages as specifically set out in this pleading, exemplary and punitive damages". Pursuant to

Texas Rules of Civil Procedure, Rule 47, these Defendants request that Plaintiff be required to specify the maximum amount of damages sought. Said allegations that pertain to an unspecified amount of damages is overbroad and vague and fails to give these Defendants any information about Plaintiff intends to prove at the trial of this cause. This allegation should accordingly be stricken or, in the alternative, Plaintiff should be required to specifically state the amount of damages that he claims to have sustained as a result of these Defendants' alleged conduct. By which special exception, Defendants pray judgment of the Court.

WHEREFORE PREMISES CONSIDERED Defendants pray that these special exceptions be and all things granted, and that Plaintiff be required to replead his petition, or in the alternative, that this petition be in all things dismissed. Defendants herewith pray for any and other relief both general and special for which they may show themselves justly entitled.

DATED: December _2 0 ᵗʰ_, 2002.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

By: _____
Luis R. Hernandez
State Bar of Texas No. 09518900

**ATTORNEYS FOR DEFENDANTS,**
**RIG VENTURES, INC. and EMILIO SANCHEZ.**

## CERTIFICATE OF SERVICE

I, Luis R. Hernandez, hereby certify that a true and correct copy of the foregoing

**DEFENDANTS RIG VENTURES, INC. AND EMILIO SANCHEZ' SPECIAL EXCEPTIONS** were mailed on

December _2.0_ , 2002 by Certified United States Mail, Return Receipt Requested, to

the following Counsel-of-record:

**COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
Ryan Krebs, M.D., J.D.
KREBS & WEBRE, LLC
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(Certified United States Mail, R.R.R. #7002 0460 0000 6434 6712)

**CO-COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
Scott Webre
KREBS & WEBRE, LLC
315 South College Road, Suite 242
Lafayette, Louisiana 70503
(Certified United States Mail, R.R.R., #7002 0460 0000 6434 6729)

Luis R. Hernandez

# RYAN KREBS, M.D., J.D.
### ATTORNEYS AND COUNSELORS AT LAW

RYAN KREBS, M.D., J.D.
DOCTOR AND LAWYER IN FULL TIME
PRACTICE OF LAW

6601 VAUGHT RANCH ROAD, SUITE 100
AUSTIN, TEXAS 78730

SCOTT WEBRE
ATTORNEY AT LAW

(512) 478-2072
(512) 494-0420 FAX

January 22, 2003

Luis R. Hernandez
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

**VIA FAX (956) 982-0943**

Re:    Cause No. 2002-11-4448-D: *James David Gilbert v.
Rig Ventures, Inc.; Emilio Sanchez; and Phil Wells*

Dear Mr. Hernandez:

Pursuant to your phone conversation with Scott Webre, this will confirm your agreement to allow Plaintiff an extension of time until February 3, 2003, in which to file his Responses and Objections to Defendant's (Rig Ventures, Inc.) Request for Production, and his Response to Defendant's (Rig Ventures, Inc.) Request for Disclosure.

If this correctly sets out your agreement and understanding, please sign this letter where indicated below, fax back to me, and I will file same with the Court as a Rule 11 agreement.

Thank you for your cooperation.

Sincerely,

Ryan Krebs, M.D., J.D.

/rkh

cc:    Frank Costilla (via fax)

AGREED:

Luis R. Hernandez

*Trial lawyers dedicated to personal service*

EXHIBIT NO. 8

CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103rd JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES DAVID GILBERT, hereinafter sometimes referred to as "Plaintiff," and file this, his Plaintiff's First Amended Petition complaining of RIG VENTURES, INC.; EMILIO SANCHEZ; and PHIL WELLS and for cause of action would respectfully show the Court as follows:

### I.

### PROPOSED LEVEL TWO CASE

1. Plaintiffs propose that discovery in this case be conducted as a Level Two case per TRCP 190.3.

### II.

### PLAINTIFFS

2. Plaintiff, James David Gilbert, is a natural person whose current primary residence is located in Williamson County, Texas. At all times pertinent to this cause of action, Plaintiff Gilbert's primary residence was located in Cameron County, Texas.



## III.

### DEFENDANTS

3.      Defendant, RIG VENTURES, INC. is a Delaware corporation not in good standing and is no longer active in Texas, but which was active in, and registered to do business in Texas at the time of the incident giving rise to this lawsuit.  This Defendant has appeared and answered herein.

4.      Defendant, EMILIO SANCHEZ, is an individual residing in Cameron County, Texas, and has appeared and answered herein.

5.      Defendant, PHIL WELLS, is an individual currently residing in Tom Green County, Texas.  Defendant Wells was a resident of Cameron County at the time of the incident giving rise to this suit.   Defendant Wells may be served at 8875 N. Highway 87, San Angelo, TX  76901.  **Plaintiff requests that citation be issued for private process service.**

### IV.

### JURISDICTION AND VENUE

6.      This Court has jurisdiction over the parties to this action because they each reside and/or do business in Texas.  The Court has jurisdiction over the subject matter of this litigation because the matter in controversy exceeds the minimum jurisdictional limits of this Court, exclusive of costs and interest.

7.      Venue is proper in Cameron County pursuant to TEX.CIV.PRAC.&REM.CODE § 15.002 because Defendant, Rig Ventures, Inc., maintains a principal office in Cameron County and because Defendant, Emilio Sanchez resides in Cameron County.

## V.

### CONDITIONS PRECEDENT OCCURRED

8.      All conditions precedent to the filing of suit herein have occurred.

## VI.

### OVERVIEW

9.      The underlying facts are as follows.  At all times relevant hereto, Plaintiff and Defendant Phil Wells were authorized agents, servants, or employees of Defendant, Rig Ventures, Inc., and were then acting for and on behalf of Defendant, Rig Ventures, Inc.  Plaintiff and Defendant Phil Wells were employed by Defendant Rig Ventures, Inc., or in the alternative were hired by Rig Ventures, Inc. as contract labor to assist in the salvage of an oilfield platform (hereinafter referred to as "the platform").  At all times relevant hereto, Defendant Emilio Sanchez was a shareholder, officer, director, agent, and/or employee of Defendant Rig Ventures, Inc.

10.     After several months of work performed offshore in the Gulf of Mexico readying the platform for transport, Rig Ventures, Inc. arranged for the transport of the platform to a shipyard in Lake Charles, Louisiana, where Rig Ventures, Inc.'s agents, servants, and/or employees, including Plaintiff and Defendant, Phil Wells, performed salvage operations.  On December 30, 2001, Defendant, Phil Wells, while operating a crane attached to the platform, negligently caused a pipe on which Plaintiff was relying for support of his body to be pulled away from Plaintiff, causing Plaintiff to fall a significant distance and incur severe personal physical injury.

Plaintiff's First Amended Petition
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 3

## VII.

## CAUSE OF ACTION AGAINST RIG VENTURES, INC.

11.   Plaintiff realleges in support of the instant cause of action all facts pleaded above.

12.   <u>Negligence and Gross Negligence</u>:  Rig Ventures, Inc. proximately caused severe personal injury to Plaintiff through breach of the nondelegable duties, including but not limited to the following negligent and grossly negligent acts and/or omissions:

      a.  In failing to properly train and supervise its agents, servants, and/or employees, including but not limited to Defendant Phil Wells;

      b.  In failing to implement appropriate policies and procedures to adequately ensure the safety and welfare of its agents, servants, and/or employees working on the platform;

      c.  In failing to provide adequate safety equipment to its agents, servants, and/or employees working on the platform; and

      d.  In failing to take any reasonable precautions whatsoever to ensure that its agents, servants, and/or employees were provided a safe working environment in which to accomplish the tasks assigned by Rig Ventures, Inc.

13.   <u>Respondeat Superior – Rig Ventures/Phil Wells:</u>  Regardless of the nomenclature by which Rig Ventures may classify Defendant Phil Wells, Mr. Wells as an employee of Rig Ventures, Inc. at the time of the incident giving rise to this lawsuit because the nature of the relationship between Rig Ventures, Inc. and Phil Wells was that of employer/employee rather than some other relationship.  In particular, Rig Ventures, Inc. maintained the right to control the progress, details, and methods of operations of Phil Wells' work, including maintaining and/or exercising control over:

Plaintiff's First Amended Petition
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 4

a.      when and where to begin and stop work and the regularity of hours;

b.      the amount of time spent on particular aspects of the work;

c.      the tools and appliances used to perform the work; and/or

d.      the physical method or manner of accomplishing the end result.

Therefore, Rig Ventures, Inc. is vicariously liable for the acts and omissions of Defendant Phil Wells pursuant to the doctrine of respondeat superior.

14.    <u>Respondeat Superior/ Agency – Rig Ventures/Emilio Sanchez</u>:  Rig Ventures, Inc. is liable by the doctrines of Respondeat Superior and Agency for the acts and omissions of its president, Emilio Sanchez, who was negligent and grossly negligent for failing to adequately train and supervise the employees and laborers of Rig Ventures, Inc., and for otherwise failing to adequately ensure Plaintiff was provided a safe workplace in which to accomplish the tasks assigned to him by Rig Ventures, Inc. and its agents, servants, and/or employees.

15.    <u>Joint enterprise – Rig Ventures, Inc./Phil Wells</u>:  In the alternative, Phil Wells and Rig Ventures, Inc. were engaged in a joint enterprise or joint venture.  Particularly, Phil Wells and Rig Ventures, Inc. had an agreement and common purpose to be carried out by them, there existed a community of pecuniary interest in that purpose, and Rig Ventures, Inc. and Phil Wells had an equal right to a voice in the direction of the enterprise, which gives an equal right of control.   Accordingly, each is liable for the acts of the other as pleaded herein.

16.    <u>Agency – Rig Ventures, Inc./Phil Wells</u>:  In the alternative, Phil Wells was an agent of Rig Ventures, Inc. acting within the course and scope of his agency at all times relevant hereto, and Rig Ventures, Inc. maintained the right of control over the details of the conduct of Phil Wells giving rise to this suit.  Rig Ventures, Inc. is thus liable for the negligent and grossly negligent acts of Phil Wells pursuant to the doctrine of Agency.

## VIII.

## CAUSE OF ACTION AGAINST PHIL WELLS

17. Plaintiff realleges in support of the instant cause of action all facts pleaded above.

18.    Phil Wells breached his duties to Plaintiff and thereby proximately caused severe personal injury to Plaintiff through the following negligent and grossly negligent acts and/or omissions:

>    a.  In negligently operating the crane in a way to cause the pipe to be pulled from Plaintiff's hands before Plaintiff was able to regain his upright position and support his own weight, thereby causing Plaintiff to fall and incur injury;
>
>    b.  In failing to inform Plaintiff of his intention to remove the pipe from Plaintiff's hands at the time in question; and
>
>    c.  In failing to adequately train and/or supervise those under his supervision.

19.    <u>Gross Negligence</u>:  Defendant Wells' acts and omissions constitute malice as that term is defined by Texas law, and Plaintiff seeks exemplary damages.

## IX.

## CAUSE OF ACTION AGAINST EMILIO SANCHEZ

20.    Plaintiff realleges in support of the instant cause of action all facts pleaded above.

21.    <u>Alter Ego – Emilio Sanchez/Rig Ventures, Inc.</u>:  Rig Ventures, Inc. is operated as a mere tool or business conduit of Emilio Sanchez and other shareholders.  Pursuant to the Alter Ego doctrine, Plaintiff requests the corporate shield be disregarded and that Emilio Sanchez and other shareholders of Rig Ventures be held completely liable for any judgment as may be rendered herein against Rig Ventures, Inc., in order that injustice may be avoided.  For the same reasons, among others, Plaintiff also seeks to Pierce the Corporate Veil to recover any judgment

against Rig Ventures, Inc. from the personal assets of any and all shareholders of Defendant Rig Ventures, Inc.

## X.

### CAUSATION AND DAMAGES

22.    Defendants' acts and omissions, taken singularly and in combination, were a proximate cause of Plaintiff's injuries, including:

        a.     past and future lost earning capacity;

        b.     past and future medical expenses;

        c.     past and future physical pain and mental anguish;

        d.     past and future physical impairment; and

        e.     past and future disfigurement.

## XI.

### EXEMPLARY DAMAGES

23.    Defendants' acts, when viewed objectively from the standpoint of Defendants at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which Defendants had actual subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  Plaintiff seeks an award of exemplary damages against Defendants for each act and omission plead herein, of sufficient size to punish them for their grossly negligent acts and omissions and for placing profit before safety, and to serve as a deterrent to similar conduct which may result in other injuries, suffering, and deaths in the future.

24.    Defendants, Emilio Sanchez and Phil Wells, were each "vice principals" of Rig Ventures, Inc. as that term is defined by Texas law, thus Defendant Rig Ventures, Inc. and its

alter egos and shareholders are liable for any and all exemplary damages assessed against Rig Ventures, Inc.

## XII.

## JURY TRIAL

25.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs have requested a jury trial of twelve (12) persons and have tendered the required fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein and answer, and that, upon final hearing, he have judgment against Defendants for his actual damages as specifically set out in this pleading, exemplary and punitive damages, prejudgment and postjudgment interest in the highest amount allowed by law, and for such other and further relief, at law or equity, for which Plaintiff may show himself to be justly entitled and to which the Court and jury may believe him deserving.

Respectfully submitted,

Ryan Krebs, M.D., J.D.
State Bar Number 00792088
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(512) 478-2072
(512) 494-0420 (FAX)

Scott Webre
State Bar Number 21050070
315 South College Road, Suite 242
Lafayette, LA  70503
(337) 232-8900
(337) 232-8840 (FAX)


RYAN KREBS, MD, JD
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing document was served on all parties, as indicated below, on this _21 ST_ day of January, 2003:

Luis R. Hernandez                                     CMRRR
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX  78521

# KREBS & WEBRE, LLC

315 South College Road, Suite 242
Lafayette, Louisiana 70503
(337) 232-8900
(337) 232-8840 (facsimile)

Ryan Krebs, MD, JD
Doctor and Lawyer in Full-Time Practice of Law
Licensed in Texas
ryan@ryankrebsmdjd.com

Scott Webre, Attorney
Licensed in Louisiana and Texas
scott@krebsandwebre.com

February 6, 2003

*Via fax (956) 982-0943*
Mr. Luis R. Hernandez
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

Re:    *Gilbert vs. Rig Ventures, et al*; Cause No. 2002-11-4448-D; in the 103rd Judicial
District Court; Cameron County, Texas

Dear Luis:

This follows our conversation today regarding Plaintiff's Motion to Compel Entry Upon Property and Friday's hearing on same.   In our discussion, I indicated I would pass the hearing, but please note my one condition below.

I will agree to pass the hearing on Friday only upon your assurance that your client will NOT alter, dismantle, demolish, or sell the *Ocean 66 before April 6, 2003* without 10 days advance written notice to me.   In this regard, I am not concerned with any alterations of portions of the platform not relevant to the incident giving rise to this suit, and I will trust your assessment in that regard.   With this assurance and your assurance to make yourself available for hearing sometime before the proposed alteration, dismantling, demolition, or sale of the *Ocean 66*, I will be able to timely bring the matter to the court's attention in such event, and will pass the hearing scheduled for February 7, 2003.

As discussed, I agree in principle to the execution of a waiver or release of some kind to make clear that your clients will not be responsible for injuries sustained by plaintiff, his counsel, and/or any expert that may attend the inspection of the *Ocean 66*.   In this regard, please be advised that I anticipate my party to consist of not more than three persons, including an expert to be determined, plaintiff, and plaintiff's counsel.

Neither party by this agreement waives their right to promote their respective positions as previously taken regarding this matter.   The sole purpose of this agreement is to ensure that notice will be provided under the circumstances and as described above in the second paragraph of this correspondence.

*Trial lawyers dedicated to the fight for justice*

EXHIBIT NO. 10

Luis Hernandez
February 6, 2003
Page 2

       If you agree to provide notice as stated above, please indicate your agreement by signing in the space below and returning to me by fax as soon as possible.  Upon receipt of this signed agreement, I will pass the hearing and will file this document in court as an agreement per TRCP 11.

       Thank you, and please do not hesitate to contact me with any questions or comments whatsoever.

                        Sincerely,

                        Scott Webre

Agreed:

Luis Hernandez              DATE 2/6/03

Luis Hernandez
Fleming and Hernandez, P.C.
Attorney for Defendants, Rig Ventures, Inc. and Emilio Sanchez

cc:    Ryan Krebs, M.D., J.D.    *via fax*
       Frank Costilla, Jr.       *via fax*

CAUSE NUMBER 2002-11-4448-D    **RECEIVED** FEB - 6 2003

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103rd JUDICIAL DISTRICT |

---

## PLAINTIFF'S SECOND AMENDED PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES DAVID GILBERT, hereinafter sometimes referred to as "Plaintiff,"

and files this, his Plaintiff's Second Amended Petition complaining of RIG VENTURES, INC.;

EMILIO SANCHEZ; and PHIL WELLS and for cause of action would respectfully show the Court as

follows:

### I.

### PROPOSED LEVEL TWO CASE

1.  Plaintiffs propose that discovery in this case be conducted as a Level Two case per

TRCP 190.3.

### II.

### PLAINTIFFS

2.  Plaintiff, James David Gilbert, is a natural person whose current primary

residence is located in Williamson County, Texas. At all times pertinent to this cause of action,

Plaintiff Gilbert's primary residence was located in Cameron County, Texas.



EXHIBIT NO. 11

## III.

### DEFENDANTS

3.      Defendant, RIG VENTURES, INC. is a Delaware corporation not in good standing and is no longer active in Texas, but which was active in, and registered to do business in Texas at the time of the incident giving rise to this lawsuit.  This Defendant has appeared and answered herein.

4.      Defendant, EMILIO SANCHEZ, is an individual residing in Cameron County, Texas, and has appeared and answered herein.

5.      Defendant, PHIL WELLS, is an individual currently residing in Tom Green County, Texas.  Defendant Wells was a resident of Cameron County at the time of the incident giving rise to this suit.   Defendant Wells has not been served.

## IV.

### JURISDICTION AND VENUE

6.      This Court has jurisdiction over the parties to this action because they each reside and/or do business in Texas.  The Court has jurisdiction over the subject matter of this litigation because the matter in controversy exceeds the minimum jurisdictional limits of this Court, exclusive of costs and interest.

7.      Venue is proper in Cameron County pursuant to TEX.CIV.PRAC.&REM.CODE § 15.002 because Defendant, Rig Ventures, Inc., maintains a principal office in Cameron County and because Defendant, Emilio Sanchez resides in Cameron County.

## V.

### CONDITIONS PRECEDENT OCCURRED

8.      All conditions precedent to the filing of suit herein have occurred.

## VI.

### OVERVIEW

9.      The underlying facts are as follows.  At all times relevant hereto, Plaintiff and Defendant Phil Wells were authorized agents, servants, or employees of Defendant, Rig Ventures, Inc., and were then acting for and on behalf of Defendant, Rig Ventures, Inc.  Plaintiff and Defendant Phil Wells were employed by Defendant Rig Ventures, Inc., or in the alternative were hired by Rig Ventures, Inc. as contract labor to assist in the salvage of an oilfield platform (hereinafter referred to as "the platform").  At all times relevant hereto, Defendant Emilio Sanchez was a shareholder, officer, director, agent, and/or employee of Defendant Rig Ventures, Inc.

10.     After several months of work performed offshore in the Gulf of Mexico readying the platform for transport, Rig Ventures, Inc. arranged for the transport of the platform to a shipyard in Lake Charles, Louisiana, where Rig Ventures, Inc.'s agents, servants, and/or employees, including Plaintiff and Defendant, Phil Wells, performed salvage operations.  On December 30, 2001, Defendant, Phil Wells, while operating a crane attached to the platform, negligently caused a pipe on which Plaintiff was relying for support of his body to be pulled away from Plaintiff, causing Plaintiff to fall a significant distance and incur severe personal physical injury.

## VII.

### CAUSE OF ACTION AGAINST RIG VENTURES, INC.

11.    Plaintiff realleges in support of the instant cause of action all facts pleaded above.

12.    <u>Negligence and Gross Negligence</u>:  Rig Ventures, Inc. proximately caused severe personal injury to Plaintiff through breach of nondelegable duties, including but not limited to the following negligent and grossly negligent acts and/or omissions:

      a.  In failing to properly train and supervise its agents, servants, and/or employees, including but not limited to Defendant Phil Wells;

      b.  In failing to implement appropriate policies and procedures to adequately ensure the safety and welfare of its agents, servants, and/or employees working on the platform;

      c.  In failing to provide adequate safety equipment to its agents, servants, and/or employees working on the platform; and

      d.  In failing to take any reasonable precautions whatsoever to ensure that its agents, servants, and/or employees were provided a safe working environment in which to accomplish the tasks assigned by Rig Ventures, Inc.

13.    <u>Respondeat Superior – Rig Ventures/Phil Wells</u>:  Regardless of the nomenclature by which Rig Ventures may classify Defendant Phil Wells, Mr. Wells as an employee of Rig Ventures, Inc. at the time of the incident giving rise to this lawsuit because the nature of the relationship between Rig Ventures, Inc. and Phil Wells was that of employer/employee rather than some other relationship.  In particular, Rig Ventures, Inc. maintained the right to control the progress, details, and methods of operations of Phil Wells' work, including maintaining and/or exercising control over:

Plaintiff's Second Amended Petition
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 4

      a.     when and where to begin and stop work and the regularity of hours;

      b.     the amount of time spent on particular aspects of the work;

      c.     the tools and appliances used to perform the work; and/or

      d.     the physical method or manner of accomplishing the end result.

Therefore, Rig Ventures, Inc. is vicariously liable for the acts and omissions of Defendant Phil Wells pursuant to the doctrine of respondeat superior.

14.    <u>Respondeat Superior/ Agency – Rig Ventures/Emilio Sanchez</u>:  Rig Ventures, Inc. is liable by the doctrines of Respondeat Superior, Agency, Ostensible Agency, and Agency by Estoppel for the acts and omissions of its president, Emilio Sanchez, who was negligent and grossly negligent for failing to adequately train and supervise the employees and laborers of Rig Ventures, Inc., and for otherwise failing to act with reasonable prudence by failing to ensure Plaintiff was provided a reasonably safe workplace in which to accomplish the tasks assigned to him by Rig Ventures, Inc. and its agents, servants, and/or employees.

15.    <u>Joint enterprise – Rig Ventures, Inc./Phil Wells</u>:  In the alternative, Phil Wells and Rig Ventures, Inc. were engaged in a joint enterprise or joint venture.  Particularly, Phil Wells and Rig Ventures, Inc. had an agreement and common purpose to be carried out by them, there existed a community of pecuniary interest in that purpose, and Rig Ventures, Inc. and Phil Wells had an equal right to a voice in the direction of the enterprise, which gives an equal right of control.   Accordingly, each is liable for the acts of the other as pleaded herein.

16.    <u>Agency – Rig Ventures, Inc./Phil Wells</u>:  In the alternative, Phil Wells was an agent, ostensible agent, and/or agent by estoppel of Rig Ventures, Inc. acting within the course and scope of his agency at all times relevant hereto, and Rig Ventures, Inc. maintained the right of control over the details of the conduct of Phil Wells giving rise to this suit.  Rig Ventures, Inc.

is thus liable for the negligent and grossly negligent acts of Phil Wells pursuant to the doctrine of Agency, Ostensible Agency, and Agency by Estoppel.

17.    <u>Mission – Rig Ventures, Inc./ Phil Wells</u>:    Defendant Rig Ventures, Inc. is liable for the negligent and grossly negligent acts and omissions of Phil Wells pursuant to the theory of Mission because Defendant Rig Ventures, Inc. stood to benefit from the acts and omissions of Phil Wells and Defendant Rig Ventures, Inc. maintained the right of control over the work performed by Phil Wells.

# VIII.

## CAUSE OF ACTION AGAINST PHIL WELLS

18. Plaintiff realleges in support of the instant cause of action all facts pleaded above.

19.    Phil Wells breached his duties to Plaintiff and thereby proximately caused severe personal injury to Plaintiff through the following negligent and grossly negligent acts and/or omissions:

      a.  In negligently operating the crane in a way to cause the pipe to be pulled from Plaintiff's hands before Plaintiff was able to regain his upright position and support his own weight, thereby causing Plaintiff to fall and incur injury;

      b.  In failing to inform Plaintiff of his intention to remove the pipe from Plaintiff's hands at the time in question; and

      c.  In failing to adequately train and/or supervise those under his supervision.

20.    <u>Gross Negligence</u>:    Defendant Wells' acts and omissions constitute malice and gross negligence as those terms are defined by Texas law, and Plaintiff seeks exemplary damages.

## IX.

## CAUSE OF ACTION AGAINST EMILIO SANCHEZ

21.    Plaintiff realleges in support of the instant cause of action all facts pleaded above.

22.    Alter Ego – Emilio Sanchez/Rig Ventures, Inc.:  Rig Ventures, Inc. is operated as a mere tool or business conduit of Emilio Sanchez and other shareholders.  Pursuant to the Alter Ego doctrine, Plaintiff requests the corporate shield be disregarded and that Emilio Sanchez and other shareholders of Rig Ventures be held completely liable for any judgment as may be rendered herein against Rig Ventures, Inc., in order that injustice may be avoided.  For the same reasons, among others, Plaintiff also seeks to Pierce the Corporate Veil to recover any judgment against Rig Ventures, Inc. from the personal assets of any and all shareholders of Defendant Rig Ventures, Inc.

## X.

## CAUSATION AND DAMAGES

23.    Defendants' acts and omissions, taken singularly and in combination, were a proximate cause of Plaintiff's injuries, including:

      a.    past and future medical expenses;

      b.    past and future physical pain and mental anguish;

      c.    past and future physical impairment; and

      d.    past and future disfigurement.

## XI.

## EXEMPLARY DAMAGES

24.    Defendants' acts, when viewed objectively from the standpoint of Defendants at the time of their occurrence, involved an extreme degree of risk, considering the probability and

magnitude of the potential harm to others and of which Defendants had actual subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  Plaintiff seeks an award of exemplary damages against Defendants for each act and omission plead herein, of sufficient size to punish them for their grossly negligent acts and omissions and for placing profit before safety, and to serve as a deterrent to similar conduct which may result in other injuries, suffering, and deaths in the future.

25.    Defendants, Emilio Sanchez and Phil Wells, were each "vice principals" of Rig Ventures, Inc. as that term is defined by Texas law, thus Defendant Rig Ventures, Inc. is liable for the gross negligence and/or malice committed by Emilio Sanchez and/or Phil Wells.

## XII.

## JURY TRIAL

26.    In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs have requested a jury trial of twelve (12) persons and have tendered the required fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein and answer, and that, upon final hearing, he have judgment against Defendants for his actual damages as specifically set out in this pleading, exemplary and punitive damages, prejudgment and postjudgment interest in the highest amount allowed by law, recoverable costs of court, and for such other and further relief, at law or equity, for which Plaintiff may show himself to be justly entitled and to which the Court and jury may believe him deserving.

Respectfully submitted.

Ryan Krebs, M.D., J.D.
State Bar Number 00792088
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(512) 478-2072
(512) 494-0420 (FAX)

Scott Webre
State Bar Number 21050070
315 South College Road, Suite 242
Lafayette, LA 70503
(337) 232-8900
(337) 232-8840 (FAX)

Frank Costilla
State Bar Number 04856500
5 East Elizabeth Street
Brownsville, TX 78520
(956) 541-4982
(956) 544-3152 (fax)

_____
RYAN KREBS, MD, JD
ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

By my signature above, I certify that a true and correct copy of the foregoing document was served on all parties, as indicated below, on this _3 _0_ day of February, 2003:

Luis R. Hernandez                    CMRRR
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

CAUSE NUMBER 2002-11-4448-D   **RECEIVED** APR - 9 2003

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103rd JUDICIAL DISTRICT |

---

**PLAINTIFF'S AMENDED MOTION TO COMPEL ENTRY UPON PROPERTY AND
ORIGINAL MOTION TO PREVENT SPOLIATION OF EVIDENCE**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES DAVID GILBERT, hereinafter sometimes referred to as "Plaintiff,"

and file this, his Plaintiff's Motion to Compel Entry Upon Property, and in support hereof would

show the Court as follows:

**I.**

This is a personal injury action arising out work performed by plaintiff on an oilfield

platform, the *Ocean 66*, owned by defendant, Rig Ventures, Inc. Plaintiff has requested the

opportunity to board the *Ocean 66* in order to examine the location of the injury-producing

incident, and to photograph and videotape as deemed necessary by any expert plaintiff may chose

to bring. Plaintiff has not selected an expert to assist in this matter, though two or more have

been contacted. Plaintiffs do not anticipate testing or sampling, rather, only seek to take

photographs, videotape, and take measurements, etc.

**II.**

Defendants Rig Ventures, Inc. and Emilio Sanchez have objected to plaintiffs request to

enter the property because:

**EXHIBIT NO. 12**

a.  the request fails to describe any desired means, manner or procedure for testing or sampling, and the person or persons by whom the inspection, testing or sampling is to be made.   Exhibit A, Defendants' Objections, p. 1

b.  "… the ability to perform such test may be impractical, if not impossible.  Such platform is located outside of Lake Charles, Louisiana.  Consequently, the ability to otherwise enter the platform presents a problem which at this time cannot be adequately ascertained nor worked out.  Transportation to and from such rig cannot be determined" Id.

c.  "Notwithstanding the entry upon the property, such platform presents an inherent risk upon entry onto the platform.  Id. at 2.

d.  "… it is not known by these Defendants exactly what actions will be taken upon entry to this rig…… [plaintiff's cause of action] in and out [sic] does not present a premises liability issue which would otherwise require the inspection or diagram of the platform in question.  As such, there is no clear understanding of the use or benefit of the entry upon the platform." Id at 2.

### III.

Plaintiff simply desires to take photographs, videotape, and take measurements.  Nothing will be destroyed or altered.  This examination of the scene at which plaintiff was injured is irrefutably reasonably calculated to lead to the discovery of admissible evidence.  Such an examination is absolutely essential to the development of any reliable depiction of the injury scene through drawings or models, or the recreation of the injury-producing fall by way of computer animation or otherwise.

Plaintiff's Amended Motion to Compel Entry Upon Property
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 2

The risk of danger as alleged by plaintiff pertained to working conditions, such as the negligent training and supervision of crane operators. Such danger does not exist if all that occurs is examination of the platform when working operations are not conducted.

Though defendants originally objected that inspection of the *Ocean 66* is impractical, or maybe impossible, or that transportation "cannot be determined," the parties have since reached agreement regarding the manner of transportation to the *Ocean 66* , thus this does not appear to remain a legitimate issue.

## IV.
## ORIGINAL MOTION TO PREVENT SPOLIATION OF EVIDENCE

Plaintiff requests the Court order Defendants to refrain from selling or otherwise disposing of, and/or altering he *Ocean 66* pending Plaintiff's inspection of it. At the same time, Plaintiff is sensitive to Defendants' legitimate business interests in the *Ocean 66* and does not desire to entirely prevent Defendants' reasonable business transactions related to *Ocean 66*. Rather, Plaintiff simply wants to preserve the evidence for trial.

In this regard, Plaintiff does not desire to immediately inspect the *Ocean 66* because Plaintiff believes it is first necessary to depose the parties and several witnesses to the incident in question. By agreement of the parties, these depositions have not occurred because Defendant Phil Wells has only recently been served process and has not yet appeared.

Accordingly, Plaintiff requests the Court order Defendants Rig Ventures, Inc. and Emilio Sanchez to refrain from selling, disposing of, and/or altering *Ocean 66* without first providing Plaintiff twenty days notice and reasonable opportunity to inspect the Ocean 66 before sale or alteration.

Plaintiff's Amended Motion to Compel Entry Upon Property
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 3

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants' objections to entry upon the property be overruled, and that requests the Court order Defendants Rig Ventures, Inc. and Emilio Sanchez to refrain from selling, disposing of, and/or altering *Ocean 66* without first providing Plaintiff twenty days notice and reasonable opportunity to inspect the Ocean 66 before sale or alteration, and for such other and further relief, at law or equity, for which Plaintiff may show himself to be justly entitled and to which the Court and jury may believe him deserving.

Respectfully submitted,

RYAN KREBS, M.D., J.D.
State Bar Number 00792088
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(512) 478-2072
(512) 494-0420 (FAX)

SCOTT WEBRE
State Bar Number 21050070
315 South College Road, Suite 242
Lafayette, LA 70503
(337) 232-8900
(337) 232-8840 (FAX)

LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, TX 78520
(956) 541-4982
(956) 544-3152 (FAX)

SCOTT WEBRE
Attorneys for Plaintiffs

Plaintiff's Amended Motion to Compel Entry Upon Property
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 4

## CERTIFICATE OF CONFERENCE

I hereby certify by my signature above that attempts to resolve this matter amicably have failed, though ongoing.   An agreement concerning this matter has been in effect and will remain in effect until April 6, 2003.  Efforts have been made to extend this agreement without success.

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that the above and foregoing document has been delivered to the person and by the manner indicated below this _4th_ day of April, 2003.

***Via fax and regular mail***
Luis R. Hernandez
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX  78521

*Via fax and regular mail*
Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, TX  78730

*Via fax* and regular mail
Mr. Frank Costilla, Jr.
Law Offices of Frank Costilla
5 E. Elizabeth St.
Brownsville, TX  78520

Plaintiff's Amended Motion to Compel Entry Upon Property
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 5

# EXHIBIT A

CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

### DEFENDANTS RIG VENTURES, INC. AND EMILIO SANCHEZ' OBJECTIONS TO PLAINTIFF JAMES DAVID GILBERT'S REQUEST FOR ENTRY UPON PROPERTY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **RIG VENTURES, INC. AND EMILIO SANCHEZ** and files this their Objections to Plaintiff's Request for Entry Upon Property and as grounds thereof would show unto the Court as follows:

**I.**

Plaintiff has requested pursuant to Rule 196.7(c) Request for Entry Upon Property, such property being the platform on which the incident giving rise to this lawsuit occurred. The request further compels the Defendants to take no further action to alter or dispose of the oilfield platform in question or otherwise interfere with Plaintiff's ability to examine, inspect, or photograph the platform. The Request fails to describe any desired means, manner or procedure for testing or sampling, and the person or persons by whom the inspection, testing or sampling is to be made.

Notwithstanding such Request, the ability to perform such test may be impractical, if not impossible. Such platform is located outside of Lake Charles Louisiana. Consequently, the ability to otherwise enter the platform presents a

problem which at this time cannot be adequately ascertained nor worked out. Transportation to and from such rig cannot be determined.

Notwithstanding the entry upon the property, such platform presents an inherent risk upon entry onto the platform. The Plaintiff in his Original Petition is alleging that Defendants, among others, were negligent and grossly negligent for the injuries sustained by the Plaintiff while working on the platform. As a consequence, the Plaintiff, the Plaintiff's attorney, and all Defendants are on actual notice of its inherent danger. Absolutely no attendance shall be permitted, outside a court order, without proper release of liability to all Defendants, their agents, attorneys and otherwise.

Notwithstanding the entry on the property, it is not known by these Defendants exactly what actions will be taken upon entry to this rig. The Plaintiff has alleged that he was injured when a pipe which supported him was removed causing him to fall and incur injuries. Such cause of action, in and out itself does not present a premises liability issue which would otherwise require the inspection or diagram of the platform in question. As such, there is no clear understanding of the use or benefit of the entry of the platform.

Finally, the Plaintiff has requested that no action to be taken to alter or dispose of the oilfield platform in question, though the mere presence of the Plaintiff on this platform was pursuant to a salvage operation undertaken in December 2001. Plaintiff's request at this time makes it impossible to maintain the platform in the condition that it may have been at the time of this accident.

Defendants object to the entry on the platform for the reasons stated above, and request this court enter an order either prohibiting such entry or allowing such entry upon the conditions presented herein.

WHEREFORE PREMISES CONSIDERED, Defendants **RIG VENTURES, INC. AND EMILIO SANCHEZ** move this Court that upon notice and hearing, set this matter for a hearing, sustain this objection or otherwise grant limited entry onto the property pursuant to the conditions set forth above, and for such other relief both general and special for which it may show itself justly entitled.

DATED: December _2.3_, 2002.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
**1650 Paredes Line Road, Suite 102**
**Brownsville, Texas 78521**
**Telephone: (956) 982-4404**
**Telecopier: (956) 982-0943**

By: _____
Luis R. Hernandez
State Bar of Texas No. 09518900

**ATTORNEYS FOR DEFENDANTS,**
**RIG VENTURES, INC and EMILIO SANCHEZ.**

## CERTIFICATE OF SERVICE

I, Luis R. Hernandez, hereby certify that a true and correct copy of the foregoing

DEFENDANTS RIG VENTURES, INC. AND EMILIO SANCHEZ' OBJECTIONS TO PLAINTIFF JAMES

DAVID GILBERT'S REQUEST FOR ENTRY UPON PROPERTY was forwarded on December

23 , 2002 by Certified United States Mail, Return Receipt Requested to the

following Counsel-of-record:

> COUNSEL FOR PLAINTIFF,
> JAMES DAVID GILBERT:
> Mr. Ryan Krebs, M.D., J.D.
> KREBS & WEBRE, LLC
> 6601 Vaught Ranch Road, Suite 100
> Austin, Texas 78730
> (Certified United States Mail, R.R.R. #7002 0460 0000 6434 6750)

> CO-COUNSEL FOR PLAINTIFF,
> JAMES DAVID GILBERT:
> Mr. Scott Webre
> KREBS & WEBRE, LLC
> 315 South College Road, Suite 242
> Lafayette, Louisiana 70503
> (Certified United States Mail, R.R.R. #7002 0460 0000 6434 6767)

Luis R. Hernandez

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; | § | |
| EMILIO SANCEZ; AND | § | |
| PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

### PLAINTIFFS' MOTION FOR TRIAL SETTING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, JAMES DAVID GILBERT, in the above entitled and numbered

cause, and moves for a hearing to set a date for trial of the above cause.

Respectfully submitted,

**LAW OFFICES OF FRANK COSTILLA, L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone:    (956) 541-4982
Facsimile:    (956) 544-3152

**Frank Costilla**
State Bar No. 04856500
**Alejandro J. Garcia**
State Bar No. 24004663

EXHIBIT NO. 13

Sep 30 03 03:30p    Krebs & Webre    337-232-8840    p.2

# SCOTT D. WEBRE
### *ATTORNEY AT LAW*

315 SOUTH COLLEGE ROAD, SUITE 242
LAFAYETTE, LA 70503-3213
(337) 232-8900
(337) 232-8840 FAX

September 30, 2003

*Via fax*
Mr. Luis R. Hernandez
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

     Re:   *Gilbert vs. Rig Ventures, et al*; Cause No. 2002-11-4448-D; in the 103rd Judicial
          District Court; Cameron County, Texas

Dear Luis:

     This follows our recent discussions about the need to postpone some upcoming deadlines.

     I propose the deadline to depose parties be extended to November 21, 2003. I propose
the deadline for Plaintiff to designate testifying experts, provide an expert report, and provide the
information required by TRCP 194.2(f) be extended to December 15, 2003. I propose the
deadline for Defendants to designate testifying experts, provide an expert report, and provide the
information required by TRCP 194.2(f) be extended to January 15, 2004.

     If you agree to my proposed extensions stated above, please indicate your agreement by
signing and dating in the space below and return to me by regular mail. If you do not agree to
these extensions, please contact me as soon as possible to discuss. Thank you.

                          Sincerely,

                          Scott Webre

AGREED:

_____ DATE 10/1/03
Luis Hernandez
Fleming & Hernandez
Attorneys for Emilio Sanchez and Rig Ventures, Inc.

EXHIBIT NO. 14

CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103rd JUDICIAL DISTRICT |

## PLAINTIFFS' MOTION TO COMPEL DEFENDANTS'
### (Emilio Sanchez and Rig Ventures, Inc.)
## RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs hereby move the Court to enter an order compelling Defendants to produce items sought in written discovery, and in support hereof respectfully show unto the court:

### I.
### BACKGROUND

1.      This is a tort action alleging Defendants' negligence caused severe and permanent injuries to James Gilbert while conducting salvage operations on a retired "jack-up" oilfield platform owned by Defendant Rig Ventures, Inc. and at the direction of Defendant Rig Ventures, Inc.

2.      Emilio Sanchez is the president and sole shareholder of Rig Ventures, Inc. (See, Defendant Rig Ventures, Inc.'s Answers to Plaintiffs' First Set of Interrogatories, Nos. 11, 12, EXHIBIT 1), which is the business of, among other things, salvaging retired oilfield platforms. Mr. Sanchez is responsible for the management, supervision, and oversight, purchase, salvage


EXHIBIT NO. 15

and sale of the oilfield platform on which Plaintiff sustained his injuries made the basis of this suit. (See, EXHIBIT 1, no. 13)

3.    In order to carry out such salvage operations, Rig Ventures, Inc. hires no employees, per se, but rather hires unskilled, untrained, and inexperienced labor, on a man-by-man basis rather than hiring a company familiar with such activities, such as plaintiff herein, to perform the highly dangerous activities required for salvage operations. These persons are paid in cash and no 1099s are issued.

4.    Rig Ventures, Inc. maintains no worker's compensation insurance, no longshoreman's insurance, and no liability insurance whatsoever.

5.    Rig Ventures, Inc. provides no training to persons it hires to conduct its salvage operations, maintains no policies or procedures designed to protect the safety of its workers (See, Defendant Rig Ventures, Inc.'s Responses to Plaintiff's First Request for Production, Nos. 11, 12, EXHIBIT 2), even though it provides the tools, equipment, (See, Defendant Rig Ventures, Inc.'s Answers to Plaintiffs' First Set of Interrogatories, No. 7, EXHIBIT 1) and directions to these workers necessary for the completion of assigned tasks.

6.    Plaintiff alleges Rig Ventures, Inc. is an undercapitalized shell sham corporation transparently designed to shield the true principal, Emilio Sanchez, from the likely liabilities arising from the inherently dangerous activities it undertakes through its unskilled labor. Based upon this core allegation, plaintiff seeks to pierce the corporate veil to get to the assets of Emilio Sanchez. Similarly, plaintiff has alleged the doctrines of alter ego, joint enterprise, and agency as relates to the relationship between Emilio Sanchez and Rig Ventures, Inc. (See, Plaintiff's First Amended Petititon, pp.4-6).

## II.

## DISCOVERY AT ISSUE

Discovery responses subject hereto include:

**A.    Defendant, Rig Ventures, Inc.'s Responses to Plaintiff's First Request for Production (EXHIBIT 2)**

1.    Any contracts or other legal agreements in effect on December 30, 2001, between you and any other party in this case.

RESPONSE:  None at this time.

ARGUMENT: The question calls for documents that existed as of 12/30/01, thus the answer is nonsensical.  Plaintiff requests the Court compel production of responsive documents.

5.    Please produce all personal notes or memoranda made on or before receipt of Plaintiff's Original Petition relating to Plaintiff.

RESPONSE: Defendant objects to this request as the information is protected from discovery by the attorney work product privilege which contains material prepared or mental impressions developed in anticipation of litigation.  Defendant herewith requests the protective orders of this Court.  Rule 192.6 TRCP.

ARGUMENT:      Plaintiff seeks Defendant's compliance with TRCP 193, including the identification of any documents withheld.   Plaintiff requests the Court order production of any documents for which the alleged privilege is not proven.

10.   Please produce all documents, memoranda, financial statements, loan applications, bank statements, personal financial statements, insurance applications and policies, contracts of assignment, accounts receivable, data, inventory lists, judgments, and any other document and correspondence reflecting your net worth at this time as well as of December 30, 2001.  This information is sought in accordance with the Supreme Court authority set forth in *Lunsford v. Morris*.

RESPONSE: Defendant objects to this request as stated, as this request contains multiple requests that are outside the Supreme Court authority set forth in *Lunsford v. Morris*.  Defendant objects to producing any documents other than documents which would reflect net worth as of December 30, 2001.  Defendant herewith requests the protective orders of the Court.  Rule 192.6 TRCP.

ARGUMENT:        Defendant has produced no documents in response to this request. Plaintiff requests the Court order Defendant to produce responsive documents pursuant to the authority of *Lunsford v. Morris*.

14. The personnel file of James Gilbert and any other persons who were located at the scene and at the time of the incident giving rise to this lawsuit, including but not limited to Frank Ruiz, Jr., Phil Wells, and Dennis ____.

15. The personnel file of James Gilbert's direct supervisor.

Defendant provided identical response to request numbers 14 and 15.

RESPONSE:  Defendant objects to this request as this is an invasion of this Defendant's personal, constitutional or property rights.  Defendant herewith requests the protective orders of this Court.  Rule 192.6.

ARGUMENT:        First, from a procedural standpoint, Defendant has failed to assert a privilege under the rules of procedure. Tex. R. Civ. P 193.3  As such, Defendant does not substantially comply with the request but instead withholds the items requested without a withholding statement. Tex. R. Civ. P. 215.

Second, Defendant is substantively wrong in its objection regarding the privacy interests of James Gilbert, as he is the requesting party and this defendant, obviously, cannot assert Mr. Gilbert's privilege against his own request.  Further, Rig Ventures has asserted that the request for the personnel files of those persons identified above is a violation of *Rig Ventures, Inc.'s* personal, constitutional, or property rights, which obviously is not the case.  And even if Rig Ventures intended to assert the rights of the persons whose files are sought, the personnel file of a material witness is relevant, material, and neither overly burdensome nor overly broad.  *Tri-State Wholesale Associated Grocers, Inc. v. Carrera*, 917 S.W.2d 391, 399 (Tex. App.- El Paso, Rhg. Overruled); See *also In re Lavernia Nursing Facility, Inc.*, 12 S.W.3d 566, 570 (Tex. App.- San Antonio, 1996, Rhrg. Overruled).  At issue in the underlying cause of action is the negligence of Defendant Rig Ventures, Inc., by its own failures and those of the above-referenced persons, on numerous counts as outlined in plaintiffs' pleadings.  Frank Ruiz, Jr., Phil Wells, and Dennis Macey were all employed, whether as employees or contract labor, by the Defendant to conduct the operations which caused plaintiff's injuries, and matters as would normally be contained within their personnel files, such as work history, training, education and experience, are relevant to the issue of their competency and the advisability of hiring them to perform the tasks at issue.  To the extent there exists genuinely confidential or personal private information, such can be redacted.  Such information would include matters related to medical history, family matters, banking or financial information, etc., but clearly would not include matters regarding their competency to perform the tasks assigned to them by Rig Ventures, Inc.

17.   Any documents of whatever kind or character reflecting communications between any of your employees, officers, directors, agents, or representatives concerning the incident giving rise to this lawsuit.

RESPONSE: Defendant objects to this request as this information is protected from discovery by the attorney work product privilege which contains material prepared or mental impressions developed in anticipation of litigation. Defendant herewith requests the protective orders of this court. Rule 192.6 TRCP.

ARGUMENT: Plaintiff seeks Defendant's compliance with TRCP 193, including the identification of any documents withheld. Plaintiff requests the Court order production of any documents for which the alleged privilege is not proven.

32.   Any and all documents evidencing or expressing any agreement between you and/or Emilio Sanchez and/or Richard Jaross regarding the purchase, sale, salvage, and/or other matters pertaining to the Ocean 66.

RESPONSE: Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and subject to multiple interpretations. Additionally, Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this court. Rule 192.6 TRCP.

ARGUMENT:Plaintiff avers this request is sufficiently specific to allow this Defendant to comply with this request. Plaintiff simply seeks the agreements between Mr. Sanchez and Mr. Jaross regarding the Ocean 66. Mr. Jaross, on information and belief, is a co-principal of Mr. Sanchez in the purchase and salvage operations of the oilfield platform known as the Ocean 66, where the injury at issue occurred. Indeed, Mr. Jaross visited the Ocean 66 more than one occasion and is believe to have been instrumental in decision making regarding plaintiff's allegations of inadequate training and negligent hiring, and as such Mr. Jaross is a potential prospective defendant. This raises the question as to whether Plaintiff must first have documentary proof of such involvement before joining Mr. Jaross as a defendant, or must Mr. Jaross be joined as a defendant before documentary proof of his involvement is subject to discovery. It is a classic "chicken or the egg" type of quandary. Plaintiff contends reasonable latitude into this area of discovery should be given in order to determine whether Mr. Jaross is a legitimate defendant for joinder.

34.   The income sheet and balance statement of Rig Ventures, Inc. for the years 2001 and 2002, including but not limited to any final such statements upon dissolution of the corporation.

RESPONSE: Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this

is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this court. Rule 192.6 TRCP.

ARGUMENT: This request is reasonably calculated to lead to the discovery of admissible evidence material to the allegations of alter ego, pierce the corporate veil, exemplary damages, and joint enterprise. The capitalization of the company is an important consideration on the issue of veil piercing, and the treatment of certain accounts as can be ascertained by a forensic accounting analysis of the documents sought is relevant on each of the above referenced doctrines alleged by plaintiff herein. Without these documents, any expert witness plaintiffs would retain to opine on these finance-based issues would have his or her hands tied in attempting to formulate opinions on these matters. Plaintiff requests the Court order the production of these documents.

35.   Any and all documents evidencing the fact of, and amount of money expended for:

> a.   purchase of the Ocean 66;
> b.   purchase of materials, supplies, equipment, and tools utilized in the salvage operations of the Ocean 66;
> c.   labor utilized in salvage operations of the Ocean 66;
> d.   liability insurance to protect against injuries to persons aboard the Ocean 66;
> e.   liability insurance to protect against loss of property aboard the Ocean 66, or against the loss of the Ocean 66;
> f.   refurbishing any equipment (e.g. tanks, vessels, valves, etc.) salvaged from the Ocean 66;
> g.   transport of Ocean 66;
> h.   costs charged by the port at which the Ocean 66 was stored in Lake Charles;
> i.   initial capitalization of Rig Ventures, Inc.; and
> j.   transportation of personnel to and from the Ocean 66 either inshore or offshore.

RESPONSE:   (A-H and J) this information that is readily available will be supplemented as soon as it is received.

> i.   Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this court. Rule 192.6 TRCP.

ARGUMENT:   These responses were served on May 2, 2003. Plaintiff requests the Court order the production of documents responsive to items A-H and J as soon as practicable. Plaintiff avers that item (i) is reasonably calculated to lead to the discovery of admissible evidence because initial capitalization is an important consideration for the application of the doctrines of the plaintiff's allegations of alter ego and veil piercing.

Plaintiff requests the Court order production of responsive documents as soon as practicable.

36.    And all documents evidencing the fact of, and amount of money received from any person or entity for:

        a.    sale of Ocean 66;

        b.    sale of any equipment (e.g. tanks, vessels, valves, etc) salvaged from the Ocean 66;

        c.    sale of scrap metal salvaged from the Ocean 66;

        d.    salvage of Ocean 66;

RESPONSE:  This information will be supplemented as soon as it is received.

ARGUMENT: Plaintiff requests the Court order the production of documents responsive to this request as soon as practicable.

41.    The professional resume and/or curriculum vitae for the President or Chief Executive officer of Rig Ventures, Inc. at the time of the incident giving rise to this suit.

RESPONSE:  This information will be supplemented as soon as it is received.

ARGUMENT: Plaintiff requests the Court order the production of documents responsive to this request as soon as practicable.

42.    Any and all documents evidencing or reflecting the monies paid by Murphy Oil Company to Rig Ventures, Inc. in connection with the transfer of ownership of the Ocean 66 to Rig Ventures, Inc.

RESPONSE:  This information will be supplemented as soon as it is received.

ARGUMENT: Plaintiff requests the Court order the production of documents responsive to this request as soon as practicable.

43.    Rig Ventures, Inc. "Corporate Book", including but not limited to:

        a.    The minutes of each and every meeting of the Board of Directors, including the organizational meeting;

        b.    Notices of each meeting of the Board of Directors;

        c.    Corporate bylaws;

        d.    Corporate stock certificates;

        e.    Minutes of any shareholder meetings; and

        f.    Notices of any shareholder meetings;

RESPONSE:  Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure.  Additionally, Defendant objects as this

is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this court. Rule 192.6 TRCP.

ARGUMENT:This request is reasonably calculated to lead to the discovery of admissible evidence material to the allegations of alter ego, pierce the corporate veil, and joint enterprise. The capitalization of the company is an important consideration on the issue of veil piercing, and the treatment of certain accounts as can be ascertained by a forensic accounting analysis of the documents sought is relevant on each of the above referenced doctrines alleged by plaintiff herein. Further, compliance with corporate formalities is at least one consideration relevant to the issue of veil piercing, and the substantive content of the documents sought is reasonably anticipated to be material to the doctrines of veil-piercing, alter ego, and joint enterprise. Without these documents, plaintiff's ability to prove the application of these pleaded legal doctrines is compromised. Plaintiff requests the Court order the production of these documents.

44.   Rig Ventures, Inc.'s tax returns for years 2001 and 2002.

RESPONSE: Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this court. Rule 192.6 TRCP.

ARGUMENT:This request is reasonably calculated to lead to the discovery of admissible evidence material to the allegations of alter ego, pierce the corporate veil, exemplary damages, and joint enterprise. The capitalization of the company is an important consideration on the issue of veil piercing, and the treatment of certain accounts as can be ascertained by a forensic accounting analysis of the documents sought is relevant on each of the above referenced doctrines alleged by plaintiff herein. Without these documents, any expert witness plaintiffs would retain to opine on these finance-based issues would have his or her hands tied in attempting to formulate opinions on these matters. Plaintiff requests the Court order the production of these documents.

**B.   Defendant, Emilio Sanchez's Response to Plaintiff's First Request for Production (EXHIBIT 3)**

**Discovery at issue:**

4.   Please produce all personal notes or memoranda made on or before receipt of Plaintiff's Original Petition relating to Plaintiff.

RESPONSE: Defendant objects to this request as the information is protected from discovery by the attorney work product privilege which contains material prepared or mental impressions developed in anticipation of litigation. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

ARGUMENT: Plaintiff seeks Defendant's compliance with TRCP 193, including the identification of any documents withheld. Plaintiff requests the Court order production of any documents for which the alleged privilege is not proven.

9.  Please produce all documents, memoranda, financial statements, loan applications, bank statements, personal financial statements, insurance applications and policies, contracts of assignment, accounts receivable, data, inventory lists, judgments, and any other document and correspondence reflecting your net worth at this time as well as of December 30, 2001. This information is sought in accordance with the Supreme Court authority set forth in *Lunsford v. Morris*.

RESPONSE: Defendant objects to this request as stated, as this request contains multiple requests that are outside the Supreme Court authority set forth in *Lunsford v. Morris*. Defendant objects to producing any documents other than documents which would reflect net worth as of December 30, 2001. Defendant herewith requests the protective orders of the Court. Rule 192.6 TRCP.

ARGUMENT: Defendant has produced no documents in response to this request. Plaintiff requests the Court order Defendant to produce responsive documents pursuant to the authority of *Lunsford v. Morris*.

10. Any documents of whatever kind or character reflecting the results of any investigation into the incident giving rise to this lawsuit.

RESPONSE: Defendant objects to this request as the information is protected from discovery by the attorney work product privilege which contains material prepared or mental impressions developed in anticipation of litigation. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP. Subject to this objection, there are no documents responsive to this request.

ARGUMENT: The rules do not contemplate the prophylactic assertion of privilege. See, TRCP 193 comment 3.

19. Your income sheet for the years 2001 and 2002.

RESPONSE: Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this court. Rule 192.6 TRCP.

ARGUMENT: This request is reasonably calculated to lead to the discovery of admissible evidence material to the allegations of alter ego, pierce the corporate veil, exemplary damages, and joint enterprise. The capitalization of the company is an important consideration on the issue of veil piercing, and the treatment of certain accounts as can be

ascertained by a forensic accounting analysis of the documents sought is relevant on each of the above referenced doctrines alleged by plaintiff herein. Without these documents, any expert witness plaintiffs would retain to opine on these finance-based issues would have his or her hands tied in attempting to formulate opinions on these matters. Plaintiff requests the Court order the production of these documents.

20.    Any and all documents evidencing the fact of, and amount of money expended for:

     a.  purchase of the Ocean 66;
     b.  purchase of materials, supplies, equipment, and tools utilized in the salvage operations of the Ocean 66;
     c.  labor utilized in salvage operations of the Ocean 66;
     d.  liability insurance to protect against injuries to persons aboard the Ocean 66;
     e.  liability insurance to protect against loss of property aboard the Ocean 66, or against the loss of the Ocean 66;
     f.  refurbishing any equipment (e.g. tanks, vessels, valves, etc.) salvaged from the Ocean 66;
     g.  transport of Ocean 66;
     h.  costs charged by the port at which the Ocean 66 was stored in Lake Charles;
     i.  initial capitalization of Rig Ventures, Inc.; and
     j.  transportation of personnel to and from the Ocean 66 either inshore or offshore.

RESPONSE: Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this court. Rule 192.6 TRCP. Subject to this objection, the information which is discoverable will be supplemented as soon as it is received.

ARGUMENT: Defendant's objection seems to concede that certain of what is requested is discoverable, as Defendant stated the "information which is discoverable will be supplemented as soon as it is received." In any event, plaintiff contends that each discovery request is reasonably calculated to lead to the discovery of admissible evidence, and as such responsive documents are discoverable. Plaintiff avers the documents sought are relevant and admissible because the financial and operational aspects underlying the purchase, transport, and salvage of the Ocean 66 are material to plaintiff's allegations of joint enterprise, alter ego, pierce the corporate veil, and to defendant's allegation that its workers were independent contractors. Plaintiff requests the Court order production of responsive documents as soon as practicable.

21. Any and all documents evidencing the fact of, and amount of money received by you from Rig Ventures, Inc. during the years 2001 and 2002.

RESPONSE: Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this court. Rule 192.6 TRCP. Subject to this objection, the information which is discoverable will be supplemented as soon as it is received.

ARGUMENT: This request is reasonably calculated to lead to the discovery of admissible evidence because the financial relationship between Rig Ventures, Inc. and Emilio Sanchez is central to Plaintiffs' allegations of joint enterprise, alter ego, and veil piercing. Any expert plaintiff will hire to render opinions on these mixed questions of law and fact will be significantly hindered without the documents sought, and thus plaintiff's ability to prosecute his case will be unfairly compromised absent this discovery. Plaintiff requests the Court compel production of these documents as soon as practicable.

25.    Any and all shareholder agreement(s) or other documents of any kind evidencing any agreement whatsoever by and between the shareholders of Rig Ventures, Inc., and specifically including but not limited to any and all such agreements regarding the capitalization of Rig Ventures, Inc. and the dissolution and distribution of assets and liabilities of Rig Ventures, Inc. upon dissolution.

RESPONSE: Defendant objects to this request as it is vague and ambiguous and subject to multiple interpretations. Additionally, Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this court. Rule 192.6 TRCP.

ARGUMENT: Plaintiff contends the request is sufficiently specific to enable a response. As a practical matter, insofar as Emilio Sanchez has averred he is the sole shareholder, it is unknown why defendant stands by this objection. Nonetheless, Plaintiff requests the Court compel production of responsive documents, as such would be relevant to the issues of alter ego, veil piercing, and joint enterprise.

26.    Any and all documents evidencing your financial contributions to Rig Ventures, Inc. at any time.

RESPONSE: Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this court. Rule 192.6 TRCP.

ARGUMENT: Plaintiff contends this request is reasonably calculated to lead to the

discovery of admissible evidence.  Mr. Sanchez' financial contributions to Rig Ventures, Inc. are relevant to the issues of alter ego, veil piercing, and joint enterprise.  Of course, all such contributions and their accounting treatment are central to these allegations of plaintiff, and plaintiff's ability to prosecute his claim will be compromised absent this discovery.  Plaintiff requests the Court compel production of these documents.

28.    Any and all documents evidencing or reflecting the monies paid by Murphy Oil Company to you in connection with the transfer of ownership of the Ocean 66 to Rig Ventures, Inc.

RESPONSE:  Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure.  Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights.  Defendant herewith requests the protective orders of this court.  Rule 192.6 TRCP.

ARGUMENT: Plaintiff contends this request is reasonably calculated to lead to the discovery of admissible evidence.  Mr. Sanchez' financial contributions to Rig Ventures, Inc. are relevant to the issues of alter ego, veil piercing, and joint enterprise.  all such contributions and their accounting treatment are central to these allegations of plaintiff, and plaintiff's ability to prosecute his claim will be compromised absent this discovery. Plaintiff requests the Court compel production of these documents.

29.    Your tax returns for years 2001 and 2002.

RESPONSE: Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure.  Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights.  Defendant herewith requests the protective orders of this court.  Rule 192.6 TRCP.

ARGUMENT: This request is reasonably calculated to lead to the discovery of admissible evidence material to the allegations of alter ego, pierce the corporate veil, exemplary damages, and joint enterprise.  The capitalization of the company is an important consideration on the issue of veil piercing, and the treatment of certain accounts as can be ascertained by a forensic accounting analysis of the documents sought is relevant on each of the above referenced doctrines alleged by plaintiff herein.  Without these documents, any expert witness plaintiffs would retain to opine on these finance-based issues would have his or her hands tied in attempting to formulate opinions on these matters.  Plaintiff requests the Court order the production of these documents.

IV.

In the event that the court deems that the information sought contains private information, Plaintiff asks that the court conduct an **In Camera inspection** of the records in order to determine and tailor any order to protect the privacy of the non-parties involved.

V.

CERTIFICATE OF CONFERENCE

Plaintiff's undersigned counsel certifies he has attempted to resolve this matter without the necessity of the Court's intervention, to no avail, as reflected by the attached correspondence submitted as EXHIBIT 4.

**PRAYER**

Wherefore, premises considered, Plaintiffs seek an order of this court overruling objections as complained of herein, and compelling the production of documents and tangible things as requested herein and for such other and further relief to which Plaintiff may show himself deserving.

Respectfully submitted,

RYAN KREBS, M.D., J.D.
State Bar Number 00792088
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(512) 478-2072
(512) 494-0420 (FAX)

SCOTT WEBRE
State Bar Number 21050070
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, LA 70501
(337) 593-4178
(337) 593-4159 (FAX)

FRANK COSTILLA
State Bar No. 04856500
ALEJANDRO J. GARCIA
State Bar No. 24004663
LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, TX 78520
(956) 541-4982
(956) 544-3152 (FAX)

BY: _____

SCOTT D. WEBRE
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing document was served on the person and by the manner indicated below on this 30 day of October, 2003.

Luis R. Hernandez                                    VIA CMRRR
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521



CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## DEFENDANT RIG VENTURES, INC.'S ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:  JAMES DAVID GILBERT, Plaintiff,
by and through his Attorney-of-record,

Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730.

NOW COMES, Defendant **RIG VENTURES, INC.** and submits the following

Answers to Plaintiff's First Set of Interrogatories.

DATED: May 2, 2003.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

ATTORNEYS FOR DEFENDANT,
RIG VENTURES, INC.

By: _____
Luis R. Hernandez
State Bar of Texas No. 09518900

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | **VERIFICATION** |
| COUNTY OF CAMERON | § | |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared **Emilio Sanchez** who, being by me duly sworn on oath, deposed and said:

1.  That he is the President of Rig Ventures, Inc, a Defendant in the above numbered and styled cause;

2.  That he is fully qualified and authorized to make this verification; and

3.  That he has read the foregoing DEFENDANT RIG VENTURES, INC.'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES and knows the contents thereof and that the same is true and correct of his own personal knowledge.

_____
Emilio Sanchez

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this

1ˢᵗ day of May, 2003, to certify which WITNESS MY HAND AND OFFICIAL SEAL

OF OFFICE.



_____
Notary Public, State of Texas.

## CERTIFICATE OF SERVICE

I, Luis R. Hernandez, hereby certify that the foregoing DEFENDANT RIG VENTURES,

INC.'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES were mailed on May

__2__ , 2003 by Certified United States Mail, Return Receipt Requested to the

following Counsel-of-record:

**COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
Ryan Krebs, M.D., J.D.                                        *ORIGINAL*
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(Certified United States Mail, R.R.R. #7002 1000 0005 1026 9380)

**CO-COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
Scott Webre                                                  *COPY*
KREBS & WEBRE, LLC
315 South College Road, Suite 242
Lafayette, Louisiana 70503
(Certified United States Mail, R.R.R., #7002 1000 0005 1026 9397)

**CO-COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
Frank Costilla                                              *COPY*
THE LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, Texas 78520
(Certified United States Mail, R.R.R., #7002 1000 0005 1026 9403)


Luis R. Hernandez

## Defendant Rig Ventures, Inc.'s Answers to
## Plaintiff's First Set of Interrogatories

1.    Please identify every person answering or assisting in answering these interrogatories, including any person that has provided information to you in answering these interrogatories. ("Fully identify" means to state the persons full name; job title, office and home addresses and telephone numbers; date of birth; place of birth; driver's license number and state of issuance; and social security number.

**ANSWER:**    Emilio Sanchez, president
Rig Ventures, Inc.
c/o FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521
(956) 982-4404
DL#: 00305889 TX
SS#: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

Defendant objects to any other responses as this is an invasion of this Defendant's personal, constitutional or property rights.    Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

2.    Identify the persons you intend to call as witnesses at trial by their name, address, and phone number.

**ANSWER:**    Defendant objects to this request in that this request is properly served as a Request for Disclosure. Rule 192.1 TRCP.

3.    Do you contend:

a.    That any plaintiff or other individual on their behalf or as their representative engaged any conduct that was a substantial factor in causing the injuries and/or damages alleged herein; OR

b.    That a co-defendant or third party not named in this suit engaged in any conduct that was a substantial factor in causing the injuries and/or damages alleged herein; OR

c.    That any defect of mechanical failure or unusual or improper operation of any equipment or medical supplies or medicine proximately caused any of the plaintiffs' injuries and damages as alleged?

Please answer "yes" or "no" with regard to each of the subparagraphs above. If you answer "yes" with regard to any subparagraph above, please describe who or what was a substantial factor in causing plaintiff's injuries or damages, and the facts upon which you base such contention.

**ANSWER:**    Defendant alleged that the conduct of the Plaintiff as described in this Plaintiff's Original Petition, was contributory negligent for his own injuries.

4.    If you have been a party to a lawsuit alleging the negligence of your employees and/or contract laborers working at your direction or at your job sites or agents in the past ten years, please briefly describe the lawsuit by the allegations and outcome, cause number, the court in which such lawsuit was filed, and the names of the parties in the lawsuit.

**ANSWER:**    None.

5.    Provide the name, address, and telephone number for any and every expert whose opinions, mental impressions, or work product has been provided to or reviewed by a testifying expert, AND/OR for any and every expert that has first-hand factual information about allegations and injuries in this lawsuit.

**ANSWER:**    Defendant objects to this request in that this request is properly served as a Request for Disclosure. Rule 192.1 TRCP.

6.    If the representative of your facility that you intend to call as a witness at the trial of this case has ever been convicted of a felony or crime involving moral turpitude, identify the court in which conviction was rendered and the cause number of the case in which such conviction was rendered.

**ANSWER:**    Defendant has no information responsive to this request at this time.

7.    Please describe all of the tools, equipment, materials, and supplies you provided to plaintiff and the other persons performing salvage operations aboard the Ocean 66.

**ANSWER:**    Pumps, hoses and all tools necessary for the salvage operation were provided by Rig Ventures, Inc. to Phil Wells for the salvage operations.

8.    Please identify the foreman of the crew of the men on the Ocean 66 at the time of the incident giving rise to this suit, and indicate in as much detail as possible the tasks that you directed such person to accomplish.

**ANSWER:**    Phil Wells was the independent contractor in charge of the operation to remove the mud pumps from the rig.

9.    Please describe all of the qualifications, work experience, training, and education possessed by the person identified by you in response to the preceding interrogatory.

**ANSWER:**    Previous experience on working on the rig.

10.    Please identify the source of funds utilized for the purchase and salvage operations of the Ocean 66, as specifically described in Plaintiff's First Request for Production, No. 35.

**ANSWER:**    From Rig Ventures bank loans, Coastal Bank and Lone Star National Bank.

11.    Please identify the shareholders of Rig Ventures, Inc. at the time of the formation of Rig Ventures, Inc. and also at the time of the incident giving rise to this suit, and please describe the substance of any agreement, express or implied, oral or written, by and between any such shareholders regarding who would manage the operations of Rig Ventures, Inc., the capitalization of Rig Ventures, Inc., and the distribution of profits and losses of Rig Ventures, Inc. during the existence of the corporation and also upon dissolution.

**ANSWER:**    Emilio Sanchez is the sole shareholder of Rig Ventures, Inc.  Defendant objects to the remainder of this request as it is subject to multiple interpretations.

12.    Please identify the president, vice-president, secretary, and treasurer of Rig Ventures, Inc. at the time of formation of Rig Ventures, Inc., at the time of incident giving rise to this suit, and at the time of dissolution.

**ANSWER:**    Emilio Sanchez, President/Treasurer
Emilio A. Sanchez, Vice-President/Secretary

13.    Please identify the employee(s) and/or officer(s) of Rig Ventures, Inc. that was primarily responsible for the management, supervision, and/or oversight purchase, salvage and sale of the Ocean 66, and please identify the person who was second in charge of all such tasks.

**ANSWER:**    Emilio Sanchez, is the president of the corporation.

14.   With regard to the persons(s) identified in response to the preceding interrogatory, please describe in detail the education, experience, training, qualification, and any other fact you consider relevant in connection with such person(s) ability to function in the capacity referenced in the preceding interrogatory.

**ANSWER:**   Emilio Sanchez is the president of the corporation.  Mr. Sanchez has a BBA from the University of Texas in Austin, 1958.

15.   At the time of dissolution of Rig Ventures, Inc., please identify and describe:
      a.   each asset of Rig Ventures, Inc.; the person(s) and/or entity(ies) to whom each such asset was distributed and/or sold; and the basis (i.e. pursuant to shareholder agreement, sale, etc.) or upon what authority (i.e. at discretion of officers at time of dissolution) each such asset was distributed to such person or entity;
      b.   each liability of Rig Ventures, Inc. and identify the person(s) and/or entity(ies) to whom each such liability was assigned; and the basis (i.e. pursuant to shareholder agreement, sale, etc.) or upon what authority (i.e. at discretion of officers at time of dissolution) each liability was assigned to such person or entity.

**ANSWER:**   Not applicable.

16.   Please identify the members of the Board of Directors of Rig Ventures, Inc. at the time of incorporation, the time of the incident giving rise to this suit, and the time of dissolution.

**ANSWER:**   Emilio Sanchez.
              Emilio A. Sanchez.



CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## DEFENDANT RIG VENTURES, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

TO:   JAMES DAVID GILBERT, Plaintiff,
      by and through his Attorney-of-record,

      Ryan Krebs, M.D., J.D.
      6601 Vaught Ranch Road, Suite 100
      Austin, Texas 78730.

NOW COMES, Defendant **RIG VENTURES, INC.** and submits the following

Responses to Plaintiff's First Request for Production.

DATED: May ___, 2003.

                    Respectfully submitted,

                    **FLEMING & HERNANDEZ, P.C.**
                    1650 Paredes Line Road, Suite 102
                    Brownsville, Texas 78521
                    Telephone:  (956) 982-4404
                    Telecopier:  (956) 982-0943

ATTORNEYS FOR DEFENDANT,
RIG VENTURES, INC.

                    By: _____
                        Luis R. Hernandez
                        State Bar of Texas No. 09518900

## CERTIFICATE OF SERVICE

I, Luis R. Hernandez, hereby certify that the foregoing DEFENDANT RIG VENTURES,

INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION were mailed on May

_2_, 2003 by Certified United States Mail, Return Receipt Requested to the

following Counsel-of-record:

COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:
Ryan Krebs, M.D., J.D.                                    *ORIGINAL*
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(Certified United States Mail, R.R.R. #7002 1000 0005 1026 9380)

CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:
Scott Webre                                              *COPY*
KREBS & WEBRE, LLC
315 South College Road, Suite 242
Lafayette, Louisiana 70503
(Certified United States Mail, R.R.R.. #7002 1000 0005 1026 9397)

CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:
Frank Costilla                                           *COPY*
THE LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, Texas 78520
(Certified United States Mail, R.R.R.. #7002 1000 0005 1026 9403)


Luis R. Hernandez

### Defendant Rig Ventures, Inc.'s Responses to
### Plaintiff's First Request for Production

1.   Any contracts or other legal agreements in effect on December 30, 2001, between you and any other party in this case.

**RESPONSE:** None at this time.

2.   Defendant's Articles of Incorporation and Articles of Dissolution, if any.

**RESPONSE:** See attached Articles of Incorporation.

3.   Any photographs, videotapes, digital video disk, or other electronic recording of any image of underlying facts in this suit and/or the image(s) of Plaintiff or any portion of any Plaintiff, and/or any photograph or electronic image of any sort that you intent to offer into evidence.

**RESPONSE:** Defendant has none at this time.  This information will be supplemented as soon as it is available.

4.   Any and all incident reports or investigative reports concerning the occurrence made the basis of this lawsuit.  The documents sought by Plaintiff in this request include any and all documents containing factual information regarding the occurrence made the basis of this lawsuit.

**RESPONSE:** Other than the medical records, Defendant has no incident reports or investigation reports concerning the occurrence made the basis of this lawsuit.

5.   Please produce all personal notes or memoranda made on or before receipt of Plaintiff's Original Petition relating to Plaintiff.

**RESPONSE:** Defendant objects to this request as this information is protected from discovery by the attorney work product privilege which contains material prepared or mental impressions developed in anticipation of litigation. Defendant herewith requests the protective orders of this Court.  Rule 192.6 TRCP.

6.    A copy of the Plaintiff's Original Petition and/or any subsequent amended petition, for every lawsuit involving an allegation of negligence, wherein you were listed as a Defendant in the last ten (10) years.

**RESPONSE:** See attached Cause No. 96-1258 Section R. Mag. 3; *Tidewater Marine, Inc. and Twenty Grand Offshore, Inc. versus Sanco International, Inc., Saber Steel Corp. and Rig Ventures, Inc.* in the United States District Court in the Eastern District of Louisiana.

7.    Any and every application submitted by you to any insurance company or agent for liability insurance maintained by you and in effect as of December 30, 2001.

**RESPONSE:** None.

8.    Any and all statements by Plaintiff(s) recorded by any means.

**RESPONSE:** None.

9.    Any and all depositions of any expert witness designated by Plaintiff.

**RESPONSE:** None at this time.

10.    Please produce all documents, memoranda, financial statements, loan applications, bank statements, personal financial statements, insurance applications and policies, contracts of assignment, accounts receivable data, inventory lists, judgments, and any other document and correspondence reflecting your net worth at this time as well as of December 30, 2001. This information is sought in accordance with the Supreme Court authority set forth in *Lunsford v. Morris*.

**RESPONSE:** Defendant objects to this request as stated, as this request contains multiple requests that are outside the Supreme Court authority set forth in *Lunsford v. Morris*. Defendant objects to producing any documents other than documents which would reflect net worth as of December 30, 2001. Defendant herewith requests the protective orders of the Court. Rule 192.6 TRCP.

11.    Any and all manuals, policies, procedures, training manuals or policies, and/or guidelines or other documents by whatever name that describe or pertain to workplace safety or the manner by which your employees and/or contract laborers working at your direction or at your job sites are to ensure their own personal safety.

**RESPONSE:** None.

12.   Any and all documents reflecting the date, time, attendance, and/or substance of any meetings with your employees and/or contract laborers working at your direction or at your job sites pertaining to workplace safety or the manner by which your employees are to ensure their own personal safety.

**RESPONSE:** None.

13.   Any and all manuals, policies, procedures, and/or guidelines you maintain or have prepares pertaining to prevention of falls or other accidents.

**RESPONSE:** None.

14.   The personnel file of James Gilbert and any other persons who were located at the scene and at the time of the incident giving rise to this lawsuit, including but not limited to Frank Ruiz, Jr., Phil Wells, and Dennis _____.

**RESPONSE:** Defendant objects to this request as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

15.   The personnel file of James Gilbert's direct supervisor.

**RESPONSE:** Defendant objects to this request as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

16.   Any documents of whatever kind or character reflecting the results of any investigation into the incident giving rise to this lawsuit.

**RESPONSE:** Defendant has no information responsive to this request.

17.   Any documents of whatever kind or character reflecting communications between any of your employees, officers, agents, or representatives concerning the incident giving rise to this lawsuit.

**RESPONSE:** Defendant objects to this request as this information is protected from discovery by the attorney work product privilege which contains material prepared or mental impressions developed in anticipation of litigation. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

18.    Any documents you submitted to OSHA or any other governmental agency pertaining to the incident giving rise to this lawsuit.

**RESPONSE:** None.

19.    Any photographs, videotapes or other recorded images of the location at which the incident giving rise to this suit occurred.

**RESPONSE:** None at this time.

20.    Any photographs, videotapes or other recorded images of the Ocean 66 or any portion thereof.

**RESPONSE:** None.

21.    Any and all time slips and/or other documents reflecting the number of hours worked by James Gilbert in the two months preceding December 30, 2001.

**RESPONSE:** None.

22.    Any and all time slips and/or other documents reflecting the number of hours worked by Phil Wells in the two months preceding December 30, 2001.

**RESPONSE:** None.

23.    Any and all documents evidencing or reflecting any training, certification, or other qualifications that Phil Wells possessed to operate the crane involved in the incident giving rise to this lawsuit.

**RESPONSE:** Defendant has no information responsive to this request.

24.    Any and all documents reflecting complaints, investigations, or findings on any of your employees, agents, or representatives that have fallen from or been injured by any piece of equipment owned by you in the two years preceding December 30, 2001.

**RESPONSE:** Defendant has no information responsive to this request.

25.    Any and all documents reflecting complaints by any of your employees, or by any other person, pertaining to any risk of falls from or injuries by any equipment owned by you.

**RESPONSE:** Defendant has no information responsive to this request.

26.    Any and all documents reflecting suggestions or recommendations to you by any person pertaining to the risk of falls from or injuries by any equipment owned by you.

**RESPONSE:** None.

27.    Any and all incident reports pertaining to the incident giving rise to this lawsuit.

**RESPONSE:** None.

28.    Any and all incident reports pertaining to any falls, near falls, or other injuries from any equipment owned by you in the two years preceding December 30, 2001.

**RESPONSE:** None.

29.    Any and all incident reports pertaining to any injuries sustained on the job by any of your employees and/or contract laborers working at your direction or at your job sites in the two years preceding December 30, 2001.

**RESPONSE:** None.

30.    Any and all exhibits you intend to offer into evidence at trial.

**RESPONSE:** None at this time.  This information will be supplemented as soon as it is received.

31.    Any and all documents evidencing any and all safety meetings or meetings of any kind or character pertaining to the manner in which the men aboard the Ocean 66 would accomplish any tasks on the Ocean 66 held by and between the members of the crew involved in the incident giving rise to this suit in the one week period prior to the incident giving rise to this suit.

**RESPONSE:** None.

32.    Any and all documents evidencing or expressing any agreement between you and/or Emilio Sanchez and/or Richard Jaross regarding the purchase, sale, salvage, and/or other matters pertaining to the Ocean 66.

**RESPONSE:** Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and subject to multiple interpretations.  Additionally, Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant

objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

33.   The job applications, resume, or other documentation provided to you by each of the men performing salvage operations aboard the Ocean 66 prior to the commencement of their work aboard the Ocean 66, including any and all documents of whatever kind or character reflecting the expertise, training, education, and experience that each such person had that would qualify such person for the work contemplated aboard the Ocean 66.

**RESPONSE: None.**

34.   The income sheet and balance statement of Rig Ventures, Inc. for the years 2001 and 2002, including but not limited to any final such statements upon dissolution of the corporation.

**RESPONSE:** Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

35.   Any and all documents evidencing the fact of, and amount of money expended for:

  a.   purchase of the Ocean 66;
  b.   purchase of materials, supplies, equipment, and tools utilized in the salvage operations of the Ocean 66;
  c.   labor utilized in salvage operations of the Ocean 66;
  d.   liability insurance to protect against injuries to persons aboard the Ocean 66;
  e.   liability insurance to protect against loss of property aboard the Ocean 66, or against the loss of the Ocean 66;
  f.   refurbishing any equipment (e.g. tanks, vessels, valves, etc.) salvaged from the Ocean 66;
  g.   transport of Ocean 66;
  h.   costs charged by the port at which the Ocean 66 was stored in Lake Charles;
  i.   initial capitalization of Rig Ventures, Inc.; and
  j.   transportation of personnel to and from the Ocean 66 either inshore or offshore.

**RESPONSE:** (A - H and J) this information that is readily available will be supplemented as soon as it is received.

     i.     Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Also, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

36.    Any and all documents evidencing the fact of, and amount of money received from, any person or entity for:

     a.     sale of Ocean 66;

     b.     sale of any equipment (e.g. tanks, vessels, valves, etc) salvaged from the Ocean 66;

     c.     sale of scrap metal salvaged from the Ocean 66;

     d.     salvage of Ocean 66;

**RESPONSE:** This information will be supplemented as soon as it is received.

37.    Any and all documents evidencing the dissolution of Rig Ventures, Inc.

**RESPONSE:** None.

38.    Any and all documents describing the distribution of assets and liabilities of Rig Ventures, Inc. upon dissolution, including any and all documents evidencing or describing the persons or entities to whom such assets were distributed and liabilities were assumed.

**RESPONSE:** None.

39.    Any and all shareholder agreement(s) or other documents of any kind evidencing any agreement whatsoever by and between the shareholders of Rig Ventures, Inc., and specifically including but not limited to any and all such agreements regarding the capitalization of Rig Ventures, Inc. and the dissolution and distribution of assets and liabilities of Rig Ventures, Inc. upon dissolution.

**RESPONSE:** None.

40.    Any job description for the president of Rig Ventures, Inc.

**RESPONSE:** None.

41.    The professional resume and/or curriculum vitae for the President or Chief Executive officer of Rig Ventures, Inc. at the time of the incident giving rise to this suit.

**RESPONSE:** This information will supplemented as soon as it is received.

42.    Any and all documents evidencing or reflecting the monies paid by Murphy Oil Company to Rig Ventures, Inc. in connection with the transfer of ownership of the Ocean 66 to Rig Ventures, Inc.

**RESPONSE:** This information will be supplemented as soon as it is received.

43.    Rig Ventures, Inc. "Corporate Book", including but not limited to:
    a.    The minutes of each and every meeting of the Board of Directors, including the organizational meeting;
    b.    Notices of each meeting of the Board of Directors;
    c.    Corporate bylaws;
    d.    Corporate stock certificates;
    e.    Minutes of any shareholder meetings; and
    f.    Notices of any shareholder meetings;

**RESPONSE:** Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Also, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

44.    Rig Ventures, Inc.'s tax returns for years 2001 and 2002.

**RESPONSE:** Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Also, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.


EXHIBIT
**3**

CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## DEFENDANT EMILIO SANCHEZ' RESPONSES TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

TO:  JAMES DAVID GILBERT, Plaintiff,
by and through his Attorney-of-record,

Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730.

NOW COMES, Defendant **EMILIO SANCHEZ** and submits the following

Responses to Plaintiff's First Request for Production.

DATED: May 2 , 2003.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

**ATTORNEYS FOR DEFENDANT,**
**EMILIO SANCHEZ.**

By: _____
Luis R. Hernandez
State Bar of Texas No. 09518900

## CERTIFICATE OF SERVICE

I, Luis R. Hernandez, hereby certify that the foregoing DEFENDANT EMILIO

SANCHEZ' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION were mailed on May

__2__ , 2003 by Certified United States Mail, Return Receipt Requested to the

following Counsel-of-record:

> **COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Ryan Krebs, M.D., J.D.                          *ORIGINAL*
> 6601 Vaught Ranch Road, Suite 100
> Austin, Texas 78730
> (Certified United States Mail, R.R.R. #7002 1000 0005 1026 9380)
>
> **CO-COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Scott Webre                                      *COPY*
> KREBS & WEBRE, LLC
> 315 South College Road, Suite 242
> Lafayette, Louisiana 70503
> (Certified United States Mail, R.R.R., #7002 1000 0005 1026 9397)
>
> **CO-COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Frank Costilla                                   *COPY*
> THE LAW OFFICES OF FRANK COSTILLA, L.P.
> 5 East Elizabeth Street
> Brownsville, Texas 78520
> (Certified United States Mail, R.R.R., #7002 1000 0005 1026 9403)

_____
Luis R. Hernandez

**Defendant Emilio Sanchez' Responses to
Plaintiff's First Request for Production**

1.    Any contracts or other legal agreements in effect on December 30. 2001, between you and any other party in this case.

**RESPONSE:** None at this time.

2.    Any photographs, videotapes, digital video disk, or other electronic recording of any image of underlying facts in this suit and/or the image(s) of Plaintiff or any portion of any Plaintiff, and/or any photograph or electronic image of any sort that you intend to offer into evidence.

**RESPONSE:** Defendant has no information responsive to this request.    This information will be supplemented as soon as it is available.

3.    Any and all incident reports or investigative reports concerning the occurrence made the basis of this lawsuit.  The documents sought by Plaintiff in this request include any and all documents containing factual information regarding the occurrence made the basis of this lawsuit.

**RESPONSE:** Other than the medical records, Defendant has no incident reports or investigation reports concerning the occurrence made the basis of this lawsuit.

4.    Please produce all personal notes or memoranda made on or before receipt of Plaintiff's Original Petition relating to Plaintiff.

**RESPONSE:** Defendant objects to this request as this information in protected from discovery by the attorney work product privilege which contain material prepared or mental impressions developed in anticipation of litigation. Defendant herewith requests the protective orders of this Court.  Rule 192.6 TRCP.

5.    A copy of the Plaintiff's Original Petition and/or any subsequent amended petition, for every lawsuit involving an allegation of negligence, wherein you were listed as a Defendant in the last ten (10) years.

**RESPONSE:** See attached Cause No. 96-1258 Section R. Mag. 3; *Tidewater Marine, Inc. and Twenty Grand Offshore, Inc. versus Sanco International, Inc., Saber Steel Corp. and Rig Ventures, Inc.* in the United States District Court in the Eastern District of Louisiana.

6.   Any and every application submitted by you to any insurance company or agent for liability insurance maintained by you and in effect as of December 30, 2001.

**RESPONSE:** None.

7.   Any and all statements by Plaintiff(s) recorded by any means.

**RESPONSE:** None.

8.   Any and all depositions of any expert witness designated by Plaintiff.

**RESPONSE:** None at this time.

9.   Please produce all documents, memoranda, financial statements, loan applications, bank statements, personal financial statements, insurance applications and policies, contracts of assignment, accounts receivable, data, inventory lists, judgments, and any other document and correspondence reflecting your net worth at this time as well as of December 30, 2001. This information is sought in accordance with the Supreme Court authority set forth in *Lunsford v. Morris*.

**RESPONSE:** Defendant objects to this request as stated, as this request contains multiple requests that are outside the Supreme Court authority set forth in *Lunsford v. Morris*. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

10.   Any documents of whatever kind or character reflecting the results of any investigation into the incident giving rise to this lawsuit.

**RESPONSE:** Defendant objects to this request as this information in protected from discovery by the attorney work product privilege which contains material prepared or mental impressions developed in anticipation of litigation. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP. Subject to this objection, there are no documents responsive to this request.

11.   Any documents of whatever kind or character reflecting communications between your and any person concerning the incident giving rise to this lawsuit.

**RESPONSE:** Defendant objects to this request as this information in protected from discovery by the attorney work product privilege which contains material

prepared or mental impressions developed in anticipation of litigation. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

12.    Any documents you submitted to OSHA or any other governmental agency pertaining to the incident giving rise to this lawsuit.

**RESPONSE: None.**

13    Any photographs, videotapes or other recorded images of the location at which the incident giving rise to this suit occurred.

**RESPONSE: None at this time.**

14.    Any photographs, videotapes or other recorded images of the Ocean 66 or any portion thereof.

**RESPONSE: None at this time.**

15    Any and all exhibits you intend to offer into evidence at trial.

**RESPONSE: None at this time. This information will be supplemented as soon as the information becomes available.**

16.    Any and all documents evidencing any and all safety meetings or meetings of any kind, at which you were present, pertaining to the manner in which the men aboard the Ocean 66 would accomplish any tasks on the Ocean 66 held by and between the members of the crew involved in the incident giving rise to this suit in the one week period prior to the incident giving rise to this suit.

**RESPONSE: None.**

17.    Any and all documents evidencing or expressing any agreement between you and/or Rig Ventures, Inc. and/or Richard Jaross regarding the purchase, sale, salvage, and/or other matters pertaining to the Ocean 66.

**RESPONSE: None.**

18.    The job applications, resume, or other documentation provided to you by each of the men performing salvage operations aboard the Ocean 66 prior to the commencement of their work aboard the Ocean 66, including any and all documents of whatever kind or character reflecting the expertise, training,

education, and experience that each such person had that would qualify such person for the work contemplated aboard the Ocean 66.

**RESPONSE:** None.

19.    Your income sheet for the years 2001 and 2002.

**RESPONSE:** Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

20.    Any and all documents evidencing the fact of, and amount of money expended for:

    a.    purchase of the Ocean 66;
    b.    purchase of materials, supplies, equipment, and tools utilized in the salvage operations of the Ocean 66;
    c.    labor utilized in salvage operations of the Ocean 66;
    d.    liability insurance to protect against injuries to persons aboard the Ocean 66;
    e.    liability insurance to protect against loss of property aboard the Ocean 66, or against the loss of the Ocean 66;
    f.    refurbishing any equipment (e.g. tanks, vessels, valves, etc.) salvaged from the Ocean 66;
    g.    transport of Ocean 66;
    h.    costs charged by the port at which the Ocean 66 was stored in Lake Charles;
    i.    initial capitalization of Rig Ventures, Inc.; and
    j.    transportation of personnel to and from the Ocean 66 either inshore or offshore.

**RESPONSE:** Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP. Subject to this objection, the information which is discoverable will supplemented as soon as it is received.

21.    Any and all documents evidencing the fact of, and amount of money received by you from Rig Ventures, Inc. during the years 2001 and 2002.

**RESPONSE:**    Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

22.    Any and all documents any distribution of assets and liabilities of Rig Ventures, Inc. upon dissolution to you.

**RESPONSE:**    Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP. Subject to this objection, Rig Ventures is an ongoing business.

25(sic).    Any and all documents describing agreement(s) or other documents of any kind evidencing any agreement whatsoever by and between the shareholders of Rig Ventures, Inc., and specifically including but not limited to any and all such agreements regarding the capitalization of Rig Ventures, Inc. and the dissolution and distribution of assets and liabilities of Rig Ventures, Inc. upon dissolution.

**RESPONSE:**    Defendant objects to this requests as it is vague and ambiguous and subject to multiple interpretations. Additionally, Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

26(sic).    Any and all documents evidencing your financial contributions to Rig Ventures, Inc. at any time.

**RESPONSE:**    Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

27(sic).     Your professional resume and/or curriculum vitae.

**RESPONSE:** Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP. Subject to this objection, this information will be supplemented as soon as it is received.

28(sic).     Any and all documents evidencing or reflecting the monies paid by Murphy Oil Company to you in connection with the transfer of ownership of the Ocean 66 to Rig Ventures, Inc.

**RESPONSE:** Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.

29(sic).     Your tax returns for years 2001 and 2002.

**RESPONSE:** Defendant objects to this request as it exceeds the scope of discovery as delineated by the Texas Rules of Civil Procedure. Additionally, Defendant objects as this is an invasion of this Defendant's personal, constitutional or property rights. Defendant herewith requests the protective orders of this Court. Rule 192.6 TRCP.



EXHIBIT
4

# KREBS & WEBRE, LLC

315 South College Road, Suite 242
Lafayette, Louisiana 70503
(337) 232-8900
(337) 232-8840 (facsimile)

Ryan Krebs, MD, JD
Doctor and Lawyer in Full-Time Practice of Law
Licensed in Texas
ryan@ryankrebsmdjd.com

Scott Webre, Attorney
Licensed in Louisiana and Texas
scott@krebsandwebre.com

May 15, 2003

**_Via fax (956) 982-0943_**
Mr. Luis R. Hernandez
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

Re:  *Gilbert vs. Rig Ventures, et al*; Cause No. 2002-11-4448-D; in the 103rd Judicial
District Court; Cameron County, Texas

Dear Luis:

I have reviewed your clients' responses to written discovery. Please consider the
following.

## A.    Regarding Rig Ventures, Inc.'s Answers to Plaintiffs' First Set of Interrogatories

Interrogatory 1.    The persons assisting in answering these interrogatories is
discoverable. Please withdraw your objection and respond.

Interrogatory 2.    Trial witnesses are discoverable per TRCP 192.3(d). Obviously,
this allows discovery other than via request for disclosure on this matter, otherwise 192.3(d)
would be redundant. Moreover, note that a request for identification of persons with knowledge
of relevant facts is different than a request for trial witnesses. I understand you likely do not
know who your trial witnesses will be at this time, nonetheless, your objection is groundless.
Please withdraw it and provide an answer when you are able to do so.

Interrogatory 3.    Please provide a complete response to the questions asked. Your
response does not address the entire interrogatory, not does it indicate the facts upon which your
answer is based.

Interrogatory 5.    This request seeks information regarding consulting experts.
Request for disclosure 194.2(f) pertains to testifying experts. Please withdraw your objection
and provide a complete response.

Luis Hernandez
May 15, 2003
Page 2

     Interrogatory 8.      Your answer seems to be limited to removal of mud pumps, which is not what the question asked. Please modify your answer to address the question asked.

     Interrogatory 9.      Your answer does not address any training, education, or other qualifications. Please be aware that I will object to any evidence you attempt to offer in this regard other than as contained in your answer.

     Interrogatory 14.     Your answer does not address any training, education, or other qualifications. Please be aware that I will object to any evidence you attempt to offer in this regard other than as contained in your answer.

**B.**     **Regarding Emilio Sanchez's Answers to Plaintiffs' First Set of Interrogatories**

     Interrogatory 2.      Trial witnesses are discoverable per TRCP 192.3(d). Obviously, this allows discovery other than via request for disclosure on this matter, otherwise 192.3(d) would be redundant. Moreover, note that a request for identification of persons with knowledge of relevant facts is different than a request for trial witnesses. I understand you likely do not know who your trial witnesses will be at this time, nonetheless, your objection is groundless. Please withdraw it and provide an answer when you are able to do so.

     Interrogatory 3.      Please provide a complete response to the questions asked. Your response does not address the entire interrogatory, not does it indicate the facts upon which your answer is based.

     Interrogatory 4.      This request seeks information regarding consulting experts. Request for disclosure 194.2(f) pertains to testifying experts. Please withdraw your objection and provide a complete response.

**C.**     **Regarding Rig Ventures, Inc.'s Responses to Plaintiff's First Request for Production**

     RFP 1.      Your response indicates "none at this time." The question calls for documents that existed as of 12/30/01, thus your answer is nonsensical. Are you indicating that no such documents exist or that you have not located any such documents at this time? Please elaborate.

     RFP 5.      Please comply fully with TRCP 193 in responding to this request. Further, Plaintiff hereby requests per TRCP 193.3(b) that your client describe the information withheld.

     RFP 10.      If you are not able to provide a more substantive response, a hearing will be required.

     RFP 14.      First, your objection would obviously not apply regarding James Gilbert. Further, personnel files are clearly discoverable pursuant to longstanding caselaw in Texas. Please withdraw your objections and provide responsive documents.

Luis Hernandez
May 15, 2003
Page 3

RFP 15.         Same regarding RFP 14.

RFP 17.         Please comply fully with TRCP 193 in responding to this request. Further, Plaintiff hereby requests per TRCP 193.3(b) that your client describe the information withheld.

RFP 21, 22.     How did you pay these men if you didn't know how long they worked?

RFP 32.         I believe this is an appropriate request. At a minimum, it is reasonably calculated to lead to the discovery of admissible evidence. Please withdraw your objection and provide all responsive documents.

RFP 34.         The documents sought are relevant to the issues of piercing the corporate veil and alter ego, at least. Please withdraw your objections and provide responsive documents.

RFP 35, 36, 41, 42.     When should I expect responsive documents?

RFP 35i.        The documents sought are relevant to the issues of piercing the corporate veil and alter ego, at least. Please withdraw your objections and provide responsive documents.

RFP 43, 44.     The documents sought are relevant to the issues of piercing the corporate veil and alter ego, at least. Please withdraw your objections and provide responsive documents.

**D.    Regarding Emilio Sanchez' Response to Plaintiffs' First Request for Production.**

RFP 4.          Please comply fully with TRCP 193 in responding to this request. Further, Plaintiff hereby requests per TRCP 193.3(b) that your client describe the information withheld.

RFP 9.          If you are not able to provide a more substantive response, a hearing will be required.

RFP 10.         Please withdraw your assertion of privilege. TRCP 193, comment 3, makes clear that assertions of privilege should not be made prophylactically.

RFP 11.         Please comply fully with TRCP 193 in responding to this request. Further, Plaintiff hereby requests per TRCP 193.3(b) that your client describe the information withheld.

RFP 19, 20, 21, 25 (sic), 26 (sic), 27 (sic), 28(sic), 29(sic). The documents sought are relevant to the issues of piercing the corporate veil and alter ego, at least. Please withdraw your objections and provide responsive documents.

Luis Hernandez
May 15, 2003
Page 4

       Please respond no later than May 25, 2003.  If I do not hear from your, I will seek the Court's rulings on your objections.  Thank you, and please do not hesitate to call with any questions.

                                Sincerely,

                                Scott Webre

cc:     Ryan Krebs, M.D., J.D.               *via fax*
        Alejandro "Hondo" Garcia, Jr.     *via fax*

### SCOTT D. WEBRE
#### ATTORNEY AT LAW

556 JEFFERSON STREET
JEFFERSON TOWERS, SUITE 200
LAFAYETTE, LOUISIANA 70501
(337) 593-4178    (337) 593-4159 FAX

*Licensed in Louisiana and Texas*

---

November 24, 2003

*Via fax*
Mr. Luis R. Hernandez
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

Re:    *Gilbert vs. Rig Ventures, et al*; Cause No. 2002-11-4448-D; in the 103rd
        Judicial District Court; Cameron County, Texas

Dear Luis:

This follows our recent discussions about the need to postpone some upcoming deadlines.

I propose the deadline for Plaintiff to designate testifying experts, provide an expert report, and provide the information required by TRCP 194.2(f) be extended to January 12, 2004. I propose the deadline for Defendants to designate testifying experts, provide an expert report, and provide the information required by TRCP 194.2(f) be extended to February 9, 2004.

If you agree to my proposed extensions stated above, please indicate your agreement by signing and dating in the space below and return to me by regular mail. If you do not agree to these extensions, please contact me as soon as possible to discuss. Thank you.

Sincerely,

Scott Webre

AGREED:

DATE 11/24/03

Luis Hernandez
Fleming & Hernandez
Attorneys for Emilio Sanchez and Rig Ventures, Inc.

EXHIBIT NO. 16

## CAUSE NO. 2002-11-4448-D

*Ray Lopez Jr.*

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

### FIRST AMENDED ORIGINAL ANSWER OF DEFENDANTS
### RIG VENTURES, INC. AND EMILIO SANCHEZ

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, **RIG VENTURES, INC. and EMILIO SANCHEZ** and file this their first

amended original answer to the allegations within Plaintiff's Second Amended

Petition.

### General Denial

### I.

Subject to and without waiving their special exceptions stated above or their

right to file other and further pleadings, motions and discovery, both named

Defendants deny each and every, all and singular, the allegations within Plaintiff's

Original Petition and demand strict proof.

### Affirmative Defenses

### II.

These Defendants would show that Plaintiff, through his acts and omissions,

contributed to the events which caused his injury, as such is liable under the

Comparative Negligence Doctrine.

EXHIBIT NO. 17

## III.

Pleading further, and subject to the foregoing and without waiving same, Defendants alleges that the accident made the basis of this suit was an unavoidable accident.

## IV.

Pleading further, and subject to the foregoing and without waiving same, Defendants alleges that the accident made the basis of this suit was caused by the negligence of the Plaintiff, James David Gilbert, and such negligence was the sole proximate, sole producing, or a proximate cause of the incident in question and any alleged resulting injuries or damages resulting there from, if any.

## V.

Pleading further, and subject to the foregoing and without waiving same, Defendants would respectfully show the Court that if Plaintiff was injured as alleged in Plaintiff's Petition, although not acknowledged, said injuries were solely and proximately caused by the failure of Plaintiff to exercise that degree of care for his own safety that a reasonably prudent person, in the exercise of ordinary care, would have done under the same or similar circumstances. Further, and/or in the alternative, such failures on the part of Plaintiff were the proximate cause of Plaintiff's alleged injuries, if any.

## VI.

Pleading further, and subject to the foregoing and without waiving same, Defendants are not liable to the damages from Plaintiff, as Plaintiff has failed to mitigate his damages.

## VII.

Pleading further, and subject to the foregoing and without waiving same, Defendants, are not liable to the damages from Plaintiff, as the Plaintiff whose own breach of his duty to maintain a safe ship was the sole cause of his own injuries and is barred from recovery under the "primary duty doctrine".

## VIII.

Pleading further, and subject to the foregoing and without waiving same, Defendant Emilio Sanchez would respectfully show the Court that Rig Ventures, Inc. is a Delaware Corporation authorized to transact business in the State of Texas. Rig Ventures, Inc. is subject to Article 8.02 of the Business Corporation Act which states in pertinent part as follows:

> [T]hat only the laws of the jurisdiction of incorporation of a foreign corporation shall govern (1) the internal affairs of the foreign corporation, including but not limited to the rights, powers, and duties of its board of directors and shareholders and matters relating to its shares, and (2) the liability, if any, of shareholders of the foreign corporation the debts, liabilities, and obligations of the foreign corporation for which they are not otherwise liable by statute or agreement. (emphasis added). Tex. Bus. Corp. Act Ann. Article 8.02 (Vernon 1980).

The laws of Delaware are incorporated in the Delaware General Corporation Law. Section 325 prescribes the manner in which actions as pursued against officers

and directors or stockholders to enforce liability of a corporation.  Section 325 states

in pertinent part:

> § *325. Actions against officers, directors or stockholders to enforce liability of corporation; unsatisfied judgment against corporation.*
>
> (B) No suit shall be brought against any officer, director or stockholder for any debt of a corporation of which he is an officer,  director or stockholder, until judgment be obtained therefor against the corporation and execution thereon returned unsatisfied.    Delaware General Corporation Law, Section 325.

Consequently, Plaintiff cannot maintain a cause of action against Emilio Sanchez

as an officer, director or stockholder.  Obtaining a judgment and unsatisfied execution

against the corporation is a condition precedent to the employment of the remedies

mentioned in this section by the creditor directly against the stockholders. *John W.*

*Cooney Co. v. Arlington Hotel, Co.*, 106 A. 39 (1918).  The law does not permit a

creditor to collect his claim from stockholders if he can recover it from the corporation,

and the only way his inability to do this can be shown to the court is by a judgment

and unsatisfied execution. *Id.*

WHEREFORE, Defendants pray this Court, enter its judgment that Plaintiff take

nothing by his suit and that Defendants be released with their costs and such other

and further relief to which they may be entitled in law and in equity.

DATED: December ___5___, 2003.

                            Respectfully submitted,

                            **FLEMING & HERNANDEZ, P.C.**
                            1650 Paredes Line Road, Suite 102
                            Brownsville, Texas  78521
                            Telephone:  (956) 982-4404
                            Telecopier:  (956) 982-0943

By: _____
                            Luis R. Hernandez
                            State Bar of Texas No. 09518900

                               **ATTORNEYS FOR DEFENDANTS,
                               RIG VENTURES, INC. and EMILIO SANCHEZ.**

## CERTIFICATE OF SERVICE

I, Luis R. Hernandez, hereby certify that a true and correct copy of the foregoing

**FIRST AMENDED ORIGINAL ANSWER OF DEFENDANTS RIG VENTURES, INC. AND EMILIO SANCHEZ**

was mailed December ___5___, 2003 via Certified United States Mail, Return Receipt

Requested, to the following Counsel-of-record:

> **COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Scott D. Webre
> ATTORNEY AT LAW
> 556 Jefferson Street
> Jefferson Towers, Suite 200
> Lafayette, Louisiana 70501
> (Certified United States Mail, R.R.R., #7002 2030 0007 1000 1252)
>
> **CO-COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Ryan Krebs, M.D., J.D.
> 6601 Vaught Ranch Road, Suite 100
> Austin, Texas 78730
> (Certified United States Mail, R.R.R., #7002 2030 0007 1000 1269)
>
> **CO-COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Alejandro J. Garcia
> THE LAW OFFICES OF FRANK COSTILLA, L.P.
> 5 East Elizabeth Street
> Brownsville, Texas 78520
> (Certified United States Mail, R.R.R., #7002 2030 0007 1000 0705)

_____
Luis R. Hernandez

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

### DEFENDANTS' REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **RIG VENTURES, INC. and EMILIO SANCHEZ**, Defendants in the above entitled and numbered cause, and files this their Request for Jury Trial and would show the Court the following:

**I.**

Defendants request a Jury Trial in this cause of action.

**II.**

Defendants tender herewith the fee or same in the amount of Thirty ($30.00) Dollars.

DATED: December ___23___, 2003.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

**ATTORNEYS FOR DEFENDANTS,**
**RIG VENTURES, INC. and EMILIO SANCHEZ.**

By: _____
    Luis R. Hernandez
    State Bar of Texas No. 09518900

EXHIBIT NO. 18

# SCOTT D. WEBRE

### ATTORNEY AT LAW

556 JEFFERSON STREET
JEFFERSON TOWERS, SUITE 200
LAFAYETTE, LOUISIANA 70501
(337) 593-4178    (337) 593-4159 FAX

*Licensed in Louisiana and Texas*

January 9, 2004

*Via fax*
Mr. Luis R. Hernandez
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

  Re: *Gilbert vs. Rig Ventures, et al;* Cause No. 2002-11-4448-D; in the 103rd
    Judicial District Court; Cameron County, Texas

Dear Luis:

  This follows our discussion today and earlier this week regarding the upcoming
deadlines and a continuance of trial.

  This will reflect our agreement that Plaintiff's and Defendants' deadlines for
expert designation and expert reports are postponed until we are able to agree to a
new trial date, at which time we will re-set those deadlines in the future.

  If you agree to the above, please ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
in the space below and return to me by fax.  If you do not agree to these extensions,
please contact me as soon as possible to discuss.  Thank you.

          Sincerely,

          Scott Webre

AGREED:

_____ DATE __1/9/04__

Luis Hernandez
Fleming & Hernandez
Attorneys for Emilio Sanchez and Rig Ventures, Inc.

cc: Mr. Alejandro "Hondo" Garcia  *(via fax)*
  Mr. Ryan Krebs      *(via fax)*

EXHIBIT NO. 19

JAN 2 1 2004

## CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103rd JUDICIAL DISTRICT |

### AGREED MOTION FOR CONTINUANCE OF TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff Jamie Gilbert and Defendants, Rig Ventures, Inc., and Emilio Sanchez, and file this Motion for Continuance of Trial.

### I.

Plaintiff and Defendants jointly move the court for continuance of trial of this matter, currently scheduled for March 8, 2003, in order that additional discovery can occur and that the parties can adequately prepare to present their respective positions at trial.

Defendant Phil Wells has not appeared herein, thus does not join in this motion.

Counsel is not filing this Motion for Continuance for delay purposes, but so that justice may be done.

### PRAYER

Wherefore, premises considered, the parties pray that their Motion for Continuance be granted and that the trial currently set for March 8, 2004, be rescheduled to June 1, 2004, and for such other and further relief to which Plaintiffs may be entitled.

EXHIBIT NO. 20

Respectfully submitted,

Scott Webre
State Bar No. 21050070
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana 70501
(337) 593-4178
(337) 593-4159 (fax)

Ryan Krebs, M.D., J.D.
State Bar No. 00792088
6601 Vaught Ranch Road
Suite 100
Austin, Texas 78730
(512) 478-2072
(512) 494-0420 (fax)

ATTORNEYS FOR PLAINTIFFS


AGREED:

Luis Hernandez
State Bar No. 09518900
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521
(956) 982-4404
(956) 982-0943 (fax)

ATTORNEY FOR DEFENDANTS


## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing document was served on all parties, as indicated below, on this 22ᵈ day of January, 2004:

*Motion for Continuance of Trial*                                                          *Page 2*

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **Emilio Sanchez**, one of the Defendants in the above styled and numbered cause, and files this his motion seeking partial summary judgment on his behalf that Plaintiff take nothing by his suit against this Defendant because all conditions precedent have not occurred.

### I.

There are no controverted fact issues concerning the condition precedent which has not occurred, and the issue upon which this motion is made is a question of law and not fact.

### II.

Defendant, **Rig Ventures, Inc.**, is a corporation created and existing pursuant to the laws of the State of Delaware with a permit to conduct business in Texas. Defendant and Movant, **Emilio Sanchez**, is a stockholder of Rig Ventures, Inc. A copy of the corporate charter of Rig Ventures, Inc. is attached hereto as Exhibit A.

_10:00_

Elvira S. Ortiz

EXHIBIT NO. 21

A copy of the Certificate of Authority of Rig Ventures, Inc. to conduct business in the State of Texas is attached hereto as Exhibit B.

## III.

As a foreign corporation, **Rig Ventures, Inc.** is subject to the provisions of Texas Business Corporation Act Article 8.02 which provides in pertinent part:

> "(T)hat only the laws of the jurisdiction of incorporation of a foreign corporation shall govern (1) the internal affairs of the foreign corporation, including but not limited to the rights, powers, and duties of its board of directors and shareholders and matters relating to its shares, and <u>(2) the liability, if any, of the shareholders of the foreign corporation for the debts, liabilities, and obligations of the foreign corporation for which they are not otherwise liable by statute or agreement</u>." (Emphasis added).

## IV.

Under the provisions of the above cited Article 8.02 of the Texas Business Corporation Act, the provisions of Delaware law govern the liability of Movant as a shareholder of Rig Ventures, Inc.  Delaware General Corporation Law, Section 325(b) provides that:

> "No suit shall be brought against any officer, director or stockholder for any debt of a corporation of which he is an officer, director or stockholder, until judgment be obtained therefor against the corporation and execution thereon remain unsatisfied."

A copy of Section 325 of the Delaware General Corporation Law is attached hereto as Exhibit C.  Pursuant to Texas Rules of Evidence 202, the Court is requested to take judicial notice of such statute as that of another state within the United States for the purpose of this Motion for Partial Summary Judgment. In the event no request is made to challenge this request for judicial notice, such judicial notice is mandatory.

**V.**

The provisions of the Texas Business Corporation Act and the Delaware General Corporation Law set out hereinabove constitute a condition precedent to Plaintiff's right to sue Movant, **Emilio Sanchez**, for the actions of the Defendant corporation. Until such condition precedent as is set out in the controlling Delaware statute, Movant is entitled to be discharged without cost from the litigation before this Court.

Movant prays this Motion for Partial Summary Judgment be set for submission and, upon submission, judgment be entered dismissing **Emilio Sanchez** from such litigation with his costs and such other and further relief to which he may be entitled in law and in equity.

DATED: February ____, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943

by: _____
**Tom Fleming**
State Bar of Texas No. 07133000

**Luis R. Hernandez**
State Bar of Texas No. 09518900

**ATTORNEYS FOR DEFENDANTS,**
**RIG VENTURES, INC. and EMILIO SANCHEZ.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing MOTION FOR PARTIAL SUMMARY JUDGMENT were served February _2_, 2004 in the manner(s) indicated below upon the following Counsel-of-record:

CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:
Scott D. Webre
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana 70501
*(Certified United States Mail, R.R.R., #7002 0460 0000 6432 4680)*

CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:
Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
*(Certified United States Mail, R.R.R. #7002 0460 0000 6432 4666)*

CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:
Alejandro J. Garcia
THE LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, Texas 78520
*(Certified United States Mail, R.R.R., #7002 0460 0000 6432 4673)*

Tom Fleming

**State of Delaware**

## Office of the Secretary of State

I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "RIG VENTURES INC.", FILED IN THIS OFFICE ON THE TWENTY-FOURTH DAY OF OCTOBER, A.D. 1994, AT 4:30 O'CLOCK P.M.

A CERTIFIED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE KENT COUNTY RECORDER OF DEEDS FOR RECORDING.





*Edward J. Freel, Secretary of State*

2446767   8100

944202678

AUTHENTICATION:   7279651

DATE:   10-25-94

EXHIBIT NO. A

# CERTIFICATE OF INCORPORATION

## OF

## RIG VENTURES INC.

---

The undersigned, a natural person, for the purpose of organizing a corporation for conducting the business and promoting the purposes hereinafter stated, under the provisions and subject to the requirements of the laws of the State of Delaware (particularly Chapter 1, Title 8 of the Delaware Code and the acts amendatory thereof and supplemental thereto, and known, identified, and referred to as the "General Corporation Law of the State of Delaware"), hereby certifies that:

FIRST: The name of the corporation (hereinafter called the "corporation") is RIG VENTURES INC.

SECOND: The address, including street, number, city, and county, of the registered office of the corporation in the State of Delaware is 32 Loockerman Square, Suite L-100, City of Dover  19904, County of Kent; and the name of the registered agent of the corporation in the State of Delaware at such address is The Prentice-Hall Corporation System, Inc.

THIRD: The purpose of the corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware.

FOURTH: The total number of shares of stock which the corporation shall have authority to issue is one thousand five hundred, all of which are without par value.  All such shares are of one class and are shares of Common Stock.

FIFTH: The name and the mailing address of the incorporator are as follows:

| NAME | MAILING ADDRESS |
|------|-----------------|
| Athena Amaxas | 15 Columbus Circle<br>New York, N.Y.  10023-7773 |

SIXTH: The corporation is to have perpetual existence.

-1-

**SEVENTH:** Whenever a compromise or arrangement is proposed between this corporation and its creditors or any class of them and/or between this corporation and its stockholders or any class of them, any court of equitable jurisdiction within the State of Delaware may, on the application in a summary way of this corporation or of any creditor or stockholder thereof or on the application of any receiver or receivers appointed for this corporation under the provisions of § 291 of Title 8 of the Delaware Code or on the application of trustees in dissolution or of any receiver or receivers appointed for this corporation under the provisions of § 279 of Title 8 of the Delaware Code order a meeting of the creditors or class of creditors, and/or of the stockholders or class of stockholders of this corporation, as the case may be, to be summoned in such manner as the said court directs. If a majority in number representing three fourths in value of the creditors or class of creditors, and/or of the stockholders or class of stockholders of this corporation, as the case may be, agree to any compromise or arrangement and to any reorganization of this corporation as consequence of such compromise or arrangement, the said compromise or arrangement and the said reorganization shall, if sanctioned by the court to which the said application has been made, be binding on all the creditors or class of creditors, and/or on all the stockholders or class of stockholders, of this corporation, as the case may be, and also on this corporation.

**EIGHTH:** For the management of the business and for the conduct of the affairs of the corporation, and in further definition, limitation, and regulation of the powers of the corporation and of its directors and of its stockholders or any class thereof, as the case may be, it is further provided:

1. The management of the business and the conduct of the affairs of the corporation shall be vested in its Board of Directors. The number of directors which shall constitute the whole Board of Directors shall be fixed by, or in the manner provided in, the Bylaws. The phrase "whole Board" and the phrase "total number of directors" shall be deemed to have the same meaning, to wit, the total number of directors which the corporation would have if there were no vacancies. No election of directors need be by written ballot.

2. After the original or other Bylaws of the corporation have been adopted, amended, or repealed, as the case may be, in accordance with the provisions of § 109 of the General Corporation Law of the State of Delaware, and, after the corporation has received any payment for any of its stock, the power to adopt, amend, or repeal the Bylaws of the corporation may be exercised by the Board of Directors of the corporation; provided, however, that any provision for the classification of directors of the corporation for staggered terms pursuant to the provisions of subsection (d) of § 141 of the General Corporation Law of the State of Delaware shall be set forth in an initial Bylaw or in a Bylaw adopted by the stockholders entitled to vote of the corporation unless provisions for such classification shall be set forth in this certificate of incorporation.

-2-

3. Whenever the corporation shall be authorized to issue only one class of stock, each outstanding share shall entitle the holder thereof to notice of, and the right to vote at, any meeting of stockholders. Whenever the corporation shall be authorized to issue more than one class of stock, no outstanding share of any class of stock which is denied voting power under the provisions of the certificate of incorporation shall entitle the holder thereof to the right to vote at any meeting of stockholders except as the provisions of paragraph (2) of subsection (b) of § 242 of the General Corporation Law of the State of Delaware shall otherwise require; provided, that no share of any such class which is otherwise denied voting power shall entitle the holder thereof to vote upon the increase or decrease in the number of authorized shares of said class.

NINTH:  The personal liability of the directors of the corporation is hereby eliminated to the fullest extent permitted by the provisions of paragraph (7) of subsection (b) of § 102 of the General Corporation Law of the State of Delaware, as the same may be amended and supplemented.

TENTH:  The corporation shall, to the fullest extent permitted by the provisions of § 145 of the General Corporation Law of the State of Delaware, as the same may be amended and supplemented, indemnify any and all persons whom it shall have power to indemnify under said section from and against any and all of the expenses, liabilities, or other matters referred to in or covered by said section, and the indemnification provided for herein shall not be deemed exclusive of any other rights to which those indemnified may be entitled under any Bylaw, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in his official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such a person.

ELEVENTH:  From time to time any of the provisions of this certificate of incorporation may be amended, altered, or repealed, and other provisions authorized by the laws of the State of Delaware at the time in force may be added or inserted in the manner and at the time prescribed by said laws, and all rights at any time conferred upon the stockholders of the corporation by this certificate of incorporation are granted subject to the provisions of this Article ELEVENTH.

Signed on October 24, 1994.

_____
Incorporator

-3-



# The State of Texas

## Secretary of State

### DEC. 7, 1994

TOM FLEMING
1175 F.M. 802
BROWNSVILLE    ,TX 78521-1567

RE:
RIG VENTURES, INC.
CHARTER NUMBER 00102619-06

ENCLOSED IS THE CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS IN THE
STATE OF TEXAS, ISSUED TO THE ABOVE NAMED CORPORATION, INCORPORATED
UNDER THE LAWS OF DELAWARE          .

AS A CORPORATION, YOU ARE SUBJECT TO STATE TAX LAWS.  SOME NON-PROFIT
CORPORATIONS ARE EXEMPT FROM THE PAYMENT OF FRANCHISE TAXES AND MAY
ALSO BE EXEMPT FROM THE PAYMENT OF SALES AND USE TAX ON THE PURCHASE
OF TAXABLE ITEMS.  IF YOU FEEL THAT UNDER THE LAW YOUR CORPORATION IS
ENTITLED TO BE EXEMPT YOU MUST APPLY TO THE COMPTROLLER OF PUBLIC AC-
COUNTS FOR THE EXEMPTION.  THE SECRETARY OF STATE CANNOT MAKE SUCH
DETERMINATION FOR YOUR CORPORATION.

IF WE CAN BE OF FURTHER SERVICE AT ANY TIME, PLEASE LET US KNOW.



VERY TRULY YOURS,

Secretary of State

EXHIBIT NO.

# The State of Texas
## Secretary of State

CERTIFICATE OF AUTHORITY

OF

RIG VENTURES, INC.
CHARTER NUMBER  00102619

THE UNDERSIGNED, AS SECRETARY OF STATE OF THE STATE OF TEXAS, HEREBY CERTIFIES THAT THE ATTACHED APPLICATION OF THE ABOVE ENTITY FOR A CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS IN THIS STATE HAS BEEN RECEIVED IN THIS OFFICE AND IS FOUND TO CONFORM TO LAW.

ACCORDINGLY THE UNDERSIGNED, AS SUCH SECRETARY OF STATE, AND BY VIRTUE OF THE AUTHORITY VESTED IN THE SECRETARY BY LAW, HEREBY ISSUES THIS CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS IN THIS STATE FROM AND AFTER THIS DATE, FOR THOSE PURPOSES SET FORTH IN THE APPLICATION, UNDER THE NAME OF

RIG VENTURES, INC.

DATED DEC.  6, 1994

EFFECTIVE DEC.  6, 1994



_____
Secretary of State

CAUSE NUMBER 2002-11-4448-D

JAMES DAVID GILBERT                              §   IN THE DISTRICT COURT OF
                                                 §
                                                 §
v.                                               §   CAMERON COUNTY, TEXAS
                                                 §
RIG VENTURES, INC.; EMILIO SANCHEZ;              §
PHIL WELLS; RICHARD JAROSS; and                  §
MODU "OCEAN 66"                                  §   103rd JUDICIAL DISTRICT

---

## PLAINTIFF'S THIRD AMENDED PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES DAVID GILBERT, hereinafter sometimes referred to as "Plaintiff,"
and files this, his Plaintiff's Third Amended Petition complaining of RIG VENTURES, INC.;
EMILIO SANCHEZ; PHIL WELLS, RICHARD JAROSS, AND MOBILE OFFSHORE DRILLING UNIT
(MODU) "OCEAN 66" and for cause of action would respectfully show the Court as follows:

### I.

#### PROPOSED LEVEL TWO CASE

1. Plaintiffs propose that discovery in this case be conducted as a Level Two case per
TRCP 190.3.

### II.

#### PLAINTIFFS

2. Plaintiff, James David Gilbert, is a natural person whose current primary
residence is located in Williamson County, Texas. At all times pertinent to this cause of action,
Plaintiff Gilbert's primary residence was located in Cameron County, Texas.

EXHIBIT NO. 22

## III.

### DEFENDANTS

3.      Defendant, RIG VENTURES, INC. is a Delaware corporation not in good standing and is no longer active in Texas, but which was active in, and registered to do business in Texas at the time of the incident giving rise to this lawsuit. This Defendant has appeared and answered herein.

4.      Defendant, EMILIO SANCHEZ, is an individual residing in Cameron County, Texas, and has appeared and answered herein.

5.      Defendant, PHIL WELLS, is an individual currently residing in Tom Green County, Texas. Defendant Wells was a resident of Cameron County at the time of the incident giving rise to this suit.

6.      Defendant, RICHARD JAROSS, is an individual residing in Cameron County, Texas, and may be served with process at 74 Lakeshore Dr., Brownsville, TX 78521.

7.      Defendant, Mobile Offshore Drilling Unit ("MODU") "OCEAN 66", is a vessel located upon navigable waters south of Lake Charles, Louisiana.

## IV.

### JURISDICTION AND VENUE

8.      This Court has jurisdiction over the parties to this action because they each reside and/or do business in Texas. The Court has jurisdiction over the subject matter of this litigation because the matter in controversy exceeds the minimum jurisdictional limits of this Court, exclusive of costs and interest.

9.     Venue is proper in Cameron County pursuant to TEX.CIV.PRAC.&REM.CODE §

15.002 because Defendant, Rig Ventures, Inc., maintains a principal office in Cameron County

and because Defendants, Emilio Sanchez and Richard Jarross reside in Cameron County.

## V.

### CONDITIONS PRECEDENT OCCURRED

10.     All conditions precedent to the filing of suit herein have occurred.

## VI.

### OVERVIEW

11.     This is a personal injury action brought pursuant to state law and general maritime

law.

12.     The underlying facts are as follows.  At all times relevant hereto, Plaintiff and

Defendant Phil Wells were authorized agents, servants, or employees of Defendant, Rig

Ventures, Inc., and were then acting for and on behalf of Defendant, Rig Ventures, Inc.  Plaintiff

and Defendant Phil Wells were employed by Defendant Rig Ventures, Inc., or in the alternative

were hired by Rig Ventures, Inc. as contract labor to assist in the salvage of an oilfield platform

known as "OCEAN 66" (hereinafter referred to as "the platform").  At all times relevant hereto,

Defendant Emilio Sanchez was a shareholder, officer, director, agent, and/or employee of

Defendant Rig Ventures, Inc.

13.     After several months of work performed offshore in the Gulf of Mexico readying

the platform for transport, Rig Ventures, Inc. arranged for the transport of the platform to a

shipyard in Lake Charles, Louisiana, where Rig Ventures, Inc.'s agents, servants, and/or

employees, including Plaintiff and Defendant, Phil Wells, performed salvage operations.  On or

about December 30, 2001, Defendant, Phil Wells, while operating a crane attached to the

platform, negligently caused a pipe on which Plaintiff was relying for support of his body to be pulled away from Plaintiff, causing Plaintiff to fall a significant distance and incur severe personal physical injury.

14.     Defendant, Richard Jaross, was at all times relevant hereto, an agent an joint venturer of Emilio Sanchez and/or Rig Ventures, Inc., and was given authority by Emilio Sanchez and/or Rig Ventures, Inc. to direct salvage operations of OCEAN 66 on behalf of Emilio Sanchez and/or Rig Ventures, Inc. Pursuant to such authority, Richard Jaross directed salvage operations of OCEAN 66 by selecting and hiring persons to perform labor aboard OCEAN 66, and by directing, supervising, and controlling such salvage operations.

## VII.

## CAUSE OF ACTION AGAINST RIG VENTURES, INC.

15.     Plaintiff realleges in support of the instant cause of action all facts pleaded above.

16.     <u>Negligence and Gross Negligence</u>:  Rig Ventures, Inc. proximately caused severe personal injury to Plaintiff through breach of nondelegable duties, including but not limited to the following negligent and grossly negligent acts and/or omissions:

    a.  In failing to properly train and supervise its agents, servants, and/or employees, including but not limited to Defendant Phil Wells;

    b.  In failing to implement appropriate policies and procedures to adequately ensure the safety and welfare of its agents, servants, and/or employees working on the platform;

    c.  In failing to provide adequate safety equipment to its agents, servants, and/or employees working on the platform;

d. In negligently selecting, instructing, and supervising Frank Ruiz, Sr. and/or Phil Wells;

e. In negligently entrusting the operation of the crane to Phil Wells;

f. In negligently entrusting Phil Wells to supervise the crew aboard OCEAN 66 at the time of the incident in question and to comply with all applicable safety regulations;

g. In providing machinery and/or equipment owned by Rig Ventures, Inc. for use by the crew aboard OCEAN 66 that was faulty, defective, and/or in disrepair;

h. In failing to take any reasonable precautions whatsoever to ensure that its agents, servants, and/or employees were provided a safe working environment in which to accomplish the tasks assigned by Rig Ventures, Inc.; and

i. In violating applicable federal regulations promulgated by OSHA and/or the U.S. Coast Guard and other applicable laws, rules, and regulations pertaining to workplace safety.

17. <u>General Maritime Claim at Law</u>

a.      Plaintiff realleges and incorporates in support of the instant claim all allegations of negligence asserted herein against Rig Ventures, Inc., Emilio Sanchez, Phil Wells, and Richard Jaross.

b.      Plaintiff avers he is an employee of Rig Ventures, Inc. pursuant to 33 USCS § 902(3), Longshore and Harbor Worker's Compensation Act, herein "The Act," and that Rig Ventures, Inc. is his employer, or borrowed employer, pursuant to The Act.

c.      Plaintiff otherwise invokes the application of The Act as may be applicable herein.

d.      Plaintiff avers Rig Ventures, Inc. has failed to secure payment as required by The Act, and seeks to maintain the instant action for the full measure of his damage and any and all consequential damages, as alleged herein below, pursuant to the general maritime law and at law, pursuant to §§ 905(a) and 905(b);

e.      Plaintiff avers each and every of defendants' acts and omissions constituting negligence alleged in support of the instant cause of action were proximate causes of the injuries and damages sustained by plaintiff and alleged below;

f.      Plaintiff invokes the application of § 938 of The Act. Plaintiff alleges Rig Ventures, Inc.'s president, secretary, and treasurer are severally personally liable, jointly with Rig Ventures, Inc. for any and all damages accruing under The Act.

18.     <u>Respondeat Superior – Rig Ventures/Phil Wells:</u> Regardless of the nomenclature by which Rig Ventures may classify Defendant Phil Wells, Mr. Wells and other members of the crew of the OCEAN 66 were employees of Rig Ventures, Inc. at the time of the incident giving rise to this lawsuit because the nature of the relationship between Rig Ventures, Inc. and such members of the crew of OCEAN 66 was that of employer/employee rather than some other relationship. Facts indicating an employer/employee relationship include, among other things:

a.      Rig Ventures, Inc. maintained the right to control the progress, details, and methods of operations of the alleged employees' work, including maintaining and/or exercising control over, or maintaining the right to control:
   1. when and where to begin and stop work and the regularity of hours;
   2. the amount of time spent on particular aspects of the work;
   3. the tools and appliances used to perform the work; and/or
   4. the physical method or manner of accomplishing the end result.
b.      Rig Ventures, Inc. owned the equipment and machinery used during the incident in question and at other times, and did not require that the alleged employees furnish their own tools or equipment;
c.      Rig Ventures, Inc. was free to determine the method of payment to the members of the crew of the OCEAN 66; and

d.   Rig Ventures, Inc. paid the members of the crew on a unit of time basis rather than per the job.

Therefore, Rig Ventures, Inc. is vicariously liable for the acts and omissions of Defendant Phil Wells and other members of the crew of the OCEAN 66 pursuant to the doctrine of respondeat superior.

19.   Respondeat Superior/ Agency – Rig Ventures/Emilio Sanchez:   Rig Ventures, Inc. is liable by the doctrines of Respondeat Superior, Agency, Ostensible Agency, and Agency by Estoppel for the acts and omissions of its president, Emilio Sanchez, who was negligent and grossly negligent for failing to adequately train and supervise the employees and laborers of Rig Ventures, Inc., and for otherwise failing to act with reasonable prudence by failing to ensure Plaintiff was provided a reasonably safe workplace in which to accomplish the tasks assigned to him by Rig Ventures, Inc. and its agents, servants, and/or employees.

20.   Joint enterprise – Rig Ventures, Inc./Phil Wells:   Phil Wells and Rig Ventures, Inc. were engaged in a joint enterprise or joint venture.   Particularly, Phil Wells and Rig Ventures, Inc. had an agreement and common purpose to be carried out by them, there existed a community of pecuniary interest in that purpose, and Rig Ventures, Inc. and Phil Wells had an equal right to a voice in the direction of the enterprise, which gives an equal right of control. Accordingly, each is liable for the acts of the other as pleaded herein.

21.   Agency – Rig Ventures, Inc./Phil Wells:   In the alternative, Phil Wells was an agent, ostensible agent, and/or agent by estoppel of Rig Ventures, Inc. acting within the course and scope of his agency at all times relevant hereto, and Rig Ventures, Inc. maintained the right of control over the details of the conduct of Phil Wells giving rise to this suit. Rig Ventures, Inc.

is thus liable for the negligent and grossly negligent acts of Phil Wells pursuant to the doctrine of Agency, Ostensible Agency, and Agency by Estoppel.

22.   Agency – Rig Ventures, Inc./Richard Jaross: Richard   Jaross   was   an   agent, ostensible agent, and/or agent by estoppel of Rig Ventures, Inc. acting within the course and scope of his agency at all times relevant hereto, and Rig Ventures, Inc. maintained the right of control over the details of the conduct of Richard Jaross giving rise to this suit.  Rig Ventures, Inc. is thus liable for the negligent and grossly negligent acts of Richard Jaross pursuant to the doctrine of Agency, Ostensible Agency, and Agency by Estoppel.

23.   Mission – Rig Ventures, Inc./ Phil Wells:   Defendant   Rig   Ventures,   Inc.   is liable for the negligent and grossly negligent acts and omissions of Phil Wells pursuant to the theory of Mission because Defendant Rig Ventures, Inc. stood to benefit from the acts and omissions of Phil Wells and Defendant Rig Ventures, Inc. maintained the right of control over the work performed by Phil Wells.

24.   Mission – Rig Ventures, Inc./ Richard Jaross:      Defendant Rig Ventures, Inc. is liable for the negligent and grossly negligent acts and omissions of Richard Jaross pursuant to the theory of Mission because Defendant Rig Ventures, Inc. stood to benefit from the acts and omissions of Richard Jaross and Defendant Rig Ventures, Inc. maintained the right of control over the work performed by Richard Jaross.

25.   Joint Enterprise – Rig Ventures, Inc./ Richard Jaross:   Defendant Rig Ventures, Inc. and Defendant Richard Jaross were engaged in a joint enterprise or joint venture pertaining to the salvage operations of the OCEAN 66.  Particularly, Richard Jaross and Rig Ventures, Inc. had an agreement and common purpose to be carried out by them, there existed a community of pecuniary interest in that purpose, and Rig Ventures, Inc. and Richard Jaross had an equal right

to a voice in the direction of the enterprise, which gives an equal right of control.    Accordingly, each is liable for the acts of the other as pleaded herein.

26.    <u>Peculiar-Risk and Inherently-Dangerous Doctrines</u>: Pleading alternatively, Plaintiff pleads, in connection with each and every cause of action plead herein, the peculiar-risk and inherently-dangerous doctrines as exceptions to the general rule of non-liability for independent contractors.   In support of the application of such doctrines, Plaintiff avers the salvage work performed at all times relevant hereto was inherently dangerous and that Defendants Rig Ventures, Emilio Sanchez, and Richard Jaross failed to undertake reasonable precautions to protect against the inherently dangerous nature of the work to be performed aboard OCEAN 66, including but not limited to failing to provide equipment and machinery in good working order and/or failure to arrange for competent repair of equipment and machinery and/or failure to hire, train, and/or supervise personnel competent to handle the tasks to be performed aboard OCEAN 66.

## VIII.

## CAUSE OF ACTION AGAINST PHIL WELLS

27.  Plaintiff realleges in support of the instant cause of action all facts pleaded above.

28.    Phil Wells breached his duties to Plaintiff and thereby proximately caused severe personal injury to Plaintiff through the following negligent and grossly negligent acts and/or omissions:

a.  In negligently operating the crane in a way to cause the pipe to be pulled from Plaintiff's hands before Plaintiff was able to regain his upright position and support his own weight, thereby causing Plaintiff to fall and incur injury;

b.  In failing to inform Plaintiff of his intention to remove the pipe from Plaintiff's hands at the time in question; and

c.  In failing to adequately train and/or supervise those under his supervision.

29.    <u>Gross Negligence</u>:    Defendant Wells' acts and omissions constitute malice and gross negligence as those terms are defined by Texas law, and Plaintiff seeks exemplary damages.

## IX.

## CAUSE OF ACTION AGAINST EMILIO SANCHEZ

30.  Plaintiff realleges in support of the instant cause of action all facts pleaded above.

31.    <u>Alter Ego – Emilio Sanchez/Rig Ventures, Inc.</u>:  Rig Ventures, Inc. is operated as a mere tool or business conduit of Emilio Sanchez and other shareholders.  Pursuant to the Alter Ego doctrine, Plaintiff requests the corporate shield be disregarded and that Emilio Sanchez and other shareholders of Rig Ventures be held completely liable for any judgment as may be rendered herein against Rig Ventures, Inc., in order that injustice may be avoided.  For the same reasons, among others, Plaintiff also seeks to Pierce the Corporate Veil to recover any judgment against Rig Ventures, Inc. from the personal assets of any and all shareholders of Defendant Rig Ventures, Inc.

32.    <u>General Maritime Claim at Law</u>  - <u>Joint and several liability with Rig Ventures, Inc.</u>:        Plaintiff realleges and incorporates by reference as if fully stated herein all allegations stated in Paragraph 17 of this petition.

## X.

## CAUSES OF ACTION AGAINST RICHARD JAROSS

33.     Plaintiff's claims against Richard Jaross are based on the general maritime law.

34.     _Negligence:_  Richard Jaross owed a duty, as overseer of the salvage of OCEAN 66 and joint venturer of Rig Ventures, Inc. in the salvage of OCEAN 66, to select competent laborers, to arrange for their adequate supervision, and to ensure machinery and equipment provided such laborers was in good working order.  Defendant Jaross breached such duties, and such breaches proximately caused Plaintiff's injuries and damages alleged herein.

35.     _Joint Enterprise – Rig Ventures, Inc./ Richard Jaross:_  Defendant Rig Ventures, Inc. and Defendant Richard Jaross were engaged in a joint enterprise or joint venture pertaining to the salvage operations of the OCEAN 66.  Particularly, Richard Jaross and Rig Ventures, Inc. had an agreement and common purpose to be carried out by them, there existed a community of pecuniary interest in that purpose, and Rig Ventures, Inc. and Richard Jaross had an equal right to a voice in the direction of the enterprise, which gives an equal right of control.   Accordingly, each is liable for the acts of the other as pleaded herein.

36.     _Joint Enterprise – Emilio Sanchez/Richard Jaross:_  Defendant Emilio Sanchez and Defendant Richard Jaross were engaged in a joint enterprise or joint venture pertaining to the salvage operations of the OCEAN 66.  Particularly, Richard Jaross and Emilio Sanchez had an agreement and common purpose to be carried out by them, there existed a community of pecuniary interest in that purpose, and Emilio Sanchez and Richard Jaross had an equal right to a voice in the direction of the enterprise, which gives an equal right of control.   Accordingly, each is liable for the acts of the other as pleaded herein.

## X.

## CAUSE OF ACTION AGAINST MOBILE OFFSHORE DRILLING

## UNIT (herein "MODU") "OCEAN 66"

37.   Plaintiff realleges in support of the instant cause of action all facts pleaded above.

38.   Plaintiff alleges vessel negligence of MODU "OCEAN 66" pursuant to 33 USCS § 905b for each and every of the reasons stated above in Paragraph 16 of this petition.

39.   Each and every alleged act of negligence was a proximate cause of Plaintiff's injuries and damages alleged herein.

## XI.

### CAUSATION AND DAMAGES

40.   Defendants' acts and omissions, taken singularly and in combination, were a proximate cause of Plaintiff's injuries, including:

a.   past and future medical expenses;

b.   past and future physical pain and mental anguish;

c.   past and future physical impairment; and

d.   past and future disfigurement.

## XII.

### EXEMPLARY DAMAGES

41.   Defendants' acts, when viewed objectively from the standpoint of Defendants at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which Defendants had actual subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.   Plaintiff seeks an award of exemplary damages against

Defendants for each act and omission plead herein, of sufficient size to punish them for their grossly negligent acts and omissions and for placing profit before safety, and to serve as a deterrent to similar conduct which may result in other injuries, suffering, and deaths in the future.

41.   Defendants, Emilio Sanchez, Richard Jaross, and Phil Wells, were each "vice principals" of Rig Ventures, Inc. as that term is defined by Texas law, thus Defendant Rig Ventures, Inc. is liable for the gross negligence and/or malice committed by Emilio Sanchez, Richard Jaross, and/or Phil Wells.

## XIII.

## JURY TRIAL

42.   In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs have requested a jury trial of twelve (12) persons and have tendered the required fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein and answer, and that, upon final hearing, Plaintiff have judgment against Defendants for his actual damages as specifically set out in this pleading, exemplary and punitive damages, prejudgment and postjudgment interest in the highest amount allowed by law, recoverable costs of court, and for such other and further relief, at law or equity, for which Plaintiff may show himself to be justly entitled and to which the Court and jury may believe him deserving.

Respectfully submitted,

RYAN KREBS, M.D., J.D.
State Bar Number 00792088
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(512) 478-2072
(512) 494-0420 (FAX)

SCOTT WEBRE
State Bar Number 21050070
556 JEFFERSON STREET
JEFFERSON TOWERS, SUITE 200
LAFAYETTE, LA 70501
(337) 593-4178
(337) 593-4159 FAX

LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, TX 78520
(956) 541-4982
(956) 544-3152 (FAX)

FRANK COSTILLA
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing document was served on counsel for all parties that have appeared, as indicated below, on this ___9___ day of February, 2004:

Luis R. Hernandez                           CMRRR
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

Plaintiff's Third Amended Petition
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 14

AURORA DE LA GARZA, CLL...

FEB 1 1 2004

DISTRICT COURT OF ...

DEPU

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

### MOTION TO COMPEL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **RIG VENTURES, INC.**, Defendant in the above styled and numbered cause and files this its Motion to Compel Testimony from Plaintiff James David Gilbert and as grounds thereof would show unto the Court as follows:

**I.**

On or about December 17, 2003 Defendant took the deposition of the Plaintiff James David Gilbert regarding among other things, his use of drugs. The Plaintiff was asked when the last time he used any type of drug; whether he was addicted to any drug; and any attempts the Plaintiff has made to cure himself of alcohol addiction. (See Exhibit "A"; James David Gilbert's Deposition, Pages 18-20). Such questions were not answered on the advise of Plaintiff's counsel. Such refusal is without justification.

WHEREFORE PREMISES CONSIDERED, Defendant moves that this matter be set for a hearing, and that upon final hearing, that Plaintiff be required to fully respond to these questions, and any follow-up questions regarding his response and for any and other relief both general and special for which it may show itself justly entitled.

EXHIBIT NO. 23

DATED:  February ___9___, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

By:_____
    Luis R. Hernandez
    State Bar of Texas No. 09518900

**ATTORNEYS FOR DEFENDANTS,**
**RIG VENTURES, INC. and EMILIO SANCHEZ.**

## CERTIFICATE OF SERVICE

I, Luis R Hernandez, hereby certify that a true and correct copy of the foregoing

**MOTION TO COMPEL** was served February _____9_____, 2004 in the manner(s) indicated below

upon the following Counsel-of-record:

**COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
Scott D. Webre
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana 70501
*(Certified United States Mail, R.R.R., #7002 2030 0007 1000 2228)*

**CO-COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
*(Certified United States Mail, R.R.R. #7002 2030 0007 1000 2235)*

**CO-COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
Alejandro J. Garcia
THE LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, Texas 78520
*(Certified United States Mail, R.R.R., #7002 2030 0007 1000 2242)*

_____
Luis R. Hernandez

**Page 17**

1 Q Well, have you taken any drugs within the
2 last 24 hours that would affect you in any way in
3 this deposition?
4 A No, sir.
5 Q Have you had a drink in the last 24 hours
6 that might still be with you and affect your answers
7 in this deposition?
8 A No, sir.
9 Q Do you drink?
10 A Yes, sir.
11 Q How would you classify your drinking,
12 social or a great deal, or what?
13 A I drink every day.
14 Q Every day. How much do you drink every
15 day?
16 A About a six pack or six pack and a half of
17 beer.
18 Q Every day?
19 A Yes, sir.
20 Q Starting what time?
21 A Starting after lunch.
22 Q So it's pretty much consistent after lunch
23 throughout the rest of the day?
24 A Yes, sir.
25 Q Did you drink a six pack and a half

**Page 18**

1 yesterday?
2 A No, sir.
3 Q You didn't?
4 A (Nodding head.)
5 Q When was the last drink you had?
6 A Last night I had a beer.
7 Q A beer?
8 A Yes, sir.
9 Q Or several beers?
10 A One beer and two glasses of wine.
11 Q What about drugs, Mr. Gilbert, when was
12 the last time you had any type of a drug?
13 MR. WEBRE: Objection, form. You
14 don't have to answer that. If you want to ask him
15 about any drug use while he was working or during
16 the period of time he was aboard OCEAN 66 --
17 Q (BY MR. FLEMING) Mr. Gilbert --
18 MR. WEBRE: Are you instructing --
19 Q (BY MR. FLEMING) Your counsel has
20 instructed you not to answer the question. Are you
21 going to refuse to answer it?
22 MR. WEBRE: Yes, he is going to
23 refuse to answer it.
24 THE WITNESS: Yes.
25 MR. FLEMING: Counsel, I'm not taking

**Page 19**

1 your deposition.
2 MR. WEBRE: I understand.
3 MR. FLEMING: You need to look at the
4 rules.
5 MR. WEBRE: I'm familiar with the
6 rules.
7 MR. FLEMING: You have three
8 objections. Please don't interrupt anymore. Make
9 those three objections, otherwise we'll take it in
10 front of a judge.
11 MR. WEBRE: I've instructed my client
12 not to answer the question.
13 Q (BY MR. FLEMING) Are you going to refuse
14 to answer that question?
15 A Yes, sir.
16 Q Are you addicted to any drug?
17 MR. WEBRE: Objection, form, and you
18 don't have to answer that question.
19 Q (BY MR. FLEMING) Are you going to refuse
20 to answer that question?
21 A Yes, sir.
22 Q Are you addicted to alcohol?
23 A Yes, sir.
24 Q And how long have you been so addicted?
25 A Sir?

**Page 20**

1 Q How long have you been addicted to
2 alcohol?
3 A Probably since '78 or so.
4 Q Have you made any attempt to cure yourself
5 of that addiction?
6 MR. WEBRE: Objection, form, and I'll
7 instruct you to not answer that question.
8 Q (BY MR. FLEMING) Are you going to follow
9 your counsel's instruction not to answer those
10 questions?
11 A Yes, sir.
12 Q Were you addicted to alcohol at the time
13 that you took the job on the offshore drill rig
14 called the OCEAN 66?
15 A Yes, sir.
16 Q Okay. Did you consume alcohol while you
17 were onboard the OCEAN 66?
18 A Occasionally we had liquor sent out there
19 and we consumed, but it was very rare, yes.
20 Q Did you consume or take any type of drugs
21 while you were aboard the OCEAN 66?
22 A No. No, sir.
23 Q Tell me about how many times you have ever
24 been on an offshore oil -- well, let me back up.
25 What is your experience on oil rigs,

Defendant's
EXHIBIT NO. "A"

## APPLICATION FOR CERTIFICATE OF AUTHORITY

FILED
In the Office of the
Secretary of State of Texa

DEC 0 6 1994

Corporations Section

Pursuant to the provisions of Article 8.05 of the Texas Business Corporation Act, the undersigned corporation hereby applies for a certificate of authority to transact business in Texas:

1.   The name of the corporation is Rig Ventures, Inc.

2.   If the corporate name is not available in Texas, the name under which the corporation will qualify and transact business in Texas is Rig Ventures of Brownsville.

3.   It is incorporated under the laws of the State of Delaware.

4.   The date of the incorporation is October 24, 1994, and the period of duration is perpetual.

5.   The address of its principal office in the State of Delaware is 32 Loockerman Square, Suite L-100, Dover, Kent County, Delaware 19904.

6.   The street address of its proposed registered office in Texas is 6665 East 14th Street, Brownsville, Cameron County, Texas 78521, and the name of the proposed registered agent in Texas at such address is Emilio Sanchez.

7.   The purpose or purposes of the corporation which it proposes to pursue in the transaction of business in Texas are to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware.

8.    It is authorized to pursue such purpose or purposes in the state or county under the laws of which it is incorporated.

9.    The names and respective addresses of its Directors are:

Emilio Sanchez
6665 East 14th Street
Brownsville, Texas 78521;

Jorge E. Sanchez
6665 East 14th Street
Brownsville, Texas 78521; and

Nick Soto
6665 East 14th Street
Brownsville, Texas 78521.

10.    The names and respective addresses of its officers are:

Emilio Sanchez, President
6665 East 14th Street
Brownsville, Texas 78521;

Jorge E. Sanchez, Vice President
6665 East 14th Street
Brownsville, Texas 78521; and

Nick Soto, Secretary-Treasurer
6665 East 14th Street
Brownsville, Texas 78521.

11.    The aggregate number of shares which it has authority to issue, itemized by classes, par value of shares, shares without par value, and series, if any, within a class is:

| Number of Shares | Class | Series | Par Value Per Share |
|---|---|---|---|
| 1500 | Common | None | No Par |

APPLICATION FOR CERTIFICATE OF AUTHORITY                                      Page 2 of 3

12. The aggregate number of its issued shares, itemized by classes, par value of shares, shares without par value, and series, if any, within a class is:

| Number of Shares | Class | Series | Par Value Per Share |
|---|---|---|---|
| 100 | Common | None | No Par |

13. The amount of its stated capital is One Thousand ($1,000.00) Dollars.

14. Consideration of the value of at least One Thousand ($1,000.00) Dollars has been paid for the issuance of its shares.

15. This application is accompanied by a certificate issued by the Secretary of State of the State of Delaware evidencing the corporate existence and dated within 90 days of the date of receipt of the application.

**RIG VENTURES, INC.**

By: _____

Emilio Sanchez
its President

## § 325. Actions against officers, directors or stockholders to enforce liability of corporation; unsatisfied judgment against corporation.

(a) When the officers, directors or stockholders of any corporation shall be liable by the provisions of this chapter to pay the debts of the corporation, or any part thereof, any person to whom they are liable may have an action, at law or in equity, against any 1 or more of them, and the complaint shall state the claim against the corporation, and the ground on which the plaintiff expects to charge the defendants personally.

(b) No suit shall be brought against any officer, director or stockholder for any debt of a corporation of which he is an officer, director or stockholder, until judgment be obtained therefor against the corporation and execution thereon returned unsatisfied. (8 Del. C. 1953, § 325; 56 Del. Laws, c. 50.)

**The purpose of this section** is to prescribe the manner in which actions are pursued and not to restrict causes of action that have traditionally been available to creditors independently of the corporation law. Lone Star Indus., Inc. v. Redwine, 757 F.2d 1544 (5th Cir. 1985).

**Judgment and unsatisfied execution against corporation as condition precedent.** — Obtaining a judgment and unsatisfied execution against the corporation is a condition precedent to the employment of the remedies mentioned in this section by the creditor directly against the stockholders. The law does not permit a creditor to collect his claim from stockholders if he can recover it from the corporation, and the only way his inability to do this can be shown to the court is by a judgment and unsatisfied execution. But if he proceeds independently of that statute, by a bill asking for the appointment of receivers on the ground of insolvency, a judgment and execution are not required because the court is compelled to determine the very fact that the judgment and execution are designed to establish. John W. Cooney Co. v. Arlington Hotel Co., Del. Supr., 106 A. 39 (1918).

**This section is plainly irrelevant in copyright infringement action,** since it is not a suit against an officer, director or stockholder for the debts of a corporation. Hideout Records & Distribs. v. El Jay Dee, Inc., 601 F. Supp. 1048 (D. Del. 1984).

**Joint liability.** — A director who joins with his associate directors in the wrongful authorization of the management is jointly liable with them for the injury which it did to the corporation. Eshleman v. Keenan, Del. Ch., 187 A. 25 (1936).

**Unpaid subscriptions.** — The debts of the company not having been ascertained and there being no showing that the assessment or collection on an unpaid subscription was necessary either for the payment of debts of the corporation or for the purpose of equalization among the stockholders, suit could not be maintained on a stock subscription note against a stockholder by a receiver for the unpaid subscription. Philips v. Slocomb, Del. Supr., 167 A. 698 (1933).

**Mere act of voting did not justify charge of participation in conspiracy.** — The mere act of a large corporate shareholder in a transferee corporation in voting in favor of a purchase of assets at an allegedly grossly exaggerated price could not of itself justify a charge against the shareholder of wrongful participation in an alleged conspiracy. Heil v. Standard Gas & Elec. Co., Del. Ch., 151 A. 303 (1930).

**Sole ownership of stock and common directors and officers between parent and subsidiary** are only some of the factors to be considered by courts in determining whether or not the corporate fiction should be disregarded and the shareholders held liable. Scott-Douglas Corp. v. Greyhound Corp., Del. Super., 304 A.2d 309 (1973).

It requires a strong case to induce a court to consider 2 corporations as 1 on account of 1 owning all the capital stock of the other. Scott-Douglas Corp. v. Greyhound Corp., Del. Super., 304 A.2d 309 (1973).



EXHIBIT NO. C

CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| PHIL WELLS;  RICHARD JAROSS; and | § | |
| MODU "OCEAN 66" | § | 103rd JUDICIAL DISTRICT |

---

## PLAINTIFF'S MOTION FOR ISSUANCE OF LETTERS ROGATORY FOR ORAL DEPOSITION AND DEPOSITION ON WRITTEN QUESTIONS TO LOUISIANA WITNESS

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES DAVID GILBERT, hereinafter sometimes referred to as "Plaintiff," and request this Court issue letter rogatory pursuant to TRCP 201.1(c), and in support hereof would show:

1.      This is a personal injury action alleging plaintiff was injured aboard mobile offshore drilling unit, MODU OCEAN 66, a vessel in navigable waters in the state of Louisiana.

2.      Plaintiff was injured during activities involving the operation of a crane that was a permanent fixture of MODU OCEAN 66, which was sold to Defendant Rig Ventures, Inc. by Murphy Exploration and Production Company, which maintains a principle place of business in New Orleans, Louisiana.

3.      Plaintiff seeks to discover, among other things, the repair and maintenance logs of the crane in question from Murphy Exploration and Production Company. Plaintiff also seeks to depose the corporate representative of Murphy Exploration and Production Company with most knowledge pertaining to its dealings, agreements, and relationship with Defendants Rig

EXHIBIT NO. 24

Ventures, Inc., Emilio Sanchez, and Richard Jaross, and also with regard to operations aboard OCEAN 66 during the time in question.

4.    Plaintiff requests this Court issue letters rogatory in the form attached, requesting the The Appropriate Authority of the Civil District Court for the Parish of Orleans, State of Louisiana, to issue subpoena and subpoena duces tecum, requiring the appearance of the below described witness at the below described location and date, for the purpose of providing oral testimony and producing records pursuant to subpoena duces tecum as described below:

WITNESS:    Corporate representative of Murphy Exploration & Production Company with most knowledge pertaining to the sale of OCEAN 66 to Rig Ventures, Inc., including all negotiations with Rig Ventures regarding Plan of Operations or oversight of salvage operations to be conducted aboard OCEAN 66.

LOCATION:    Associated Reporters
201 St. Charles Ave.
Suite 3811
New Orleans, LA  70170
(504) 529-3355

DATE:    March 25, 2004
TIME:    10:00 a.m.

RECORDS TO BE PRODUCED pursuant to subpoena duces tecum:

1.    Any and all maintenance logs, repair logs, or other documents pertaining to any and all cranes affixed to OCEAN 66;
2.    any and all documents of whatever kind evidencing that any crane affixed to OCEAN 66 was taken out of service at any time;
3.    The Plan of Execution submitted by Rig Ventures, Inc. to Murphy Exploration and Production Company as referenced by the September 29, 2000 Memorandum of Agreement.
4.    The "duly executed Bill of Sale referenced by the September 29, 2000 Memorandum of Agreement, section 12(b).
5.    Any and all documents reflecting the Wire Transfer referenced by the September 29, 2000 Memorandum of Agreement, section 12(c).
6.    The completed Protocol of Delivery and Acceptance referenced by the September 29, 2000 Memorandum of Agreement, Section 12(d).
7.    Any and all policies of insurance referenced by the September 29, 2000 Memorandum of Agreement, Section 9.
8.    Any and all notifications to Murphy Exploration and Production Company referenced by the September 29, 2000 Memorandum of Agreement, Section 9.

Plaintiff's Motion for Issuance of Letters Rogatory
*Gilbert vs. Rig Ventures. Inc. et al.*
Page 2

9. Any and all notifications provided Rig Ventures, Inc. by Murphy Exploration and Production Company, as referenced by the September 29, 2000 Memorandum of Agreement, Section 13.

10. Any and all drawings referenced by the September 29, 2000 Memorandum of Agreement, Section 13, or any other drawings or blueprints pertaining to that portion of the Ocean 66 at which the incident in question occurred.

11. Any and all certificates of vessel documentation regarding the Ocean 66 issued by the United States Coast Guard.

12. Any correspondence sent/received Murphy Exploration and Production Company to/from Rig Ventures, Inc.;

13. Any correspondence sent/received Murphy Exploration and Production Company to/from Richard Jaross;

14. Any correspondence sent/received by Murphy Exploration and Production Company to/from Emilio Sanchez;

15. Any correspondence sent/received by Murphy Exploration and Production Company to/from Mystic Shipping, Inc.;

16. Any notes reflecting or evidencing phone discussions between any employee or representative of Murphy Exploration and Production Company and Emilio Sanchez, Richard Jaross, and/or any employee or representative of Rig Ventures, Inc.

5. Plaintiff certifies that any and all applicable rules of procedure or substance as may be required by the Civil District Court of Louisiana as pertains to the depositions requested herein shall be fully complied with. In this regard, Plaintiff avers the undersigned attorney, Scott Webre, is licensed to practice law in the State of Louisiana.

## PRAYER

WHEREFORE, premises considered, plaintiff requests the court issue letters rogatory pursuant to TRCP 201.1(c) as requested herein and in the form attached hereto, and for such other relief to which Plaintiff may be justly entitled.

Plaintiff's Motion for Issuance of Letters Rogatory
*Gilbert vs. Rig Ventures. Inc. et al.*
Page 3

Respectfully submitted,


RYAN KREBS, M.D., J.D.
State Bar Number 00792088
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(512) 478-2072
(512) 494-0420 (FAX)


SCOTT WEBRE
State Bar Number 21050070
556 JEFFERSON STREET
JEFFERSON TOWERS, SUITE 200
LAFAYETTE, LA 70501
(337) 593-4178
(337) 593-4159 FAX


LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, TX  78520
(956) 541-4982
(956) 544-3152 (FAX)

_____
SCOTT WEBRE
ATTORNEYS FOR PLAINTIFFS


## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing document was served on counsel for all parties that have appeared, as indicated below, on this ___11th___ day of February, 2004:

Luis R. Hernandez                    CM RRR   Fax   mail
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX  78521

Plaintiff's Motion for Issuance of Letters Rogatory
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 4

[PROPOSED DRAFT LETTERS ROGATORY]

To the Appropriate Authority in the Parish of Orleans
Civil District Court
Parish of Orleans
304 Civil Courts Bldg.
421 Loyola Ave.
New Orleans, LA 70112

      Re:    *Gilbert vs. Rig Ventures, et al*; Cause No. 2002-11-4448-D; in the
              103rd Judicial District Court; Cameron County, Texas

Dear Sir or Madam:

      Pursuant to Texas Rule of Procedure 201.1(a), a similar law to LA RS 13:3823,
the 103rd District Court of the State of Texas hereby respectfully submits this LETTER
ROGATORY, requesting the appropriate authority of the State of Louisiana, Civil
District Court, Parish of Orleans, to require the attendance of the person named below at
the date and time identified below for the purpose of answering questions under oath in
connection with the above-referenced matter in the form of an oral deposition, and to
produce for inspection and copying at such deposition the documents identified below.

| | |
|---|---|
| WITNESS: | Corporate representative of Murphy Exploration & Production Company with most knowledge pertaining to the sale of OCEAN 66 to Rig Ventures, Inc., including all negotiations with Rig Ventures regarding Plan of Operations or oversight of salvage operations to be conducted aboard OCEAN 66, WHO MAY BE SERVED WITH PROCESS at its usual place of business, 131 South Robertson Street, New Orleans, LA 70112 |
| LOCATION: | Associated Reporters<br>201 St. Charles Ave.<br>Suite 3811<br>New Orleans, LA 70170<br>(504) 529-3355 |
| DATE: | March 25, 2004 |
| TIME: | 10:00 a.m. |

RECORDS TO BE PRODUCED pursuant to subpoena duces tecum:

1. The Plan of Execution submitted by Rig Ventures, Inc. to Murphy Exploration and Production Company as referenced by the September 29, 2000 Memorandum of Agreement.
2. The "duly executed Bill of Sale referenced by the September 29, 2000 Memorandum of Agreement, section 12(b).
3. Any and all documents reflecting the Wire Transfer referenced by the September 29, 2000 Memorandum of Agreement, section 12(c).

4. The completed Protocol of Delivery and Acceptance referenced by the September 29, 2000 Memorandum of Agreement, Section 12(d).

5. Any and all policies of insurance referenced by the September 29, 2000 Memorandum of Agreement, Section 9.

6. Any and all notifications to Murphy Exploration and Production Company referenced by the September 29, 2000 Memorandum of Agreement, Section 9.

7. Any and all notifications provided Rig Ventures, Inc. by Murphy Exploration and Production Company, as referenced by the September 29, 2000 Memorandum of Agreement, Section 13.

8. Any and all drawings referenced by the September 29, 2000 Memorandum of Agreement, Section 13, or any other drawings or blueprints pertaining to that portion of the Ocean 66 at which the incident in question occurred.

9. Any and all certificates of vessel documentation regarding the Ocean 66 issued by the United States Coast Guard.

10. Any and all maintenance logs, repair logs, or other documents pertaining to any and all cranes affixed to OCEAN 66;

11. any and all documents of whatever kind evidencing that any crane affixed to OCEAN 66 was taken out of service at any time;

12. Any correspondence sent/received Murphy Exploration and Production Company to/from Rig Ventures, Inc.;

13. Any correspondence sent/received Murphy Exploration and Production Company to/from Richard Jaross;

14. Any correspondence sent/received by Murphy Exploration and Production Company to/from Emilio Sanchez;

15. Any correspondence sent/received by Murphy Exploration and Production Company to/from Mystic Shipping, Inc.;

16. Any notes reflecting or evidencing phone discussions between any employee or representative of Murphy Exploration and Production Company and Emilio Sanchez, Richard Jaross, and/or any employee or representative of Rig Ventures, Inc.

Pursuant to this request, this Court respectfully requests the appropriate authority of the Parish of Orleans issue a subpoena requiring the attendance of the person named above and producing the documents identified above, and arrange for service of process of such subpoena and subpoena duces tecum.

This Court has directed Plaintiff in the above styled and numbered cause to pay in advance any fees and expenses associated with this request. This Court has directed the Parties to this proceeding interested in participating in the deposition in question to comply with any and all applicable rules of procedure or substance as may be required by the Appropriate Authority of the Parish of Orleans.

This Court is available to answer any questions or concerns you may have. Thank you very much for your cooperation in this matter.

Respectfully,

CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| PHIL WELLS; RICHARD JAROSS; and | § | |
| MODU "OCEAN 66" | § | 103rd JUDICIAL DISTRICT |

## MOTION TO COMPEL ENTRY UPON PROPERTY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES DAVID GILBERT, hereinafter sometimes referred to as "Plaintiff," and request this Court compel Defendant to allow entry upon its property more specifically described below, and in support hereof would show:

1.      This is a personal injury action alleging plaintiff was injured aboard mobile offshore drilling unit, MODU OCEAN 66, a vessel in navigable waters in the state of Louisiana.

2.      Plaintiff was injured during salvage or repair activities aboard MODU OCEAN 66, owned by Defendant Rig Ventures, Inc.

3.      Plaintiff has requested an opportunity to RE-examine OCEAN 66 (See attached EXHIBIT A) because Plaintiff now has an expert witness that needs to examine the location of the injury producing accident in order to formulate opinions.  Plaintiff did not have an expert witness at the time of the original inspection.

4.      Defendant has rejected Plaintiff's request to re-examine OCEAN 66, suggesting it might reconsider if Plaintiff would pay expenses and fees for Defendant's time, which Plaintiff is unwilling and unable to do. (See attached correspondence, EXHIBIT B)

EXHIBIT NO. 25

## CERTIFICATE OF CONFERENCE

Plaintiff has attempted to resolve this matter without the necessity of court intervention, to no avail, as reflected by the attached correspondence offered for the Court's consideration.

## PRAYER

WHEREFORE, premises considered, Plaintiff requests the Court GRANT plaintiff's request for re-examination of OCEAN 66 at the earliest opportunity, and for such other relief to which Plaintiff is justly entitled.

Respectfully submitted,

RYAN KREBS, M.D., J.D.
State Bar Number 00792088
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(512) 478-2072
(512) 494-0420 (FAX)

SCOTT WEBRE
State Bar Number 21050070
556 JEFFERSON STREET
JEFFERSON TOWERS, SUITE 200
LAFAYETTE, LA 70501
(337) 593-4178
(337) 593-4159 FAX

LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, TX 78520
(956) 541-4982
(956) 544-3152 (FAX)

SCOTT WEBRE
ATTORNEYS FOR PLAINTIFFS

Plaintiff's Motion to Compel Entry Upon Property
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 2

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing document was served on counsel for all parties that have appeared, as indicated below, on this _12_ day of February, 2004:

Luis R. Hernandez                    CMRRR
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

Plaintiff's Motion to Compel Entry Upon Property
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 3

# SCOTT D. WEBRE
### ATTORNEY AT LAW

556 JEFFERSON STREET
JEFFERSON TOWERS, SUITE 200
LAFAYETTE, LOUISIANA 70501
(337) 593-4178    (337) 593-4159 FAX

*Licensed in Louisiana and Texas*

---

February 9, 2004

<u>*Via fax (956) 982-0943*</u>
Mr. Luis R. Hernandez
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

      Re:    *Gilbert vs. Rig Ventures, et al*; Cause No. 2002-11-4448-D; in the 103rd Judicial
             District Court; Cameron County, Texas

Dear Luis:

      I would like to obtain records maintained by Murphy Oil regarding the Ocean 66, most importantly, the maintenance and repair log of the crane. Will you submit a letter to Murphy indicating your client's agreement to the release of these documents? If not, we will have to move the court to issue letters rogatory, and surely we should be able to obtain those documents.

      Additionally, I would like to reinspect the OCEAN 66. Will you agree to same without necessity of court order? If it matters, it would not be necessary for any representative of your clients to attend the inspection.

      Thank you.

                    Sincerely,

                    Scott Webre

SW

cc:    Hondo Garcia
       Ryan Krebs



# FLEMING & HERNANDEZ, P.C.
Attorneys at Law
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521 1602

Tom Fleming
Luis R. Hernandez
Jeffrey G. Mathews

(956) 982-4404
FAX (956) 982-0943
fleming&hernandez@bizrgv.rr com
February 10, 2004

Rolando Olvera, P.C.
Of Counsel

Mr. Scott D. Webre                          *VIA FACSIMILE ONLY:337-593-4178*
ATTORNEY AT LAW
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana 70501

> **Re:** **Cause No. 2002-11-4448-D**
> **in the 103rd Judicial District Court**
> **Cameron County, Texas**
> *James David Gilbert*
> *v.*
> *Rig Ventures, Inc.; Emilio Sanchez and Phil Wells*

Dear Scott:

I am not authorized to enter into an agreement to release documents regarding the maintenance and repair log of the crane aboard the *Ocean 66*. Please proceed with letters rogatory if necessary, though I would suppose a subpoena would be sufficient.

Furthermore, I cannot agree to allow you to reinspect the *Ocean 66*, even if our corporate representatives are not necessary for this inspection. I will not allow you to board this vessel without a court order. I could possibly convince my client if its time and expenses were paid for, but can give you no guarantees.

Finally, I am attaching a copy of the January 30th document you sent regarding documents requested of Norma Garza at her deposition. I was hoping I could get an original of that document, though I have not received it as of this date. What do you want?

Very truly yours,

FLEMING & HERNANDEZ, P.C.

By: _____
Luis R. Hernandez

LRH/alt
Attachment
cc(w/attach.):      Mr. Emilio Sanchez                *VIA FACSIMILE ONLY:956-831-3142*



CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

FILED 3:48 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

FEB 23 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## RESPONSE
## TO
## PLAINTIFF'S MOTION TO COMPEL ENTRY UPON PROPERTY

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants **Rig Ventures, Inc. and Emilio Sanchez** file this their response to the Plaintiff's motion requesting this Court order yet another entry by Plaintiff and his representatives aboard the MODU OCEAN 66, and would show:

### I.

Plaintiffs were allowed unrestricted access to the OCEAN 66 on July 15, 2003. Both of Plaintiff's Counsel appeared for the inspection and were accompanied by a representative of Defendant **Rig Venture, Inc.** at the sole expense of that Defendant. This expense included transportation costs from Brownsville, Texas to Lake Charles, Louisiana plus salary and overtime for the Defendant's representative. Plaintiff's Counsel were allowed to inspect and photograph any and all parts of the decks and equipment aboard the OCEAN 66 and were not prevented from inspecting, measuring, surveying, photographing or conducting non-destructive testing or sampling.



EXHIBIT NO. 26

In addition, all photographs taken by Defendant's representative during the inspection have been provided Plaintiff.

## II.

The Plaintiff's letter request to "reinspect" the OCEAN 66 contained in Exhibit A to the Plaintiff's motion to compel does not meet the requirements of Rule 196.7(b), Texas Rules of Civil Procedure. Specifically, the letter request does not state the time, place, manner, conditions and scope of the inspection nor does such request describe any desired means, manner and procedure for testing or sampling and the person or persons by whom the inspection, testing or sampling is to be made.

## III.

Plaintiffs have no right to board a vessel afloat in United States waters without being accompanied by a representative of the owner of that vessel nor does the owner of such a vessel have any obligation to allow an inspection of that vessel by private parties. Plaintiff is requesting this Court compel Defendant **Rig Ventures, Inc.** to allow undisclosed private individuals unlimited access to the OCEAN 66 on a date not certain to conduct a "reinspect"ion of that vessel. Plaintiff specifically refuses to pay the expense of Defendant's representative yet has, prior to the first inspection, hesitated to execute release and indemnification agreements for the benefit of both **Rig Ventures, Inc. and Emilio Sanchez.** Under the circumstances and pleadings currently before this Court, both Defendants would be subject to claims of liability in the event Plaintiff or any of his representatives were injured while aboard the OCEAN 66. Defendants, for their own protection, must have a representative

accompany any persons who board the OCEAN 66 yet should not be required to incur

additional expenses simply because Plaintiff was not capable or was unprepared to

conduct a complete inspection on the first visit to the OCEAN 66.

Defendants pray this Court deny Plaintiff's motion to compel entry onto the

MODU OCEAN 66 or, in the alternative, require Plaintiff to comply with Rule 196.7 in

all respects; pay for the expenses, salary and overtime of Defendant's representative

to accompany all visitors aboard the vessel; require all visitors to execute release and

indemnity agreements to the benefit of both **Rig Ventures, Inc. and Emilio Sanchez**;

and provide to Defendants the results of such inspection and the reports made as a

result of any inspections, tests or sampling through non-destructive methods.

Defendants further pray the Court order that no tests or sampling be destructive nor

conducted in such a manner as to harm any part of the vessel and that no equipment

aboard the OCEAN 66 be mobilized, started or powered by Plaintiff or his

representatives. Defendants further pray recovery of their attorney's fees and costs

incurred in responding to Plaintiff's motion to compel.

DATED: February *23*, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

by: _____

**Tom Fleming**
State Bar of Texas No. 07133000

**Luis R. Hernandez**
State Bar of Texas No. 09518900

**ATTORNEYS FOR DEFENDANTS,
RIG VENTURES, INC. and EMILIO SANCHEZ.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ENTRY UPON PROPERTY were served February $\mathcal{23}$, 2004 in the manner(s) indicated below upon the following Counsel-of-record:

CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:
Scott D. Webre
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana 70501
*(Certified United States Mail, R.R.R., #7002 2030 0007 1000 3768)*

CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:
Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
*(Certified United States Mail, R.R.R. #7002 2030 0007 1000 3751)*

CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:
Alejandro J. Garcia
THE LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, Texas 78520
*(Certified United States Mail, R.R.R., #7002 2030 0007 1000 3744)*

Tom Fleming

CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| PHIL WELLS;  RICHARD JAROSS; and | § | |
| MODU "OCEAN 66" | § | 103rd JUDICIAL DISTRICT |

---

## PLAINTIFF'S MOTION FOR LEAVE TO LATE FILE PLAINTIFF'S RESPONSE TO DEFENDANT EMILIO SANCHEZ'S MOTION FOR PARTIAL SUMMARY JUDGMENT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES DAVID GILBERT, hereinafter sometimes referred to as "Plaintiff," and files this, his Plaintiff's Motion for Leave to Late File Plaintiff's Response to Defendant Emilio Sanchez's Motion for Summary Judgment, and in support hereof, would respectfully show:

I.

This matter is set for hearing by submission on March 5, 2004.  Plaintiff received notice of hearing on February 23, 2004.  Without leave requested herein, Plaintiff's response would be due February 27, 2004.

II.

Plaintiff requests leave of court not for purposes of delay, but that justice may be done.

PRAYER

Wherefore, premises considered, plaintiff requests leave of court to file Plaintiff's Response to Emilio Sanchez' Motion for Partial Summary Judgment, together with any evidence in opposition to summary judgment, no later than March 3, 2004, with such being delivered by

EXHIBIT NO. 27

hand delivery to the court and counsel on such date, and for such other and further relief to which

Plaintiff may be entitled.

Respectfully submitted,

RYAN KREBS, M.D., J.D.
State Bar Number 00792088
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(512) 478-2072
(512) 494-0420 (FAX)

SCOTT WEBRE
State Bar Number 21050070
556 Jefferson Street
Jefferson Towers, Suite 200
LAFAYETTE, LA 70501
(337) 593-4178
(337) 593-4159 FAX

LAW OFFICES OF FRANK COSTILLA, L.P.
FRANK COSTILLA
ALEJANDRO "HONDO" GARCIA
5 East Elizabeth Street
Brownsville, TX 78520
(956) 541-4982
(956) 544-3152 (FAX)

ALEJANDRO "HONDO" GARCIA
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing document was served on counsel for all parties that have appeared, as indicated below, on this _25th_ day of February, 2004:

Luis R. Hernandez                         VIA FAX AND MAIL
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

Plaintiff's Motion for Leave to Late File Response to Emilio Sanchez's Motion for Partial Summary Judgment
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 2

CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| PHIL WELLS; RICHARD JAROSS; and | § | |
| MODU "OCEAN 66" | § | 103rd JUDICIAL DISTRICT |

## PLAINTIFF'S RESPONSE TO DEFENDANT EMILIO SANCHEZ'S MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES DAVID GILBERT, hereinafter sometimes referred to as "Plaintiff," and files this, his Plaintiff's Response to Defendant Emilio Sanchez's Motion for Summary Judgment, and in support hereof, would respectfully show:

### I. SUMMARY OF PLAINTIFF'S RESPONSE

Plaintiff requests the Court DENY Defendant Emilio Sanchez's Motion for Partial Summary Judgment for the following reasons:

1. Defendant Emilio Sanchez's legal rationale offered in support of his motion for partial summary judgment is flawed; 8 Del. C. § 325 only operates to preclude claims by creditors brought pursuant to the Delaware statute, which Plaintiff's claims against Defendant Sanchez are not;
2. Even if 8 Del. C. § 325 applies in the instant case, such is federally preempted by 33 USCS § 901 et seq. (Longshore and Harbor and Worker's Compensation Act) alleged herein by Plaintiff, and if not, Defendant's motion could not extend to Plaintiff's cause of action based upon the Longshore and Harbor Worker's Compensation Act because such allegations did not exist at the time Defendant Sanchez's motion for partial summary judgment was filed; and
3. Defendant Emilio Sanchez has failed to conclusively establish each element of its affirmative defense, specifically, that Rig Ventures, Inc. is an active corporation in good standing in the State of Delaware.

EXHIBIT NO. 28

## II.    FACTUAL BACKGROUND

This is a personal injury action brought pursuant to state law and general maritime law.

Defendant Rig Ventures, Inc. purchased a jack-up rig known as Mobile Offshore Drilling Unit ("MODU") "OCEAN 66." Plaintiff was a member of a crew of "OCEAN 66" hired by Rig Ventures, Inc. (as employees as alleged by Plaintiff, as independent contractors as alleged by Defendants) and was severely injured during salvage operations when he fell many feet during an attempted crane lift of a pipe Plaintiff was securing by a harness attached to the crane. Plaintiff alleges Rig Ventures, Inc., and through its sole shareholder/President/sole director Emilio Sanchez, breached nondelegable duties to Plaintiff to provide duly skilled, qualified, and supervised co-workers of Plaintiff. Plaintiff contends further that vessel negligence in, among other things, the faulty and unsafe crane in question proximately caused Plaintiff's injuries.

## III. ARGUMENT

Defendant Emilio Sanchez's motion for partial summary judgment is based on a matter of law, specifically, 8 Del.C.§ 325, which he contends precludes Plaintiff's allegations of alter ego and pierce the corporate veil as a matter of law. In other words, Defendant seeks to avoid judgment by alleging the "illegality" of Plaintiff's allegations, and as such, Defendant's motion is based on an affirmative defense pursuant to TRCP 94. Defendant Emilio Sanchez has NOT alleged that no evidence exists to support any cause of action pleaded by Plaintiff, and has offered no evidence in support of his motion. Plaintiff, thus, has NO BURDEN to establish any fact in order to defeat Defendant Sanchez's motion for partial summary judgment, and all facts pleaded by plaintiff must be taken as true.

Plaintiff's Response to Emilio Sanchez's Motion for Partial Summary Judgment
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 2

When a defendant moves for summary judgment on its affirmative defense, it must prove each element of its defense as a matter of law, leaving no issues of material fact. *Johnson v. Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 927 (Tex. 1996); see also, *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999)(When moving for summary judgment on affirmative defense, Defendant has burden to conclusively establish defense.)   If the movant does not meet its burden, plaintiff has no burden to show anything. *M.D. Anderson Hosp. V. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

Plaintiff addresses each of its above positions in turn.

1. **8 Del. C. § 325(b) only operates to preclude claims by creditors brought pursuant to the Delaware statute, which Plaintiff's claims against Defendant Sanchez are not.**

Section 325 of the Delaware Corporations statute provides in full:

> (a) When the officers, directors or stockholders of any corporation shall be liable *by the provisions of this chapter* to pay the debts of the corporation, or any part thereof, any person to whom they are liable may have an action, at law or in equity, against any one or more of them, and the complaint shall state the claim against the corporation, and the ground on which the plaintiff expects to charge the defendants personally.
> (b) No suit shall be brought against any officer, director or stockholder for any debt of a corporation of which such person is an officer, director or stockholder, until judgment be obtained therefore against the corporation and execution thereon return unsatisfied.
> (emphasis added)

Leading authorities interpret the interaction of these provisions, stating, "Section 325 does not require that judgment first be obtained against a corporation in a suit to recover a debt from an officer, director, or stockholder when the debt did not arise 'by the provisions of' the corporation statute." Edward P. Welch and Andrew J. Turezyn, *Folk on the Delaware General Corporation Law, Fundamentals*, §325.1, p. 754-55 (2004); see also, *Lone Star Indus., Inc. v. Redwine*, 757 F.2d 1544, 1553 (5th Cir. 1985). The same authorities state, "This section will not

Plaintiff's Response to Emilio Sanchez's Motion for Partial Summary Judgment
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 3

be applicable, unless it is clear that the officers, directors, or stockholders are liable for the corporate debts under the circumstances presented." Id., at 754. Defendant has not suggested that it is clear that Mr. Sanchez is liable for the corporate debts as alleged herein, nor for that matter, is it so clear – such is a matter involving numerous factual determinations regarding the application of the alter ego and "pierce the corporate veil" doctrines reserved for the fact finder. Should Emilio Sanchez concede his responsibility to personally make good on any judgment rendered herein against Rig Ventures, Inc., this process could be shortened considerably.

Defendant has failed to meet his burden to conclusively establish the application of 8 Del.C. § 325, his affirmative defense. Defendant has simply cited the statute and then punted the issue of its application to this Court. Defendant has offered no caselaw helpful in the analysis of whether §325(b) precludes Plaintiff's allegations of "pierce the corporate veil" and "alter ego." The issue has been recently addressed, however, by the Oklahoma Supreme Court. Oklahoma has a similar corporate law to that at issue here, requiring that a creditor of the corporation with a claim against the corporation arising under the corporate statute first obtain an unsatisfied judgment against a corporation before suit for the corporate debt can be brought against a shareholder, officer, or director. 18 O.S. 2001 § 1124[1]. In *Fanning v. Brown*, 2004 WL 237413 (OK 2004), the Oklahoma Supreme Court found the trial court erred in dismissing claims based on alter ego and veil piercing, and stated in dicta that the plaintiff's action to pierce the corporate veil was not precluded by § 1124(B) because veil piercing was not an action founded upon the Oklahoma statute, but rather one derived from common law.  2004 WL 237413, 6, FN 8; citing *Lone Star Indus., Inc. v. Redwine*, 757 F.2d 1544, 1553 (5th Cir. 1985)(Section 325 of Delaware

---

[1] A copy of the Oklahoma statute has been provided to the Court along with other cited authorities for the Court's convenience.

Plaintiff's Response to Emilio Sanchez's Motion for Partial Summary Judgment
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 4

Corporations law only applies to actions conferred on claimant by the Delaware statute). Like the Oklahoma statute, the Delaware corporate statute does not confer an action for veil piercing, i.e. such action is not one arising "by the provisions of this chapter" pursuant to §325(a), and thus the condition precedent articulated in §325(b) does not preclude plaintiff's cause of action for veil piercing prior to unsatisfied judgment against the corporation.

In *Pinellas County v. Great American Industrial Group,* 1991 WL 259020 (N.D. Ill), the court found that 8 Del.C. § 325 does <u>not</u> preclude alter ego and veil piercing allegations against shareholder before judgment against corporation goes unsatisfied. This case involved an insolvent corporation, which may or may not be the instant case, but insolvency did not appear to be the fact driving the court's determination; rather, the court was focused on the fact that Delaware corporate law "provides no means for holding shareholders of the corporation liable for its debts," and thus the requirement that unsatisfied judgment be returned before suit against a shareholder did not apply. Id. at 3. The *Pinellas* court ultimately dismissed the alter ego claim because it lacked factual basis.

Other causes of action <u>not</u> conferred upon a creditor by the corporate statute have been found appropriate and not precluded by § 325(b). See *Hideout Records & Distribs. v. El Jay Dee, Inc.*, 601 F.Supp. 1048, 1052-53 (D.Del. 1984)(suit against a corporation and its officers for copyright infringement not prevented by § 325, when the plaintiffs claimed that the officers were personally liable under the copyright laws.); *Federal Deposit Ins. Corp. Kewa Metal Salts, Inc.*, C.A. No. 79C-SE-48, slip op. at 7-8 (Del. Super. Ct. Marc 26, 1985)(suit based on guarantees of a loan to a corporation, when the defendant guarantors were officers, directors, or stockholders of corporation.)

Plaintiff's Response to Emilio Sanchez's Motion for Partial Summary Judgment
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 5

*Lone Star Indus., Inc. v. Redwine*, 757 F.2d 1544, 1553 (5th Cir. 1985) might suggest to the quick reader that alter ego and veil piercing are not allowed prior to return of unsatisfied judgment because the court, in allowing the claim to proceed, noted in dicta that the action at issue did not seek to pierce the corporate veil.   But in its holding, the Court very clearly indicated, "In any event, § 325(a) provides that § 325(b) applies only to claims conferred on creditors 'by the provisions of this chapter."   The Court then noted that the Delaware General Corporate Laws "permits shareholders and directors to be held liable for the debts of the corporation in specific instances." Id, at 1554.   There is no question that Plaintiff's efforts to pierce the corporate veil of Rig Ventures, Inc. to reach the personal assets of its sole shareholder, Emilio Sanchez, is not a statutorily recognized cause of action; rather, such is an equitable doctrine derived from the common law.   Should Plaintiff be incorrect in this assessment, Defendant surely will cite the statutory provision(s) articulating the doctrines of alter ego and pierce the corporate veil, but there is no such statute.   Instead, what one will find in the Delaware corporate statutes are causes of action authorized against directors and stockholders for things such as unpaid subscriptions, and directors for unlawful payment of dividends or unlawful stock purchase or redemption. See, 8 Del. C. § 162, 172, 174.

Defendant has not conclusively established the application of its affirmative defense, 8 Del.C. § 325(b), thus summary judgment should be denied in its entirety.

2. **Even if 8 Del. C. § 325 applies in the instant case, such is federally preempted by 33 USCS § 901 et seq. (Longshore and Harbor and Worker's Compensation Act) alleged herein by Plaintiff.**

Subsequent to filing of Defendant's Motion for Partial Summary Judgment (2/2/04), Plaintiffs filed Plaintiff's Third Amended Petition on February 9, 2004.   Plaintiff's Third

Plaintiff's Response to Emilio Sanchez's Motion for Partial Summary Judgment
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 6

Amended Petition adds a new allegation that Emilio Sanchez is jointly and severally liable to the

Plaintiff herein pursuant to Section 905(b) and 938 of the Longshore and Harbor Worker's

Compensation Act. (Plaintiff's Third Amended Petition, ¶¶ 17, 32. Section 938 of the LHWCA

provides, in part:

> ... and such president, secretary, and treasurer shall be severally personally liable,
> jointly with such corporation, for any compensation or other benefit which may
> accrue under the said Act in respect to any injury which may occur to any
> employee of such corporation while it shall so fail to secure the payment of
> compensation as required by section 32 of this Act. 33 USC § 938.

Even if 8 Del. C. § 325 applies as Defendant contends, it must not be construed in a way

so as to abrogate the provisions of the LHWCA. To the extent Defendants contend §325 should

take precedence over the provisions of LHWCA, Plaintiffs assert the unconstitutionality of 8

Del.C. § 325 as applied. *See* U.S. CONST. Art. VI, cl.2; *American Cyanamid Co. v. Geye*, 79

S.W.3d 21, 23-24 (Tex. 2002) (stating that, under Supremacy Clause of United States

Constitution, state law is preempted and without effect if it conflicts with federal law).

Finally, irrespective of the federal supremacy issue, Defendant Sanchez's motion for

partial summary judgment could not extend to Plaintiff's causes of action based upon the

Longshore and Harbor Worker's Compensation Act because such allegations did not exist at the

time Defendant Sanchez's motion for partial summary judgment was filed. To the extent

Defendant seeks to extend his motion for partial summary judgment to claims filed subsequent to

filing of Defendant's motion, Plaintiff specially excepts to Defendant's motion for want of

specificity regarding the claims to which such motion applies.

3. **Defendant Emilio Sanchez has failed to conclusively establish each element of its
   affirmative defense, specifically, that Rig Ventures, Inc. is an active corporation in
   good standing in the State of Delaware.**

Plaintiff's Response to Emilio Sanchez's Motion for Partial Summary Judgment
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 7

It is axiomatic that in order for Defendant Sanchez to avail himself of the Texas corporate law (Tex.Bus.Corp.Act art. 8.02) and/or the Delaware corporate law, Defendant Sanchez must establish that Rig Ventures, Inc. is <u>still</u> a corporation existing under the laws of Delaware and is <u>still</u> authorized to do business in Texas.   Plaintiff readily concedes this likely to be a matter of form over substance, but Plaintiff does not know the current status of Rig Ventures, Inc. as a Delaware corporation and would be remiss if not to complain of Defendant Sanchez's failure to meet its burden.  Plaintiff does not object to any such proof as Defendant may offer before the close of business on the submission date.

## CONCLUSION

Defendant's motion for partial summary judgment should be denied because:

1.   8 Del.C. 325 does not apply to the instant case because the doctrines of alter ego and pierce the corporate veil are not statutorily conferred upon plaintiff by the Delaware corporate laws;

2.   Plaintiff's claims based upon LHWCA preempt Delaware state law pursuant to the Supremacy Clause of the United States Constitution;

3.   Defendant's motion for partial summary judgment does not extend to Plaintiff's LHWCA claims because such did not exist at the time defendant filed its motion; and

4.   Defendant has not conclusively established Rig Ventures is an active corporation in good standing and recognized by Texas and Delaware as such.

Plaintiff's Response to Emilio Sanchez's Motion for Partial Summary Judgment
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 8

<u>PRAYER</u>

Wherefore, premises considered, plaintiff requests Defendant Emilio Sanchez's Motion for Partial Summary Judgment be DENIED, and for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

RYAN KREBS, M.D., J.D.
State Bar Number 00792088
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(512) 478-2072
(512) 494-0420 (FAX)

SCOTT WEBRE
State Bar Number 21050070
556 Jefferson Street
Jefferson Towers, Suite 200
LAFAYETTE, LA 70501
(337) 593-4178
(337) 593-4159 FAX

LAW OFFICES OF FRANK COSTILLA, L.P.
FRANK COSTILLA
ALEJANDRO "HONDO" GARCIA
5 East Elizabeth Street
Brownsville, TX 78520
(956) 541-4982
(956) 544-3152 (FAX)

SCOTT WEBRE
ATTORNEYS FOR PLAINTIFFS

Plaintiff's Response to Emilio Sanchez's Motion for Partial Summary Judgment
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 9

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing document was served on counsel for all parties that have appeared, as indicated below, on this ___2___ day of February, 2004:
~~March~~

Luis R. Hernandez                          VIA HAND DELIVERY
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

Plaintiff's Response to Emilio Sanchez's Motion for Partial Summary Judgment
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 10



**CAUSE NO. 2002-11-4448-D**

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## REPLY OF DEFENDANT EMILIO SANCHEZ
## TO
## PLAINTIFF'S RESPONSE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendant **Emilio Sanchez** and files this his reply to the Plaintiff's response to his motion for partial summary judgment, and would show:

**I.**

Plaintiff misses the point. The motion for summary judgment addressed those allegations within the Plaintiff's Second Amended Petition attempting to assess liability against Defendant as a shareholder through the doctrine of alter ego or attempting to pierce the corporate shield. Within a week after receiving Defendant's motion, Plaintiff filed his Third Amended Petition continuing his prior allegations and adding allegations against the MODU OCEAN 66 under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* This action strengthens Defendant's motion rather than weakens it.


EXHIBIT NO. 29

**Longshore And Harbor Workers' Compensation Act
Is Exclusive Remedy For Plaintiff.**

**II.**

This Act (hereinafter called "LHWCA") provides to a harbor worker engaged to provide ship breaking services an exclusive remedy against the vessel itself for negligence. LHWCA § 905(b). This same section specifically prohibits actions, directly or indirectly, against the injured person's employer including the vessel's owner or against the employees of the employer. Section 933(i) prohibits assertion of a claim against an executive officer of the employer. A copy of both 905(b) and 933(i) are attached.

This additional cause of action under the LHWCA now is the Plaintiff's exclusive remedy. *Hertzel v. Bethlehem Steel Corporation*, 50 F.3d 360, 366 (5th Cir. 1995). (Copy attached). Further, the Fifth Circuit has confirmed that the Act means what it says. "The LHWCA absolutely bars suit for all other acts taken in the capacity as the employer of the injured worker." *Levene v. Pintail Enterprises, Inc.*, 943 F.2d 528, 531 (5th Cir. 1991). (Copy attached). The Federal Courts have also held that Section 933(i) of the LHWCA prohibited any claim against an executive officer of the employer. *Fitzgerald v. Compania Naviera La Molinera*. 394 F.Supp. 402, 406 (ED La. 1975) citing *Keller v. Dravo Corporation*, 5th Cir. 1971, 441 F.2d 1239, cert. den. 404 U.S. 1017, 92 S.Ct. 679, 30 L.Ed.2d 665. (Copy attached). Plaintiff has plead and continues to plead that **Rig Ventures, Inc.** is the Plaintiff's employer. Plaintiff cannot now urge one set of facts to continue his suit against

Rig Ventures, Inc. and attack on the corporate shield while urging that the LHWCA does not apply because Plaintiff had another, as yet unnamed, employer.

In short, by claiming to be a harbor worker and invoking the provisions of the LHWCA, Plaintiff has invoked an exclusive remedy negating any other liability of his employer and specifically prohibiting actions against a shareholder or an executive officer.

### Plaintiff Fails To Meet Condition Precedent Under Delaware Law.

### III.

Plaintiff is attempting to persuade the Court to reach a favorable opinion based upon a misrepresentation of the law. The relevant section of the Delaware General Corporation Law, § 325, has two separate sections. Subsection (a) contains that provision upon which Plaintiff relies: "by the provisions of this chapter". Subsection (b) which is not connected to Subsection (a) by any grammatical connector such as "and" or "or" clearly is <u>not</u> predicated as is the preceding subsection. Subsection (b) clearly says that "(n)o suit shall be brought against any officer, director or stockholder for any debt of a corporation . . . until judgment be obtained . . . against the corporation and execution returned unsatisfied". In short, Subsection (a) governs when you can sue a shareholder and Subsection (b) governs when you cannot sue a shareholder. This statute has existed in Delaware for many years and has been declared to create a condition precedent to the employment of the remedies mentioned in this section by the creditor directly against the stockholder. *Cooney Co. v. Arlington Hotel Co., Del. Supr.*, 106 A. 39, 42 (1918).

(Copy attached). The Comment to Section 325 provided the Court by Plaintiff is consistent with this holding.

### Effect Of Plaintiff's Pleadings Dismisses Emilio Sanchez.

## IV.

Plaintiff's attempt to plead around a pending motion for summary judgment has resulted in granting to Defendant **Emilio Sanchez** two separate bases for his release from this case:

First and foremost is the preemption of the entire suit by the LHWCA. Once Plaintiff made a claim that he was a harbor worker, the imposition of the preemption was immediate. The provisions of the LHWCA and the remedies set out therein are exclusive. Plaintiff either fails to recognize such preemption or simply fails to admit its exclusive nature. Instead, Plaintiff argues that the amended pleading precludes the grant of summary judgment under applicable Delaware law. Plaintiff cites no relevant Delaware opinions to that effect nor does he challenge the effect of the Texas Business Corporation Act, Article 8.02 requiring Delaware law to apply.

Second, Plaintiff fails to address the requirement of Texas Rules of Civil Procedure Rule 54. This Defendant has challenged Plaintiff's pleadings under Rule 54 and Plaintiff is now obliged to offer proof that the required condition precedent in § 325 of the Delaware General Corporation Law has not been met. Obviously, Plaintiff cannot meet that obligation because no judgment has been taken against the corporate Defendant. See DELAWARE GENERAL CORPORATION LAW, SECTION 325(b)

## Conclusion.

Plaintiff has invoked the exclusive requirements, remedies and protections of the LHWCA. The Plaintiff has sued the MODU OCEAN 66 and alleged negligence against that vessel. Such allegation precludes all actions against the vessel's owner and/or the employees of Plaintiff's employer as well as all executive officers of **Rig Ventures, Inc.** This protection accrues to Defendant **Emilio Sanchez** as an employee and executive officer of **Rig Ventures, Inc.**, the owner of the vessel by virtue of Plaintiff's allegation that Plaintiff was an employee of Rig Ventures, Inc.

Although this Defendant is confident he is not in error concerning the exclusiveness of the LHWCA, Delaware law is controlling by virtue of applicable Texas law. Delaware law clearly precludes action against this Defendant as a shareholder and/or officer until the condition precedent of judgment and unsatisfied execution on that judgment is fulfilled.

WHEREFORE, Defendant **Emilio Sanchez** prays this Court grant his Motion for Summary Judgment.

DATED: March _4_, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943

by: _____
**Tom Fleming**
State Bar of Texas No. 07133000
Cameron County I.D. No. 270601

**Luis R. Hernandez**
State Bar of Texas No. 09518900
Cameron County I.D. No. 270604

**ATTORNEYS FOR DEFENDANTS,**
**RIG VENTURES, INC. and EMILIO SANCHEZ.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing REPLY OF DEFENDANT EMILIO SANCHEZ TO PLAINTIFF'S RESPONSE were served March __4__, 2004 in the manner(s) indicated below upon the following Counsel-of-record:

CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:
Scott D. Webre
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana 70501
*(Certified United States Mail, R.R.R., #7002 2030 0007 1000 3980)*

CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:
Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
*(Certified United States Mail, R.R.R. #7002 2030 0007 1000 3997)*

CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:
Alejandro J. Garcia
THE LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, Texas 78520
*(Certified United States Mail, R.R.R., #7002 2030 0007 1000 3973)*

Tom Fleming

AURORA DE LA GARZA DIST. CLERK

MAR 0 9 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

**CAUSE NO. 2002-11-4448-D**

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT
## MOBILE OFFSHORE DRILLING UNIT "OCEAN 66"

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **MOBILE OFFSHORE DRILLING UNIT "OCEAN 66"** and files this

its original answer to the allegations within Plaintiff's Third Amended Petition.

### General Denial

**I.**

Defendant denies each and every, all and singular, the material allegations

contained in Plaintiff's Third Amended Petition and, without waiving its right to file

other and further pleadings, motions and discovery, demands strict proof thereof.

WHEREFORE, Defendant prays this Court, enter its judgment that Plaintiff take

nothing by his suit and that Defendant go hence with its costs and that it have such

other and further relief to which it may show itself justly entitled.

EXHIBIT NO. 30

DATED: March ___4___, 2004.

                    Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

By: _____
     Luis R. Hernandez
     State Bar of Texas No. 09518900

**ATTORNEYS FOR DEFENDANT,**
**MOBILE OFFSHORE DRILLING UNIT "OCEAN 66".**

---

## CERTIFICATE OF SERVICE

I, Luis R. Hernandez, hereby certify that a true and correct copy of the foregoing

ORIGINAL ANSWER OF DEFENDANT MOBILE OFFSHORE DRILLING UNIT "OCEAN 66" was mailed

March 9 , 2004 via Certified United States Mail, Return Receipt Requested, to

the following:

**COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
Scott D. Webre
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana  70501
*(Certified United States Mail, R.R.R., #7002 2030 0007 1000 3157)*

**CO-COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, Texas  78730
*(Certified United States Mail, R.R.R. #7002 2030 0007 1000 3164)*

**CO-COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
Alejandro J. Garcia
THE LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, Texas  78520
*(Certified United States Mail, R.R.R., #7002 2030 0007 1000 3171)*

Luis R. Hernandez

MAR 0 9 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

**CAUSE NO. 2002-11-4448-D**

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## CLAIM OF OWNERSHIP OF THE *IN RES* MODU OCEAN 66

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **RIG VENTURES, INC.**, Defendant in the above styled and numbered case and hereby makes claim of the ownership of the *In Res* MODU Ocean 66.

DATED: March ____9____, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521
Telephone:   (956) 982-4404
Telecopier:   (956) 982-0943

By: _____
Luis R. Hernandez
State Bar of Texas No. 09518900

**ATTORNEYS FOR DEFENDANTS,**
**RIG VENTURES, INC. and EMILIO SANCHEZ.**

EXHIBIT NO. 31

## CERTIFICATE OF SERVICE

I, Luis R. Hernandez, hereby certify that a true and correct copy of the foregoing

CLAIM OF OWNERSHIP OF THE *IN RES* MODU OCEAN 66 was forwarded March _9_, 2004

via Certified United States Mail, Return Receipt Requested, to the following:

**COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
**Scott D. Webre**
**556 Jefferson Street**
**Jefferson Towers, Suite 200**
**Lafayette, Louisiana  70501**
*(Certified United States Mail, R.R.R., #7002 2030 0007 1000 3157)*

**CO-COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
**Ryan Krebs, M.D., J.D.**
**6601 Vaught Ranch Road, Suite 100**
**Austin, Texas  78730**
*(Certified United States Mail, R.R.R. #7002 2030 0007 1000 3164)*

**CO-COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
**Alejandro J. Garcia**
**THE LAW OFFICES OF FRANK COSTILLA, L.P.**
**5 East Elizabeth Street**
**Brownsville, Texas  78520**
*(Certified United States Mail, R.R.R., #7002 2030 0007 1000 3171)*

Luis R. Hernandez

RECEIVED JAN 2 9 2003

CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103rd JUDICIAL DISTRICT |

## FIAT ON PLAINTIFF'S MOTION TO COMPEL ENTRY UPON PROPERTY

On the ___ day of _____, 2003, came on to be considered Plaintiff James David Gilbert's Motion to Compel Entry Upon Property in the above-referenced cause. The Court, after considering same, is of the opinion that said motion should be set for hearing.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Entry Upon Property be and it is hereby set for hearing on the _6th_ day of _February_, 2003, at _9:00_ o'clock _A_ m.

SIGNED FOR ENTRY this _16th_ day of _January_, 2003.

_____
PRESIDING JUDGE

JAN 17 2003

FILED 3:00 O'CLOCK ___ M
AURORA DE LA GARZA DIST CLERK
JAN 16 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS

Please send copies to:

Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730

Mr. Luis R. Hernandez
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

Mr. Frank Costilla, Jr.
Law Offices of Frank Costilla
5 E. Elizabeth St.
Brownsville, TX 78520

EXHIBIT NO. 32

RECEIVED JAN 2 3 2003

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

### <u>FIAT ON DEFENDANTS' SPECIAL EXCEPTIONS</u>

On this the 23RD day of JANUARY 2003, came on to be considered

Defendants **RIG VENTURES, INC. AND EMILIO SANCHEZ'** Special Exceptions in the

above entitled and numbered cause. The Court, after considering same, is of the

opinion that said Special Exceptions should be set for hearing.

IT IS THEREFORE ORDERED that Defendants' Special Exceptions be and it is

hereby set for a hearing on the 20TH day of February, 2003, at

9:00 o'clock A .m.

SIGNED FOR ENTRY on this 23RD day of JANUARY, 2003.

FILED 3:00 O'CLOCK ___M
AURORA DE LA GARZA DIST CLERK

JAN 23 2003

DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

_____
JUDGE PRESIDING

JAN 23 2003
Copies to

Luis R. Hernandez
FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521

Scott Webre
KREBS & WEBRE, LLC
315 South College Road, Suite 242
Lafayette, Louisiana  70503

Ryan Krebs, M.D., J.D.
KREBS & WEBRE, LLC
6601 Vaught Ranch Road, Suite 100
Austin, Texas  78730

Frank Costilla
THE LAW OFFICES OF FRANK COSTILLA L.P.
5 East Elizabeth Street
Brownsville, Texas 78520

EXHIBIT NO. 33

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO | § | |
| SANCHEZ; AND PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## ORDER

CAME ON this the 20th day of February , 2003, Defendants Rig Ventures, Inc. and Emilio

Sanchez' Special Exceptions to Paragraphs 14, 20, 21 and the Prayer of Plaintiff's Original Petition

(Paragraphs 14, 21, 22 and the Prayer of Plaintiff's Second Amended Petition) and the Court after

having reviewed the Motion as well as the arguments of counsel, is of the opinion that said Motion

should be and is hereby Denied in part and Granted in part.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

1.  Special Exception to Paragraph number 14 of Plaintiff's Second Amended Petition is DENIED.

2.  Special Exception to Paragraph number 21 of Plaintiff's Second Amended Petition is DENIED

3.  Special Exception to Paragraph number 22 of Plaintiff's Second Amended Petition is DENIED.  However, after adequate discovery on this issue, Defendant will be entitled to specially except to this paragraph in the future.

4.  Special Exception to the Prayer is GRANTED requiring that pursuant to Texas Rule of Civil Procedure 47, Plaintiff shall amend his pleading so as to specify separately the maximum amount claimed against each Defendant.

SIGNED ON this the 7th day of March , 2003.

JUDGE PRESIDING

FILED 10:00 O'CLOCK a.M.
AURORA DE LA GARZA DIST CLERK

MAR 1 0 2003

DISTRICT COURT OF CAMERON COUNTY

Gloria Medina

EXHIBIT NO. 34

ORDER

COPIES TO: MAR 1 0 2003
RYAN KREBS, M.D.
HON. LUIS R. HERNANDEZ
HON. FRANK COSTILLA

Page 1

RECEIVED APR 2 1 2003

CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103rd JUDICIAL DISTRICT |

---

### FIAT ON PLAINTIFF'S AMENDED MOTION TO COMPEL ENTRY UPON PROPERTY

---

On the _14TH_ day of _April_, 2003, came on to be considered Plaintiff

James David Gilbert's Amended Motion to Compel Entry Upon Property in the above-referenced

cause. The Court, after considering same, is of the opinion that said motion should be set for

hearing.

IT IS THEREFORE ORDERED that Plaintiff's Amended Motion to Compel Entry Upon

Property be and it is hereby set for hearing on the _8TH_ day of _MAY_,

2003, at _9:00_ o'clock _A_ m.

SIGNED FOR ENTRY this _14TH_ day of _April_, 2003.

_____
PRESIDING JUDGE

APR 1 5 2003

Please send copies to:

Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730

Mr. Luis R. Hernandez
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

Mr. Frank Costilla, Jr.
Law Offices of Frank Costilla
5 E. Elizabeth St.
Brownsville, TX 78520



FILED _4:03_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST CLERK
APR 1 4 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS

EXHIBIT NO. 35

CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; | § | |
| EMILIO SANCEZ; AND | § | |
| PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## ORDER SETTING HEARING

Plaintiff's Motion for Trial Setting is hereby set for hearing before this Court on the _25th_

day of _June_, 2003 at _9:00_ o'clock a.m.

SIGNED this _28th_ day of _May_, 2003.

_____

JUDGE PRESIDING

MAY 29 2003

COPIES TO:

HON. FRANK COSTILLA
HON. RYAN KREBS
HON. LUIS R. HERNANDEZ

FILED _9:00_ O'CLOCK _a_ M
AURORA DE LA GARZA DIST CLERK

MAY 29 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

EXHIBIT NO. 36

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO | § | |
| SANCHEZ; AND PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## ORDER

CAME ON this the 8th day of May, 2003, Plaintiff's Amended Motion to Compel Entry Upon Property, and the Court after having reviewed the Motion as well as the arguments of counsel, is of the opinion that said Motion should be Granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

1.  Plaintiff will have forty-five (45) days from May 8, 2003, during which time he and/or his attorneys, agents, servants, and other individuals representing his interests in this lawsuit will be allowed entry and the opportunity to board the oilfield platform known as the *Ocean 66* and owned by Defendant Rig Ventures, Inc., in order to examine the location of the injury-producing incident, and to conduct an inspection of the platform.

2.  All individuals boarding the platform on behalf of Plaintiff will agree to execute a release and/or waiver of liability.

ORDER                                                                                    Page 1

EXHIBIT NO. 37

3.    In the event this issue has not been resolved within the forty-five day period

referenced above, a hearing on this matter is scheduled for June 26, 2003 at 9:00 a.m.

SIGNED ON this the ___ day of _____, 2003.

JUN 1 0 2003
COPIES TO;

HON. ALEJANDRO J. GARCIA
HON. RYAN KREBS
HON. LUIS HERNANDEZ

_____
JUDGE PRESIDING

FILED 3:00 O'CLOCK P M
AURORA DE LA GARZA DIST CLERK

JUN - 9 2003

DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

ORDER                                                                 Page 2

JUL 1 3 2003

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| **JAMES DAVID GILBERT** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **v.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **RIG VENTURES, INC.; EMILIO SANCHEZ;** | § | |
| **and PHIL WELLS** | § | **103RD JUDICIAL DISTRICT** |

## <u>ORDER ON MOTION FOR ENTRY UPON PROPERTY</u>

Came on this 26th day of June, 2003, the Plaintiff's Motion for Entry Upon Property. The Plaintiff, **James David Gilbert** appeared by and through his attorney of record, Alejandro J. Garcia. Defendants, **Rig Ventures, Inc. and Emilio Sanchez** appeared in person and by and through their attorney of record, Luis R. Hernandez.

The Plaintiff requested that a representative of Rig Ventures, Inc. accompany the Plaintiff while boarding the oilfield platform known as the *Ocean 66* or in the alternative, without a representative of Rig Ventures, Inc. accompanying the Plaintiff, the Plaintiff be allowed to board the *Ocean 66* without executing any release of liability and/or waiver of liability.

The Defendants objected to accompanying the Plaintiff and their representatives on the *Ocean 66*, in order to be released from liability by execution of a waiver of liability by the Plaintiff and his representatives. The Court overrules such objection.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the Plaintiff and his representatives shall, by July 26, 2003, be allowed entry and the opportunity to board the oilfield platform known as the *Ocean 66* in order to examine the location of the injury producing incident and conducting an inspection of the site of such incident.

EXHIBIT NO. 38

IT IS FURTHER ORDERED ADJUDGED AND DECREED that all individuals boarding the rig on behalf of the Plaintiff shall execute the release and/or waiver of liability prior to entry onto the *Ocean 66*.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that a representative of Rig Ventures, Inc. accompany the Plaintiff and his representatives during their inspection of the *Ocean 66*.

SIGNED FOR ENTRY on this _16th_ day of ___July___, 2003.

FILED _____ O'CLOCK ____M
AURORA DE LA GARZA DIST CLERK

JUL 16 2003

DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

JUL 16 2003

_____
JUDGE PRESIDING

Copies to:

Luis R. Hernandez
FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521

Scott Webre
KREBS & WEBRE, LLC
315 South College Road, Suite 242
Lafayette, Louisiana  70503

Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road
Suite 100
Austin, Texas  78730

Alejandro J. Garcia
THE LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, Texas  78520

RECEIVED AUG 2 3 2003

CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103rd JUDICIAL DISTRICT |

## AGREED LEVEL III DISCOVERY CONTROL PLAN AND SCHEDULING ORDER

In an effort to expeditiously and reasonably conduct the litigation of this cause, the Parties have agreed to and submitted this Agreed Level III Discovery Control Plan and Scheduling Order for the Court's consideration pursuant to Rule 190.4(a) of the Texas Rules of Civil Procedure. The Court, having considered the proposed deadline items and the dates provided therefore, is of the opinion that this Discovery Control Plan and Scheduling Order will promote the efficacious use of judicial resources during the litigation of this cause and is in compliance with Rule 190.4. Having been agreed to by the parties in this cause, the Court is of the opinion that this Order should be entered and control the discovery and conduct in this cause.

IT IS, THEREFORE, AGREED by the parties and ORDERED that the discovery and conduct of this case shall be governed by the following deadlines:

| | |
|---|---|
| October 31, 2003 | Deadline to depose parties. |
| November 3, 2003 | Deadline for Plaintiffs to designate testifying experts. Plaintiffs will provide the information required by Rule 194.2(f), as well as a report from each retained expert setting forth the materials reviewed, the general substance of the expert's mental impressions and opinions, and a summary of the bases therefor. |
| December 1, 2003 | Deadline for Defendant to designate testifying experts. Defendant will provide the information required by 194.2(f), as well as a report from each retained expert setting forthe materials reviewed, |

EXHIBIT NO. 39

the general substance of the expert's mental impressions and opinion, and a summary of the bases therefor.

February 2, 2004          Deadline for retained expert depositions.

February 9, 2004          Discovery cut-off (all written discovery must be propounded such that its response date is due prior to the cut-off date.   All depositions must be concluded by this date).

February 13, 2004         Deadline to amend Pleadings (Plaintiff and Defendant).

February 20, 2004         Deadline to file responsive pleadings and/or special exceptions to new allegations filed pursuant to the February 13, 2003 deadline.

February 20, 2004         Deadline for filing any *Daubert/Robinson* challenges related to issues included in expert designations, reports, or depositions to this date, (this deadline does not preclude *Daubert/Robinson* challenges during trial on issues not raised in expert designations, reports or depositions) and dispositive motions.  This deadline will be extended by one week following the last expert deposition in the event expert depositions have not been completed by the February 2, 2004 deadline.

March 5, 2004, 9:00 am    Announcements

March 8, 2004             Trial.

It is FURTHER AGREED by the parties and ORDERED by the Court that the parties may agree to amend any deadline set forth herein, and such amendment shall be binding on the parties without need for further Court action if in writing, signed by counsel for both parties, and filed with the papers of this cause as required by Rule 11 of the Texas Rules of Civil Procedure. It is FURTHER AGREED by the parties and recognized by the Court, pursuant to Rule 190.4, that all discovery limitations not set forth herein are governed by Rule 190.3 unless changed by written agreement (Rule 11) or formal amendment to this Order.

It is FURTHER AGREED by the parties and ORDERED by the Court that deadlines imposed by the Local Rules of the District Courts of Cameron County, Texas are in effect unless modified by this Order, written agreement (Rule 11) or formal amendment to this Order.

SIGNED on _13R_ day of _____August_____ , 2003.

_____
JUDGE PRESIDING

AUG 2 1 2003

AGREED:

_____ 6/27/03
Scott Webre
Attorney for Plaintiffs

_____ 7/9/2003
Luis Hernandez
Attorney for Defendants Rig Ventures, Inc. and Emilio Sanchez

FILED 4:30 O'CLOCK P M
AURORA DE LA GARZA DIST CLERK

AUG 13 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

*Scheduling Order*                                   *Page 3*

CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO | § | |
| SANCHEZ; AND PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## ORDER SETTING HEARING

Plaintiff's Motion to Compel Defendants' (Emilio Sanchez and Rig Ventures, Inc.)

Responses to Plaintiff's Request for Production is hereby set for hearing before this Court on the 24TH day of *November*, 2003 at *9:00* o'clock *A*.m.

SIGNED this *13TH* day of *November*, 2003.

_____
JUDGE PRESIDING

11/13/03 COPIES TO:

HON. RYAN KREBS
HON. LUIS R. HERNANDEZ
HON. FRANK COSTILLA
HON. SCOTT WEBRE

FILED 10:00 o'clock a
AURORA DE LA GARZA
NOV 13 2003
DISTRICT COURT
Connie L. Warford

ORDER SETTING HEARING

SCANNED

NOV 0 7 2003

Solo Page

EXHIBIT NO. 40

CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO | § | |
| SANCHEZ; AND PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## ORDER

CAME ON this the 24th day of November, 2004, Plaintiff James David Gilbert's Motion to Compel Defendants' (Emilio Sanchez and Rig Ventures, Inc.) Responses to Plaintiff's Requests for Production and the Court after having reviewed the Motion, is of the opinion that said Motion should be and is hereby GRANTED in full.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

1.     Defendants Rig Ventures, Inc.'s and Emilio Sanchez' objections and claims of privilege to Plaintiff's Requests for Production that are the subject of the Motion to Compel are overruled;

2.     Defendant Rig Ventures, Inc. produce all documents and materials responsive to Plaintiff's Requests for Production that are the subject of the Motion to Compel;

3.     Defendant Emilio Sanchez produce all documents and materials responsive to Plaintiff's Requests for Production that are the subject of the Motion to Compel; and

4.     Defendants Rig Ventures, Inc. and Emilio Sanchez produce said documents and materials to Plaintiff such that Plaintiff's counsel will have the documents and materials in its possession by no later than 12:00 noon, Monday, December 1, 2003.

SIGNED ON this the 24R day of November, 2003.

_____
JUDGE PRESIDING

11/25/03 COPIES TO:

ORDER

HON. RYAN KREBS
HON. LUIS R. HERNANDEZ
HON. FRANK COSTILLA
HON. SCOTT WEBRE

FILED 11-03 O'CLOCK _ M
AURORA DE LA GARZA DIST CLERK

NOV 24 2003

DISTRICT COURT OF CAMERON COUNTY
BY _____ DEPUTY

EXHIBIT NO. 41

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| **JAMES DAVID GILBERT** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | |
| | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **RIG VENTURES, INC.; EMILIO** | § | |
| **SANCHEZ; AND PHIL WELLS** | § | **103RD JUDICIAL DISTRICT** |

## ORDER RESETTING HEARING

Plaintiff's Motion to Compel Defendants' (Emilio Sanchez and Rig Ventures, Inc.)

Responses to Plaintiff's Request for Production is hereby set for hearing before this Court on the 12th

day of December, 2003 at 9:00 o'clock a.m.

SIGNED this ___3 RD___ day of ___December___, 2003.

_____
JUDGE PRESIDING

DEC - 9 2003

Copies:
    Scott Webre, 315 South College Road, Suite 242, Lafayette, LA 70503
    Alejandro J. Garcia, 5 East Elizabeth Street, Brownsville, TX 78520
    Luis Hernandez, 1650 Paredes Line Road, Suite 102, Brownsville, TX 78521

FILED ___11:20___ O'CLOCK ___A___ M
AURORA DE LA GARZA DIST. CLERK
DEC - 3 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

**ORDER SETTING HEARING**    Solo Page

**EXHIBIT NO. 42**

RECEIVED JAN - 3 2004

CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103rd JUDICIAL DISTRICT |

## ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

On this day came on to be considered Plaintiff's Motion to Compel Defendants'
Responses to Plaintiff's Requests for Production, and the Court, having considered its file, the
motion, any responses, and the arguments of counsel, FINDS with regard to the following
specified discovery items at follows:

**A.**      **Defendant, Rig Ventures, Inc.'s Responses to Plaintiff's First Request for
Production (EXHIBIT 2)**

1.      Any contracts or other legal agreements in effect on December 30, 2001, between you and
any other party in this case.

**The Court hereby ~~GRANTS~~/DENIES Plaintiff's Motion to Compel this discovery
request.**

5.      Please produce all personal notes or memoranda made on or before receipt of Plaintiff's
Original Petition relating to Plaintiff.

**The Court hereby GRANTS/~~DENIES~~ Plaintiff's Motion to Compel this discovery
request.**

10.      Please produce all documents, memoranda, financial statements, loan applications, bank
statements, personal financial statements, insurance applications and policies, contracts of


EXHIBIT NO. 43

assignment, accounts receivable, data, inventory lists, judgments, and any other document and correspondence reflecting your net worth at this time as well as of December 30, 2001. This information is sought in accordance with the Supreme Court authority set forth in *Lunsford v. Morris.*

**The Court hereby GRANTS/~~DENIES~~ Plaintiff's Motion to Compel this discovery request.**

14.    The personnel file of James Gilbert and any other persons who were located at the scene and at the time of the incident giving rise to this lawsuit, including but not limited to Frank Ruiz, Jr., Phil Wells, and Dennis _____.

**The Court hereby GRANTS/~~DENIES~~ Plaintiff's Motion to Compel this discovery request.**

15.    The personnel file of James Gilbert's direct supervisor.

**The Court hereby ~~GRANTS~~/DENIES Plaintiff's Motion to Compel this discovery request.**

17.    Any documents of whatever kind or character reflecting communications between any of your employees, officers, directors, agents, or representatives concerning the incident giving rise to this lawsuit.

**The Court hereby GRANTS/~~DENIES~~ Plaintiff's Motion to Compel this discovery request.**

32.    Any and all documents evidencing or expressing any agreement between you and/or Emilio Sanchez and/or Richard Jaross regarding the purchase, sale, salvage, and/or other matters pertaining to the Ocean 66.

**The Court hereby GRANTS/~~DENIES~~ Plaintiff's Motion to Compel this discovery request.**

34.    The income sheet and balance statement of Rig Ventures, Inc. for the years 2001 and 2002, including but not limited to any final such statements upon dissolution of the corporation.

**The Court hereby GRANTS/~~DENIES~~ Plaintiff's Motion to Compel this discovery request.**

35.    Any and all documents evidencing the fact of, and amount of money expended for:

       a.    purchase of the Ocean 66;

b.   purchase of materials, supplies, equipment, and tools utilized in the salvage operations of the Ocean 66;

c.   labor utilized in salvage operations of the Ocean 66;

d.   liability insurance to protect against injuries to persons aboard the Ocean 66;

e.   liability insurance to protect against loss of property aboard the Ocean 66, or against the loss of the Ocean 66;

f.   refurbishing any equipment (e.g. tanks, vessels, valves, etc.) salvaged from the Ocean 66;

g.   transport of Ocean 66;

h.   costs charged by the port at which the Ocean 66 was stored in Lake Charles;

i.   initial capitalization of Rig Ventures, Inc.; and

j.   transportation of personnel to and from the Ocean 66 either inshore or offshore.

**The Court hereby GRANTS/DENIES Plaintiff's Motion to Compel this discovery request.**

36.   And all documents evidencing the fact of, and amount of money received from any person or entity for:

a.   sale of Ocean 66;

b.   sale of any equipment (e.g. tanks, vessels, valves, etc) salvaged from the Ocean 66;

c.   sale of scrap metal salvaged from the Ocean 66;

d.   salvage of Ocean 66;

**The Court hereby GRANTS/DENIES Plaintiff's Motion to Compel this discovery request.**

41.   The professional resume and/or curriculum vitae for the President or Chief Executive officer of Rig Ventures, Inc. at the time of the incident giving rise to this suit.

**The Court hereby GRANTS/DENIES Plaintiff's Motion to Compel this discovery request.**

42.   Any and all documents evidencing or reflecting the monies paid by Murphy Oil Company to Rig Ventures, Inc. in connection with the transfer of ownership of the Ocean 66 to Rig Ventures, Inc.

**The Court hereby GRANTS/DENIES Plaintiff's Motion to Compel this discovery request.**

43.   Rig Ventures, Inc. "Corporate Book", including but not limited to:

a.                    The minutes of each and every meeting of the Board of

|      | Directors, including the organizational meeting; |
| b.   | Notices of each meeting of the Board of Directors; |
| c.   | Corporate bylaws; |
| d.   | Corporate stock certificates; |
| e.   | Minutes of any shareholder meetings; and |
| f.   | Notices of any shareholder meetings; |

The Court hereby GRANTS/~~DENIES~~ Plaintiff's Motion to Compel this discovery request.

44.    Rig Ventures, Inc.'s tax returns for years 2001 and 2002.

The Court hereby GRANTS/~~DENIES~~ Plaintiff's Motion to Compel this discovery request.

**B.    Defendant, Emilio Sanchez's Response to Plaintiff's First Request for Production (EXHIBIT 3)**

**Discovery at issue:**

4.    Please produce all personal notes or memoranda made on or before receipt of Plaintiff's Original Petition relating to Plaintiff.

The Court hereby GRANTS/~~DENIES~~ Plaintiff's Motion to Compel this discovery request.

9.    Please produce all documents, memoranda, financial statements, loan applications, bank statements, personal financial statements, insurance applications and policies, contracts of assignment, accounts receivable, data, inventory lists, judgments, and any other document and correspondence reflecting your net worth at this time as well as of December 30, 2001. This information is sought in accordance with the Supreme Court authority set forth in *Lunsford v. Morris*.

The Court hereby ~~GRANTS~~/DENIES Plaintiff's Motion to Compel this discovery request.

10.    Any documents of whatever kind or character reflecting the results of any investigation into the incident giving rise to this lawsuit.

The Court hereby ~~GRANTS~~/DENIES Plaintiff's Motion to Compel this discovery request.

19.    Your income sheet for the years 2001 and 2002.

**The Court hereby GRANTS/DENIES Plaintiff's Motion to Compel this discovery request.**

20.    Any and all documents evidencing the fact of, and amount of money expended for:

      a.    purchase of the Ocean 66;

      b.    purchase of materials, supplies, equipment, and tools utilized in the salvage operations of the Ocean 66;

      c.    labor utilized in salvage operations of the Ocean 66;

      d.    liability insurance to protect against injuries to persons aboard the Ocean 66;

      e.    liability insurance to protect against loss of property aboard the Ocean 66, or against the loss of the Ocean 66;

      f.    refurbishing any equipment (e.g. tanks, vessels, valves, etc.) salvaged from the Ocean 66;

      g.    transport of Ocean 66;

      h.    costs charged by the port at which the Ocean 66 was stored in Lake Charles;

      i.    initial capitalization of Rig Ventures, Inc.; and

      j.    transportation of personnel to and from the Ocean 66 either inshore or offshore.

**The Court hereby GRANTS/DENIES Plaintiff's Motion to Compel this discovery request.**

21.    Any and all documents evidencing the fact of, and amount of money received by you from Rig Ventures, Inc. during the years 2001 and 2002.

**The Court hereby GRANTS/DENIES Plaintiff's Motion to Compel this discovery request.**

25.    Any and all shareholder agreement(s) or other documents of any kind evidencing any agreement whatsoever by and between the shareholders of Rig Ventures, Inc., and specifically including but not limited to any and all such agreements regarding the capitalization of Rig Ventures, Inc. and the dissolution and distribution of assets and liabilities of Rig Ventures, Inc. upon dissolution.

**The Court hereby GRANTS/DENIES Plaintiff's Motion to Compel this discovery request.**

26.    Any and all documents evidencing your financial contributions to Rig Ventures, Inc. at any time.

**The Court hereby GRANTS/DENIES Plaintiff's Motion to Compel this discovery**

request.

28. Any and all documents evidencing or reflecting the monies paid by Murphy Oil Company to you in connection with the transfer of ownership of the Ocean 66 to Rig Ventures, Inc.

**The Court hereby GRANTS/~~DENIES~~ Plaintiff's Motion to Compel this discovery request.**

29. Your tax returns for years 2001 and 2002.

**The Court hereby GRANTS/~~DENIES~~ Plaintiff's Motion to Compel this discovery request.**

Pursuant to the above specified findings and rulings by the Court, the Court hereby ORDERS Defendants Rig Ventures, Inc. and Emilio Sanchez to produce documents and tangible things responsive to those discovery requests for which the Court granted Plaintiffs' Motion to compel no later than _January 16, 2004_ .

SIGNED AND ENTERED this _16ᵗʰ_ day of December, 2003.

_____

The Honorable Menton Murray
Presiding Judge

DEC 3 0 2003

Approved as to form:

_____
Scott Webre
TBN 21050070
556 Jefferson St., Ste. 200
Lafayette, LA 70503
(337) 593-4178
(337) 593-4159 (fax)
Attorney for Plaintiff

FILED _4:00_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST CLERK
DEC 16 2003
DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

HON. RYAN KREBS
HON. LUIS R. HERNANDEZ
HON. FRANK COSTILLA

*Order*
Page 6

CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103rd JUDICIAL DISTRICT |

## ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

On this day came to be heard, the parties' Agreed Motion for Continuance of Trial.

After reviewing the documents in this case, it is the opinion of this Court that such motion

should be granted and that trial should be continued.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that the trial currently

set for March 8, 2004 is rescheduled to occur on June 1, 2004, with announcements due on May

28, 2004 at _____ o'clock ____ .m.

SIGNED this _____ day of _____, 2004.

_____
The Honorable Menton Murray
Presiding Judge

Approved as to form:

_____
Scott Webre
Attorney for Plaintiff

_____
Luis Hernandez
Attorney for Defendant

*Order*
**Page 1**


EXHIBIT NO. 44

RECEIVED FEB 12 2004

CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## FIAT ON AGREED MOTION FOR CONTINUANCE OF TRIAL

On this the 3RD day of February 2004, came on to be considered the parties' Agreed Motion for Continuance of Trial in the above entitled and numbered cause. The Court, after considering same, is of the opinion that said Motion should be set for hearing.

IT IS THEREFORE ORDERED that parties' Agreed Motion for Continuance of Trial be and it is hereby set for a hearing on the 27TH day of February, 2004, at 9:00 o'clock A.m.

SIGNED FOR ENTRY on this 3RD day of February, 2004.

JUDGE PRESIDING

FEB - 9 2004

FILED 2:00 O'CLOCK P M
AURORA DE LA GARZA DIST CLERK
FEB - 6 2004
DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

Copies to:

Luis R. Hernandez
FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road
Suite 102
Brownsville, Texas 78521

Scott Webre
ATTORNEY AT LAW
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana 70503

Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730

Alejandro J. Garcia
THE LAW OFFICES OF FRANK COSTILLA L.P.
5 East Elizabeth Street
Brownsville, Texas 78520

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| **JAMES DAVID GILBERT** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **v.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **RIG VENTURES, INC.; EMILIO SANCHEZ;** | § | |
| **and PHIL WELLS** | § | **103ᴿᴰ JUDICIAL DISTRICT** |

## F I A T
## ON
## MOTION FOR PARTIAL SUMMARY JUDGMENT

On this, the _11 ᵗᴴ_ day of February, 2004, there came before the Court for setting Defendant **Emilio Sanchez'** Motion for Partial Summary Judgment; and it appearing to the Court that a hearing should be had on such motion:

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that Defendant **Emilio Sanchez'** Motion for Partial Summary Judgment will be considered on the _5ᵗᴴ_ day of _march_, 2004, at _9:00_ o'clock _A_.m., in the 103ʳᵈ Judicial District Courtroom of Cameron County, Texas.

Decision on Motion for Partial Summary Judgment shall be made by the Court on the basis of the motion, reply(s) to motion, admissions, affidavits, counter-affidavits, pleadings, depositions, interrogatories and answers to interrogatories on file prior to the day set for hearing.

No appearance by parties or attorneys is necessary. No evidence shall be received at the hearing. Briefs filed with the Court at or prior to time of hearing will be welcome.

EXHIBIT NO. 46

SIGNED FOR ENTRY on this, the _____11+H_____ day of February, 2004.



FEB 1 8 2004

**By Submission Only**
**No Oral Arguments**

_____
**JUDGE PRESIDING**

**COPIES:**

**CO-COUNSEL FOR PLAINTIFF, JAMES DAVID GILBERT:**
Scott D. Webre
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana  70501

**CO-COUNSEL FOR PLAINTIFF, JAMES DAVID GILBERT:**
Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, Texas  78730

**CO-COUNSEL FOR PLAINTIFF, JAMES DAVID GILBERT:**
Alejandro J. Garcia
THE LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, Texas  78520

**COUNSEL FOR DEFENDANTS**
**EMILIO SANCHEZ AND RIG VENTURES, INC.:**
Luis R. Hernandez
Tom Fleming
FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602

RECEIVED FEB 2 6 2004

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| **JAMES DAVID GILBERT** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **v.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **RIG VENTURES, INC.; EMILIO SANCHEZ;** | § | |
| **and PHIL WELLS** | § | **103RD JUDICIAL DISTRICT** |

### F I A T
### ON
### MOTION TO COMPEL

On this, the _17th_ day of _February_, 2004, came on to be considered Defendant **Rig Ventures, Inc.'s** Motion to Compel in the above entitled and numbered cause. The Court, after considering same, is of the opinion that said Motion should be set for hearing.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that Defendant **Rig Ventures, Inc.'s** Motion to Compel be and it is hereby set for a hearing on the _27th_ day of _February_, 2004, at _9:00_ o'clock _A_.m.

SIGNED FOR ENTRY on this, the _17th_ day of _February_, 2004.

FILED 3:30 O'CLOCK P M
AURORA DE LA GARZA, DIST CLERK

FEB 17 2004

FEB 18 2006

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

_____
JUDGE PRESIDING

**Copies to:**

Luis R. Hernandez
    FLEMING & HERNANDEZ, P.C., 1650 Paredes Line Road, Suite 102, Brownsville, TX 78521
Scott D. Webre
    ATTORNEY AT LAW, 556 Jefferson Street, Jefferson Towers, Suite 200, Lafayette, LA 70503
Ryan Krebs, M.D., J.D.
    6601 Vaught Ranch Road, Suite 100, Austin, TX 78730
Alejandro J. Garcia
    THE LAW OFFICES OF FRANK COSTILLA L.P., 5 East Elizabeth Street, Brownsville, TX 78520

EXHIBIT NO. 47

CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| PHIL WELLS; RICHARD JAROSS; and | § | |
| MODU "OCEAN 66" | § | 103rd JUDICIAL DISTRICT |

## ORDER

Came on to be heard this ____ day of February, 2004, Plaintiff's Motion for Issuance of Letters Rogatory,

After considering the pleadings on file and the arguments of counsel, the Court FINDS Plaintiff's motion should be granted and it is, therefore GRANTED subject to the following:

1.  Plaintiff shall pay in advance any fees and expenses as may be required by the Appropriate Authority of the Civil District Court of the Parish of Orleans;

2.  Any party hereto desiring to attend the deposition in question shall comply fully with any rules of procedure or substance as may be required by the Appropriate Authority of the Civil District Court of the Parish of Orleans;

Pursuant to the instant order, the COURT shall direct issuance of letters rogatory in such form the Court deems appropriate.

Signed this ___ day of February, 2004.

_____
HONORABLE MENTON MURRAY

Approved as to form:

_____
Scott Webre
Attorney for Plaintiff

EXHIBIT NO. 48

CAUSE NO. 2002-11-4448-D

| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO | § | |
| SANCHEZ; AND PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## <u>ORDER SETTING HEARING</u>

Plaintiff's Motion to Compel Entry Upon Property is hereby set for hearing before this Court

on the 27ᵗʰ day of February, 2004 at 9:00 o'clock a.m.

SIGNED this _18 ᵀᴴ_ day of _February_, 2004.

_____
JUDGE PRESIDING

02/18/04 COPIES TO:

HON. ALEJANDRO J. GARCIA
HON. LUIS R. HERNANDEZ
HON. SCOTT D. WEBRE
HON. RYAN KREBS

FILED 2:00 O'CLOCK __ M
AURORA DE LA GARZA DIST. CLERK

FEB 18 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

ORDER SETTING HEARING                                    Sole Page

EXHIBIT NO. 49

CAUSE NUMBER 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| PHIL WELLS; RICHARD JAROSS; and | § | |
| MODU "OCEAN 66" | § | 103rd JUDICIAL DISTRICT |

## ORDER

Came on to be heard Plaintiff's Motion for Leave to Late File Plaintiff's Response to Defendant

Emilio Sanchez's Motion for Summary Judgment, and after considering Plaintiff's motion, the

Court finds Plaintiff's motion is well taken and should be and hereby is GRANTED.

Therefore, it is ordered Plaintiff shall be allowed to file any response and evidence in

opposition to Emilio Sanchez' motion for partial summary judgment no later than March 2, 2004,

with such being delivered by hand delivery to the court and counsel on such date.

Signed and entered this 27R day of February, 2004.

_____
HONORABLE MENTON MURRAY

03/01/04 COPIES TO:

Approved as to form:

_____
Frank Costilla
Alejandro "Hondo" Garcia

HON. RYAN KREBS
HON. LUIS R. HERNANDEZ
HON. SCOTT WEBRE

FILED 3:30 O'CLOCK ___M
AURORA DE LA GARZA DIST CLERK
FEB 27 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY



EXHIBIT NO. 50

## CAUSE NO. 2002-11-4448-D

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| and PHIL WELLS | § | 103RD JUDICIAL DISTRICT |

## ORDER COMPELLING RESPONSE

The Motion to Compel filed by Defendant Rig Ventures, Inc. came on for hearing on this 27th day of February 2004. Defendant appeared through Counsel, and Plaintiff James David Gilbert appeared through Counsel. All parties announced ready and presented argument. After review of the pleadings, the motion, the Court's file and after hearing argument of Counsel, the Court will grant the Defendant's motion.

IT IS, THEREFORE, ORDERED that Plaintiff James David Gilbert respond to those questions of Defendants Rig Ventures, Inc. and Emilio Sanchez concerning Plaintiff's drug usage prior to the accident in which Plaintiff was injured and his addiction to drugs prior to or at the time of the accident. Plaintiff shall respond to such questions in oral deposition conducted in Brownsville, Cameron County, Texas or at a site outside Cameron County, Texas mutually agreeable to the parties or at the time of an unrelated deposition in this same suit to be conducted in San Angelo, Tom Green County, Texas.

EXHIBIT NO. 51

SIGNED FOR ENTRY on the ___9R___ day of March, 2004.


_____
JUDGE PRESIDING

### APPROVED AS TO FORM & SUBSTANCE:

COUNSEL FOR DEFENDANTS, RIG VENTURES, INC. and EMILIO SANCHEZ:
FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

by:_____
Tom Fleming
State Bar of Texas No. 07133000
Luis R. Hernandez
State Bar of Texas No. 09518900

FILED 8:52 O'CLOCK ___a___ M
AURORA DE LA GARZA, DIST CLERK
MAR - 9 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

### APPROVED AS TO FORM ONLY:

CO-COUNSEL FOR PLAINTIFF, JAMES DAVID GILBERT:
Scott D. Webre
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana 70501
Telephone:  (337) 593-4178
Telecopier:  (337) 593-4159

by:_____
Scott D. Webre
State Bar of Texas No.21050070

COPIES:
Scott D. Webre
        556 Jefferson Street, Jefferson Towers, Suite 200, Lafayette, Louisiana 70501
Ryan Krebs, M.D., J.D.
        6601 Vaught Ranch Road, Suite 100, Austin, Texas 78730
Alejandro J. Garcia
        THE LAW OFFICES OF FRANK COSTILLA L.P., 5 East Elizabeth Street, Brownsville, Texas 78520
Tom Fleming
        FLEMING & HERNANDEZ, P.C., 1650 Paredes Line Road, Suite 102, Brownsville, Texas 78521-1602

RIG VENTURES, INC.,EMILIO SANCHEZ, PHIL WELLS

VS

JAMES DAVID GILBERT

* * * * C L E R K ' S   E N T R I E S * * * *

00270604
HON. LUIS R. HERNANDEZ
1650 PAREDES LINE RD., STE.102
BROWNSVILLE, TX.    78521 0000

00640701
RYAN KREBS, M.D.,J.D.
6601 VAUGHT RANCH RD, STE. 100
AUSTIN, TEXAS    78730 0000

(10)

NEGLIGENCE/DAMA

| Date | Entry |
|---|---|
| 01/16/03 | PLTF'S MTN TO COMPEL SET FOR 02/06/03 AT 9 AM..MMURRAYJR/CW |
| 01/23/03 | DEFTS' SPECIAL EXCEPTIONS SET FOR 02/20/03 AT 9 AM..MMURRAYJR/CW |
| 03/07/03 | ORDER IN RESPECT TO FEB. 20, 2003 SIGNED FOR ENTRY. MMJR/GM |
| 04/14/03 | PLTF'S AMENDED MTN TO COMPEL ENTRY UPON PROPERTY SET FOR 05/08/03 AT 9 AM. MMURRAYJR/CWARFORD |
| 04/14/03 | PLTF'S MTN FOR TRIAL SETTING SET FOR 06/25/03 AT 9 AM. MMJR/CW |
| 05/28/03 | PLTF'S AMENDED MTN TO COMPEL ENTRY UPON PROPERTY IS HEREBY GRANTED AS PER ORDER SIGNED FOR ENTRY. MMURRAYJR/CWARFORD |
| 06/09/03 | ORDER ON MTN FOR ENTRY UPON PROPERTY SIGNED FOR ENTRY..MMJR/CW |
| 06/09/03 | AGREED LEVEL III DISCOVERY CONTROL PLAN & SCHEDULING ORDER SIGNED FOR ENTRY..MMURRAYJR/CW |
| 07/16/03 | PLTF'S MTN TO COMPEL SET FOR 11/24/03 AT 9:00 AM..MMJR/CW |
| 08/13/03 | PLTF'S MTN TO COMPEL IS HEREBY GRANTED AS PER ORDER SIGNED FOR ENTRY..MMURRAYJR/CWARFORD |
| 08/13/03 | PLTF'S MTN TO COMPEL SET FOR 12/12/03 AT 9:00 AM..MMURRAYJR/CW |
| 11/13/03 | PLTF'S MTN TO COMPEL DEFTS' RESPONSES TO PLTF'S REQUEST FOR PRODUCTION ORDER SIGNED FOR ENTRY..MMURRAYJR/CWARFORD |
| 11/24/03 | MTN FOR CONTINUANCE OF TRIAL SET FOR 02/27/04 AT 9:00 AM..MMJR |
| 11/24/03 | MTN FOR PARTIAL SUMMARY JUDGMENT SET FOR 03/05/04 AT 9:00..MMJR BY SUBMISSION ONLY!!!! NO ORAL ARGUMENTS!!!! |
| 12/16/03 | DEFT RIG VENTURES,INC.'S MTN TO COMPEL SET FOR 02/27/04 AT 9:00 AM...MMURRAYJR/CW |
| 12/16/03 | PLTF'S MTN TO COMPEL ENTRY UPON PROPERTY SET FOR 02/27/04 AT 9:00 AM...MMURRAYJR/CW |
| 12/16/03 | PLTF'S MTN FOR ISSUANCE OF LETTERS ROGATORY IS HEREBY GRANTED AS PER ORDER SIGNED FOR ENTRY..MMURRAYJR/CW |
| 02/02/04 | PLTF'S MTN FOR LEAVE TO LATE FILE PLTF'S RESPONSE TO DEFT EMILIO SANCHEZ, MTN FOR SUMMARY JUDGMENT IS HEREBY GRANTED AS PER ORDER SIGNED FOR ENTRY...MMURRAYJR/CW |
| 02/11/04 | |
| 02/11/04 | |
| 02/17/04 | |
| 02/18/04 | |
| 02/18/04 | |
| 02/26/04 | |
| 02/26/04 | |
| 02/27/04 | |
| 02/27/04 | |
| 02/27/04 | |

| Date | Entry |
|---|---|
| 11/06/02 | ORIGINAL PETITI |
| 11/06/02 | CITATION: RIG    SERVED: 11/ |
| 11/06/02 | CITATION: EMI    SERVED: EMI |
| 11/06/02 | CITATION: EMI    SERVED: 11/ |
| 11/06/02 | JURY FEE: Pd. |
| 11/06/02 | AFFIDAVIT OF S |
| 11/07/02 | CITATION: RIG    SERVED: 12/ |
| 11/21/02 | CITATION: EMI    SERVED: EMI |
| 11/21/02 | CITATION: EMI    SERVED: 12/ |
| 11/21/02 | REQUEST FOR EN |
| 11/21/02 | PLAINTIFF'S RE |
| 11/26/02 | ORIGINAL ANSWE |
| 11/26/02 | ORIGINAL ANSWE |
| 11/26/02 | AFFIDAVIT OF S |
| 12/04/02 | AFFIDAVIT OF S |
| 12/26/02 | CERTIFICATE OF    /CWARFORD |
| 12/26/02 | CERTIFICATE OF    /CWARFORD |
| 12/26/02 | DEFT'S RIG VEN:    SANCHEZ' OBJE( |
| 12/27/02 | DEFT'S RIG VEN:    SANCHEZ' OBJE( |
| 12/27/02 | PLTF JAMES    FOR ENTRY UPO |
| 12/27/02 | DEFTS RIG VEN:    SANCHEZ' SPEC: |
| 01/06/03 | NOTICE OF APPI    /CWARFORD |
| 01/08/03 | PLTF'S MTN TO |

RUN DATE 03/09/04
RUN TIME 1:34 PM

RIG VENTURES, INC.,EMILIO SANCHEZ, PHIL WELLS

JAMES DAVID GILBERT

VS

*   *   *   C L E R K ' S   E N T R I E S   *   *   *

00640701
RYAN KREBS, M.D.,J.D.
6601 VAUGHT RANCH RD.,STE. 100
AUSTIN, TEXAS          78730 0000

(10)

00270604
HON. LUIS R. HERNANDEZ
1650 PAREDES LINE RD., STE.102
BROWNSVILLE, TX.       78521 0000

NEGLIGENCE/DAMA

| Date | Entry |
|---|---|
| | PROPERTY /CWAR |
| 01/27/03 | PLTF'S FIRST A |
| 01/27/03 | RULE 11 AGREEM |
| 01/27/03 | CITATION: PHIL |
| 01/27/03 | SERVED: 03/ |
| 02/07/03 | PLTF'S SECOND |
| | /CWARFORD |
| 04/08/03 | PLTF'S AMENDED |
| | UPON PROPERTY |
| 04/08/03 | MTN TO PREV |
| | EVIDENCE ./CWAR |
| 05/02/03 | CERTIFICATE OF |
| | /CWARFORD |
| 05/16/03 | PLTFS' MTN FOR |
| 07/10/03 | DF RIG VENTURE |
| | WRITTEN DISCOV |
| 10/17/03 | RULE 11 AGREEM |
| 11/03/03 | PLTFS' MTN TO |
| | SANCHEZ & RIG |
| 11/03/03 | RESPONSES T |
| | PRODUCTION /CW |
| 11/26/03 | CERTIFICATE OF |
| 11/26/03 | /CWARFORD |
| | (LUIS HERNANDE |
| | DISCOVERY/CWAF |
| 12/01/03 | RULE 11 AGREEM |
| 12/05/03 | FIRST AMENDED |
| | RIG VENTURES, |
| 12/05/03 | EMILIO SANC |

RUN DATE 03/09/04
RUN TIME 1:34 PM

RIG VENTURES, INC.,EMILIO SANCHEZ, PHIL WELLS

JAMES DAVID GILBERT

VS

* * * C L E R K ' S   E N T R I E S * * *

00640701
RYAN KREBS, M.D.,J.D.
6601 VAUGHT RANCH RD,STE. 100
AUSTIN, TEXAS     78730 0000

00270604
HON. LUIS R. HERNANDEZ
1650 PAREDES LINE RD., STE. 102
BROWNSVILLE, TX.     78521 0000

(10)

NEGLIGENCE/DAMA(

| Date | Entry |
|---|---|
| 12/05/03 | CERTIFICATE OF DISCOVERY/CWAR |
| 12/05/03 | OFFICER'S RETU |
| 12/09/03 | VACATION LETTE /CWARFORD |
| 12/10/03 | ADDRESS CHANGE |
| 12/29/03 | DEFTS' REQUEST |
| 12/31/03 | CERTIFICATE OF |
| 01/07/04 | CERTIFICATE OF |
| 01/13/04 | OFFICER'S RETU |
| 01/16/04 | CERTIFICATE OF |
| 01/22/04 | AGREED MTN FOR |
| 02/04/04 | MTN FOR PARTIA |
| 02/09/04 | CITATION: RICH SERVED: 02/ |
| 02/09/04 | RULE 11 AGREEM 9,2004 /CW |
| 02/09/04 | PLTF'S THIRD A |
| 02/11/04 | MTN TO COMPEL |
| 02/17/04 | PLTF'S MTN FOR ROGATORY FOR O |
| 02/17/04 | DEPO ON WRI LOUISIANA WITN |
| 02/17/04 | MTN TO COMPEL |
| 02/19/04 | JAMES DAVID GI |
| 02/23/04 | ORAL/VIDEOTAPE RESPONSE TO PL |
| 02/25/04 | ENTRY UPON PRO |
| 02/25/04 | PLTF'S MTN FOR |

RUN DATE 03/09/04
RUN TIME 1:34 PM

* * * C L E R K ' S   E N T R I E S * * *

JAMES DAVID GILBERT

VS

RIG VENTURES, INC.,EMILIO SANCHEZ, PHIL WELLS

00640701
RYAN KREBS, M.D.,J.D.
6601 VAUGHT RANCH RD.,STE. 100
AUSTIN, TEXAS        78730 0000

(10)

NEGLIGENCE/DAMAG

00270604
HON. LUIS R. HERNANDEZ
1650 PAREDES LINE RD., STE.102
BROWNSVILLE, TX.        78521 0000

02/25/04        PLTF'S RESPONSI
                EMELIO SANC
                SUMMARY JUDGMEN
02/27/04        CERTIFICATE OF
03/02/04        PLTF'S RESPONSI
                SANCHEZ'S MTN I
03/02/04        SUMMARY JUDG
03/04/04        REPLY OF DEFT I
                RESPONSE /CW
03/05/04        CORRESPONDENCE
03/09/04        ORIGINAL ANSWEI
                DRILLING UNIT

# EXHIBIT 53
## LIST OF COUNSEL

**CO-COUNSEL FOR PLAINTIFF:**
Scott D. Webre
SBOT No. 21050070
ATTORNEY AT LAW
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana  70501
Telephone:   (337) 593-4178
Telecopier:  (337) 593-4159

**CO-COUNSEL FOR PLAINTIFF:**
Ryan Krebs, M.D., J.D.
SBOT No. 00792088
6601 Vaught Ranch Road, Suite 100
Austin, Texas  78730
Telephone:   (512) 478-2072
Telecopier:  (512) 494-0420

**CO-COUNSEL FOR PLAINTIFF:**
Frank Costilla
SBOT No. 24004663
THE LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, Texas  78520
Telephone:   (956) 541-4982
Telecopier:  (956) 544-3152

**CO-COUNSEL FOR RIG VENTURES, INC.; EMILIO SANCHEZ and MODU OCEAN 66:**
Tom Fleming
SBOT No. 07133000
Federal I.D. No. 1188

Luis R. Hernandez
SBOT No. 09518900
Federal I.D. No. 12978

FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602
Telephone:   (956) 982-4404
Telecopier:  (956) 982-0943

EXHIBIT NO. 53