United States District Court
Southern District of Texas
FILED

MAY 2 5 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-04-047 |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| PHIL WELLS; RICHARD JAROSS; and | § | |
| MODU "OCEAN 66" | § | |
| **Defendants.** | § | |

## MOTION TO ABATE COURT ACTION

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW, **Rig Ventures, Inc., Emilio Sanchez, Richard Jaross and MODU "Ocean 66"**, ("Defendants" herein) move this Court to abate this lawsuit and order the administrative remedies of the Longshore and Harbor Worker's Compensation Act (hereinafter "LHWCA") be exhausted and as grounds thereof would show unto the Court as follows:

1.    The United States District Court has jurisdiction pursuant to the exclusive remedies provided by the LHWCA and due to the federal court's having exclusive federal jurisdiction over *in rem* suits over a vessel.  The LHWCA, 33 U.S.C. § 901, *et seq.*, by its relevant terms states at § 905, "Exclusiveness of liability," that:

> **(b) Negligence of vessel**
> In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements

or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services.  * * *  The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. *The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.* (Emphasis added).

2.      The Fifth Circuit, in *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 366

(5th Cir. 1995) has set forth the policy and congressional purpose behind the Act as

follows:

The Supreme Court has previously delineated the policy and congressional purpose behind the LHWCA. <u>See</u> *Morrison-Knudsen Const. Co. v. Director, Office of Workers' Compensation Programs, U.S. Dep't of Labor*, 461 U.S. 624, 636, 103 S.Ct. 2045, 2052, 76 L.Ed.2d 194 (1983),

[T]he [LHWCA is] not a simple remedial statute intended for the benefit of the workers. Rather, it was designed to strike a balance between the concerns of the longshoremen and harbor workers on the one hand, and their employers on the other. Employers relinquished their defenses to tort actions in exchange for limited and predictable liability. Employees accept the limited recovery because they receive prompt relief without the expense, uncertainty, and delay that tort actions entail.

<u>See also</u> *Fontenot v. AWI, Inc.* 923 F.2d 1127, 1132-33 (5th Cir. 1991),

Worker's compensation laws, like the LHWCA, typically replace a negligence action with an *administrative system* as the method for determining an employee's right to, and amount of, compensation for injuries sustained on the job . . ..In enacting the LHWCA, Congress intended that it be the sole and exclusive remedy for workers within its

scope, not a stepping stone on the way to a jury award. (Emphasis added).

*Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 366 (5th Cir. 1995).

     3.    The LHWCA, 20 C.F.R. § 702 provides the applicable Administration and

procedures in pursuing this remedy.  Although the Defendant, Rig Ventures, Inc., has

followed the report procedure, the Plaintiff has failed follow the claim procedure which

states in pertinent part as follows:

**Sec. 702.201**
**Reports from employers of employee's injury or death.**

     (a) Within 10 days from the date of an employee's injury or death, or 10 days from the date of employer has knowledge of an employee's injury or death, ... the employer shall a report thereof to the district director for the compensation district in which the injury or death occurred, and shall thereafter furnish such additional or supplemental reports as the district director may request.

**Sec. 702.211**
**Notice of employee's injury or death; designation of responsible official.**

     (a)   In order to claim compensation under the Act, an employee or claimant must first give notice of the fact of an injury or death to the employer and also may give notice to the district director for the compensation district in which the injury or death occurred.

**Sec. 702.221**
**Claims for compensation; time limitation.**

     (a)  Claims for compensation for disability or death shall be in writing and filed with the district director for the compensation district in which the injury or death occurred...Except as provided below, the right to compensation is barred unless a claim is filed within one year of the injury or death, or (where payment is made without an award) within one year of the date on which the last compensation payment was made.

**Sec. 702.251**
**Employer's controversion of the right to compensation.**

> Where the employer controverts the right to compensation after notice or knowledge of the injury or death, or after receipt of a written claims, he shall give notice thereof, stating the reasons for controverting the right to compensation, using the form prescribed by the Director. Such notice, or answer to the claim, shall be filed with the district director within 14 days from the date the employer receives notice or has knowledge of the injury or death.

**Sec. 702.252**
**Action by district director upon receipt of notice of controversion.**

> Upon receiving the employer's notice of controversion, the district director shall forthwith commence proceedings for the adjudication of the claim in accordance with the procedures set forth in subpart C of this part.

4.    The office of administrative law judges will then assign an administrative law judge to the case.  *20 C.F.R. § 702.332.*

The administrative law judge will then administer discovery, set the matter for trial, and will hear the case. *20 C.F.R. § 702.338.*

Thereafter, the administrative law judge will render a decision and order regarding what, if any Worker's Compensation benefits are due the claimant.  *20 C.F.R. § 702.348.*

After the administrative law judge renders his decision and order, any and all parties can appeal to the Benefits Review Board. *20 C.F.R. § 702.391.*

WHEREFORE PREMISES CONSIDERED, Defendants move this court to abate the

cause of action and order the Plaintiff to follow the remedies set forth in the LHWCA,

and for such other relief both general and special for which they may show themselves

justly entitled.

---

DATED: May _____, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

By: _____
    Luis R. Hernandez
    State Bar of Texas No. 09518900

**ATTORNEYS FOR DEFENDANTS,
RIG VENTURES, INC., EMILIO SANCHEZ,
RICHARD JAROSS and MODU "Ocean 66".**

## **CERTIFICATE OF SERVICE**

I, Luis R. Hernandez, hereby certify that a true and correct copy of the foregoing

**MOTION TO ABATE COURT ACTION** was forwarded on May _85_ , 2004 by Certified

United States Mail, Return Receipt Requested to the following Counsel-of-record:

**COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
Scott D. Webre
ATTORNEY AT LAW
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana 70501
(Certified United States Mail, R.R.R., #7002 2030 0007 1000 4857)

**CO-COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(Certified United States Mail, R.R.R. #7002 2030 0007 1000 4864)

**CO-COUNSEL FOR PLAINTIFF,**
**JAMES DAVID GILBERT:**
Frank Costilla
THE LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, Texas 78520
(Certified United States Mail, R.R.R., #7002 2030 0007 1000 4871)


_____
Luis R. Hernandez