**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUL 0 7 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **JAMES DAVID GILBERT** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-04-047** |
| | § | |
| **RIG VENTURES, INC.; EMILIO SANCHEZ;** | § | |
| **PHIL WELLS; RICHARD JAROSS; and** | § | |
| **MODU "OCEAN 66"** | § | |
| **Defendants.** | § | |

## MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **Emilio Sanchez**, one of the Defendants in the above styled and numbered cause, and files this his motion seeking partial summary judgment on his behalf that Plaintiff take nothing by his suit against this Defendant because all conditions precedent have not occurred.

1.     There are no controverted fact issues concerning the condition precedent which has not occurred, and the issue upon which this motion is made is a question of law and not fact.

2.     Defendant, Rig Ventures, Inc., is a corporation created and existing pursuant to the laws of the State of Delaware with a permit to conduct business in Texas. Defendant and Movant, Emilio Sanchez, is a stockholder of Rig Ventures, Inc. Certified copies of the corporate charter, and the renewal thereof, of Rig Ventures, Inc. are attached hereto as Exhibit A.   A copy of the Certificate of Authority of

Rig Ventures, Inc. to conduct business in the State of Texas is attached hereto as Exhibit B.  That authorization remains effective.  See, Exhibit C attached hereto.

3.    As a foreign corporation, Rig Ventures, Inc. is subject to the provisions of Texas Business Corporation Act Article 8.02 which provides in pertinent part:

> "(T)hat only the laws of the jurisdiction of incorporation of a foreign corporation shall govern (1) the internal affairs of the foreign corporation, including but not limited to the rights, powers, and duties of its board of directors and shareholders and matters relating to its shares, and <u>(2) the liability, if any, of the shareholders of the foreign corporation for the debts, liabilities, and obligations of the foreign corporation for which they are not otherwise liable by statute or agreement</u>." (Emphasis added).

4.    Under the provisions of the above cited Article 8.02 of the Texas Business Corporation Act, the provisions of Delaware law govern the liability of Movant as a shareholder of Rig Ventures, Inc.  Delaware General Corporation Law, Section 325(b) provides that:

> "No suit shall be brought against any officer, director or stockholder for any debt of a corporation of which he is an officer, director or stockholder, until judgment be obtained therefor against the corporation and execution thereon remain unsatisfied."

A certified copy of Section 325 of the Delaware General Corporation Law is attached hereto as Exhibit D.  Pursuant to Federal Rules of Evidence 201, the Court is requested to take judicial notice of such statute as being capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned for the purpose of this Motion for Partial Summary Judgment.

**5.** The provisions of the Texas Business Corporation Act and the Delaware General Corporation Law set out hereinabove constitute a condition precedent to Plaintiff's right to sue Movant, Emilio Sanchez, for the actions of the Defendant corporation. Until such condition precedent as is set out in the controlling Delaware statute is met, Movant is entitled to be discharged from Plaintiff's allegations of alter ego and Plaintiff's attempts to pierce the corporate veil as set out in paragraphs 25 through 28, inclusive, of Plaintiff's Fourth Amended Complaint.

Movant prays this Motion for Partial Summary Judgment be set for submission and, upon submission, judgment be entered dismissing Emilio Sanchez from such litigation with his costs and such other and further relief to which he may be entitled in law and in equity.

DATED: July ___7___, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943

by: _____
**Tom Fleming**
State Bar of Texas No. 07133000
Federal I. D. No. 1188
**Luis R. Hernandez**
State Bar of Texas No. 09518900
Federal I.D. No. 12978

**ATTORNEYS FOR DEFENDANT, EMILIO SANCHEZ.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing **MOTION FOR PARTIAL SUMMARY JUDGMENT** were served July _7_ , 2004 in the manner(s) indicated below upon the following Counsel-of-record:

> **CO-COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Scott D. Webre
> 556 Jefferson Street
> Jefferson Towers, Suite 200
> Lafayette, Louisiana  70501
> *(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 5083)*
>
> **CO-COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Ryan Krebs, M.D., J.D.
> 6601 Vaught Ranch Road, Suite 100
> Austin, Texas  78730
> *(CERTIFIED UNITED STATES MAIL, R.R.R. #7002 2030 0007 1000 5076)*
>
> **CO-COUNSEL FOR PLAINTIFF,**
> **JAMES DAVID GILBERT:**
> Frank Costilla
> THE LAW OFFICES OF FRANK COSTILLA, L.P.
> 5 East Elizabeth Street
> Brownsville, Texas  78520
> *(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 5069)*

Tom Fleming



PAGE  1

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT
COPIES OF ALL DOCUMENTS ON FILE OF "RIG VENTURES INC." AS
RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF INCORPORATION, FILED THE TWENTY-FOURTH DAY OF
OCTOBER, A.D. 1994, AT 4:30 O'CLOCK P.M.

CERTIFICATE OF RENEWAL, FILED THE THIRD DAY OF DECEMBER,
A.D. 2003, AT 8 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID
CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE
AFORESAID CORPORATION.

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 3215306

DATE: 07-06-04

2446767  8100H

040495497

EXHIBIT NO. A

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 04:30 PM 10/24/1994
944202678 - 2446767

# CERTIFICATE OF INCORPORATION

## OF

## RIG VENTURES INC.

The undersigned, a natural person, for the purpose of organizing a corporation for conducting the business and promoting the purposes hereinafter stated, under the provisions and subject to the requirements of the laws of the State of Delaware (particularly Chapter 1, Title 8 of the Delaware Code and the acts amendatory thereof and supplemental thereto, and known, identified, and referred to as the "General Corporation Law of the State of Delaware"), hereby certifies that:

**FIRST:** The name of the corporation (hereinafter called the "corporation") is RIG VENTURES INC.

**SECOND:** The address, including street, number, city, and county, of the registered office of the corporation in the State of Delaware is 32 Loockerman Square, Suite L-100, City of Dover 19904, County of Kent; and the name of the registered agent of the corporation in the State of Delaware at such address is The Prentice-Hall Corporation System, Inc.

**THIRD:** The purpose of the corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware.

**FOURTH:** The total number of shares of stock which the corporation shall have authority to issue is one thousand five hundred, all of which are without par value. All such shares are of one class and are shares of Common Stock.

**FIFTH:** The name and the mailing address of the incorporator are as follows:

| NAME | MAILING ADDRESS |
|---|---|
| Athena Amaxas | 15 Columbus Circle<br>New York, N.Y. 10023-7773 |

**SIXTH:** The corporation is to have perpetual existence.

-1-

**SEVENTH:** Whenever a compromise or arrangement is proposed between this corporation and its creditors or any class of them and/or between this corporation and its stockholders or any class of them, any court of equitable jurisdiction within the State of Delaware may, on the application in a summary way of this corporation or of any creditor or stockholder thereof or on the application of any receiver or receivers appointed for this corporation under the provisions of § 291 of Title 8 of the Delaware Code or on the application of trustees in dissolution or of any receiver or receivers appointed for this corporation under the provisions of § 279 of Title 8 of the Delaware Code order a meeting of the creditors or class of creditors, and/or of the stockholders or class of stockholders of this corporation, as the case may be, to be summoned in such manner as the said court directs. If a majority in number representing three fourths in value of the creditors or class of creditors, and/or of the stockholders or class of stockholders of this corporation, as the case may be, agree to any compromise or arrangement and to any reorganization of this corporation as consequence of such compromise or arrangement, the said compromise or arrangement and the said reorganization shall, if sanctioned by the court to which the said application has been made, be binding on all the creditors or class of creditors, and/or on all the stockholders or class of stockholders, of this corporation, as the case may be, and also on this corporation.

**EIGHTH:** For the management of the business and for the conduct of the affairs of the corporation, and in further definition, limitation, and regulation of the powers of the corporation and of its directors and of its stockholders or any class thereof, as the case may be, it is further provided:

1. The management of the business and the conduct of the affairs of the corporation shall be vested in its Board of Directors. The number of directors which shall constitute the whole Board of Directors shall be fixed by, or in the manner provided in, the Bylaws. The phrase "whole Board" and the phrase "total number of directors" shall be deemed to have the same meaning, to wit, the total number of directors which the corporation would have if there were no vacancies. No election of directors need be by written ballot.

2. After the original or other Bylaws of the corporation have been adopted, amended, or repealed, as the case may be, in accordance with the provisions of § 109 of the General Corporation Law of the State of Delaware, and, after the corporation has received any payment for any of its stock, the power to adopt, amend, or repeal the Bylaws of the corporation may be exercised by the Board of Directors of the corporation; provided, however, that any provision for the classification of directors of the corporation for staggered terms pursuant to the provisions of subsection (d) of § 141 of the General Corporation Law of the State of Delaware shall be set forth in an initial Bylaw or in a Bylaw adopted by the stockholders entitled to vote of the corporation unless provisions for such classification shall be set forth in this certificate of incorporation.

-2-

3.  Whenever the corporation shall be authorized to issue only one class of stock, each outstanding share shall entitle the holder thereof to notice of, and the right to vote at, any meeting of stockholders. Whenever the corporation shall be authorized to issue more than one class of stock, no outstanding share of any class of stock which is denied voting power under the provisions of the certificate of incorporation shall entitle the holder thereof to the right to vote at any meeting of stockholders except as the provisions of paragraph (2) of subsection (b) of § 242 of the General Corporation Law of the State of Delaware shall otherwise require; provided, that no share of any such class which is otherwise denied voting power shall entitle the holder thereof to vote upon the increase or decrease in the number of authorized shares of said class.

NINTH:  The personal liability of the directors of the corporation is hereby eliminated to the fullest extent permitted by the provisions of paragraph (7) of subsection (b) of § 102 of the General Corporation Law of the State of Delaware, as the same may be amended and supplemented.

TENTH:  The corporation shall, to the fullest extent permitted by the provisions of § 145 of the General Corporation Law of the State of Delaware, as the same may be amended and supplemented, indemnify any and all persons whom it shall have power to indemnify under said section from and against any and all of the expenses, liabilities, or other matters referred to in or covered by said section, and the indemnification provided for herein shall not be deemed exclusive of any other rights to which those indemnified may be entitled under any Bylaw, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in his official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such a person.

ELEVENTH:  From time to time any of the provisions of this certificate of incorporation may be amended, altered, or repealed, and other provisions authorized by the laws of the State of Delaware at the time in force may be added or inserted in the manner and at the time prescribed by said laws, and all rights at any time conferred upon the stockholders of the corporation by this certificate of incorporation are granted subject to the provisions of this Article ELEVENTH.

Signed on October 24, 1994.

_____
Incorporator

-3-

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 08:00 AM 12/03/2003*
*FILED 08:00 AM 12/03/2003*
*SRV 030J73154 – 2446767 FILE*

CERTIFICATE OF RENEWAL AND REVIVAL OF
CERTIFICATE OF INCORPORATION
OF
Rig Ventures Inc.

It is hereby certified that:

1.     The name of the corporation (hereinafter called the "corporation") is
Rig Ventures Inc.

2.     The corporation was organized under the provisions of the General
Corporation Law of the State of Delaware. The date of filing of its original certificate
of incorporation with the Secretary of State of the State of Delaware is Oct. 24, 1994.

3.     The address, including the street, city, and county, of the registered office
of the corporation in the State of Delaware and the name of the registered agent at
such address are as follows: Corporation Service Company, 2711 Centerville Road,
Suite 400, Wilmington, Delaware 19808, County of New Castle.

4.     The corporation hereby procures a renewal and revival of its certificate of
incorporation, which became inoperative by law on March 1, 2003 for failure to file
annual reports and non-payment of taxes payable to the State of Delaware.

5.     The certificate of incorporation of the corporation, which provides for and
will continue to provide for, perpetual duration, shall, upon the filing of this
Certificate of Renewal and Revival of the Certificate of Incorporation in the
Department of State of the State of Delaware, be renewed and revived and shall
become fully operative on February 28, 2003.

6.     This Certificate of Renewal and Revival of the Certificate of Incorporation
is filed by authority of the duly elected directors as prescribed by Section 312 of the
General Corporation Law of the State of Delaware.

Signed on **November 24, 2003**

*Emilio Sanchez  President*
Name and Title of Authorized Officer

*Emilio Sanchez*
Printed Name

Corporations Section
P.O. Box 13697
Austin, Texas 78711-3697



Geoffrey S. Connor
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

RIG VENTURES, INC.
Filing Number: 10261906

Application For Certificate Of Authority                    December 06, 1994

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on July 02, 2004.



Secretary of State

EXHIBIT NO. B

FILED
In the Office of the
Secretary of State of Texas

DEC 0 6 1994

Corporations Section

## APPLICATION FOR CERTIFICATE OF AUTHORITY

Pursuant to the provisions of Article 8.05 of the Texas Business Corporation

Act, the undersigned corporation hereby applies for a certificate of authority to

transact business in Texas:

1.   The name of the corporation is Rig Ventures, Inc.

2.   If the corporate name is not available in Texas, the name under which
     the corporation will qualify and transact business in Texas is
     Rig Ventures of Brownsville.

3.   It is incorporated under the laws of the State of Delaware.

4    The date of the incorporation is October 24, 1994, and the period of
     duration is perpetual.

5    The address of its principal office in the State of Delaware is
     32 Loockerman Square, Suite L-100, Dover, Kent County, Delaware
     19904.

6.   The street address of its proposed registered office in Texas is
     6665 East 14th Street, Brownsville, Cameron County, Texas  78521,
     and the name of the proposed registered agent in Texas at such address
     is Emilio Sanchez.

7.   The purpose or purposes of the corporation which it proposes to pursue
     in the transaction of business in Texas are to engage in any lawful act
     or activity for which corporations may be organized under the General
     Corporation Law of the State of Delaware.

8.    It is authorized to pursue such purpose or purposes in the state or county under the laws of which it is incorporated.

9.    The names and respective addresses of its Directors are:

Emilio Sanchez
6665 East 14th Street
Brownsville, Texas  78521;

Jorge E. Sanchez
6665 East 14th Street
Brownsville, Texas  78521; and

Nick Soto
6665 East 14th Street
Brownsville, Texas  78521.

10.    The names and respective addresses of its officers are:

Emilio Sanchez, President
6665 East 14th Street
Brownsville, Texas  78521;

Jorge E. Sanchez, Vice President
6665 East 14th Street
Brownsville, Texas  78521; and

Nick Soto, Secretary-Treasurer
6665 East 14th Street
Brownsville, Texas  78521.

11.    The aggregate number of shares which it has authority to issue, itemized by classes, par value of shares, shares without par value, and series, if any, within a class is:

| Number of Shares | Class | Series | Par Value Per Share |
|---|---|---|---|
| 1500 | Common | None | No Par |

APPLICATION FOR CERTIFICATE OF AUTHORITY                              Page 2 of 3

12.    The aggregate number of its issued shares, itemized by classes, par value of shares, shares without par value, and series, if any, within a class is.

| Number of Shares | Class | Series | Par Value Per Share |
|---|---|---|---|
| 100 | Common | None | No Par |

13.    The amount of its stated capital is One Thousand ($1,000.00) Dollars.

14.    Consideration of the value of at least One Thousand ($1,000.00) Dollars has been paid for the issuance of its shares.

15.    This application is accompanied by a certificate issued by the Secretary of State of the State of Delaware evidencing the corporate existence and dated within 90 days of the date of receipt of the application.

**RIG VENTURES, INC.**

By: _____

Emilio Sanchez
its President

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Geoffrey S. Connor
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the document, Application For Certificate Of Authority for RIG VENTURES, INC. (filing number: 10261906), a DELAWARE, USA Foreign Business Corporation, was filed in this office on December 06, 1994.

**It is further certified that the entity status in Texas is active.**

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on July 02, 2004.





Geoffrey S. Connor
Secretary of State



EXHIBIT NO. C

### § 325. Actions against officers, directors or stockholders to enforce liability of corporation; unsatisfied judgment against corporation.

(a)   When the officers, directors or stockholders of any corporation shall be liable by the provisions of this chapter to pay the debts of the corporation, or any part thereof, any person to whom they are liable may have an action, at law or in equity, against any 1 or more of them, and the complaint shall state the claim against the corporation, and the ground on which the plaintiff expects to charge the defendants personally.

(b)   No suit shall be brought against any officer, director or stockholder for any debt of a corporation of which such person is an officer, director or stockholder, until judgment be obtained therefor against the corporation and execution thereon returned unsatisfied.

(8 Del. C. 1953, § 325; 56 Del. Laws, c. 50; 71 Del. Laws, c. 339, § 71.)

**Revisor's note.** - Section 114 of 71 Del. Laws, c. 339, provides: "This act shall be effective on July 1, 1998, except that §§ 43 through 46, 48, 54 and 56 of this act shall become effective with respect to agreements of merger or consolidation entered into on or after July 1, 1998."

**The purpose of this section** is to prescribe the manner in which actions are pursued and not to restrict causes of action that have traditionally been available to creditors independently of the corporation law. Lone Star Indus., Inc. v. Redwine, 757 F.2d 1544 (5th Cir. 1985).

**Judgment and unsatisfied execution against corporation as condition precedent.** - Obtaining a judgment and unsatisfied execution against the corporation is a condition precedent to the employment of the remedies mentioned in this section by the creditor directly against the stockholders. The law does not permit a creditor to collect a claim from stockholders if the creditor can recover it from the corporation, and the only way the creditor's inability to do this can be shown to the court is by a judgment and unsatisfied execution. But if the creditor proceeds independently of that statute, by a bill asking for the appointment of receivers on the ground of insolvency, a judgment and execution are not required because the court is compelled to determine the very fact that the judgment and execution are designed to establish. John W. Cooney Co. v. Arlington Hotel Co., 11 Del. Ch. 430, 106 A. 39 (1918).

**This section is plainly irrelevant in copyright infringement action,** since it is not a suit against an officer, director or stockholder for the debts of a corporation. Hideout Records & Distribs. v. El Jay Dee, Inc., 601 F. Supp. 1048 (D. Del. 1984).

**Joint liability.** - A director who joins with his or her associate directors in the wrongful authorization of the management is jointly liable with them for the injury which it did to the corporation. Eshleman v. Keenan, 21 Del. Ch. 259, 187 A. 25 (1936).

**Unpaid subscriptions.** - The debts of the company not having been ascertained and there being no showing that the assessment or collection on an unpaid subscription was necessary either for the payment of debts of the corporation or for the purpose of equalization among the stockholders, suit could not be maintained on a stock subscription note against a stockholder by a receiver for the unpaid subscription. Philips v. Slocomb, 35 Del. 462, 167 A. 698 (1933).

**Mere act of voting did not justify charge of participation in conspiracy.** - The mere act of a large corporate shareholder in a transferee corporation in voting in favor of a purchase of assets at an allegedly grossly exaggerated price could not of itself justify a charge against the shareholder of wrongful

©2003 State of Delaware and  Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

participation in an alleged conspiracy. Heil v. Standard Gas & Elec. Co., 17 Del. Ch. 214, 151 A. 303 (1930).

**Sole ownership of stock and common directors and officers between parent and subsidiary** are only some of the factors to be considered by courts in determining whether or not the corporate fiction should be disregarded and the shareholders held liable. Scott-Douglas Corp. v. Greyhound Corp., Del. Super. Ct. 304 A.2d 309 (1973).

It requires a strong case to induce a court to consider 2 corporations as 1 on account of 1 owning all the capital stock of the other. Scott-Douglas Corp. v. Greyhound Corp., Del. Super. Ct. 304 A.2d 309 (1973).

©2003 State of Delaware and Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.