

United States District Court
Southern District of Texas
FILED

JUL 07 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAMES DAVID GILBERT | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-04-047 |
| | § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; | § | |
| PHIL WELLS; RICHARD JAROSS; and | § | |
| MODU "OCEAN 66" | § | |
|     Defendants. | § | |

## BRIEF
## IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **Emilio Sanchez**, a Defendant herein, and files this Brief in support of his Motion for Partial Summary Judgment:

### Nature of the Case

The case before the Court was removed from State Court on the basis that Plaintiff's amended pleadings incorporated claims under the Longshore and Harbor Workers Compensation Act and general admiralty law. Plaintiff herein was a harbor worker engaged in the removal of a large valve from the piping work aboard the MODU "Ocean 66" while anchored in navigable waters in Lake Charles, Louisiana. The owner of the MODU "Ocean 66" at the time of the incident was a Delaware corporation known as Rig Ventures, Inc. This corporation was authorized to conduct

business in the State of Texas. Plaintiff has brought suit against Rig Ventures, Inc. as well as its president and sole shareholder, Emilio Sanchez.

## Statement of Facts

Plaintiff was engaged for the work aboard the MODU "Ocean 66" by an individual whom Rig Ventures, Inc. believed occupied a position as an independent contractor. However, for the sake of this Defendant's motion, it will be assumed that Plaintiff qualifies as an employee of Rig Ventures, Inc. by virtue of the definitions within the LHWCA.

In the course of Plaintiff's employment aboard the offshore drill rig, he was assigned the job of "rigging" each valve to be removed by tying tackle about the valves and then attaching the cable or "line" from the lifting crane to that rigging. After properly rigging each valve and securing the crane's "line," Plaintiff would clear the valve by stepping away while the crane lifted the valve and deposited it onto the deck for later transfer to a barge alongside the drill rig. Plaintiff and other members of the crew would then board the barge, reposition the valve and remove the line.

On the date of Plaintiff's injury, Plaintiff (according to his recollection) was not allowed to clear the valve, was carried over the safety rail and fell to the deck. The recollection of other crew members differs in that some members saw Plaintiff lose his balance while attempting to attach the crane line to a high pressure pipe which caused the pipe to bend and Plaintiff to swing over the safety rail and fall to the deck.

Movant was not present on the drill rig at any time during the entire project involving Plaintiff.

## Argument and Authorities

Rig Ventures, Inc. was created and exists pursuant to the laws of the State of Delaware. It has been authorized to conduct business in the State of Texas. As a result of such authority, it maintains an office in Brownsville, Cameron County, Texas where it engages in the business of purchasing and selling offshore drill rigs and ships of various kind. Movant is the president, sole director and sole shareholder of Rig Ventures, Inc.

The Texas Business Corporation Act at Article 8.02 requires that the liability, if any, of the shareholders of a foreign corporation during business in Texas be governed by the laws of "the jurisdiction of incorporation" of that foreign corporation.

The Delaware General Corporation Law at Section 325(b) specially precludes <u>suits against</u> officers, directors or stockholders for "any debt of a corporation" until judgment against that entity has been obtained and execution on such judgment remains unsatisfied. Plaintiff has not been granted judgment against Rig Ventures, Inc. and, therefore, does not have the right under Delaware law to include Movant in this suit or any other until the provisions of Section 325(b) are met.

This choice of law question was addressed in *Alberto v. Diversified Group, Inc.*, 55 F.3d 201 (5th Cir. 1995). In *Alberto*, the defendant corporation was a Louisiana entity which was a stockholder of a Delaware corporation previously engaged in real

estate development in Texas. Suit was removed to a United States District Court in Texas on the basis of diversity jurisdiction. The district court applied Article 8.02, Tex. Bus. Corp. Act, as the conflicts rule on choice of law and concluded that the intent of Article 8.02 was to determine the liability of the shareholder according to the laws of Delaware. *Alberto*, 55 F.3d at 203. The Fifth Circuit agreed and concluded that under the "Texas statute, Delaware's substantive law governs this dispute". *Id.* at 204.

It has long been held in Delaware that a plaintiff must establish as a condition precedent to suit against a shareholder that he has obtained a judgment against the corporation and has been unsuccessful in execution against that judgment debtor. *John W. Cooney Co. v. Arlington Hotel Co.*, 106 A. 39, 42 (Del. Sups. 1918). The simple reason given by the Delaware Supreme Court for the statute is that "the law does not permit a creditor to collect his claim from stockholders if he can recover it from the corporation, and the only way his inability to do this can be shown to the court is by a judgment and unsatisfied execution." *Id.* at 42.

### Conclusion

Plaintiff's suit against Movant in his capacity as a stockholder is premature under applicable law. Plaintiff is not allowed to bring suit against Movant until all conditions precedent have been satisfied and that is not possible until Plaintiff can secure a judgment against Rig Ventures, Inc. and then show an unsuccessful execution of that judgment.

Movant prays entry of judgment that he be dismissed from the suit or, alternatively, that Plaintiff take nothing by his stated cause of action against Movant.

DATED: July _7_, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943

by: _/s/ Tom Fleming_
**Tom Fleming**
State Bar of Texas No. 07133000
Federal I. D. No. 1188

**Luis R. Hernandez**
State Bar of Texas No. 09518900
Federal I.D. No. 12978

**ATTORNEYS FOR DEFENDANT,
EMILIO SANCHEZ.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing **BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** were served July __7__, 2004 in the manner(s) indicated below upon the following Counsel-of-record:

**CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:**
Scott D. Webre
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana 70501
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 5083)*

**CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:**
Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
*(CERTIFIED UNITED STATES MAIL, R.R.R. #7002 2030 0007 1000 5076)*

**CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:**
Frank Costilla
THE LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 5069)*

_____
Tom Fleming