

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JAMES DAVID GILBERT | * <br> * <br> * |
| | * CIVIL ACTION NO. B04-CV-047 |
| VERSUS | * <br> * |
| | * JUDGE HILDA G. TAGLE |
| RIG VENTURES, INC.; EMILIO SANCHEZ; <br> RICHARD JAROSS; ESCO MARINE, INC., <br> SANJAR PROPERTIES, LLC, TEX MEX COLD <br> STORAGE, INC., MYSTIC SHIPPING AND <br> TRADING, INC., DOMINION SHIPPING, INC., <br> ATLANTIC TRADING GROUP, LLC, <br> FORT CASWELL, LLC, ESJAY GREEN <br> SHIPPING, INC., SABER STEEL, INC., <br> SANCO INTERNATIONAL, <br> INC., SANSHIP, INC., NORTHERN BAY <br> PEAT, LLC, AND PAN HOLDING, INC. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**PLAINTIFF'S FIFTH AMENDED COMPLAINT UNDER GENERAL
MARITIME LAW AND STATE LAW**

TO THE HONORABLE HILDA G. TAGLE:

COMES NOW JAMES DAVID GILBERT, hereinafter sometimes referred to as "Plaintiff," through undersigned counsel, and files this, his Plaintiff's Fourth Amended Complaint under General Maritime Law and State Law complaining of RIG VENTURES, INC.; EMILIO SANCHEZ; RICHARD JAROSS, ESCO MARINE, INC., SANJAR PROPERTIES, LLC, TEX MEX COLD STORAGE, INC., MYSTIC SHIPPING AND TRADING, INC., DOMINION SHIPPING, INC., ATLANTIC TRADING GROUP, LLC, FORT CASWELL, LLC, ESJAY GREEN SHIPPING, INC., SABER STEEL, INC., SANCO

INTERNATIONAL, INC., SANSHIP, INC., NORTHERN BAY PEAT, LLC, AND PAN HOLDING, INC. and for cause of action would respectfully show the Court as follows:

1. This matter is brought on the civil side under the general maritime law and Texas law pursuant to 33 U.S.C. § 905(a) for negligence causing personal injury.

2. Plaintiff, JAMES DAVID GILBERT, is a natural person whose current primary residence is located in Williamson County, Texas. At all times pertinent to this cause of action, Plaintiff Gilbert's primary residence was located in Cameron County, Texas.

3. Defendant, RIG VENTURES, INC. is a Delaware corporation registered to do business in Texas, and doing business in Texas, at the time of the incident giving rise to this lawsuit. This Defendant has appeared and answered herein.

4. Defendant, EMILIO SANCHEZ, is an individual residing in Cameron County, Texas at all times relevant hereto, and has appeared and answered herein

5. Defendant, RICHARD JAROSS, is an individual residing in Cameron County, Texas. And has appeared and answered herein.

6. Defendants Esco Marine, Inc. SanJar Properties, LLC, Tex Mex Cold Storage, Inc., Mystic Shipping and Trading, Inc., Dominion Shipping, Inc., Atlantic Trading Group, LLC, Fort Caswell, LLC, EsJay Green Shipping, Inc., Saber Steel, Inc., Sanco International, Inc., Sanship, Inc., Northern Bay Peat, LLC, and Pan Holding, Inc. are corporations and limited liability companies doing business in Texas. Plaintiff does not have service information available at this time, but will promptly provide the Clerk of Court with all necessary information to effectuate service of process.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the parties to this action because they each reside in the United States of America, do business in the United States of America, and/or are citizens of the United States of America.

8. The Court has jurisdiction over the subject matter of the instant suit pursuant to 28 U.S.C. §§ 1331, 1333. The Court has pendant jurisdiction over the Texas tort claims pursuant 28 U.S.C. § 1367(a).

9. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendants Emilio Sanchez and Richard Jaross reside in such district.

## FACTS

10. This is a personal injury action brought pursuant to state law and general maritime law.

11. Defendant Rig Ventures, Inc. employed Plaintiff and Phil Wells to perform work aboard Mobile Offshore Drilling Unit (herein "MODU") "OCEAN 66", herein referred to as "OCEAN 66."

12. After several months of work performed offshore in the Gulf of Mexico readying "OCEAN 66" for transport, Rig Ventures, Inc. arranged for the transport of such drilling unit to a shipyard in Lake Charles, Louisiana, where Phil Wells, Plaintiff, and other of Rig Ventures, Inc.'s agents, servants, and/or employees, performed salvage and/or repair operations.

13. On or about December 30, 2001, Phil Wells, while operating a crane attached to "OCEAN 66", negligently caused a pipe on which Plaintiff was relying for support of his body to be pulled away from Plaintiff, causing Plaintiff to fall a significant distance and incur severe personal physical injury.

14. At all times relevant hereto, Plaintiff and Phil Wells were authorized agents, servants, and/or employees of Defendant, Rig Ventures, Inc., and were acting for and on behalf of Defendant, Rig Ventures, Inc. at all times relevant hereto.

15. At all times relevant hereto, Defendant Emilio Sanchez was the sole shareholder, president, and director of Rig Ventures, Inc.

16. At all times relevant hereto, Defendant, Richard Jaross, was an agent, apparent agent, agent by estoppel, joint venturer, and/or joint enterpriser of Rig Ventures, Inc. for purposes of repair and/or salvage of "OCEAN 66," and was given authority by Rig Ventures, Inc. to direct salvage operations of "OCEAN 66" on behalf of Rig Ventures, Inc.

17. Pursuant to such authority described in the preceding paragraph 15, Richard Jaross directed salvage operations of "OCEAN 66" by selecting and hiring persons to perform labor aboard "OCEAN 66," and by directing, supervising, and controlling such salvage operations.

## CAUSES OF ACTION AGAINST RIG VENTURES, INC.

### (1) GENERAL MARITIME LAW

18. Plaintiff realleges in support of the instant cause of action all facts pleaded above.

19. Plaintiff avers he is an employee of Rig Ventures, Inc. pursuant to 33 USCS § 902(3), Longshore and Harbor Worker's Compensation Act, herein "The Act," and that Rig Ventures, Inc. is his employer, or borrowed employer, pursuant to The Act.

20. Plaintiff avers Rig Ventures, Inc. has failed to secure payment as required by The Act or pursuant to Texas law, and seeks to maintain the instant action for the full measure of his damage and any and all consequential damages, as alleged herein below, pursuant to the general maritime law and at law, pursuant to § 905(a) of The Act.

21. Rig Ventures, Inc. proximately caused severe personal injury to Plaintiff through breach of nondelegable duties to secure a safe workplace, including but not limited to the following negligent and grossly negligent acts and/or omissions:

   a. In failing to properly train and supervise its agents, servants, and/or employees, including but not limited to Plaintiff and Phil Wells;

   b. In failing to adopt, promulgate, and enforce appropriate policies and procedures to reasonably ensure the safety and welfare of its agents, servants, and/or employees working on the platform;

   c. In failing to provide reasonable safety equipment to its agents, servants, and/or employees, including Plaintiff, working on the platform;

   d. In negligently selecting, instructing, and supervising Frank Ruiz, Sr. and/or Phil Wells;

   e. In negligently entrusting the operation of the crane in question to Phil Wells;

   f. In negligently entrusting Phil Wells to supervise the crew aboard "OCEAN 66" at the time of the incident in question and to comply with all applicable safety regulations;

   g. In providing machinery and/or equipment owned by Rig Ventures, Inc. for use by the crew aboard OCEAN 66 that was faulty, defective, and/or in disrepair;

   h. In failing to take reasonable precautions to ensure that its agents, servants, and/or employees were provided a safe working environment in which to accomplish the tasks assigned by Rig Ventures, Inc.;

   i. In relying on Richard Jaross to oversee salvage operations aboard Ocean 66; and

j. In violating applicable federal regulations promulgated by OSHA and/or the U.S. Coast Guard and other applicable laws, rules, and regulations pertaining to workplace safety.

22. Plaintiff avers each and every of defendants' acts and omissions constituting negligence alleged in support of the instant cause of action were proximate causes of the injuries and damages sustained by plaintiff and alleged below.

## CAUSE OF ACTION VERSUS RIG VENTURES, INC.

## (2) TEXAS STATE LAW CLAIM – NEGLIGENCE AND GROSS NEGLIGENCE/MALICE

23. Plaintiff realleges in support of the instant cause of action all facts pleaded above.

24. Rig Ventures, Inc. does not maintain worker's compensation to secure benefits pursuant to the Texas Worker's Compensation Act.

25. Rig Ventures, Inc. proximately caused severe personal injury to Plaintiff through breach of nondelegable duties, including but not limited to the specific negligent, grossly negligent and/or malicious acts and/or omissions specified above in paragraph 20, which is realleged herein as if fully stated herein.

## ALTER EGO AND PIERCE THE CORPORATE VEIL

26. Emilio Sanchez operates Rig Ventures, Inc. as a mere tool or business conduit of Emilio Sanchez and other shareholders.

27. Emilio Sanchez utilizes the corporate form of Rig Ventures, Inc. as a sham to perpetrate a fraud upon corporate creditors including Plaintiff, and/or or as a means of avoiding personal liabilities.

28. Rig Ventures, Inc. was at inception and is now undercapitalized given the likelihood and magnitude of debts to be incurred by the corporation, including debts for tort damages as alleged herein.

29. Emilio Sanchez has used the corporate form of Rig Ventures, Inc. as an unfair device to achieve an unjust result, that is, to deny injured workers, including Plaintiff, just compensation for damages caused by Rig Ventures, Inc.'s negligence.

## VICARIOUS LIABILITY

30. <u>Respondeat Superior – Rig Ventures/Phil Wells:</u>   Phil Wells and other members of the crew of the OCEAN 66 were employees of Rig Ventures, Inc. at the time of the incident giving rise to this lawsuit.

31. Facts indicating an employer/employee relationship by and between Rig Ventures, Inc. and Phil Wells and other the members of the crew include, among other things:

a. Rig Ventures, Inc. filed a report of injury with the U.S. Dept. of Labor, contending it employs James David Gilbert, whose situation and circumstances vis-à-vis Rig Ventures, Inc. is similar in all pertinent respects to that of Phil Wells and Rig Ventures, Inc.

b. Rig Ventures, Inc. maintained the right to control the progress, details, and methods of operations of the alleged employees' work, including maintaining and/or exercising control over, or maintaining the right to control:

1. when and where to begin and stop work and the regularity of hours;
2. the amount of time spent on particular aspects of the work;
3. the tools and appliances used to perform the work; and/or
4. the physical method or manner of accomplishing the end result.

c. Rig Ventures, Inc. owned the vast majority of equipment and machinery used during the incident in question and at other times, and did not require that the alleged employees furnish their own tools or equipment;

c. Rig Ventures, Inc. was free to determine the method of payment to the members of the crew of the OCEAN 66; and

d. Rig Ventures, Inc. paid the members of the crew on a unit of time basis rather than per the job.

32. Therefore, Rig Ventures, Inc. is vicariously liable for the negligent and grossly negligent and/or malicious acts and omissions, as "malice" is defined by the Texas Civil Practice and Remedies Code, of Phil Wells and other members of the crew of the OCEAN 66 pursuant to the doctrine of respondeat superior.

33. <u>Agency – Rig Ventures, Inc./Phil Wells</u>: In the alternative, Phil Wells was an agent, ostensible agent, and/or agent by estoppel of Rig Ventures, Inc. acting within the course and scope of his agency at all times relevant hereto. Rig Ventures, Inc. maintained the right of control over the details of the conduct of Phil Wells giving rise to this suit. Rig Ventures, Inc. is thus liable for the negligent and grossly negligent acts of Phil Wells pursuant to the doctrine of Agency, Ostensible Agency, and Agency by Estoppel.

34. <u>Agency – Rig Ventures, Inc./Richard Jaross</u>: Richard Jaross was an agent, ostensible agent, and/or agent by estoppel of Rig Ventures, Inc. acting within the course and scope of his agency at all times relevant hereto, and Rig Ventures, Inc. maintained the right of control over the details of the conduct of Richard Jaross giving rise to this suit. Rig Ventures,

Inc. is thus liable for the negligent and grossly negligent acts of Richard Jaross pursuant to the doctrine of Agency, Ostensible Agency, and Agency by Estoppel.

35. <u>Mission – Rig Ventures, Inc./ Phil Wells</u>: Defendant Rig Ventures, Inc. is liable for the negligent and grossly negligent acts and omissions of Phil Wells pursuant to the theory of Mission because Defendant Rig Ventures, Inc. stood to benefit from the acts and omissions of Phil Wells, and Defendant Rig Ventures, Inc. maintained the right of control over the work performed by Phil Wells.

36. <u>Mission – Rig Ventures, Inc./ Richard Jaross</u>: Defendant Rig Ventures, Inc. is liable for the negligent and grossly negligent acts and omissions of Richard Jaross pursuant to the theory of Mission because Defendant Rig Ventures, Inc. stood to benefit from the acts and omissions of Richard Jaross and Defendant Rig Ventures, Inc. maintained the right of control over the work performed by Richard Jaross.

37. <u>Joint Enterprise – Rig Ventures, Inc./ Richard Jaross</u>: Defendant Rig Ventures, Inc. and Defendant Richard Jaross were engaged in a joint enterprise or joint venture pertaining to the salvage and repair operations of the OCEAN 66. Particularly, Richard Jaross and Rig Ventures, Inc. had an agreement and common purpose to be carried out by them, there existed a community of pecuniary interest in that purpose, and Rig Ventures, Inc. and Richard Jaross had an equal right to a voice in the direction of the enterprise, which gives an equal right of control. Accordingly, each is liable for the acts of the other as pleaded herein.

38. <u>Peculiar-Risk and Inherently-Dangerous Doctrines</u>: Pleading alternatively, in support of the application of the peculiar-risk and inherently-dangerous doctrines as exceptions to the general rule of non-liability for independent contractors, Plaintiff avers the salvage work performed at all times relevant hereto was inherently dangerous and that Defendants Rig

Ventures, Inc. and Richard Jaross failed to undertake reasonable precautions to protect Plaintiff against the inherently dangerous nature of the work to be performed aboard OCEAN 66, including but not limited to failing to provide equipment and machinery in good working order and/or failure to arrange for competent repair of equipment and machinery and/or failure to hire, train, and/or supervise personnel competent to handle the tasks to be performed aboard OCEAN 66.

39. Pleading alternatively, Plaintiff invokes the application of § 938 of The Act. Plaintiff alleges Rig Ventures, Inc.'s president, secretary, and treasurer are severally personally liable, jointly with Rig Ventures, Inc. for any and all damages accruing under The Act, including all damages sought herein pursuant to 33 U.S.C. § 905(a), for reason of Defendant Rig Ventures' failure to secure compensation under the LHWCA.

X.

CAUSES OF ACTION AGAINST RICHARD JAROSS

40. Plaintiff realleges in support of the instant cause of action all facts pleaded above.

41. Negligence: Richard Jaross owed a duty, as overseer of the salvage of OCEAN 66 and joint venturer of Rig Ventures, Inc. in charge of the salvage of OCEAN 66, to select competent laborers, to arrange for their adequate training and supervision, to supply laborers safety devices such as but not limited to fall protection, and to ensure machinery and equipment provided such laborers, including the crane in question, was in good working order.

42. Richard Jaross breached his duties owed Plaintiff through his negligence, gross negligence, and/or malice as that term is defined by the Texas Civil Practice and Remedies Code, in the following non-exclusive particulars:

a. In failing to properly train and supervise its agents, servants, and/or employees, including but not limited to Plaintiff and Phil Wells;

b. In failing to adopt, promulgate, and enforce appropriate policies and procedures to reasonably ensure the safety and welfare of its agents, servants, and/or employees working on the platform;

c. In failing to provide reasonable safety equipment to its agents, servants, and/or employees, including Plaintiff, working on the platform;

d. In negligently selecting, instructing, and supervising Frank Ruiz, Sr. and/or Phil Wells;

e. In negligently entrusting the operation of the crane in question to Phil Wells;

f. In negligently entrusting Phil Wells to supervise the crew aboard "OCEAN 66" at the time of the incident in question and to comply with all applicable safety regulations;

g. In providing machinery and/or equipment owned by Rig Ventures, Inc. for use by the crew aboard OCEAN 66 that was faulty, defective, and/or in disrepair;

h. In failing to take reasonable precautions to ensure that its agents, servants, and/or employees were provided a safe working environment in which to accomplish the tasks assigned by Rig Ventures, Inc.; and

i. In violating applicable federal regulations promulgated by OSHA and/or the U.S. Coast Guard and other applicable laws, rules, and regulations pertaining to workplace safety.

43. Plaintiff avers each and every of Richard Jaross' acts and omissions constituting negligence alleged in support of the instant cause of action were proximate causes of the injuries and damages sustained by plaintiff and alleged below.

44.     <u>Joint Enterprise – Rig Ventures, Inc./ Richard Jaross</u>:  Defendant Rig Ventures, Inc. and Defendant Richard Jaross were engaged in a joint enterprise or joint venture pertaining to the salvage operations of the OCEAN 66.  Particularly, Richard Jaross and Rig Ventures, Inc. had an agreement and common purpose to be carried out by them, there existed a community of pecuniary interest in that purpose, and Rig Ventures, Inc. and Richard Jaross had an equal right to a voice in the direction of the enterprise, which gives an equal right of control.   Accordingly, each is liable for the acts of the other as pleaded herein.

## XI.

## CAUSES OF ACTION VERSUS RIG VENTURES, INC., ESCO MARINE, INC., SANJAR PROPERTIES, LLC, TEX MEX COLD STORAGE, INC., MYSTIC SHIPPING AND TRADING, INC., DOMINION SHIPPING, INC., ATLANTIC TRADING GROUP, LLC, FORT CASWELL, LLC, ESJAY GREEN SHIPPING, INC., SABER STEEL, INC., SANCO INTERNATIONAL, INC., SANSHIP, INC., NORTHERN BAY PEAT, LLC, AND PAN HOLDING, INC.

45.     Plaintiff alleges Rig Ventures, Inc., Esco Marine, Inc., SanJar Properties, LLC, Tex Mex Cold Storage, Inc., Mystic Shipping and Trading, Inc., Dominion Shipping, Inc., Atlantic Trading Group, LLC, Fort Caswell, LLC, EsJay Green Shipping, Inc., Saber Steel, Inc., Sanco International, Inc., Sanship, Inc., Northern Bay Peat, LLC, and Pan Holding, Inc. were engaged in a Single Business Enterprise in that they integrated their resources to achieve a common business purpose. Specifically, these corporations and limited liability companies, each solely owned or majority owned by Defendant Emilio Sanchez, pooled their assets in order to

fund the operations giving rise to the instant suit. Further, these corporations transferred assets and liabilities by and between each other with such frequency and at less than arms length to warrant the disregarding of the corporate protections otherwise afforded each of them in order to avoid injustice and in the interest of equity.

46. Plaintiff alleges Rig Ventures, Inc., Esco Marine, Inc., SanJar Properties, LLC, Tex Mex Cold Storage, Inc., Mystic Shipping and Trading, Inc., Dominion Shipping, Inc., Atlantic Trading Group, LLC, Fort Caswell, LLC, EsJay Green Shipping, Inc., Saber Steel, Inc., Sanco International, Inc., Sanship, Inc., Northern Bay Peat, LLC, and Pan Holding, Inc. were engaged in a conspiracy and sham to perpetrate a fraud upon Plaintiff James Gilbert in that they, through their mutual president and sole or majority shareholder, Emilio Sanchez, manipulated the less than arm's length financial transactions by and between each of them in an intentional and wrongful effort to shed Rig Ventures, Inc. of assets with which to pay any judgment as may be rendered herein.

47. Pursuant to such theory and cause of action alleged in paragraphs 45 and 46, each and every of these defendants is jointly and severally liable to Plaintiff for the damages proximately caused by the negligence of Rig Ventures and its agents, employees, and representatives as alleged herein.

## XII.

### CAUSATION AND DAMAGES

48. Defendants' acts and omissions, taken singularly and in combination, were a proximate cause of Plaintiff's injuries, including:

    a. past and future medical expenses;

    b. past and future physical pain and mental anguish;

    c.    past and future physical impairment;

    d.    past and future disfigurement; and

    e.    Past and future lost wages and lost earning capacity.

## XIII.

### EXEMPLARY DAMAGES

49. Defendants' acts, when viewed objectively from the standpoint of Defendants at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which Defendants had actual subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiff seeks an award of exemplary damages against Defendants for each act and omission plead herein, of sufficient size to punish them for their grossly negligent acts and omissions and for placing profit before safety, and to serve as a deterrent to similar conduct which may result in other injuries, suffering, and deaths in the future.

50. Defendant Richard Jaross was a "vice principal" of Rig Ventures, Inc. as that term is defined by Texas law, thus Defendant Rig Ventures, Inc. is liable for the gross negligence and/or malice committed by Richard Jaross.

51. Phil Wells was a "vice principal" of Rig Ventures, Inc. as that term is defined by Texas law, thus Defendant Rig Ventures, Inc. is liable for the gross negligence and/or malice committed by Phil Wells.

## XIV.

### JURY TRIAL

52. Plaintiff has previously requested trial by jury pursuant to FRCP 38.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein and answer, and that, upon final hearing, Plaintiff have judgment against Defendants Rig Ventures, Inc., Emilio Sanchez, and Richard Jaross, jointly and severally, for his actual damages as specifically set out in this pleading, exemplary and punitive damages, prejudgment and postjudgment interest in the highest amount allowed by law, recoverable costs of court, and for such other and further relief, at law or equity, for which Plaintiff may show himself to be justly entitled and to which the Court and jury may believe him deserving.

Date:   July 19, 2004                          Respectfully submitted,

Scott Webre
Attorney-in-Charge
Texas State Bar Number 21050070
Southern District Number 20150070
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana 70501
(337) 593-4178
(337) 593-4159 (fax)

Frank Costilla
Texas State Bar Number 04856500
Southern District Number 04856500
The Law Office of Frank Costilla
5 East Elizabeth Street
Brownsville, Texas 78520
(956) 541-4982
(956) 544-3152 (fax)

Ryan Krebs, M.D., J.D.
Texas State Bar Number 00792088
Southern District Number 00792088
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(512) 478-2072
(512) 494-0420 (fax)

By: _____
SCOTT WEBRE

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

By my signature below, I certify that a true and correct copy of the foregoing document was served on counsel for all parties that have appeared, as indicated below, on this ___14th___ day of July, 2004:

Mr. Tom Fleming                    *Via CMRRR 7003 3110 0003 4812 0807*
Mr. Luis R. Hernandez
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

_____
SCOTT WEBRE

Plaintiff's Fifth Amended Complaint
*Gilbert vs. Rig Ventures, Inc. et al.*
Page 16