IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JAMES DAVID GILBERT § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action B-04-047 |
| § | |
| § | |
| RIG VENTURES INC.; EMILIO SANCHEZ; § | |
| PHIL WELLS; RICHARD JAROSS; AND § | |
| MODU "OCEAN 66" § | |
| § | |
| Defendants. § | |

BE IT REMEMBERED that on September, 1st, 2004, the Court **DENIED** Defendant Emilio Sanchez's Motion for Partial Summary Judgment [Dkt. No. 24].

I.  **Background**

Defendant Rig Ventures, Inc. ("Rig Ventures") employed Plaintiff James David Gilbert ("Plaintiff") to perform work aboard the Mobile Offshore Drilling Unit "OCEAN 66" (herein "MODU"). Rig Ventures is a Delaware Corporation registered to do business in Texas. Defendant Emilio Sanchez is the sole shareholder, president, and director of Rig Ventures. Defendant Richard Jaross' participation in this suit is irrelevant to the motion before the court.

In his Fourth Amended complaint, filed on June 16, 2004 [Dkt. No. 21], plaintiff alleges that on December 30, 2001, a Rig Ventures employee negligently operated a crane aboard the MODU causing the plaintiff's injury. Plaintiff sued Rig Ventures claiming damages under General Maritime Law (33 U.S.C. §§ 905(a) and 938) and Texas state law negligence theories. Additionally, plaintiff argues that Rig Ventures should further be held liable under agency, respondeat superior, joint venture or mission theories of vicarious liability for the actions of its employees. Plaintiff further

avers that Rig Ventures' corporate form should be disregarded under an "alter ego" theory and personally liability imposed upon Emilio Sanchez by "piercing the corporate veil."

On July 7, 2004, defendant Emilio Sanchez filed this motion for partial summary judgment [Dkt. No. 24]. The parties do not dispute that Emilio Sanchez is the sole shareholder, president, and director of Rig Ventures and that Rig Ventures is a corporation incorporated under the laws of Delaware. Furthermore, it is undisputed that as a corporation that possesses a permit to conduct business in the State of Texas, Rig Ventures is subject to the Texas Business Corporation Act. Article 8 of the Act, in pertinent part, provides that "only the laws of the jurisdiction of incorporation of a foreign corporation shall govern . . . the liability . . . of shareholders of the foreign corporation for the debts, liabilities, and obligations of the foreign corporation for which they are not otherwise liable by statute or agreement." The parties also agree that because Rig Ventures is a Delaware corporation, 8 Del. C. § 325(b) applies to it. In relevant part, § 325(b) provides: "No suit shall be brought against any officer, director or stockholder for any debt of a corporation of which such person is an officer, director or stockholder, until judgment be obtained therefor against the corporation and execution thereon returned unsatisfied."

What the parties disagree on is the interpretation of the Delaware statute. Defendant argues that § 325(b) requires that a judgment be obtained against Rig Ventures before Emilio Sanchez is subject to personal liability. The plaintiff, on the other hand, argues that according to the Fifth Circuit's interpretation of § 325, the claims against Emilio Sanchez brought pursuant to the "alter ego" and "piercing the corporate veil" theories fall outside the prohibition of the Delaware statute. Therefore, the plaintiff argues, the claims against Emilio Sanchez do not require a previously procured judgment against Rig Ventures.

II.   **Analysis**

The granting of summary judgment is only appropriate where the moving party demonstrates that there are no genuine issues of material fact and that, as a matter of law, it is entitled to summary judgment. HS Resources, Inc. v. New Orleans S.S.

Ass'n/Int'l Longshoremen's Assoc., 327 F.3d 432, 440 (5th Cir. 2003).

In its entirety, 8 Del. C. § 325 provides:

(a) When the officers, directors or stockholders of any corporation shall be liable by the provisions of this chapter to pay the debts of the corporation, or any part thereof, any person to whom they are liable may have an action, at law or in equity, against any 1 or more of them, and the complaint shall state the claim against the corporation, and the ground on which the plaintiff expects to charge the defendants personally.

(b) No suit shall be brought against any officer, director or stockholder for any debt of a corporation of which such person is an officer, director or stockholder, until judgment be obtained therefor against the corporation and execution thereon returned unsatisfied.

After examining the statute and relevant case law, there are at least two reasons why the plaintiff's claims against Emilio Sanchez are not precluded by the Delaware statute. First, subsection (b) restricts suits against "any officer, director, or stockholder for *any debt*" of the corporation. Here, the plaintiff is suing Emilio Sanchez under Texas state theory of negligence and General Maritime Laws, not for a debt of the corporation. See Hideout Records & Dists. V. El Jay Dee, Inc., 601 F. Supp. 1048, 1052-53 (D.Del. 1984) (concluding 8 Del. C. § 325 is inapplicable to claims against the president and vice president of corporation in their individual capacity for copyright infringement because such an action "is not a suit against an officer, director or stockholder for the debts of a corporation").

Second, the plaintiff's claims are not precluded by § 325(b) because § 325(a) limits the application of subsection (b) to causes of action conferred upon creditors by the provisions of the General Corporation Laws of Delaware. As previously mentioned, the plaintiff's suit consists of Texas negligence and General Maritime Law claims, not actions created by the Delaware General Corporation Laws. This reading of § 325 is consistent with the Fifth Circuit's interpretation of the statute. In Lone Star Indus. Inc. v. Redwine, 757 F.2d 1544 (5th Cir. 1985), the Fifth Circuit noted that

> § 325(a) provides that § 325(b) applies only to claims
> conferred on creditors 'by the provisions of this chapter.'
> The chapter referred to, the Delaware General Corporation
> Laws, permits shareholders and directors to be held liable

3

> for the debts of the corporation in certain specific instances.
> See, e.g., § 31 of the General Corporation Law which
> provided that any officer who signed a false certificate would
> be liable for all debts of the corporation contracted during
> officer's tenure. Thus § 325 was meant to prescribe the
> manner in which such actions were pursued and not to
> restrict causes of action that had traditionally been available
> to creditors independently of the corporation law.

Id. at 1553. Therefore, this court concludes that under these circumstances, 8 Del. C. § 325 does not preclude the plaintiff's claims against Emilio Sanchez.

Alternatively, even if the Delaware statute prohibits the plaintiff's claims against Emilio Sanchez, Title 33 of the United States Code, section § 938, may preempt its application.[1] However, because preemption would end in the same result, mainly that the plaintiff's claims against Emilio Sanchez would be allowed, this court finds no need to address this possibility.

For the aforementioned reasons, the defendant Emilio Sanchez's motion for partial summary judgment is hereby **DENIED**.

DONE at Brownsville, Texas, this /st day of Sept., 2004.

Hilda G. Tagle
United States District Judge

---

[1] 33 U.S.C. § 938 allows a form of federal corporate veil piercing in admiralty situations where the corporate defendant wrongfully failed to provide its employees with compensation relating to their injuries. Under the federal statute, there is no requirement that a plaintiff procure a judgment against a corporate entity prior to pursuing the officers or directors of a corporation. This could potentially render the Delaware statute inapplicable. See AT&T Corp. v. Pub. Utility Comm'ns, 373 F.3d 641, 645 (5th Cir. 2004) (stating that conflict preemption may arise where a federal regulatory scheme expressly authorizes an activity which the state schemes prohibits).