IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 7 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JAMES DAVID GILBERT § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. B-04-047 |
| § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; § | |
| PHIL WELLS; RICHARD JAROSS; and § | |
| MODU "OCEAN 66" § | |
| Defendants. § | |

## BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **Richard Jaross**, Defendant herein ("Movant"), and files this brief in support of his Motion for Summary Judgment:

### Nature of the Case

Plaintiff was a member of a crew aboard the Modular Offshore Drill Unit ("MODU") "Ocean 66" in harbor at Lake Charles, Louisiana engaged in the removal of certain large tanks or vessels and the valves attendant to those tanks. The crew which included Plaintiff were aboard that MODU for the sole purpose of removing that specific equipment and for no other purpose. While engaged in that enterprise, Plaintiff suffered a broken ankle as a result of a fall. Movant has been sued under three theories: (1) for vicarious liability as an agent of the owner of the

MODU "Ocean 66"; (2) as a joint venturer with Rig Ventures, Inc.; and (3) as a participant in a joint enterprise with Rig Ventures, Inc.

## Statement of Facts

The MODU "Ocean 66" is an offshore drill rig which had been "stacked" and inactive for approximately 15 years at the time it was acquired by Rig Ventures, Inc. The MODU was moved by its new owner from its location on the continental shelf in the Gulf of Mexico to Lake Charles, Louisiana and offered for sale to the international oil production industry.

While the MODU was in harbor, its owner sold certain of the onboard equipment. This equipment consisted of various large tanks called "vessels" and the equally large valves connected to those vessels. In order to deliver this equipment and receive the sales proceeds, the owner contracted with Movant to procure a crew and the necessary tools and supplies to remove the vessels and valves. For this service and other ongoing services, Movant was to be paid a specific fee regardless of whether the owner derived a profit or loss from the operation in which Plaintiff was injured. The owner was not to control the Movant except as to the result of the particular project. During the course of removing these vessels and valves, Plaintiff was injured.

## Argument and Authorities

Federal Rules of Civil Procedure ("FRCP") 56(c) requires a trial court enter summary judgment if, after adequate time for discovery and upon motion, the

non-movant fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Additionally, Rule 56(e), FRCP, requires the non-movant go beyond its pleadings and its own affidavits and show by depositions, answers to interrogatories and admissions on file "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 2553. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Id.* at 323-324.

The requirements and elements of proof of Plaintiff's allegations and stated causes of action against Movant will be discussed individually:

    1.    **<u>Agency</u>**.

The definition of the legal relationship of agency in Texas is discussed in *Schrum v. Land*, 12 F.Supp. 2d 576 (S.D. Tex. 1997) (opinion by Judge Atlas). *Schrum* at 581 cites *Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1296 (5th Cir. 1994) as defining agency as " . . . a legal relationship created by an express or implied agreement or by operation of law whereby the agent is authorized to act for the principal, subject to the principal's control." In order to prove an agency relationship, Judge Atlas held, "there must be evidence from which the court could conclude that the alleged principal had the right to control both the means and process by which the alleged agent was to accomplish the task." *Schrum* at 581. However, there can be no implied authority in the absence of express authority

BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT   Page 3 of 8
TF/bgw #021110 L:\WARNKE\CLIENT\RIG\Gilbert,JamesDavid\USDC-B-04-CV-047\SJ-Brief.wpd

"because authority is implied to enable the agent to perform the transaction or acts expressly delegated to it by the principal." *Id.* at 585.

An essential element of the agency relationship is the right of the principal to control both means and details of the process by which the alleged agent is to accomplish his task. Absent proof of such right to control, only an independent contractor relationship is established. *Matter of Carolin Paxson Advertising, Inc.*, 938 F.2d 595, 598 (5th Cir. 1991). An "independent contractor" is defined as "any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to <u>all of its details</u>." (emphasis supplied). *Walker v. Messerschmitt Bolkow Blohm*, 844 F.2d 237, 242.

The deposition of Defendant Emilio Sanchez (attached in relevant part as Exhibit A to the Motion for Summary Judgment), the president of Rig Ventures, Inc., sets out the substance of the agreement between Movant and that owner of the MODU "Ocean 66". At page 30 of that deposition, Mr. Sanchez states that the agreement entailed Movant handling the technical end of the operation while Sanchez handled the financing. Movant's duties included the right to hire personnel (Exh. A., p. 41-42); the operational oversight of the salvage operations aboard the "Ocean 66" (Exh. A, p. 51, ll. 16-22); direction of the activities aboard the "Ocean 66" (Exh. A, p. 61, ll. 8-14); the right to fire personnel working on the

"Ocean 66" (Exh. A, p. 98-99, II. 21-1); and the right to approve the expenditures made to complete his assigned tasks (Exh. A, p. 156, II. 3-6).

Movant has disclaimed any right to a share of any profit from the "Ocean 66" and states that he is entitled only to a fixed fee upon sale of that MODU. (See p. 46, II. 17-22 of Movant's deposition transcript attached in relevant part to the Motion for Summary Judgment as Exhibit B). Movant has always contended that all of his services rendered Rig Ventures were strictly consulting. (Exh. B, p. 71, II. 18-20).

There is no evidence which Plaintiff can produce that Movant had an agreement with Rig Ventures which authorized him to act for that entity under its control of both the means and process by which Movant was to accomplish the task of removing the large tanks and valves from the deck of the "Ocean 66".

2. **Joint Venture**.

A joint venture has been defined as a special combination of two or more persons where, in some specific venture, a profit is jointly sought without any actual partnership or corporate designation. *Walker v. Messerschmitt Bolkow Blohm*, 844 F.2d 237, 242 (5th Cir. 1988) citing *Albina Engine and Mach. Works, Inc. v. Abel*, 305 F.2d 77, 81 (10th Cir. 1962). A joint venture and a joint enterprise are both forms of partnership. *Id.* at 242. The Texas Revised Partnership Act codified at Article 6132b - 1.01 *et seq.* requires, as a factor of such a relationship, that the parties agree to share not only the profit but also the losses of the relationship.

Art. 6132b - 2.03(a)(4)(A). An agreement to receive only a share of the profits does not indicate the creation of a partnership. Art. 6132b - 2.03(b)(1). A joint venture is specifically defined as a partnership. Art. 6132b - 2.02(a).

Plaintiff can produce no evidence that Movant had an agreement with Rig Ventures to share in the losses of the project of removal of the large vessels and valves from the deck of the "Ocean 66" during which Plaintiff was injured.

3. **Joint Enterprise**.

This relationship has been defined as closely related to the concept of joint venture in that both spring from "partnership roots". *Walker v. Messerschmitt Bolkow Blohm*, 844 F.2d at 242. The concepts of joint venture and joint enterprise do not include that concept of principal/independent contractor. *Id.* at 242. As stated above, an "independent contractor" is defined as "any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all of its details." (emphasis supplied). *Id.* at 242. The elements of a joint enterprise include an equal right of each participant to a voice in the direction of the enterprise which gives an equal right of control. *Shoemaker v. Whistler*, 513 S.W.2d 10, 17 (Tex. 1974).

The deposition of Emilio Sanchez clearly states that Movant had control of the salvage operations aboard the "Ocean 66". (Exh. A, pp. 64-65, ll. 24-4; p. 166, ll. 5-10).

Plaintiff can produce no evidence that Movant was engaged in a joint enterprise with Rig Ventures, Inc. by proof that the parties agreed to share the profit or the losses. Movant was to receive a set fee upon sale of the MODU "Ocean 66".

DATED: September 7, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943

by: /s/ Tom Fleming
**Tom Fleming**
State Bar of Texas No. 07133000
Federal I. D. No. 1188

**Luis R. Hernandez**
State Bar of Texas No. 09518900
Federal I.D. No. 12978

**ATTORNEYS FOR RICHARD JAROSS.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing **BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** were served September __7__, 2004 in the manner(s) indicated below upon the following Counsel-of-record:

   CO-COUNSEL FOR PLAINTIFF,
   JAMES DAVID GILBERT:
   Scott D. Webre
   556 Jefferson Street
   Jefferson Towers, Suite 200
   Lafayette, Louisiana 70501
   *(CERTIFIED UNITED STATES MAIL, R.R.R., #7003 1680 0006 5137 7196)*

   CO-COUNSEL FOR PLAINTIFF,
   JAMES DAVID GILBERT:
   Ryan Krebs, M.D., J.D.
   6601 Vaught Ranch Road, Suite 100
   Austin, Texas 78730
   *(CERTIFIED UNITED STATES MAIL, R.R.R. #7003 1680 0006 5137 7202)*

   CO-COUNSEL FOR PLAINTIFF,
   JAMES DAVID GILBERT:
   Frank Costilla
   THE LAW OFFICES OF FRANK COSTILLA, L.P.
   5 East Elizabeth Street
   Brownsville, Texas 78520
   *(CERTIFIED UNITED STATES MAIL, R.R.R., #7003 1680 0006 5137 7219)*

_/s/ Tom Fleming_
Tom Fleming

BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT  Page 8 of 8
TF/bgw #021110 L:\WARNKE\CLIENT\RIG\Gilbert,JamesDavid\USDC-B-04-CV-047\SJ-Brief.wpd