IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 3 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JAMES DAVID GILBERT § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. B-04-047 |
| § | |
| RIG VENTURES, INC.; EMILIO SANCHEZ; § | |
| PHIL WELLS; RICHARD JAROSS; and § | |
| MODU "OCEAN 66" § | |
| Defendants. § | |

## BRIEF
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
### OF DEFENDANT RIG VENTURES, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **Rig Ventures, Inc.**, a Defendant herein, and files this brief in support of its Motion for Summary Judgment.

### Nature of the Case

The case before the Court was removed from State Court on the basis that Plaintiff's amended pleadings incorporated claims for negligence under the Longshore and Harbor Workers' Compensation Act ("LHWCA") and general admiralty law. Plaintiff herein was a harbor worker engaged in salvage operations aboard the Mobile Offshore Drill Unit "Ocean 66" while "stacked" in the harbor at Lake Charles, Louisiana.

## Statement of Facts

Plaintiff was an employee of Rig Ventures, Inc., the owner of the "Ocean 66", while aboard that vessel on December 30, 2001. On that date, Plaintiff was in an accident aboard the "Ocean 66" causing him to fall between decks and suffer a broken ankle and various back injuries. As a result of these injuries, Plaintiff has brought suit against Rig Ventures and others under the LHWCA and general maritime law.

## Argument and Authorities

Rig Ventures is the owner of the "Ocean 66". (See AFFIDAVIT OF EMILIO SANCHEZ attached to this Defendant's Motion for Summary Judgment). Plaintiff James David Gilbert was an employee of Rig Ventures while aboard the "Ocean 66" in harbor at Lake Charles, Louisiana performing salvage and/or repair operations. (paragraphs 12 & 19, PLAINTIFF'S FIFTH AMENDED COMPLAINT).

Plaintiff's admitted occupation as a shipbreaker aboard the "Ocean 66" defines his status as a harbor worker because that occupation is expressly enumerated by the LHWCA in § 902(3). If he belongs to an enumerated class of workers, he is covered by the LHWCA. *Pizzitolo v. Electro - Coal Transfer Corp.*, 812 F.2d 977, 983 (5th Cir.), reh. denied 823 F.2d 552 (1987), cert. denied; 484 U.S. 1059, 108 S.Ct. 1013 (1988). Section 905(b) of the LHWCA, as amended in 1984, states, in pertinent part:

> "In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person . . . may bring an action against such vessel as a third party . . . . If such person was

BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT RIG VENTURES, INC.
TF/bgw #021110 L:\WARNKE\CLIENT\RIG\Gilbert,JamesDavid\USDC-B-04-CV-047\Rig-SJ-Brief.wpd

Page 2 of 7

employed to provide shipbuilding, repairing, or breaking services and such person's employer was the owner, owner pro hac vice, agent, operator, or charterer of the vessel, no such action shall be permitted, in whole or in part or directly or indirectly against the injured person's employer (in any capacity, including as the vessel's owner, owner pro hac vice, agent, operator, or charter . . .)."

Section 905(b), LHWCA, has been considered and construed by the Fifth Circuit in *Easley v. Southern Shipbuilding Corporation*, 936 F.2d 839 (5th Cir.), remanded 503 U.S. 930, 112 S.Ct. 1463 (1991) (hereinafter *"Easley I"*) and in *Easley v. Southern Shipbuilding Corporation*, 965 F.2d 1 (5th Cir. 1992) (hereinafter *"Easley II"*) and by the United States District Court for the Eastern District of Louisiana in *White v. American Commercial Marine Service Co., Inc.*, 877 F.Supp. 318 (E.D. La. 1995). Each of these cases will be discussed in turn.

*Easley I* arose in the Eastern District of Louisiana when Easley, a shipyard worker in Slidell, Louisiana, filed suit for an injury incurred while aboard a derrick barge owned by Southern Shipbuilding engaged in a one-day salvage job in the Mississippi River. Easley's initial complaint was brought under the Jones Act alleging that he was injured through Southern's negligence. When summary judgment for Southern was entered on his Jones Act claim, Easley was allowed to amend his complaint to clarify his previously plead general maritime law claim and to add a negligence action under 905(b) of the LHWCA. Southern was again granted summary judgment in part because, as a ship repairer, Easley was excepted from that class of workers who may maintain a negligence action under LHWCA § 905(b) for negligence in addition to his

BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT RIG VENTURES, INC.
TF/bgw #021110 L\WARNKE\CLIENT\RIG\Gilbert,JamesDavid\USDC-B-04-CV-047\Rig-SJ-Brief.wpd

Page 3 of 7

claim for compensation. In affirming the summary judgment, the Fifth Circuit determined that Easley was not a seaman but was engaged in an occupation enumerated by the LHWCA at § 902(3) and, therefore, covered by that Act. Its discussion of § 905(b) recognized that, generally, a worker covered by the LHWCA may sue a vessel if his injury was caused by the vessel's negligence, but a person employed to provide shipbuilding, ship repairing or shipbreaking services cannot proceed against his employer in whole or in part or directly or indirectly if the employer was the vessel's owner, owner *pro hac vice*, agent, operator or charterer. *Id.* at 843.

Shortly after the opinion in *Easley I*, the United States Supreme Court in *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 112 S.Ct. 486 (1991) held that an employee enumerated in the LHWCA may still be entitled to sue under the Jones Act if engaged in the ship's work. Since Easley had been engaged in the work of the salvage barge in a one-day salvage job, *Easley I* was remanded for further consideration.

*Easley II* resulted from the remand following the decision in *Gizoni*. While the Fifth Circuit in the latter opinion recognized that the *Gizoni* opinion changed its test from determining an employee's particular job to a determination of an employee's connection to a vessel (*Id.* at 3), the second part of its holding in *Easley I* concerning a ship repairer's ability to bring an action under Section 905(b) of the LHWCA was not affected. It then reiterated this second holding that when "the worker's trade is that of ship repairer or any of the other occupations listed in § 905(b), the worker is barred

**BRIEF**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**OF DEFENDANT RIG VENTURES, INC.**
TF/bgw #021110 L:\WARNKE\CLIENT\RIG\Gilbert,JamesDavid\USDC-B-04-CV-047\Rig-SJ-Brief.wpd

Page 4 of 7

by the terms of that section from maintaining a negligence action against his employer." *Easley II* at 3. In the instant case, Plaintiff Gilbert has admitted by his pleadings that he was engaged in "salvage and/or repair operations". (paragraph 12, PLAINTIFF'S FIFTH AMENDED COMPLAINT). Gilbert does not claim he was engaged in the vessel's work nor could he do so since the inactive "stacked" position of the "Ocean 66" is not contested.

The opinion in *Easley II* contains some dicta as recognized in *White v. American Commercial Marine Service Co., Inc.*, 877 F.Supp. at 319. Plaintiff therein argued that the prohibition of a negligence claim against the vessel owner set out in *Easley II* applied only if "the injury was caused by the negligence of persons engaged in providing shipbuilding or repair services." The District Court rejected this argument as non-binding dicta because the Fifth Circuit in *Easley II* held that its finding in *Easley I* was not affected by the Supreme Court decision in *Gizoni* and the holding in *Easley I* did not include the dicta found in *Easley II*. As a result of this holding, the District Court found Plaintiff to be a ship repairer and, therefore, barred from bringing any action against his employer which owned the vessel involved in the Plaintiff's injury.

## Conclusion

Plaintiff, by his pleadings, establishes his status as a shipbreaker or repairer. He further pleads that he was an employee of Rig Ventures, Inc. which the summary judgment evidence establishes as the owner of the "Ocean 66". This Defendant, in

BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT RIG VENTURES, INC.
TF/bgw #021110  L:\WARNKE\CLIENT\RIG\Gilbert,JamesDavid\USDC-B-04-CV-047\Rig-SJ-Brief.wpd

Page 5 of 7

its Original Answer, at paragraph 56, pleads 33 U.S.C. § 905(b) as an affirmative defense to the Plaintiff's stated causes of action. As a result of the Plaintiff's admissions in his pleadings, the summary judgment evidence of ownership of the "Ocean 66" and Defendant's assertion of 33 U.S.C. § 905(b) as a defense, Plaintiff is barred from pursuing his negligence causes of action against Rig Ventures, Inc. because those claims not directly barred are barred by virtue of attempting to indirectly assert such negligence claims against Plaintiff's employer which also owned the vessel.

This Defendant prays summary judgment be entered that Plaintiff take nothing by his claims asserted against this Defendant or, alternatively, that Defendant is not liable for Plaintiff's damages in excess of his past medical expenses.

DATED: September 23, 2004.

        Respectfully submitted,

        **FLEMING & HERNANDEZ, P.C.**
        1650 Paredes Line Road, Suite 102
        Brownsville, Texas 78521-1602
        Telephone: (956) 982-4404
        Telecopier: (956) 982-0943

        by: _/s/ Tom Fleming_
        **Tom Fleming**
        State Bar of Texas No. 07133000
        Federal I. D. No. 1188
        **Luis R. Hernandez**
        State Bar of Texas No. 09518900
        Federal I.D. No. 12978
        **ATTORNEYS FOR DEFENDANT, RIG VENTURES, INC.**

BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT RIG VENTURES, INC.
TF/bgw #021110 L:\WARNKE\CLIENT\RIG\Gilbert,JamesDavid\USDC-B-04-CV-047\Rig-SJ-Brief.wpd

Page 6 of 7

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT RIG VENTURES, INC. were served September 23, 2004 in the manner(s) indicated below upon the following Counsel-of-record:

    CO-COUNSEL FOR PLAINTIFF,
    JAMES DAVID GILBERT:
    Mr. Scott D. Webre
    556 Jefferson Street
    Jefferson Towers, Suite 200
    Lafayette, Louisiana 70501
    *(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1680 0006 5137 8124)*

    CO-COUNSEL FOR PLAINTIFF,
    JAMES DAVID GILBERT:
    Ryan Krebs, M.D., J.D.
    6601 Vaught Ranch Road, Suite 100
    Austin, Texas 78730
    *(CERTIFIED UNITED STATES MAIL, R.R.R. #7003 1680 0006 5137 8131)*

    CO-COUNSEL FOR PLAINTIFF,
    JAMES DAVID GILBERT:
    Mr. Frank Costilla
    THE LAW OFFICES OF FRANK COSTILLA, L.P.
    5 East Elizabeth Street
    Brownsville, Texas 78520
    *(CERTIFIED UNITED STATES MAIL, R.R.R., #7003 1680 0006 5137 8148)*

_____
Tom Fleming

BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT RIG VENTURES, INC.
TF/bgw #021110 L:\WARNKE\CLIENT\RIG\Gilbert,JamesDavid\USDC-B-04-CV-047\Rig-SJ-Brief.wpd

Page 7 of 7