UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 8 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JAMES DAVID GILBERT | * |
| | * |
| | * |
| | * CIVIL ACTION NO. B04-CV-047 |
| VERSUS | * |
| | * |
| | * JUDGE HILDA G. TAGLE |
| RIG VENTURES, INC. et al | |

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO RIG VENTURES, INC.'s MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE HILDA G. TAGLE:

COMES NOW JAMES DAVID GILBERT, hereinafter sometimes referred to as "Plaintiff," and files this, his Plaintiff's Response and Memorandum in Opposition to Defendant Rig Ventures, Inc.'s Motion for Summary Judgment, and in support hereof, would respectfully show:

### I.   Nature of the Case

This is a personal injury action brought under the General Maritime Law and state law for injuries suffered by Plaintiff while an employee of Rig Ventures, Inc. during the course and scope of employment performing salvage operations aboard a jack-up rig, Mobile Offshore Drilling Unit, "MODU" OCEAN 66. Plaintiff suffered severe physical injuries as a result of the negligence of defendants.

### II.   Statement of Issues to be Ruled Upon by the Court

The issue before the Court is purely a question of law. The question of law presented is whether a vessel owner/longshore employer that has failed to secure compensation under the

Longshore and Harbor Worker's Compensation Act, 33 USC §§ 901 et seq., ("LHWCA") is nonetheless immunized from civil liability pursuant to § 905(b) of the LHWCA for damages suffered by its ship repairman/longshore employee during the course and scope of his ship repair employment.

### III.   Summary of Argument

Defendant's motion should be denied because movant fails to account for the undisputed fact that Rig Ventures, Inc. has failed to secure compensation under the LHWCA, giving Plaintiff the right to elect tort remedies under § 905(a) of the LHWCA.  It is accurate that Section 905(b) of the LHWCA effectively immunizes a vessel owner/employer of a ship breaker <u>from statutory liability for vessel negligence pursuant to § 905(b)</u>, but such immunity does not override the application of § 905(a), which gives Plaintiffs "an action at law or in admiralty for damages" because of the employer's failure to secure compensation under the LHWCA.  The several cases cited by defendant in its motion do not address the application of § 905(a) and are inapposite.

### IV.   Argument

Movant fails to address the application of § 905(a), overlooking it entirely in favor of § 905(b).  Section 905(a) provides:

> The liability of an employer prescribed in section 4 [33 USCS §904] shall be exclusive and in place of all other liability of such employer to the employee ..., except that <u>if an employer fails to secure payment of compensation as required by this Act, an injured employee ... may elect</u> to claim compensation under the Act, or <u>to maintain an action at law or in admiralty for damages</u> on account of such injury or death.  In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee... (emphasis added)

*Gilbert vs. Rig Ventures, Inc. et al.*
Plaintiff's Response and Memorandum in Opposition to Rig Ventures, Inc.'s Motion for Summary Judgment
Page 2

There is no question that § 905(a) of the LHWCA applies in this case. Defendant has judicially admitted that it failed to secure compensation under the LHWCA in its <u>Motion to Withdraw Defendants' Motion to Abate Court Action</u>, at ¶ 1. Plaintiff requests the Court take judicial notice of such admission. Defendant Rig Ventures, Inc. has conceded in its pleadings that it employed plaintiff and that plaintiff is a longshoreman. (*See*, <u>Brief in Support of Motion for Summary Judgment of Defendant Rig Ventures</u>, Inc., pp. 1-2) In this connection, the Court may recall this defendant's previously filed Motion to Abate Court Action, wherein Defendant Rig Ventures, Inc. sought to abate all proceedings herein in lieu of a proceeding for longshoreman remedies before the United States Department of Labor. The undersigned counsel argued in open court at the status conference herein that such motion was baseless because Rig Ventures, Inc. had not secured compensation under the LHWCA, and that plaintiff had elected to pursue civil remedies under § 905(a). This Court inquired with counsel for Defendant into whether Plaintiff's allegation was true, that is, whether Rig Ventures, Inc. failed to secure compensation under the Act. Counsel for Rig Ventures, Inc. could not answer that question, albeit more than a year of litigation had then occurred. The Court then directed Rig Ventures, Inc. to provide evidence of any insurance or self-insurance, but before the deadline to do so arrived, Rig Ventures, Inc. withdrew its motion to abate conceding it failed to secure compensation under the Act.[1] The instant motion is essentially another spin to the previous argument offered by Rig Ventures, Inc., but as before, it is without support in the law.

Plaintiff has filed the instant action for damages § 905(a) of the LHWCA. A civil action

---

[1] Note that Defendant Rig Ventures, Inc. falsely reported to the U.S. DOL that its insurance carrier had been notified of Mr. Gilbert's injuries by form LS-202. (See, EXHIBIT 1)

*Gilbert vs. Rig Ventures, Inc. et al.*
Plaintiff's Response and Memorandum in Opposition to Rig Ventures, Inc.'s Motion for Summary Judgment
Page 3

in admiralty and at law for the full measure of his damages became Plaintiff's statutory option under § 905(a) when Defendant failed to secure compensation under the LHWCA, and § 905(b) does nothing to change that. Still, there are surprisingly few reported cases on the application of § 905(a) for whatever reason, perhaps because its meaning is so crystal clear. *See, Thibodeaux v. J. Ray McDermott & Co.*, 276 F.2d 42 (5th Cir. 1960)(comp exclusivity fails upon employer's failure to secure compensation under the LHWCA, see cases cited at note 26 following 33 USCA 905(a). Defendant has offered <u>no</u> authority for the Court's consideration interpreting § 905(a) where a vessel owner/employer failed to secure compensation under the LHWCA, and in fact there do not appear to be any such reported cases. The only authority cited by defendant pertains to cases in which the Court addressed the application of § 905(b), but <u>not</u> as intertwined with § 905(a). Defendant's legal basis for its motion is thus without merit.

Were it not for the application of § 905(a) in this case, Defendant would be at least partially correct in that Section 905(b) precludes <u>a vessel negligence action</u> by a shiprepairer against his vessel owner/employer.[2] Section 905(b) provides:

> <u>In the event of injury to a person covered under this Act caused by the negligence of a vessel, then such person</u>, or anyone otherwise entitled to recover damages by reason thereof, <u>may bring an action against such vessel</u> as a third party in accordance with the provisions of section 33 of this Act [ 33 USCS § 933], and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel. <u>If such person was employed to provide</u> shipbuilding, <u>repairing</u>, or breaking services <u>and such person's employer was the owner</u>, owner pro hac vice, agent, operator, or charterer <u>of the vessel, **no such action** shall be permitted</u>, in whole or in part or directly or indirectly, against

---

[2] In fact, when Defendant Rig Ventures, Inc. brought this to Plaintiff's attention months ago, Plaintiff voluntarily dismissed his 905(b) action. Plaintiff's Third Amended Petition contained vessel negligence allegations pursuant to § 905(b). Plaintiff's Fourth Amended Petition withdrew such allegations.

*Gilbert vs. Rig Ventures, Inc. et al.*
Plaintiff's Response and Memorandum in Opposition to Rig Ventures, Inc.'s Motion for Summary Judgment
Page 4

the injured person's employer (in any capacity, including as the vessel's owner, owner pro hac vice, agent, operator, or charterer) or against the employees of the employer. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this Act. (emphasis added)

And insofar as vessel negligence action under §905(b) is *ordinarily* (i.e. where 905(a) does not apply) the only civil action available to a longshore employee, that would *ordinarily* leave a *shiprepairer* without any remedy against his vessel owner/employer. But again, that just begs the question of the application of § 905(a), which Defendant has conveniently bypassed in its rush to discussion of § 905(b). Indeed, once § 905(a) is found to apply, the question of § 905(b) becomes largely a moot point because the narrow exception to comp exclusivity afforded an injured longshoreman by § 905(b) is no longer needed. That is not to say that once § 905(a) is found to apply, a longshoreman can then sue his employer for vessel negligence under 905(a), but it is not necessary to reach that issue here because Plaintiff does not maintain a vessel negligence action in this case. The bottom line is that Rig Ventures failed to secure compensation under the LHWCA, and has thus lost the cloak of comp exclusivity opening the door to plaintiff's actions under the General Maritime Law and state law.

Turning to the authority cited by Defendant in support of its motion, the United States Supreme Court addressed the provision of § 905(b) at issue in *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 112 S.Ct. 486 (1991). In that case, the Court considered whether a maritime worker whose occupation is one of those enumerated in the definition of "employee" within the LHWCW could also be a Jones Act seaman. The defendant in that case argued that, as a ship repairer, the plaintiff was precluded from filing an action under the Jones Act pursuant to the

*Gilbert vs. Rig Ventures, Inc. et al.*
Plaintiff's Response and Memorandum in Opposition to Rig Ventures, Inc.'s Motion for Summary Judgment
Page 5

exclusivity provision in § 905(b) relied upon by defendant herein. In reaching its decision that a ship repairer could nonetheless be a Jones Act seaman, the Court addressed the vessel owner/employer's reliance on 905(b) exclusivity, stating:

> This exclusivity provision applies, however, only '[i]n the event of injury to a person covered under this chapter [the LHWCA] caused by the negligence of a vessel.' § 905(b). As we have already noted, the question whether Gizoni is 'a person covered under this chapter' depends upon whether he is a 'seaman' under the Jones Act. Like the companion exclusivity provision of § 905(a), § 905(b) does not dictate sole recourse to the LHWCA unless Gizoni is found *not* to be 'a master or member of a crew of any vessel. *Id.* at 491, FN3 (emphasis in original)

The Court was thus looking at § 905(b) not only as a limitation soley to the filing of a vessel negligence action under that section, but importantly, viewed § 905(b) as a "companion exclusivity provision" to § 905(a). The Court's indication that the application of each such exclusivity provision hinged upon a finding that the employee was not a master or member of a crew of a vessel simply recognizes the threshold determination for the application of LHWCA in the first instance, that is, if a maritime worker is not an "employee" under the act, the act and its exclusivity provisions do not apply to the worker. The Court did not address the much easier question of comp exclusivity under the act – an employer's failure to secure compensation under the Act – because those facts were not before the Court. To the contrary, Mr. Gizoni had applied for and received longshore benefits under the LHWCA prior to filing his civil action under the Jones Act. (*Id.* at 81)

In *Easley v. Southern Shipbuilding Corporation*, 965 F.2d 1, 3 (5th Cir. 1992), the Court addressed the plaintiff's "desire to proceed with a negligence action against Southern under § 905(b) of the LHWCA." (emphasis added). The Court held that such was specifically prohibited by the express language of 905(a). Like *Southwest Marine*, the question was whether

*Gilbert vs. Rig Ventures, Inc. et al.*
Plaintiff's Response and Memorandum in Opposition to Rig Ventures, Inc.'s Motion for Summary Judgment
Page 6

the ship repairer could bring a Jones Act claim, and there was no issue as to the application of § 905(a) for want of the employer's securing compensation under the LHWCA. Defendant also cites *White v. American Commercial Marine Service Co. Inc.*, 877 F.Supp. 318 (E.D.La 1995), and like the other cases cited by defendant, *White* does not address § 905(a) and is thus inapposite.

### V. CONCLUSION

Defendant's motion should be denied because it is without basis in law. Plaintiff's action for damages is specifically authorized by 33 U.S.C. § 905(a) because of Defendant Rig Ventures, Inc.'s failure to secure compensation under the Act, which Defendant inexplicably fails to even address. Defendant's discussion of § 905(b) is a legal red herring that in no way affects the application of § 905(a) in this case. Defendant's motion should be denied.

### PRAYER

Wherefore, premises considered, plaintiff requests Defendant Rig Ventures, Inc.'s Motion for Summary Judgment be denied, and for such other and further relief to which Plaintiff may be entitled.

Date:  October 7, 2004                    Respectfully submitted,

                                                      Scott Webre
                                                     Attorney-in-Charge
                                                     Texas State Bar Number 21050070
                                                     Southern District Number 20150070
                                                     556 Jefferson Street
                                                     Jefferson Towers, Suite 200
                                                     Lafayette, Louisiana 70501
                                                     (337) 593-4178
                                                     (337) 593-4159 (fax)

*Gilbert vs. Rig Ventures, Inc. et al.*
Plaintiff's Response and Memorandum in Opposition to Rig Ventures, Inc.'s Motion for Summary Judgment
Page 7

Frank Costilla
Texas State Bar Number 04856500
Southern District Number 04856500
The Law Office of Frank Costilla
5 East Elizabeth Street
Brownsville, Texas 78520
(956) 541-4982
(956) 544-3152 (fax)

Ryan Krebs, M.D., J.D.
Texas State Bar Number 00792088
Southern District Number 00792088
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
(512) 478-2072
(512) 494-0420 (fax)

By: _____
SCOTT WEBRE

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

By my signature below, I certify that a true and correct copy of the foregoing document was served on counsel for all parties that have appeared, as indicated below, on this ___7th___ day of October, 2004:

Mr. Tom Fleming         *Via CMRRR 7003 3110 0003 4812 1309*
Mr. Luis R. Hernandez
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

_____
SCOTT WEBRE

*Gilbert vs. Rig Ventures, Inc. et al.*
Plaintiff's Response and Memorandum in Opposition to Rig Ventures, Inc.'s Motion for Summary Judgment
Page 8