IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JAMES DAVID GILBERT §<br>  Plaintiff, §<br> §<br>VS. §<br> §<br>RIG VENTURES, INC.; EMILIO SANCHEZ; §<br>PHIL WELLS; RICHARD JAROSS; and §<br>MODU "OCEAN 66" §<br>  Defendants. § | CIVIL ACTION NO. B-04-047 |

### REPLY
### TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### THE MOTION FOR SUMMARY JUDGMENT OF RICHARD JAROSS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **Richard Jaross** and files this reply to the Plaintiff's memorandum in opposition to this Defendant's motion for summary judgment and Plaintiff's motion for sanctions incorporated into that reply, and would show:

#### Motion for Sanctions

I.

This matter will be addressed first because it constitutes a continuation of an ongoing professional and personal attack by Plaintiff's counsel against counsel for this Defendant. Plaintiff's counsel has, on numerous occasions, orally threatened Defendant's counsel with sanctions (AFFIDAVIT OF LUIS HERNANDEZ attached as "Exhibit 1") and has on two separate occasions placed such threats in writing.

("Exhibits 2 & 3" attached hereto). Plaintiff's counsel has engaged in such activity attempting to gain an advantage in a civil matter which, Defendant's counsel believes, is a violation of Rule 4.404(b)(1), Texas Rules of Professional Conduct. (See general discussion in Texas Ethics Opinion No. 365 attached hereto as "Exhibit 4").

The motion filed by Plaintiff's counsel does not comply with Rule 11(c)(1)(A) in that it is not made separately from other motions or requests. See *Travelers Insurance Company v. St. Jude Medical Office Building, Limited Partnership*, 154 F.R.D. 143, 144 n 4 (E.D. La. 1994). ("FN4. Although in its opposition to the motions to disqualify, Travelers requested that sanctions be awarded pursuant to FRCP 11, the Court does not award sanctions pursuant to Rule 11 because (1) Travelers did not serve separately a motion for sanctions as required by subdivision (c)(1)(A)"). (emphasis supplied). See also, 1993. Advisory Committee Notes to FRCP 11 at ¶ 22. ("As under former Rule 11, the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions"). In particular, not only did Plaintiff's counsel not file said motion separately as mandated by FRCP 11, counsel for Plaintiff filed the motion on the same day that counsel served the motion on Defendant's counsel which in turn violates another mandate of Rule 11(c). FRCP 11 ("It shall be served as provided in Rule 5, but shall not be filed with or presented to the court . . . within 21 days after service of the motion"). (emphasis supplied). See also, 1993 ADVISORY COMMITTEE NOTES to FRCP 11 at ¶ 20.

Further, the motion does not describe the specific conduct alleged to violate subsection (b) of that rule which is another mandate under subsection (c). See FRCP 11(c). ("and shall describe the specific conduct alleged to violate subdivision (b)"). (emphasis supplied). The motion in itself is an attempt to mislead and confuse the Court in that it directs the Court's attention to various bits and pieces of testimony dealing with this Defendant's possible relationship to the purchase and sale of the MODU "Ocean 66". The motion fails to even address the basis of this Defendant's motion which deals with the limited action of removal of certain equipment aboard that MODU for sale by its owner separate and apart from the sale of the MODU itself.

Plaintiff's counsel thereafter attempts to prejudice this Court by again attacking Defendant's counsel for filing a motion to abate upon Defendant's representation that harbor worker's compensation had been secured at the Department of Labor. Plaintiff's counsel has also refused to recognize that the Plaintiff was not an employee of Rig Ventures, Inc. until counsel plead damages under the Longshore and Harbor Worker's Compensation Act which caused both Phil Wells and Plaintiff James Gilbert to become employees of Rig Ventures as a matter of law. Plaintiff's counsel has demonstrated a course of conduct of attacking his opposing counsel on each occasion in which procedural or dispositive motions are filed as required by the Court or as allowed as a matter of right.

Defendant would request this Court to review Plaintiff's Fifth amended Complaint received via facsimile to Defendant's counsel on July 20, 2004 and his

subsequent conditionally filed Sixth Amended Complaint that was received by Defendant's counsel on October 4, 2004. Defendant would request this Court to note that although Plaintiff has alleged new causes of action against 13 new business entities, Plaintiff has not obtained service on even <u>one</u> entity. Defendant would request this Court take judicial notice of Plaintiff's vexatious tendencies as evidenced by his new allegations and dilatory diligence in obtaining service on the newly alleged Defendants and his continued attacks on Defendant's counsel as evidenced by the attachments hereto and Plaintiff's Motion for Sanctions.

### Merits of Motion for Summary Judgment

### II.

Plaintiff fails to recognize the limited concept of this Defendant's motion. Plaintiff was injured during a specific operation limited in time and scope and wholly unrelated to the purchase and sale of the MODU "Ocean 66". Both this Defendant and Emilio Sanchez were questioned by Plaintiff about the disposition of funds received as sales proceeds for the MODU itself. No questions were posed to either as to the disposition of the proceeds of sale of the large vessels and valves being removed from the MODU when Plaintiff was injured. This Defendant argues that this operation is separate and apart from the larger operation in which Rig Ventures, Inc. was involved by purchasing and attempting to sell the MODU.

The Fifth Circuit has held that "[I]f the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for

trial." *Meadowbriar Home for Children v. G.B. Gun, et al.*, 81 F.3d 521, 533 (5th Cir. 1996), citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2 538 (1986). "The burden on the non-moving party is to do more than simply show that there is some metaphysical doubt as to the material facts. "*Id.* citing *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1355. Plaintiff has presented no evidence that this Defendant was to share in either the profit or the loss of the operation of removal and sale of these vessels and valves. Absent some evidence of each element (i. e., sharing in both profit or loss), this Defendant has not been proven to be involved as a partner in a joint venture or a joint enterprise. As the *Meadowbriar* Court succinctly stated "[M]ere conjecture and speculation is not enough." *Meadowbriar*, 81 F.3d at 534.

In his argument concerning his allegations of liability against this Defendant under the concepts of joint venture and joint enterprise, Plaintiff fails to even address the statutory requirement under state law that the parties agree to share not only the profit but also the losses of a partnership before that relationship exists. Plaintiff has refused to recognize his obligation under Rule 56, FRCP, to provide such evidence to avoid summary judgment. Plaintiff further presents no evidence that this Defendant and Rig Ventures as the owner of the MODU had an equal voice in the specific operation of removal of the vessels and valves from the MODU during which Plaintiff was injured. Absence of proof of this element of a joint enterprise constitutes a failure of Plaintiff to respond to this Defendant's motion for summary judgment.

Plaintiff now argues that he does not attempt to impose liability of this Defendant as an agent but merely is attempting to assert liability through an agency relationship directly to Rig Ventures, Inc.  See PLAINTIFF'S MEMORANDUM, page 9.  Plaintiff even challenges this Defendant's standing to make the argument that he is not an agent of Rig Ventures.

WHEREFORE, Defendant **Richard Jaross** would show that Plaintiff has failed to provide summary judgment evidence of either a joint venture or a joint enterprise in the specific operation of removal of certain vessels and valves from the MODU "Ocean 66" and that Plaintiff has admitted that he does not seek liability against this Defendant under the agency doctrine.  This Defendant is entitled to summary judgment.

DATED: October 7, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

by: /s/ Tom Fleming
**Tom Fleming**
State Bar of Texas No. 07133000
Federal I. D. No. 1188
**Luis R. Hernandez**
State Bar of Texas No. 09518900
Federal I.D. No. 12978
**ATTORNEYS FOR RICHARD JAROSS.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing **REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT OF RICHARD JAROSS** were served October 7, 2004 in the manner(s) indicated below upon the following Counsel-of-record:

**CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:**
Scott D. Webre
556 Jefferson Street
Jefferson Towers, Suite 200
Lafayette, Louisiana 70501
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7003 1680 0006 5137 8612)*

**CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:**
Ryan Krebs, M.D., J.D.
6601 Vaught Ranch Road, Suite 100
Austin, Texas 78730
*(CERTIFIED UNITED STATES MAIL, R.R.R. #7003 1680 0006 5137 8629)*

**CO-COUNSEL FOR PLAINTIFF,
JAMES DAVID GILBERT:**
Frank Costilla
THE LAW OFFICES OF FRANK COSTILLA, L.P.
5 East Elizabeth Street
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7003 1680 0006 5137 8636)*


Tom Fleming

**REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
THE MOTION FOR SUMMARY JUDGMENT OF RICHARD JAROSS**
TF/bgw #021110  L:\WARNKE\CLIENT\RIG\Gilbert,JamesDavid\USDC-B-04-CV-047\Jaross-SJ-Reply-Memo.wpd

Page 7 of 7