# SCOTT D. WEBRE
ATTORNEY AT LAW

556 JEFFERSON STREET
JEFFERSON TOWERS, SUITE 200
LAFAYETTE, LOUISIANA 70501
(337) 593-4178   (337) 593-4159 FAX

*Licensed in Louisiana and Texas*

September 30, 2004

<u>*Via fax (956) 982-0943*</u>
Mr. Tom Fleming
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, TX 78521

Re:   *James Gilbert vs. Rig Ventures, Inc., et al*; Cause No. B04-CV-047; in the United States District Court, Southern District of Texas, Brownsville Division

Dear Tom:

I have reviewed your most recent MSJ and the authorities you cited in your brief. There is no question that you have misinterpreted the applicable law and that your motion is not supported by any reasonable interpretation of the law.

You will note that in none of the cases you cited was 33 USC 905(a) applicable. As you know, 905(a), which applies in this case, allows an injured longshore worker to sue his employer in admiralty and at law for all civil damages when the employer fails to secure compensation under the act. This applies in the instant case because Rig Ventures, Inc., which employed James Gilbert, failed to secure compensation under the LHWCA.

That your interpretation of the law stated in your brief is wrong is most clearly evident from the United States Supreme Court's statement in *Southwest Marine, Inc. v. Gizoni*, 112, S.Ct. 486, 491, 502 U.S. 81, 87, FN3 (1991), where the Court, referring the exclusivity provision of 905(b) relied upon you herein, stated:

> "This exclusivity provision applies, however, only '[I]n the event of injury to a person covered under this chapter [the LHWCA] caused by the negligence of a vessel."

If that does not end the inquiry, note that in *Easley II*, the court went to great lengths to discuss why the plaintiff was not a Jones Act seaman. Naturally, there is no reason for the court to have done that unless the Jones Act was a remedy available to the plaintiff ship repairer against the vessel owner/employer. Had the issue been as simple as you suggest, i.e. ship repairer has no civil remedy for damages against vessel owner/employer, the court would simply

EXHIBIT NO. 3

Mr. Tom Fleming
September 30, 2004
Page 2

have said so and summarily disposed of the issue instead of conducting an exhaustive analysis of seaman status.

The provision in 905(b) that you rely upon simply provides that a ship repairer does not have a 905(b) action, not that a ship repairer has no civil remedies against his employer/vessel owner, particularly in the context of the employer's failure to secure compensation under the act and the application of section 905(a). As you know, Plaintiff withdrew allegations of vessel negligence under 905(b) some time ago. In this regard, please read 905(b) closely, which provides:

> "...If such person was employed to provide shipbuilding, repairing, or breaking services and such person's employer was the owner...*no such action* shall be permitted..."

The action referred to in italics is a 905(b) vessel negligence action, as specifically addressed by the Court in *Gizoni*, which again, is not alleged in this case.

Based on the above, please withdraw your motion. If you do not withdraw your motion, I will seek sanctions commensurate with my time in responding to your motion.

Tom, I am not one to fire off motions for sanctions without justification. I appreciate that opposing lawyers have reasonable differences on matters of fact and law all the time, indeed, that is what we do. But there is no reasonable basis for your motion, just as there was no reasonable basis for your previous allegations that Mr. Jaross was to receive a fixed fee. There are plenty of legitimate battles you and I have to fight, please let's put the frivolous battles behind us, and please save the Court the time of addressing your most recent MSJ by withdrawing it immediately.

I look forward to hearing from you in the immediate future. Thank you.

Sincerely,

Scott Webre

SW

cc: Hondo Garcia
    Ryan Krebs